# EXHIBIT A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

| NATHSON E. FIELDS | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 10 cv 1168 |
| CITY OF CHICAGO, et al. | ) | |
| | ) | (If the action is pending in another district, state where: ) |
| *Defendant* | ) | |

__Corrected__ SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: United States Attorney Patrick J. Fitzgerald, 219 S. Dearborn St. 5th Floor, Chicago, IL 60604

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached

| Place: Law Office of H. Candace Gorman<br>220 S. Halsted St, Ste. 200<br>Chicago, IL 60661 | Date and Time:<br>07/14/2011 10:00 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 6/30/11

CLERK OF COURT

_____        OR        /s/ Candace Gorman
Signature of Clerk or Deputy Clerk                        Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __Nathson E. Fields__, who issues or requests this subpoena, are:

Attorney H. Candace Gorman, 220 S. Halsted St. Ste. 200, Chicago, IL 60661, tel. #: 312-427-2313,
email: hcgorman@igc.org

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 10 cv 1168

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☑ I served the subpoena by delivering a copy to the named person as follows: United States Attorney Patrick Fitzgerald, 219 S. Dearborn St. 5th floor, Chicago, IL 60604

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: 6/30/11

_____
*Server's signature*

Sandra Tsung, law clerk to Attorney H. Candace Gorman
*Printed name and title*

220 S. Halsted Street
Suite 200
Chicago, IL 60661
tel. #: 312-427-2313
*Server's address*

Additional information regarding attempted service, etc:

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATHSON E. FIELDS, )
       Plaintiff, )
) No. 10 CV 1168
v. )
) Hon. Matthew F. Kennelly
CITY OF CHICAGO; )
Him )
       Defendants. )

To:   U.S. Atty Patrick J. Fitzgerald
       219 S. Dearborn
       Chicago Il. 60604

### AFFIDAVIT IN SUPPORT OF SUBPOENA FOR RECORDS PURSUANT TO
### U.S. ex. rel. *Touhy vs. Ragen* 340 U.S. 462 (1951)

H. Candace Gorman, having been first duly sworn on oath deposes and states as follows:

1. I am one of the attorneys for Nathson E. Fields in the case of Nathson E. Fields v. City of Chicago, et al., cause No. 10 cv 1168, in the United States Court for the Northern District of Illinois, Eastern Division.

2. The materials sought are attached to the enclosed subpoena. The materials are relevant to the above captioned court for the following reasons:

   a. The documents pertain to the investigation, arrest, and prosecution between April 1984 and June 1986 of members of the El Rukn street gang, of which the Plaintiff was affiliated, by a task force composed of the Bureau of Alcohol, Tobacco, Firearms, and Explosives; other federal agencies; the Chicago Police Department; the United States Attorney's Office; and the Cook County State's Attorney's Office.

   b. The documents pertain to the investigation into the April 1984 murders of Talman Hickman and Jerome Smith, a crime for which the Plaintiff was accused of committing, by a task force composed of the Bureau of Alcohol, Tobacco, Firearms, and Explosives; other federal agencies; the Chicago Police Department; the United States Attorney's Office; and the Cook County State's Attorney's Office.

c. The documents pertain to the investigation into the March 1985 murders of Joseph White and Dee Eggers Vaughn, a crime for which the Plaintiff was accused of committing, by a task force composed of the Bureau of Alcohol, Tobacco, Firearms, and Explosives; other federal agencies; the Chicago Police Department; the United States Attorney's Office; and the Cook County State's Attorney's Office.

d. The documents pertain to Anthony Sumner, who was accused alongside Plaintiff Nathson Fields, in the March 1985 murders of Joseph White and Dee Eggers Vaughn, and who subsequently cooperated with federal authorities in the prosecution of the Plaintiff.

e. The documents pertain to Earl Hawkins, who allegedly committed the March 1985 murders of Joseph White and Dee Eggers Vaughn, and who subsequently cooperated with federal authorities in the prosecution of the Plaintiff.

f. The documents pertain to the investigation, trial and conviction of Judge Thomas Maloney who was the presiding judge in the trial of Nathson Fields and Earl Hawkins.

g. The documents pertain to the Greylord investigation insofar as that investigation included Judge Maloney.

h. All of these documents are relevant to the current case filed by Nathson Fields in the District Court for the Northern District of Illinois.

H. Candace Gorman
One the Attorneys for Plaintiff

H. CANDACE GORMAN
220 S. Halsted Street
Suite 200
Chicago, IL 60661
312-427-2313

Definitions and Instructions

A. The term "communications" means all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, telegrams, telexes, e-mails, or other forms of written or oral interchange, however transmitted, including reports, notes, memoranda, lists, agenda and other records of any communications.

B. "Documents" means, without limitation, all original and non-identical copies (whether different from the originals by reason of notation made on such copies or otherwise) of letters or otherwise prepared correspondence, communications, telegrams, telexes, e-mails, instructions, memoranda, notations or memoranda of conversations, including telephone conversations, travel records, diary entries, journals, telephone logs, notes, reports, summaries, records, legal documents, agreements, time records, writings of every description, including drawings, graphs, charts, photographs, phone records, recordings, computer tapes, disks and printouts, and other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonable usable form, irrespective of whether the "documents" are printed, recorded, reproduced by any process, or written or produced by hand, which are in the possession, custody, or control of the U.S. Attorney's Office, representatives or anyone acting for or on their behalf. "Documents" also include copies (whether or not identical to the originals) when the originals are not in the possession, custody or control of the U.S. Attorney's Office and/or any of their agents; and any summarizations, compilations or indices of "documents."

C. The terms "refer," "referring," "relate," and, "relating" mean reporting on or with respect to, showing or indicating knowledge of, mentioning or in any way referring to, either directly or indirectly.

D. The singular form of a word should be interpreted as plural wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

E. The words "and" and "or" should be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

Records Sought

We seek the following records:

(1) Any and all documents, correspondence, and records in any way relating to, pertaining to, or mentioning me, and will include any records in any form, including electronic media, that in any way concern, relate to, pertain to, refer to, or mention Nathson Fields.

(2) Any and all documents, correspondence, and records, including, without limitation, notes, e-mail, and telephone records, of communications between the

1

U.S. Attorney's Office and the Chicago Police Department (including, without limitation, the gang crimes unit) between April 1984 through June 1985 concerning Nathson Fields.

(3) Any and all documents, correspondence, and records, including, without limitation, notes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Cook County States Attorney's Office (including, without limitation, Special Prosecutions Bureau and the gang crimes unit) between April 1984 through June 1986 concerning Nathson Fields.

(4) Any and all documents, correspondence, and records, including, without limitation, notes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Cook County Sheriff's Office between April 1984 through June 1986 concerning Nathson Fields.

(5) Any and all documents, correspondence, and records, including, without limitation, notes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Bureau of Alcohol, Tobacco, Firearms, and Explosives between April 1984 through June 1986 concerning Nathson Fields.

(6) Any and all documents, correspondence, and records, including, without limitation, notes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Federal Bureau of Investigation between April 1984 through June 1986 concerning Nathson Fields.

(7) Any and all documents, correspondence, and records, including, without limitation, notes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Drug Enforcement Administration between April 1984 through June 1986 concerning Nathson Fields.

(8) Any and all documents, correspondence, and records, including, without limitation, notes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the U.S. Marshals between April 1984 through June 1986 concerning Nathson Fields.

(9) Any and all documents, correspondence, and records, including, without limitation, notes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Chicago Police Department (including, without limitation, Special Prosecutions Bureau and the gang crimes unit) between April 1984 through June 1986 concerning the El Rukns gang.

(10) Any and all documents, correspondence, and records, including, without limitation, notes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Cook County States Attorney's Office (including, without limitation, Special Prosecutions Bureau and the gang crimes unit) between April 1984 through June 1986 concerning the El Rukns gang.

(11) Any and all documents, correspondence, and records, including, without limitation, notes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Cook County Sheriff's Office between April 1984 through June 1986 concerning the El Rukns gang.

(12) Any and all documents, correspondence, and records, including, without limitation, notes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Bureau of Alcohol, Tobacco, Firearms, and Explosives between April 1984 through June 1986 concerning the El Rukns gang.

(13) Any and all documents, correspondence, and records, including, without limitation, notes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Federal Bureau of Investigation between April 1984 through June 1986 concerning the El Rukns gang.

(14) Any and all documents, correspondence, and records, including, without limitation, notes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Drug Enforcement Administration between April 1984 through June 1986 concerning the El Rukns gang.

(15) Any and all documents, correspondence, and records, including, without limitation, notes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the U.S. Marshals between April 1984 through June 1986 concerning the El Rukns gang.

(16) All correspondence and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Chicago Police Department (including, without limitation, gang crimes unit) concerning Joseph White born on October 12, 1960 and Dee Eggers Vaughn born on December 4, 1954.

(17) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Bureau of Alcohol, Tobacco, Firearms, and Explosives concerning Joseph White born on October 12, 1960 and Dee Eggers Vaughn born on December 4, 1954.

(18) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Cook County State's Attorney's Office (including, without limitation, Special Prosecutions Bureau) concerning Joseph White born on October 12, 1960 and Dee Eggers Vaughn born on December 4, 1954.

(19) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Cook County Sheriff's Office concerning Joseph White born on October 12, 1960 and Dee Eggers Vaughn born on December 4, 1954.

(20) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Federal Bureau of Investigation concerning Joseph White born on October 12, 1960 and Dee Eggers Vaughn born on December 4, 1954.

(21) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Drug Enforcement Administration concerning Joseph White born on October 12, 1960 and Dee Eggers Vaughn born on December 4, 1954.

(22) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the U.S. Marshals concerning Joseph White born on October 12, 1960 and Dee Eggers Vaughn born on December 4, 1954.

(23) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications concerning other suspects and arrestees in the murder investigation of Joseph White born on October 12, 1960 and Dee Eggers Vaughn born on December 4, 1954.

(24) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Chicago Police Department (including, without limitation, gang crimes unit) concerning Talman Hickman born on January 29, 1953 and Jerome Smith born on September 15, 1953.

(25) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Bureau of Alcohol, Tobacco, Firearms, and Explosives concerning Talman Hickman born on January 29, 1953 and Jerome Smith born on September 15, 1953.

(26) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Cook County State's Attorney's Office (including, without limitation, Special Prosecutions Bureau) concerning

Talman Hickman born on January 29, 1953 and Jerome Smith born on September 15, 1953.

(27) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Cook County Sheriff's Office concerning Talman Hickman born on January 29, 1953 and Jerome Smith born on September 15, 1953.

(28) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Federal Bureau of Investigation concerning Talman Hickman born on January 29, 1953 and Jerome Smith born on September 15, 1953.

(29) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Drug Enforcement Administration concerning Talman Hickman born on January 29, 1953 and Jerome Smith born on September 15, 1953.

(30) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the U.S. Marshals concerning Talman Hickman born on January 29, 1953 and Jerome Smith born on September 15, 1953.

(31) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications concerning other suspects and arrestees in the murder investigation of Talman Hickman born on January 29, 1953 and Jerome Smith born on September 15, 1953.

(32) Any and all documents, correspondence, and records in any way relating to, pertaining to, or mentioning the El Rukns gang between April 1984 through June 1986. Requests for "records concerning El Rukns" will include any records in any form, including tapes and electronic media, that in any way concern, relate to, pertain to, refer to, or mention the El Rukns gang between April 1984 through June 1986.

(33) Any and all documents, correspondence, and records in any way relating to, pertaining to, or mentioning Talman Hickman and Jerome Smith between April 1984 through June 1986. Requests for "records concerning Talman Hickman and Jerome Smith" will include any records in any form, including tapes and electronic media, that in any way concern, relate to, pertain to, refer to, or

mention Talman Hickman and Jerome Smith between April 1984 through June 1986.

(34) Any and all documents, correspondence, and records in any way relating to, pertaining to, or mentioning Joseph White and Dee Eggers Vaughn between April 1984 through June 1986. Requests for "records concerning Joseph White and Dee Eggers Vaughn" will include any records in any form, including tapes and electronic media, that in any way concern, relate to, pertain to, refer to, or mention Joseph White and Dee Eggers Vaughn between April 1984 through June 1986.

(35) Any and all documents, correspondence, and records in any way referring and/or relating to Thomas Maloney between January 1985 and May 1993 in connection with Earl Hawkins and/or Nathson Fields and/or the Hawkins and Fields proceedings before Judge Thomas Maloney and/or circumstances preceding the Hawkins and Fields proceedings during which Thomas Maloney came under investigation or scrutiny. As per the instructions above, requests for "records concerning Thomas Maloney" will include any records in any form, including, but not limited to, tapes, electronic media, documents, correspondence, and records that in any way concern, relate to, pertain to, refer to, or mention Thomas Maloney between January 1985 and May 1993 in connection with Earl Hawkins and/or Nathson Fields and/or the Hawkins and Fields proceedings before Judge Thomas Maloney and/or circumstances preceding the Hawkins and Fields proceedings during which Thomas Maloney came under investigation or scrutiny. This request includes, but is not limited to, those documents specifically relating to the accusation of bribery against Thomas Maloney during 1985-1986 in the trial of People v. Earl Hawkins & Nathson Fields as well as the subsequent indictment and trial of Thomas Maloney.

(36) Any and all documents, correspondence, and records in any way referring and/or relating to Operation Greylord and/or the Greylord investigation into judicial corruption between January 1985 and May 1993 in connection with Earl Hawkins and/or Nathson Fields and/or the Hawkins and Fields proceedings before Judge Thomas Maloney and/or circumstances preceding the Hawkins and Fields proceedings during which Thomas Maloney came under investigation or scrutiny. As per the instructions above, requests for "records concerning Operation Greylord" will include any records in any form, including, but not limited to, tapes, electronic media, documents, correspondence, and records that in any way concern, relate to, pertain to, refer to, or mention Operation Greylord and/or the Greylord investigation between January 1985 and May 1993 in connection with Earl Hawkins and/or Nathson Fields and/or the Hawkins and Fields proceedings before Judge Thomas Maloney and/or circumstances preceding the Hawkins and Fields proceedings during which Thomas Maloney came under investigation or scrutiny. This request includes, but is not limited to, those documents specifically relating to the accusation of bribery against Thomas Maloney during 1985-1986 in the trial of People v. Earl Hawkins &

Nathson Fields as well as the subsequent indictment and trial of Thomas Maloney.

(37) Any and all documents, correspondence, and records in any way relating to, pertaining to, or mentioning Anthony Sumner between 1984 through 1994. Requests for "records concerning Anthony Sumner" will include any records in any form, including tapes and electronic media, that in any way concern, relate to, pertain to, refer to, or mention Anthony Sumner between 1984 through 1994. Although Nathson Fields was found innocent, Fields was accused alongside Anthony Sumner for the murders of Joseph White born on October 12, 1960 and Dee Eggers Vaughn born on December 4, 1954.

(38) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Chicago Police Department (including, without limitation, gang crimes unit) between 1984 through 1994 concerning Anthony Sumner.

(39) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Bureau of Alcohol, Tobacco, Firearms, and Explosives between 1984 through 1994 concerning Anthony Sumner.

(40) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Cook County State's Attorney's Office (including, without limitation, Special Prosecutions Bureau) between 1984 through 1994 concerning Anthony Sumner.

(41) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Cook County Sheriff's Office between 1984 through 1994 concerning Anthony Sumner.

(42) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Federal Bureau of Investigation between 1984 through 1994 concerning Anthony Sumner.

(43) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Drug Enforcement Administration between 1984 through 1994 concerning Anthony Sumner.

(44) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the U.S. Marshals between 1984 through 1994 concerning Anthony Sumner.

(45) Any and all documents, correspondence, and records in any way relating to, pertaining to, or mentioning Earl Hawkins between 1984 through 1994. Requests for "records concerning Earl Hawkins" will include any records in any form, including tapes and electronic media, that in any way concern, relate to, pertain to, refer to, or mention Earl Hawkins between 1984 through 1994. Although Nathson Fields was found innocent, Fields was accused alongside Earl Hawkins for the murders of Talman Hickman born on January 29, 1953 and Jerome Smith born on September 15, 1953.

(46) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Chicago Police Department (including, without limitation, gang crimes unit) between 1984 through 1994 concerning Earl Hawkins.

(47) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Bureau of Alcohol, Tobacco, Firearms, and Explosives between 1984 through 1994 concerning Earl Hawkins.

(48) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Cook County State's Attorney's Office (including, without limitation, Special Prosecutions Bureau) between 1984 through 1994 concerning Earl Hawkins.

(49) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Cook County Sheriff's Office between 1984 through 1994 concerning Earl Hawkins.

(50) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Federal Bureau of Investigation between 1984 through 1994 concerning Earl Hawkins.

(51) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Drug Enforcement Administration between 1984 through 1994 concerning Earl Hawkins.

(52) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the U.S. Marshals between 1984 through 1994 concerning Earl Hawkins.

(53) Any and all documents, correspondence, and records in any way relating to, pertaining to, or mentioning George Carter between 1984 through 1994. Requests for "records concerning George Carter" will include any records in any form, including tapes and electronic media, that in any way concern, relate to, pertain to, refer to, or mention George Carter between 1984 through 1994. Although Nathson Fields was found innocent, Fields was accused alongside George Carter for the murders of Talman Hickman born on January 29, 1953 and Jerome Smith born on September 15, 1953.

(54) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Chicago Police Department (including, without limitation, gang crimes unit) between 1984 through 1994 concerning George Carter.

(55) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Bureau of Alcohol, Tobacco, Firearms, and Explosives between 1984 through 1994 concerning George Carter.

(56) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Cook County State's Attorney's Office (including, without limitation, Special Prosecutions Bureau) between 1984 through 1994 concerning George Carter.

(57) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Cook County Sheriff's Office between 1984 through 1994 concerning George Carter.

(58) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Federal Bureau of Investigation between 1984 through 1994 concerning George Carter.

(59) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the Drug Enforcement Administration between 1984 through 1994 concerning George Carter.

(60) Any and all documents, correspondence, and records, including, without limitation, notes, tapes, e-mail, and telephone records, of communications between the U.S. Attorney's Office and the U.S. Marshals between 1984 through 1994 concerning George Carter.