# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATHSON E. FIELDS,<br><br>   Plaintiff,<br><br>  v.<br><br>CITY OF CHICAGO, COUNTY OF COOK; former Assistant State's Attorneys LARRY WHARRIE and DAVID KELLEY; former and current Chicago Police Officers DAVID O'CALLAGHAN THOMAS RICHARDSON, STEPHEN CASTO, JAMES MINOGUE, JOSEPH BOGDALEK, JOSEPH MURPHY, STEVEN HOOD, JAMES DELANEY, ROBERT EVANS, DANIEL BRANNIGAN, JOHN ROBERTSON, RICH KOBEL, and RICHARD KOLOVITZ,<br><br>   Defendants. | Case No. 10 C 1168<br><br>Judge Matthew F. Kennelly<br><br>Magistrate Judge Geraldine Soat Brown |

## STIPULATION TO ENTRY OF JUDGMENT AGAINST DEFENDANT CITY OF CHICAGO

Defendant City of Chicago ("City") hereby stipulates to the following:

1. Plaintiff Nathson Fields filed a complaint against individual defendant police officers Daniel O'Callaghan, Thomas Richardson, Stephen Casto, James Minogue, Joseph Bogdalek, Joseph Murphy, Steven Hood, James Delaney, Robert Evans, Daniel Brannigan, John Robertson, Rich Kobel, and Richard Kolovitz (the "Defendant Police Officers"). Plaintiff's complaint includes various claims brought under federal and state law.

2. In Plaintiff's third amended complaint, he claims the Defendant Police Officers violated his constitutional rights as a result of various policies, practices, and customs of the City of Chicago ("City"). In other words, Plaintiff has brought a *Monell* claim against the City of

Chicago.[1] Plaintiff seeks a judgment against the City for damages caused by the alleged violation of his rights under the Constitution.

3. Even if plaintiff's constitutional rights were violated, the City specifically denies any constitutional violation alleged herein was caused by a person with "final policymaking authority," denies the City has any "policies, customs or practices" that cause constitutional deprivation, denies it has any widespread practice that is "so permanent and well-settled as to constitute a custom or usage with the force of law," denies it has the requisite degree of culpability therefrom, and denies any alleged "custom, policy or practice" of the City directly caused the alleged violations that would give rise to liability under 42 U.S.C. §1983.

4. Without admitting Plaintiff's *Monell* allegations in the pending complaint, the City agrees to entry of judgment against the City for compensatory damages and, to the extent allowed by the Court, reasonable attorney's fees pursuant to 42 U.S.C. §1988, if and only if the finder of fact in this case finds that a Defendant Police Officer violated Plaintiff's constitutional rights as alleged in the pending complaint. The terms of this Stipulation will apply and the City agrees to entry of judgment against it in the event of a finding that a Defendant Police Officer violated Plaintiff's constitutional rights, even if that Defendant Police Officer prevails upon a qualified immunity defense. The terms of this Stipulation will also be applied if the Defendant Police Officers are held liable on a motion for summary judgment, or held liable on any other court procedure not involving a finder of fact that determines based on the merits of the case the Defendant Police Officers violated Plaintiff's constitutional rights as alleged in the pending complaint. The Stipulation will not apply to liability based on a settlement to which the City is

---

[1] See *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

not a party, or a non-court procedure such as arbitration or mediation unless the City agrees to be bound by such proceedings.

5. For this purpose and in this case only, the City waives its right under *Monell* not to be held liable for damages pursuant to Section 1983 without proof that the City by its "policy, custom or practice," and with the requisite degree of culpability, caused the alleged constitutional violation. As stated herein, if such a constitutional violation is found, the City agrees to accept liability against it for compensatory damages and, to the extent allowed by the Court, reasonable attorney's fees, based solely on the alleged constitutional violation committed by the Defendant Police Officers, and not upon any alleged "custom, policy or practice."

6. The City does not waive any defense it may have to the claims in this case except as specifically stated above. The City retains the right to move to alter or amend any judgment, move for judgment as a matter of law reversing such judgment, appeal, or seek any other post-trial relief from such judgment based on any grounds not inconsistent with this stipulation.

Dated: August 5, 2011

Respectfully submitted,

By: /s/ Terrence M. Burns
One of the Attorneys for Defendant,
CITY OF CHICAGO

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Dykema Gossett PLLC
10 South Wacker Dr., Suite 2300
Chicago, Illinois 60606
(312) 876-1700