UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
<u>EASTERN DIVISION</u>

| | |
|---|---|
| NATHSON E. FIELDS, )<br>　　　　Plaintiff, )<br>　　　　　　　　　　　 )<br>　v. )<br>　　　　　　　　　　　 )<br>CITY OF CHICAGO, et al., )<br>　　　　Defendants. ) | No. 10 CV 1168<br><br>Hon. Matthew F. Kennelly |

**PLAINTIFF'S MOTION TO ENFORCE NONPARTY SUBPOENAS**

NOW COMES the Plaintiff Nathson Fields and submits this Motion to Enforce Nonparty Subpoenas issued to Winston & Strawn and Harold E. McKee of Riordan, Donnelly, Lipinski & McKee, Ltd. Plaintiff served these subpoenas on the above referenced nonparties on November 7, 2011[1] for documents pertaining to the case of *Houston v. Partee,* and the subpoena recipients failed to comply with the November 28, 2011 deadline for production of documents. Plaintiff's counsel has attempted to confer with the subpoena recipients regarding compliance with the subpoenas, but the subpoena recipients have been unresponsive to-date.

Therefore, this motion seeks an order from this Court directing Winston & Strawn and Harold E. McKee to comply with the subpoenas and to produce the materials described therein.

**I.　Winston & Strawn and Harold McKee Have Been Unresponsive to the Subpoenas Issued and Unresponsive to Subsequent Inquiries Made by Plaintiff's Counsel**

---

[1] The subpoenas sent to Winston & Strawn LLP and Harold E. McKee are attached as Exhibits 1 and 2, respectively.

In a November 3, 2011 meeting with defense counsel Dan Noland to discuss the City Defendants' objections to discovery, Mr. Noland informed Plaintiff's counsel that the City's entire *Houston v. Partee* file was missing. *Houston v. Partee* was a case that involved most of the same defendants and witnesses as the current case, and included many similar issues alleged in the current case regarding malicious prosecution and failure to disclose exculpatory evidence.

In an attempt to reconstruct the *Houston v. Partee* case file lost by the City, Plaintiff's counsel issued subpoenas duces tecum, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to 5 individual attorneys representing defendants in the *Houston v. Partee* case, which included nonparties Winston & Strawn LLP and Harold McKee of Riordan, Donnelly, Lipinski & McKee, Ltd. Plaintiff's counsel learned that Jack O'Malley was no longer affiliated with Winston & Strawn, and instead directed its subpoena to Winston & Strawn. These subpoenas were issued on November 7, 2011 with a return date of November 28, 2011. Neither Winston & Strawn representatives nor Harold McKee have provided the documents responsive to the subpoenas issued.

With regard to Winston & Strawn, in November 2011, Plaintiff's counsel exchanged communications with Winston & Strawn representative Jean Cleveland regarding that firm's affiliation with the *Houston v. Partee* case. Plaintiff's counsel sent information indicating that while at Winston & Strawn Jack O'Malley was one of the attorneys representing defendant Cecil Partee.

However, since the last communication on November 18, 2011, Winston & Strawn's representative Jean Cleveland has been unresponsive to subsequent inquiries from Plaintiff's counsel, sent on December 4 and December 22, regarding compliance with the subpoena.

With regard to Harold McKee, Plaintiff's counsel has not received any response to-date regarding his compliance with the subpoena. On January 4, 2012, Plaintiff's counsel sent a follow-up letter to Mr. McKee seeking compliance. Still, Mr. McKee has been unresponsive to inquiries from Plaintiff's counsel regarding compliance with the subpoena.

## II.     Request for Relief

WHEREFORE, Plaintiff Nathson Fields respectfully requests that this motion be granted and that nonparties Winston & Strawn and Harold McKee be compelled to comply with the subpoenas issued to them. A proposed order is attached for the Court's convenience.

Dated: January 16, 2012

Respectfully Submitted,

/s/H. Candace Gorman
One of the Attorneys for Fields

For Fields:

Leonard Goodman
Molly Armour
Melissa Matuzak
53 W. Jackson Boulevard
Suite 1650
Chicago, Illinois 60604

H. Candace Gorman
220 S. Halsted
Suite 200
Chicago Illinois 60661
312-427-2313

## CERTIFICATE OF SERVICE

I, H. Candace Gorman, hereby certify that Plaintiff's Motion to Enforce Nonparty Subpoenas was served by way of Pacer to the parties and by U.S. Mail on January 16, 2012 to the nonparties:

Winston & Strawn, LLP
35 W. Wacker Dr.
Chicago, IL 60601-9703
Attn: Jean Cleveland

Harold E. McKee
Riordan, Donnelly, Lipinski & McKee, Ltd.
10 N. Dearborn, 4th Floor
Chicago, IL 60602


Dated: January 16, 2012

                                                  Respectfully Submitted,

                                                  /s/H. Candace Gorman
                                                  One of the Attorneys for Fields


For Fields:

| | |
|---|---|
| Leonard Goodman | H. Candace Gorman |
| Molly Armour | 220 S. Halsted |
| Melissa Matuzak | Suite 200 |
| 53 W. Jackson Boulevard | Chicago Illinois 60661 |
| Suite 1650 | 312-427-2313 |
| Chicago, Illinois 60604 | |
| 312-986-1984 | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
<u>EASTERN DIVISION</u>

| | |
|---|---|
| NATHSON E. FIELDS, ) | |
|     Plaintiff, ) | |
| ) | No. 10 CV 1168 |
| v. ) | |
| ) | Hon. Matthew F. Kennelly |
| CITY OF CHICAGO, et al., ) | |
|     Defendants. ) | |

**PROPOSED ORDER GRANTING PLAINTIFF'S MOTION
TO ENFORCE NONPARTY SUBPOENAS**

THIS MATTER comes before the Court on the Motion to Enforce Nonparty Subpoenas issued to Winston & Strawn and Harold E. McKee, with good cause having been shown.

It is HEREBY ORDERED that Plaintiff's Motion is GRANTED; and it is FURTHER ORDERED that subpoena recipients Winston & Strawn LLP and Harold E. McKee are compelled to comply with the subpoenas issued to them by Plaintiff Nathson Fields within 10 days of the date of this Order.

IT IS SO ORDERED.

Dated:

                                                                                    _____
                                                                                    Judge Matthew F. Kennelly

# Exhibit 1

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

Northern District of Illinois

| NATHSON FIELDS | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   10 C1168 |
| CITY OF CHICAGO, ET AL. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) |    ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Harold E. McKee, Riordan Donnelly & McKee, Ltd., 10 North Dearbon Street 4th Floor, Chicago, IL 60602

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: SEE ATTACHED RIDER AND INSTRUCTIONS AND DEFINITIONS

| Place: Law Office of H. Candace Gorman, 220 S. Halsted Suite 200, Chicaco, IL 60661 | Date and Time: 11/28/2011 10:00 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 11-7-11

CLERK OF COURT

_____  OR  *H. Candace Gorman* (signature)
Signature of Clerk or Deputy Clerk             Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Plaintiff   , who issues or requests this subpoena, are:
H. Candace Gorman, Law Office of H. Candace Gorman, 220 S. Halsted Suite 200, Chicaco, IL 6066, 312.427.2313, hcgorman@igc.org,

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 10 C1168

PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* Harold E. McKee, Riordan Donnelly & McKee, Ltd.
was received by me on *(date)* _____.

☑ I served the subpoena by delivering a copy to the named person as follows:

Harold E. McKee, Riordan Donnelly & McKee, Ltd., 10 North Dearbon Street 4th Floor, Chicago, IL 60602

Attn: Harold E. McKee _____ on *(date)* 11/07/2011 ; or

☐ I returned the subpoena unexecuted because: _____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 11/07/2011

*Server's signature*

Adrian Bleifuss Prados   CLERK
*Printed name and title*

Law Office of H. Candace Gorman
220 S. Halsted Suite 200
Chicaco, IL 60661
312.427.2312
*Server's address*

Additional information regarding attempted service, etc:

Produce any and all documents and materials in your possession including but not limited to your case file, any and all hearing or trial testimony, pleadings, notes, memoranda, indictments, motions, exhibits, opinions, police reports, investigative reports, expert reports, lab reports, physical evidence, communications, letters, correspondence, discovery, medical records, answers to interrogatories, deposition transcripts, photographs, all documents produced by either party in this matter, affidavits, initial complaint(s) and any other documents of any type, kind or nature regarding the *Elton Houston and Robert Brown v. Cevil Partee, et al.* matter, Case Nos. 90-3342, 91-1624, a lawsuit pertaining to the 1984 convictions of Plaintiffs Elton Houston and Robert Brown for the murder of Ronnie Bell, and the failure of the Defendant U.S. Attorneys to disclose exculpatory evidence to the Plaintiffs. Please provide us with a privilege log for any documents that are responsive but not being produced based on privilege or work product.

## Definitions and Instructions

A. "Documents" means, without limitation, all original and non-identical copies (whether different from the originals by reason of notation made on such copies or otherwise) of letters or otherwise prepared correspondence, communications, telegrams, telexes, e-mails, instructions, memoranda, notations or memoranda of conversations, including telephone conversations, travel records, diary entries, journals, telephone logs, notes, reports, summaries, records, legal documents, agreements, time records, writings of every description, including drawings, graphs, charts, photographs, phone records, recordings, computer tapes, disks and printouts, and other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonable usable form, irrespective of whether the "documents" are printed, recorded, reproduced by any process, or written or produced by hand, which are in the possession, custody, or control of your office, representatives or anyone acting for or on their behalf. "Documents" also include copies (whether or not identical to the originals) when the originals are not in the possession, custody or control of your office and/or any of its agents; and any summarizations, compilations or indices of "documents."

B. The term "communications" means all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, telegrams, telexes, e-mails, or other forms of written or oral interchange, however transmitted, including reports, notes, memoranda, lists, agenda and other records of any communications.

C. The terms "refer," "referring," "relate," and, "relating" mean reporting on or with respect to, showing or indicating knowledge of, mentioning or in any way referring to, either directly or indirectly.

D. The singular form of a word should be interpreted as plural wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

E. The words "and" and "or" should be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

# Exhibit 2

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

Northern District of Illinois

| NATHSON FIELDS | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 10 C1168 |
| CITY OF CHICAGO, ET AL. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Harold E. McKee, Riordan Donnelly & McKee, Ltd., 10 North Dearbon Street 4th Floor, Chicago, IL 60602

☒ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: SEE ATTACHED RIDER AND INSTRUCTIONS AND DEFINITIONS

| Place: Law Office of H. Candace Gorman, 220 S. Halsted Suite 200, Chicaco, IL 60661 | Date and Time: 11/28/2011 10:00 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 11-7-11

CLERK OF COURT

_____   OR   *H. Candace Gorman*
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ____Plaintiff____
_____, who issues or requests this subpoena, are:
H. Candace Gorman, Law Office of H. Candace Gorman, 220 S. Halsted Suite 200, Chicaco, IL 6066, 312.427.2313, hcgorman@igc.org,

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 10 C1168

PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*    Harold E. McKee, Riordan Donnelly & McKee, Ltd.
was received by me on *(date)* _____.

☑ I served the subpoena by delivering a copy to the named person as follows:
Harold E. McKee, Riordan Donnelly & McKee, Ltd., 10 North Dearbon Street 4th Floor, Chicago, IL 60602
Attn: Harold E. McKee    on *(date)*   11/07/2011   ; or

☐ I returned the subpoena unexecuted because: _____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   11/07/2011

*Server's signature*

Adrian Bleifuss Prados   CLERK
*Printed name and title*

Law Office of H. Candace Gorman
220 S. Halsted Suite 200
Chicaco, IL 60661
312.427.2312
*Server's address*

Additional information regarding attempted service, etc:

Produce any and all documents and materials in your possession including but not limited to your case file, any and all hearing or trial testimony, pleadings, notes, memoranda, indictments, motions, exhibits, opinions, police reports, investigative reports, expert reports, lab reports, physical evidence, communications, letters, correspondence, discovery, medical records, answers to interrogatories, deposition transcripts, photographs, all documents produced by either party in this matter, affidavits, initial complaint(s) and any other documents of any type, kind or nature regarding the *Elton Houston and Robert Brown v. Cevil Partee, et al.* matter, Case Nos. 90-3342, 91-1624, a lawsuit pertaining to the 1984 convictions of Plaintiffs Elton Houston and Robert Brown for the murder of Ronnie Bell, and the failure of the Defendant U.S. Attorneys to disclose exculpatory evidence to the Plaintiffs. Please provide us with a privilege log for any documents that are responsive but not being produced based on privilege or work product.

## Definitions and Instructions

A. "Documents" means, without limitation, all original and non-identical copies (whether different from the originals by reason of notation made on such copies or otherwise) of letters or otherwise prepared correspondence, communications, telegrams, telexes, e-mails, instructions, memoranda, notations or memoranda of conversations, including telephone conversations, travel records, diary entries, journals, telephone logs, notes, reports, summaries, records, legal documents, agreements, time records, writings of every description, including drawings, graphs, charts, photographs, phone records, recordings, computer tapes, disks and printouts, and other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonable usable form, irrespective of whether the "documents" are printed, recorded, reproduced by any process, or written or produced by hand, which are in the possession, custody, or control of your office, representatives or anyone acting for or on their behalf. "Documents" also include copies (whether or not identical to the originals) when the originals are not in the possession, custody or control of your office and/or any of its agents; and any summarizations, compilations or indices of "documents."

B. The term "communications" means all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, telegrams, telexes, e-mails, or other forms of written or oral interchange, however transmitted, including reports, notes, memoranda, lists, agenda and other records of any communications.

C. The terms "refer," "referring," "relate," and, "relating" mean reporting on or with respect to, showing or indicating knowledge of, mentioning or in any way referring to, either directly or indirectly.

D. The singular form of a word should be interpreted as plural wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

E. The words "and" and "or" should be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.