```
                IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION


NATHSON E. FIELDS,              )
                                )
              Plaintiff,        )   Docket No. 10 C 1168
                                )
         vs.                    )
                                )
CITY OF CHICAGO, et al.,        )   Chicago, Illinois
                                )   August 20, 2012
              Defendants.       )   1:50 p.m.


                     TRANSCRIPT OF PROCEEDINGS
               BEFORE THE HONORABLE MATTHEW F. KENNELLY


APPEARANCES:


For the Plaintiff:     LAW OFFICES OF H. CANDACE GORMAN
                         BY:  MS. H. CANDACE GORMAN
                       220 South Halsted Street
                       Suite 200
                       Chicago, Illinois  60661


For the Defendant:     DYKEMA GOSSETT PLLC
                         BY:  MR. DANIEL M. NOLAND
                       10 South Wacker Drive, Suite 2300
                       Chicago, Illinois  60606










            LAURA M. BRENNAN - Official Court Reporter
             219 South Dearborn Street - Room 2102
                    Chicago, Illinois  60604
                         (312) 435-5785
```

| | |
|---|---|
| 1 | (The following proceedings were had in open court:) |
| 2 | THE CLERK: 10 C 1168, Fields v. City. |
| 3 | THE COURT: Good afternoon. |
| 4 | MR. NOLAND: Good afternoon, your Honor; Dan Noland |
| 5 | on behalf of the City defendants. |
| 6 | MS. GORMAN: Good afternoon, your Honor; Candace |
| 7 | Gorman for the plaintiff. |
| 8 | THE COURT: Okay. So I got an in camera submission |
| 9 | from Ms. Gorman. I have a question. So this whole issue |
| 10 | about named defendants contacting or attempting to contact |
| 11 | potential witnesses, is this something that you're planning to |
| 12 | use -- |
| 13 | MS. GORMAN: Not right now, your Honor. |
| 14 | THE COURT: -- in evidence? |
| 15 | Well, I need more than a "not right now." |
| 16 | MS. GORMAN: I mean, I have no intention of using it, |
| 17 | as I said, in the submission. I only brought this to the |
| 18 | Court's attention because I wanted to -- |
| 19 | THE COURT: I'm asking you for a purpose. I'm not |
| 20 | asking you to repeat the submission. |
| 21 | In other words, if the trial were being held next |
| 22 | week, you wouldn't want to be cross-examining, you know, |
| 23 | defendant X, like, isn't it a fact that you tried to contact |
| 24 | this witness or anything like that? |
| 25 | MS. GORMAN: No. |

1 THE COURT: All right. So there has been some
2 parallelism at least in the discussions that we have had about
3 sort of one -- an issue on each side. On the defense side,
4 there was this issue about the location of the filing cabinet
5 or where the file was found or where the file had been for
6 some period of time. And we had some discussion about whether
7 and the extent to which the information about that that the
8 City's lawyers had gained was protected by the work product
9 doctrine.
10 On the plaintiff's side, we have this issue that Ms.
11 Gorman had raised earlier about one or more defendants
12 allegedly contacting witnesses which she raised as part of a
13 motion. And each side has claimed at one point or another
14 that what they were doing is and was work product.
15 So to me there's a difference between these two
16 things, the difference being that the location of the file and
17 where it was is something that has potential evidentiary
18 significance in and of itself. The question of a party
19 contacting a witness might or might not have evidentiary
20 significance, but if it's something that somebody says they're
21 not going to use, then it doesn't.
22 And my view on the question of the filing cabinet,
23 which I expressed more than one time --
24 Mr. Noland, stop doing that. You will get a chance
25 to talk when I am done, and you're interrupting my train of

1    thought, and I'm getting annoyed with it.

2         I expressed in court a couple of times that I thought
3    that the opposing side in the case had an entitlement to find
4    out where the file had been and how it had been located
5    because that -- and the reason I felt that is that it was
6    something that potentially has evidentiary significance in the
7    case.  Okay.

8         On the flip side, as I sit here right now, with Ms.
9    Gorman having said she doesn't have any intention to use in
10   evidence a contention that somebody contacted a witness or
11   didn't contact a witness, I don't think it sits in the same
12   stead, and I do think it's work product and I'm not going to
13   require it to be produced.

14        Now, what did you want to say?

15        MS. GORMAN:  Thank you, your Honor.

16        MR. NOLAND:  I simply wanted to point out that that
17   issue had been tabled.  The parties -- that was the issue that
18   we were working on the stipulation.

19        THE COURT:  I know you're working on it.

20        MR. NOLAND:  That's all I was going to say.

21        THE COURT:  I was explaining comments I made a month
22   ago, or two months ago or both, okay, and I haven't
23   adjudicated it yet.  But, I mean, there was some discussion at
24   one point in time -- and I don't remember which side raised
25   it; maybe it was both -- like, you know, each side saying,

1  well, the other side is taking an inconsistent position.  And
2  I want to be clear and you could -- I mean, it's a free
3  country.  You can think I'm taking an inconsistent position,
4  but I want to explain why I don't think it's inconsistent with
5  the comments that I made earlier in court, which I said a
6  number of times were not intended to be a definitive
7  adjudication of it.
8          So I think what was pending was a motion to compel.
9  Let me just get the title of it so I've got it right.  Yes,
10 it's the City defendant's motion to compel, and that is denied
11 for the reasons stated.
12         And, Augie, I will get you the info that tells you
13 what the case with the motion number is on that.
14         So what else does anybody want to talk about today?
15         MS. GORMAN:  Your Honor, I have an issue that is sort
16 of --
17         THE COURT:  Augie, it's 254, and we can terminate
18 document 256, which was a motion to strike, which is now moot.
19         Go ahead, Ms. Gorman.
20         MR. NOLAND:  Your Honor, if I could, just on that
21 issue?
22         THE COURT:  Yes.
23         MR. NOLAND:  In light of Ms. Gorman's statement or
24 representation that she's not going to be using, I would
25 presume then she wouldn't be using any information that she is

1 withholding on work product at my client's depositions against
2 them.
3     THE COURT: Well, that's what I mean by using it. So
4 if something changes about that --
5     And let me just be clear on what I have in mind,
6 okay. I think the two people that you referred to were
7 Kolovitz and Brannigan, okay. So what I'm going to expect is
8 that if you're going into a deposition -- if you have any
9 intention to go into a deposition of one of those two people
10 and say, isn't it a fact that you tried to contact John Jones
11 at such and such a time and such and such a place, and I find
12 that out now at a point, you know, after a point in time where
13 the defendant might have had an opportunity to take the
14 deposition or depositions of whatever people are involved and
15 didn't get that because you told me today, I don't plan to use
16 it, it will not be a pretty sight --
17     MS. GORMAN: I understand, your Honor.
18     THE COURT: -- let me just put it that way.
19     So that's about as good an answer as I can give you,
20 Mr. Noland.
21     MS. GORMAN: I just want to make clear that I can ask
22 the defendants if they have contacted individuals.
23     THE COURT: You can ask them if they contacted
24 individuals, but, I mean, I am just going to say -- I mean,
25 I'm not going to call it gamesmanship, so don't be doing the

1  following.  Okay.  So you ask defendant X, did you contact
2  anybody, and he says no, and you have information that you
3  haven't disclosed because you contend it's work product that
4  says yes, okay, don't be figuring on coming back to me later
5  and saying, aha, Judge, now I want to use this because I
6  caught him in a lie.  I just don't think that's fair.
7       You know, you have got to make a decision now, you
8  know -- and there's a limited universe of permutations out
9  there.  You have got to make a decision now whether there is
10 some possibility that you are going to use this.  And if you
11 are, then you ought to be disclosing it because it's the only
12 fair way to do it.
13      MS. GORMAN:  I understand.
14      THE COURT:  Does that answer your question,
15 Mr. Noland?
16      MR. NOLAND:  Yes.
17      THE COURT:  That's about as good an answer as I can
18 give you.
19      Go ahead.
20      MS. GORMAN:  An issue that came up today, tomorrow we
21 have the deposition of Mr. Edgar Cooksie who was the person
22 that Mr. Brannigan did meet with and talked to.  Mr. Cooksie
23 called me today.  He called me to tell me he was not coming to
24 the deposition.
25      THE COURT:  This is not going to be the last time

1 this happens in the case would be my hunch.

2 MS. GORMAN: I explained to him it was a subpoenas
3 that was issued to him, that it's a court order, that he has
4 to be there. He said he's not coming. Is that something I
5 would ask for a bench warrant?

6 THE COURT: Well, so the way you would do that, I
7 guess, you know, you're going to try real hard, and trying
8 real hard includes saying, you know what I'm going to have to
9 do, Mr. Cooksie, I'm going to have to go to the judge and the
10 judge is going to have to send a marshal out to arrest you and
11 bring you to the deposition, and sometimes that gets the job
12 done.

13 MS. GORMAN: And I'm hoping --

14 THE COURT: I had another case where that did get the
15 job done, but if not --

16 MS. GORMAN: I told him that, and I told him,
17 coincidentally, I was going to be in front of you this
18 afternoon and that I would be bringing it to your attention,
19 and he said, well, I'm not coming. He might show up. He
20 might think about it and show up.

21 THE COURT: Right. You know, that is the remedy. I
22 mean, you come in and you ask --

23 It's a motion for a rule to show cause. You send it
24 to him by mail. You know, just make sure you give enough
25 time, a week or whatever the time is under the local rules.

```
 1   You come in here.  If he doesn't show up, then I contact the
 2   marshal's service.
 3           I will tell you this.  In terms of stuff that the
 4   marshal's service has to do in their list of priorities, this
 5   wouldn't actually be in, like, the top ten, okay.  So, you
 6   know, eventually it will get done.
 7           MS. GORMAN:  Thank you.
 8           THE COURT:  Anything else anybody needs to say?
 9           MS. GORMAN:  I don't think so.
10           THE COURT:  We dealt with the discovery cutoff date
11   when you here the other day, right?
12           MS. GORMAN:  Yes.  The discovery cutoff is now
13   November 30th.
14           THE COURT:  November 30th.
15           MS. GORMAN:  But I don't think we have a status date.
16           THE COURT:  You don't have a status date.  So let's
17   make it about halfway in between, so the early part of October
18   then, Augie, like the week of the 8th sometime.
19           THE CLERK:  October 9th.
20           THE COURT:  Does that date work okay?  It's the day
21   after Columbus Day.
22           MS. GORMAN:  Actually, your Honor, I'm glad you said
23   that.  I'm going to be gone that weekend.  I'm just coming
24   back that morning.
25           THE COURT:  Would the 10th work?
```

1         MS. GORMAN: Yes. That would be perfect.
2         THE COURT: 9:30 on the 10th of October.
3         MS. GORMAN: Thank you.
4   (Brief interruption.)
5         THE COURT: Wait a second. No, I'm here. No, no,
6 you're right. That's a bad week for me. Let's make it the
7 following week. Let's make it the 16th.
8         MS. GORMAN: Thank you.
9         THE COURT: The 16th of October at 9:30. All right,
10 take care.
11         MR. NOLAND: Thank you.
12         MS. GORMAN: Thanks.
13
14   (Which were all the proceedings had in the above-entitled
15 cause on the day and date aforesaid.)
16                 C E R T I F I C A T E
17
18     I hereby certify that the foregoing is a true and
19 correct transcript of the above-entitled matter.
20
21
22   */s/ Laura M. Brennan*                        September 7, 2012
23
24   _____              _____
    Laura M. Brennan
25   Official Court Reporter                          Date
    Northern District of Illinois