IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATHSON FIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10 C 1168 |
| ) | |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

This Court dismissed certain federal claims that plaintiff Nathson Fields made against two former Cook County prosecutors (Wharrie and Kelley) but declined to dismiss other claims against them and other defendants. The Seventh Circuit ordered the dismissal of the remaining federal claims against Wharrie and Kelley on the grounds they were immune from suit. This left only certain state law claims against them. The Seventh Circuit concluded that this Court retained supplemental jurisdiction over the state law claims but remanded for consideration of whether the Court should decline to exercise that jurisdiction. *See Fields v. Wharrie*, 672 F.3d 505, 518-19 (7th Cir. 2012).

Under 28 U.S.C. § 1367(c), a federal court may decline to exercise supplemental jurisdiction over a claim if it raises a novel or complex issue of state law, it substantially predominates over the claims over which the federal court has original jurisdiction, the court has dismissed all the claims over which it has original jurisdiction, or there are other compelling reasons to decline jurisdiction. This Court has not dismissed all of the

1

remaining claims over which it has original jurisdiction – there are numerous federal claims against defendants other than Wharrie and Kelley – and the claims against Wharrie and Kelley most certainly do not predominate over the federal claims that remain here.

The Seventh Circuit suggested that the state law claims against Wharrie and Kelley involved challenging legal issues that would be better dealt with in state court. *Fields*, 672 F.3d at 518. There is no question that the state law claims will involve challenging legal issues. There are other significant factors, however, that weigh in favor of retaining jurisdiction over those claims. "A court deciding whether to retain jurisdiction pursuant to the factors set forth in § 1367(c) should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599. 608 (7th Cir. 2008).

The issue of comity is, essentially, the factor the Seventh Circuit cited; it weighs in favor of relinquishing jurisdiction. On the other side of the scale, there is a substantial (perhaps a near-total) overlap between the factual background and evidence relating to the federal claims and that relating to the claims against Wharrie and Kelley. Numerous witnesses have testimony that is relevant to both sets of claims. If the claims are split up between two jurisdictions, there will be significant duplication of discovery and other efforts by counsel and the two courts. In addition, two courts (and perhaps two juries) will be called upon to consider this highly overlapping evidence. The factors of judicial economy and convenience thus strongly favor retaining jurisdiction.

The issue of fairness arguably cuts both ways. One might argue that Wharrie and Kelley would get a fairer hearing in state court, but this Court is certain that both sides of the issues relating to the state law claims against them would get an equally fair hearing and consideration in either federal or state court. On the other hand, it would be unfair, in the Court's view, to require Fields to litigate his overlapping claims in both courts. Among other things, this might result in conflicting or inconsistent results, and if nothing else it will greatly increase the time and effort that he and his lawyers will have to put into litigating his claims.

On balance, the factors weigh in favor of retaining jurisdiction. The Court therefore respectfully declines to relinquish jurisdiction over the state law claims against Wharrie and Kelley. The Court notes that it makes this ruling without regard to the possibility that certain federal claims against those two defendants might be reinstated as a result of Fields' pending motion for reconsideration.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: October 15, 2012