IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Nathson Fields, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 1168 |
| | ) | |
| v. | ) | Hon. Matthew F. Kennelly |
| | ) | |
| City of Chicago, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION OF THE COOK COUNTY STATE'S ATTORNEY'S
OFFICE TO ALLOW THE DEPOSITION OF EARL HAWKINS
<u>AFTER THE CLOSE OF FACT DISCOVERY</u>**

The Cook County State's Attorney's Office, through its counsel, hereby moves this Court for the entry of an order allowing the deposition of Earl Hawkins to be taken after the close of discover, stating as follows in support:

INTRODUCTION

Earl Hawkins, Plaintiff Nathson Fields' co-defendant in the underlying criminal prosecution for the murders of Jerome Smith and Talmon Hickman, is currently in protective custody in the federal Bureau of Prisons ("BOP"), following his conviction in the matter of U.S. v. Hawkins, 89 CR 908. Not only is Hawkins a witness in connection with this matter, he is to be called to testify at an evidentiary hearing in the ongoing state court proceedings relating to Plaintiff's petition for a certificate of innocence ("COI Petition"), in relation to Plaintiff's underlying criminal conviction. The BOP has indicated that, because of Hawkins' security classification, it would be necessary to move Hawkins to a neutral site for any court proceedings, including a deposition. The BOP has also indicated that in addition to security considerations, because of financial considerations, particularly given the current federal budgetary

sequestration, it would move Hawkins and make him available only once for both his testimony in the COI proceedings and his deposition in this matter. Accordingly, as set forth more fully below, it is respectfully requested that this Court enter an order allowing the deposition of Earl Hawkins to proceed after the July 1, 2013 fact discovery cut-off date in this matter, to coincide with his appearance in Chicago at the evidentiary hearing in the COI Proceedings, which is anticipated to proceed in August of 2013.

Plaintiff's Present Lawsuit

1. On February 22, 2010, Plaintiff Nathson Fields filed this lawsuit against the City of Chicago and various police officers and detectives, as well as several assistant state's attorneys, purporting to set forth claims under *42 U.S.C. §1983* and state law arising out of his arrest, prosecution and conviction for the murders of Jerome Smith and Talmon Hickman.

2. Fact discovery is set to close in this matter on July 1, 2013. (Dkt. 325.)

Plaintiff's State Court Petition For Certificate of Innocence

3. On August 25, 2009, prior to the filing of this lawsuit, Plaintiff filed his COI Petition in the Circuit Court of Cook County, pursuant to §2-702 of the Illinois Code of Civil Procedure (*735 ILCS 5/2-702 (West 2008)*) ("§2-702"). A copy of Plaintiff's COI Petition, filed in the matter of *People v. Nathson Fields*, 85 CR 7651, is attached hereto as Exhibit A.

4. *Section 2-702* provides a means by which an individual may file a petition, in the court in which he or she was convicted, in order to obtain a finding of innocence so that he or she may obtain monetary relief through the Illinois Court of Claims. *See 735 ILCS 5/2-702(a), (b)*. The Illinois Attorney General and the State's Attorney of the county where the conviction was had have the right to intervene as parties. *§2-702(e)*. The State's Attorney of Cook County has in

2

fact appeared in the state criminal court to respond on behalf of the State to Plaintiff's COI Petition.

5. Because the COI Petition is directed at Plaintiff's underlying prosecution and subsequent conviction for murder, the proceedings in that matter are necessarily intertwined with the claims in the lawsuit pending before this Court. In fact, Plaintiff references his Certificate of Innocence and the opposition to his COI Petition in his complaint in this matter. (*See* Third Amended Complaint ("TAC") (Dkt. 106-1) at ¶ 2.)

6. As alleged in Plaintiff's complaint, on December 10, 2009, the Circuit Court of Cook County entered an order granting Plaintiff's COI Petition, based on the finding of not guilty on April 8, 2009, after Plaintiff's retrial on the underlying criminal charges. (*See* TAC (Dkt. 106-1) at ¶ 2; *People v. Fields*, 959 N.E.2d 1162, 1165 (Ill. App. 2011).

7. The State appealed from the Circuit Court's December 10, 2009 Order and the Illinois Appellate Court reversed and remanded for further proceedings, finding "the record shows that in granting [Fields'] petition the court did not distinguish between a finding of not guilty and actual innocence as required by the statute." *Fields*, 959 N.E.2d at 1166.

8. Plaintiff's COI Petition remains pending before the state criminal court. On March 28, 2013, the state court ruled on a number of pending evidentiary issues and the matter is set for status on May 16, 2013. It is currently anticipated that the matter will be set for an evidentiary hearing in August of 2013.

Earl Hawkins

9. Earl Hawkins was also charged with the Smith/Hickman murders, and was tried and convicted along with Plaintiff. (TAC (Dkt. 106-1) at ¶¶ 38-40.) Hawkins later began co-operating with federal prosecutors and agreed to testify against other El Rukns. (Dkt. 106-1 at ¶

40.) Hawkins also testified on behalf of the State against Plaintiff at Plaintiff's retrial. (Dkt. 106-1 at ¶¶ 40.)

10. Hawkins has been identified by the State to testify at the evidentiary hearing in the COI Petition state court proceedings. The Cook County State's Attorney's Office has been working with the BOP to coordinate Hawkins' appearance in Chicago for that purpose.

11. On October 4, 2012, this Court entered an order granting the parties leave to take the deposition of Hawkins "at a date and time to be approved by the institution." (Dkt. 285.)

12. Hawkins is currently in federal custody in an undisclosed location, following his subsequent conviction in the matter of U. S. v. Hawkins, 89 CR 908. Through its counsel, the BOP has advised that, because of Hawkins' security classification, it would be necessary to move him to a neutral site apart from where he is being held for any court proceeding, including a deposition. (See correspondence from James M. Kuhn, Sr., Assistant United State's Attorney, to H. Candace Gorman, dated April 26, 2013, a copy of which is attached hereto as Exhibit B.)

13. The BOP has also raised a concern, given the logistical undertaking necessary to produce Hawkins at a neutral site, about the expense necessary to do so multiple times, particularly during the current federal budgetary sequestration. The BOP has therefore proposed that Hawkins be produced for his deposition in the U. S. Attorney's Office in Chicago, at the time he is brought in for purposes of testifying in the state court proceeding. This process meets with the approval of the responsible component of the Department of Justice. (*See* Exhibit B.)

14. It is anticipated that the evidentiary hearing in connection with Plaintiff's COI Petition will proceed in August of 2013.

15. Counsel for the BOP has indicated he will appear before the Court in connection with the presentation of this motion to further advise the Court on the position of the BOP and to address any questions the Court may have.

WHEREFORE, for the above and foregoing reasons, Cook County State's Attorney's Office respectfully requests that this Court enter an order to allow the deposition of Earl Hawkins to proceed in this matter after the July 1, 2013 fact discovery cut-off, in conjunction with his appearance to testify at an evidentiary hearing in the state court proceedings relating to Plaintiff's petition for a certificate of innocence.

        Respectfully submitted,

        ANITA ALVAREZ
        State's Attorney of Cook County

By:   s/Stephen L. Garcia
        ARDC #06195546

        Patrick T. Driscoll, Jr.,
        Deputy State's Attorney

        Stephen L. Garcia
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        312.603.5475