# EXHIBIT A



IN THE

CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT-CRIMINAL DIVISION

FILED
CR -
AUG 25 2009
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

| | |
|---|---|
| IN THE MATTER OF | ) |
| | ) Petition For Certificate of Innocence |
| NATHSON EDGAR FIELDS, | ) |
| | ) Case No. 85-C-7651 |
| PETITIONER, | ) |
| | ) |

---

## PETITION FOR CERTIFICATE OF INNOCENCE

---

Respectfully Submitted

Nathson Edgar Fields
6815 South Jeffery, 3rd Floor
Chicago, Illinois 60649
(708) 699-3285

DATED: August 25, 2009

# TABLE OF CONTENTS

**Pagination:**

Petition For Certificate Of Innocence............................... 1

Standard Of Review..................................................... 2

Preliminary Information................................................ 2

Appellate History of Case............................................. 4

Facts Encompassing Offense For Which Certificate Of Innocence
Is Being Sought....................................................... 5

Petition Is Not Time-Barred........................................... 8

Prompt Justice Warranted.............................................. 9

Prayer For Relief..................................................... 10

Certificate Of Verification........................................... 11

Affidavit Of Nathson Edgar Fields..................................... 12

Appendix.............................................................. 14

IN THE

CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT-CRIMINAL DIVISION

| | |
|---|---|
| IN THE MATTER OF | ) |
| | ) Petition For Certificate of Innocence |
| NATHSON EDGAR FIELDS, | ) |
| | ) Case No. 85-C-7651 |
| PETITIONER, | ) |
| | ) |

## PETITION FOR CERTIFICATE OF INNOCENCE

**NOW COMES**, the petitioner, Nathson Edgar Fields, appearing in his own proper person, respectfully moves this Honorable Court pursuant to **735 ILCS 5/2-702 et seq.**, to issue a "certificate of innocence" without undue delay, whereas petitioner can be rightfully compensated for nearly two decades of unconstitutional imprisonment as a direct result of being wrongfully convicted of a crime he did not commit, in which, judge Vincent Gaughan of the Circuit Court of Cook County **acquitted** petitioner in a retrial on April 8, 2009, in support thereof., petitioner states as follows:

-1-

## STANDARD OF REVIEW

1. The Illinois General Assembly in enacting 735 ILCS 5/2-702 sought to provide people that has been wrongly convicted, a legal avenue to seek immediate judicial redress, enabling such person to receive a *certificate of innocence* paving the way for monetary compensation from the Illinois Court of Claims. A legal prerequisite to the issuance of a certificate of innocence mandates that a petitioner show **(1).** That he has been convicted or one or more felonies by the State of Illinois and subsequently sentenced to imprisonment and has served all or any part of the sentence, **(2).** The judgment of conviction was reversed or vacated, the indictment or information was dismissed or if a new trial was ordered, the person was found not guilty at the new trial, or the person was not retried and the indictment or information dismissed, and **(3).** the claim is not time-barred. **Id.** 735 ILCS 5/2-702**(c).** In this case, judge Vincent Gaughan found petitioner **not guilty** during a retrial on April 8, 2009, in which, petitioner had spent **18 years of** continuous confinement for a double murder which he did not commit, therefore, petitioner clearly meet the requirements for a certificate of innocence.

## PRELIMINARY INFORMATION

**2. Full Name:** Nathson Edgar Fields

**3. Current Address And Telephone Number:**

6815 South Jeffery Street, 3rd Floor
Chicago, Illinois 60649
**(708) 699-3285**

4. **Date And Place of Birth:** November 19, 1953 – Chicago, Illinois

5. While incarcerated within the Illinois Department of Corrections Nathson Edgar Fields was assigned the prison register number of A01682.

6. **Offense:** Nathson Edgar Fields was charged by indictment with committing the murders of Jerome Smith and Talman Hickman occurring on April 28, 1984.

7. **Case Number:** 85-C-7651

8. **Date of Arrest:** June 13, 1985

9. **County of Conviction:** Cook County

10. **Type of Trial:** Bench Trial

11. **Original Sentencing Judge:** Thomas J. Maloney (Deceased)

12. **Original Sentenced Imposed:** Death Sentence

13. **Time Served:** Nathson Edgar Fields spent 18 years incarcerated (1985-2003) before his release on bond.

14. **Date of Discharge:** On April 8, 2009, judge Vincent Gaughan found Nathson Edgar Fields **not guilty** after a retrial in the case.

## APPELLATE HISTORY OF CASE

15. On direct appeal, Nathson Edgar Fields' convictions and death sentence were affirmed by the Illinois Supreme Court. See, **People vs. Fields**, 135 Ill.2d 18 (1990). Nathson Edgar Fields pursued state post-conviction relief and on September 8, 1992 filed an amended petition for post-conviction relief asserting that his convictions and sentence were tainted by the egregious misconduct of the trial judge. On September 16, 1996, Judge Deborah Dooling vacated the convictions of Nathson Edgar Fields and ordered a new trial. In granting the new trial, Judge Deborah Dooling noted that former trial judge Thomas J. Maloney had been convicted of various federal criminal offenses inclusive of conspiracy to commit extortion, obstruction of justice and violations of the Racketeer Influenced And Corrupt Organizations Act. See, **United States vs. Maloney**, 71 F.3d 645 (7th Cir. 1995).

16. The State of Illinois appealed Judge Deborah Dooling's ruling of granting Nathson Edgar Fields a new trial. On January 29, 1998, the Illinois Supreme Court upheld the ordering of a new trial by Judge Deborah Dooling. See, **People vs. Hawkins and Fields**, 181 Ill.2d 41 (1998). On February 23, 2000, the trial court denied several motions made by the prosecuting attorneys and on February 25, 2000 a certificate of impairment was filed by the prosecution, thereby taking an interlocutory appeal in the case. On December 14, 2001, the Illinois Appellate Court made a factual finding that the bribery evidence as it relates to Nathson Edgar Fields is weak and cannot be admissible against him. See, **People vs Hawkins And Fields**, 326 Ill.App.3d 992 (2001).

17. <u>Again</u>, before the retrial commenced, the prosecution sought to introduce evidence which it claimed established that Nathson Edgar Fields knew about the bribery of the former judge Thomas J. Maloney. The trial court **suppressed** the evidence which the prosecution wanted to present. The prosecution contend that the suppression order impaired its ability to prosecute Nathson Edgar Fields and appealed the trial court's suppression order. On May 20, 2005, the Illinois Appellate Court <u>affirmed</u> the trial court's suppression order. <u>See</u>, **People vs. Fields**, 357 Ill.App.3d 780 **(2005)**. This concluded a long journey of appeals involving this case. The stage was now set for a retrial.

## FACTS ENCOMPASSING OFFENSE FOR WHICH CERTIFICATE OF INNOCENCE IS BEING SOUGHT

18. On April 28, 1984, Jerome Smith and Talman Hickman were shot to death at a housing project on the Southside of the City of Chicago. Sandra Langston gave police a description of the offenders as being two Black males, early 20's and both light-skinned.

19. On June 13, 1985, Nathson Edgar Fields was arrested for the murders of Jerome Smith and Talman Hickman despite him not fitting the description given to police by Sandra Langston. There is <u>**no**</u> physical evidence linking Nathson Edgar Fields to the murders. There is <u>**no**</u> confession linking Nathson Edgar Fields to the murders. Also, Earl Hawkins was arrested for the murders of Jerome Smith and Talman Hickman and he is light-skinned.

-5-

20. The police and prosecution "knew" that Sandra Langston's description did not remotely fit Nathson Edgar Fields, simply because he is not light-skinned by any stretch of the imagination! Yet, the police and prosecuting authority proceeded with their concerted plan of ensnaring Nathson Edgar Fields into the criminal justice system, thereby knowingly, deliberately and intentionally depriving him of liberty and the pursuit of happiness.

21. Randy Langston, a gang member, recidivist felon, liar and a key witness for the prosecution, identified Nathson Edgar Fields in a police lineup conducted by detective O'Callaghan. Randy Langston's identification of Nathson Edgar Fields came 13 months after the murders. The police lineup was highly suggestive, since all of the lineup participants had on long sleeve shirts except for Nathson Edgar Fields and detective O'Callaghan is standing next to Nathson Edgar Fields raising the short sleeve shirt revealing a gang tattoo, in which, a rival gang member, namely Randy Langston, is viewing the lineup. The decedents were friends and belonged to the same gang as Randy Langston. The prosecution gave Randy Langston "monetary favors" insofar as paying his rent at one point to get his testimony. Randy Langston was a "bought witness" for the prosecution and it is well-documented that paid witnesses will do whatever it takes to curry favor with the prosecution. Judge Vincent Gaughan did not attach any degree of believeability and reliability to the testimony of Randy Langston in his decision to acquit Nathson Edgar Fields.

-6-

22. Richard Buckles never identified Nathson Edgar Fields as one of the shooter, therefore, his testimony does not implicate Nathson Edgar Fields in the shootings.

23. Gerald Morris, an admitted gang member and witness for the prosecution, was found to lack credibility by judge Vincent Gaughan. Gerald Morris did not come forward for more than a year after the shootings. Gerald Morris claim to have talked with a police officer on the day of the shootings, but could not provide a description of the officer he talked to about the shootings. It is completely preposterous to believe that a police officer would not immediately follow-up with interviews of a person that witnessed a double murder.

24. One of the most disturbing aspects of how the prosecution conspired to wrongfully imprison Nathson Edgar Fields is its linkage and treatment of Earl Hawkins. It must be remembered that Earl Hawkins was originally prosecuted, convicted and sentenced to death for the murders of Jerome Smith and Talman Hickman. Significantly, other witnesses for the prosecution, such as Randy Langston and Gerald Morris, identified Earl Hawkins as one of the shooters and he is light-skinned. The prosecution was **desperate** to try and obtain a conviction against Nathson Edgar Fields during the retrial. Unbelievably, the prosecution "cut a deal with Earl Hawkins" to drop the murder charges in exchange for a sentence of **43 years** for two counts of armed violence to run consecutive to Earl Hawkins' **60 year** federal sentence, all for testifying against Nathson Edgar Fields.

25. During the retrial, Earl Hawkins admitted to being a **serial murderer**, testified that he will lie to get off death row and will say anything to get out of trouble. Also, Earl Hawkins **admitted** that he had lied to a Federal Grand Jury about Nathson Edgar Fields being involved in the DeEggers/Vaughn double murder case. Such case was nolle prossed against Nathson Edgar Fields. The prosecution allowed Earl Hawkins to testify that he was not a shooter, although, over two decades earlier, the prosecution had claimed that Earl Hawkins was one of the shooters. At the retrial, Randy Langston still maintained that Earl Hawkins was one of the shooters. Significantly, judge Vincent Gaughan found Earl Hawkins to be so indifferent to human life that he was unworthy of belief and have utter disregard for an oath. Also, judge Vincent Gaughan found that Earl Hawkins was impeached by other witnesses for the prosecution. On April 8, 2009, judge Vincent Gaughan found Nathson Edgar Fields **not guilty** and ended that segment of a nightmare that he endured for over two decades! **(See, Exhibit A - April 8, 2009 Not Guilty Finding Made By Judge Vincent Gaughan – Contained In Appendix)**

## PETITION IS NOT TIME-BARRED

26. Incontrovertibly, Nathson Edgar Fields was found not guilty on **April 8, 2009** and is filing this petition for a certificate of innocence within **150** days of his acquittal, but is afforded a 2 year window for filing such petition. **Id.** 735 ILCS 5/2-702 (i).

-8-

## PROMPT JUSTICE WARRANTED

27. This petition clearly demonstrates that Nathson Edgar Fields is entitled to a certificate of innocence as a matter of law, since he meets the eligibility criteria. There is **no** disputing the fact that judge Vincent Gaughan found Nathson Edgar Fields **not guilty** on April 8, 2009. Nathson Edgar Fields has suffered psychologically, emotionally, financially and in other ways for over two decades flowing from his wrongful arrest and imprisonment. The time have come for Nathson Edgar Fields to receive justice. The Illinois Court of Claims Act, **705 ILCS 505/8(c)** provides for an award of not more than **$199,150.00** for imprisonment in excess of 14 years and the Illinois public Employment Office Act, **20 ILCS 1015/2** requires the Department of Employment Security assist a person that was unjustly imprisoned with job search and placement services, resume assistance, interview preparation, occupational and labor market information, referral to employers with job openings to which the person is suited, referral to job training and educational programs. Nathson Edgar Fields deserves to be compensated and have the opportunity to utilize services and benefits granted to him as a direct result of his wrongful imprisonment.

## CERTIFICATE OF VERIFICATION

I, Nathson Edgar Fields, under penalties as provided by law, pursuant to **Section 1-109** of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this petition for certificate of innocence are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

/s/ *Nathson Edgar Fields*

Signature of Nathson Edgar Fields

DATED: August 25, 2009

-11-

## PRAYER FOR RELIEF

**WHEREFORE,** the petitioner, namely Nathson Edgar Fields, respectfully prays this honorable court issue a certificate of innocence without unnecessary delay for the reasons stated herein.

Respectfully Submitted

/s/ *Nathson Edgar Fields*
Nathson Edgar Fields
6815 South Jeffery, 3rd Floor
Chicago, Illinois 60649
(708) 699-3285

-10-

STATE OF ILLINOIS )
                   )SS
COUNTY OF COOK  )

## AFFIDAVIT OF NATHSON EDGAR FIELDS

I, **Nathson Edgar Fields**, swear under penalty of perjury and states as follows:

1. Your affiant is available, competent and of legal age to testify, in a court of law, as to all declarations made in this affidavit.

2. Your affiant was found not guilty by judge Vincent Gaughan n April 8, 2009 with regard to the April 28, 1984 shooting deaths of Jerome Smith and Talman Hickman.

3. Your affidavit spent from June 13, 1985 until 2003 in continuous custody for the shooting deaths of Jerome Smith and Talman Hickman. Your affiant was released on bond in 2003.

4. Sandra Langston told police on day of shootings that the perpetrators were two Black males, early 20's and both light-skinned.

5. Your affiant is dark-skinned and the police and prosecutors "knew" that your affiant did not fit the description Sandra Langston gave to police of day of shootings, but continued acting in concerted effort to prosecute and keep your affiant imprisoned.

-12-

STATE OF ILLINOIS )
                  )SS
COUNTY OF COOK )

## AFFIDAVIT OF NATHSON EDGAR FIELDS

6. During the retrial of your affiant, the prosecution stipulated to the description of the offenders given by Sandra Langston on the day of the shootings.

7. Your affiant's life has been and continue to be substantially affected in an adverse manner.

8. Your affiant did not commit the crime involving the shooting deaths of Jerome Smith and Talman Hickman. Your affiant had no involvement with the shooting deaths of Jerome Smith and Talman Hickman.

I, Nathson Edgar Fields, declares that the statements made herein are true and correct.

Subscribed in my presence

This 25th day of August of 2009

_Ivye Tolliver_
Notary Public

_11 - 8 - 2011_
My Commission Expires

Respectfully Submitted

/s/ _Nathson Fields_
Signature of Nathson Edgar Fields

"OFFICIAL SEAL"
Ivye Tolliver
Notary Public, State of Illinois
Commission Expires 11/8/2011

-13-

# A P P E N D I X

## CONTENTS:

Pages 1-2, 26 and 53-60 of the April 8, 2009 Report of Proceedings which reflect the not guilty finding by judge Vincent Gaughan and description of offenders given to police by Sandra Langston.

1        IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

           COUNTY DEPARTMENT-CRIMINAL DIVISION

2

3   THE PEOPLE OF THE STATE OF    )

    ILLINOIS,                      )

4                            )

         Plaintiff,       )

5                            )

    vs.                     )   No. 85 C 7651

6                            )

    NATHSON FIELDS,          )   Charge:  Murder

7                            )

         Defendant.       )

8   - - - - - - - - - - - - - - - - - - - - - - - - - - -)

9

10             TRANSCRIPT OF PROCEEDINGS had at the hearing

11   of the above-entitled cause before the Honorable

12   VINCENT GAUGHAN, judge of said Court, on the 8th day of

13   April, 2009, at the hour of 11:00 a.m..

14   <u>PRESENT:</u>

15          HON. ANITA M. ALVAREZ

           State's Attorney of Cook County, by

16         MR. DAVID KELLY and

           MR. BRIAN SEXTON

17            Appearing on behalf of the Plaintiff;

18

19

20         MS. HERSCHELLA GLENN CONYERS

           Appearing on behalf of the Defendant.

21

22

   Paul W. O'Connor

23   Official Court Reporter

    Circuit Court of Cook County

24   County Department

1        I N D E X

2
         Date:  April 8, 2009

3

4

5

6

7

8

9

10

11              Closing Argument/State          3
                Closing Argument/Defense       25
12              Rebuttal Argument/State        43
                Findings                       53
13

14

15

WITNESS                          DX    CX   RDX    RCX   FD   FC
16  None

17

18

19

20

21

22

23

24

2

1    more.  There's no confession pointing to him.  And

2    importantly in this case, you do not have any

3    unimpeached witness pointing to Nathson Fields.  Things

4    that you could rely on with some confidence.

5                    What do you have?  You do have a

6    statement by Sandra Langston.  And why is it important?

7    Because Sandra Langston unlike Gerald, unlike Randy

8    Langston, gave a description to the Chicago Police

9    Department on April 28, 1984.  Not over a year later.

10   And the statement that she gave, she described two male

11   blacks, both early 20s.  Both light complexion.  That's

12   not a description of Nathson Fields.  It matters.

13                   The other thing you have, the state says

14   they have three and a half eyewitnesses?  Gerald --

15   Richard Buckles comes to court and says I'm not sure.

16   That's not half an identification.  That is no

17   identification.  That doesn't get you to proof beyond a

18   reasonable doubt.

19                   Just so the record is clear, you have

20   the testimony in the stipulations, he doesn't say it

21   looks just like him.  He says it looks like him.  If we

22   are going to be precise and accurate and stick with the

23   words of the witnesses.  Not the words of the lawyers.

24                   So what you do have then is the

1          First off, I want to compliment the

2     attorneys on their closing arguments and also the

3     civility that they have displayed to each other and to

4     this court.

5          Again I'm going to caution the members

6     of the audience that if there's any outburst whatsoever

7     and Michael, at this time get on your feet.  You will

8     be arrested and put in jail.  All right.

9          As has been pointed out, this case goes

10    all the way back to 1984.  Specifically April 28, 1984.

11    That's when the two murders did occur.  And people are

12    judged the way they testify in the courtroom and not

13    the way they testified years ago or how old they were

14    when they first viewed the event.  So everything is on

15    the table when they testify.

16         There were many motions in this case.

17    And at that time different evidence was presented to

18    this court.  I recall one of the situations where a

19    veteran appellate prosecutor of the state's attorney's

20    office under a different administration, argued before

21    the Supreme Court of Illinois that if they sustain the

22    trial court's order granting a new trial, the state

23    would not be able to try this case again.  I think that

24    gives us insight and at this time it gives me a lot

53

1    more insight. I know this person who is this veteran

2    appellate lawyer is a person with dignity and

3    integrity. So he would not just be making things up to

4    intimidate or try and persuade the Supreme Court one

5    way or another.

6              Now to look at the witnesses. As far as

7    Mr. Langston is concerned. All right. First off he

8    either has six or seven felony convictions.

9              Then we have to look at the different

10   parts of his testimony. And things that occurred

11   during this trial. First off, the evidence that he

12   said under oath. In the trial in 1985 or '6, he

13   testified to one story. Then afterwards he was under

14   oath at the sentencing and he testified to another.

15   Then he was put under oath in the affidavit of 27th of

16   August, 1999, and he recanted his trial testimony.

17             In a letter to Mr. Kelly, he again

18   unrecanted his testimony. His testimony is that he

19   knew Mr. Hawkins, Mr. Hawkins was the shooter. That

20   conflicts with other testimony in the state's case.

21             He said -- on cross-examination he said

22   that he told the police the day of the shooting that

23   there was one shooter. Then a year plus, he tells the

24   police that there was two shooters.

1    There was no identification in this
2  case, nothing coming forward to lead anybody anyplace
3  until May of 1985. This is approximately 13 months
4  after the shooting. And the murders. Was he
5  favorable? I observed his demeanor while testifying.
6  I find out his testimony was worth little if anything.
7    I'm going to take things out of order.
8  Concerning Gerald Morris. He said he was a member of
9  the goon squad. Which was in the 706 building. He
10  said drugs were never sold from the 706 building, which
11  is inconsistent with all the other testimony. His
12  other thing which gives a little insight, when he was
13  asked about why he recanted. It was almost the way he
14  said I was afraid for my family. I wanted to get this
15  thing over. An El Rukn had moved into my neighborhood
16  recently. He said that several times and almost, it
17  just kept repeating itself like it was a recorded
18  transmission.
19    In People No. 35, which is his
20  affidavit, he said he could not see faces. It was
21  brought out on cross-examination also through testimony
22  underlining what things were not true in there, but he
23  never underlined I could not see the faces as being
24  untrue.

1            Another thing which gives us insight is
2   he was impeached by detective Boglalek,
3   B-o-g-l-a-l-e-k. He said by stipulation that he had
4   never interviewed Mr. Morris.
5            . Something that really gives us insight,
6   too, is that Mr. Morris does not come forward for
7   approximately I think it was two years. No, again, I'm
8   sorry. He again did not come forward for more than a
9   year. And asked about did he talk to any police
10   officers on the night of the shooting. He says I
11   talked to the police the night of the shooting for
12   about ten minutes. Then asked to give a description of
13   the police officer, he couldn't. This is for ten
14   minutes, face-to-face confrontation. But then he can
15   say that somebody else, he can give a description of
16   people that he's seen for less than 30 seconds or three
17   minutes or something like that. Who are running away
18   from a crime scene. So this gives us insight into
19   again his credibility. He's inconsistent with -- I
20   don't know why he said no drugs were sold from the 706
21   building.
22            Concerning Mr. Buckles. He could not
23   identify Mr. Fields as the shooter. His testimony, the
24   first time he talked to police, I'm correcting myself,

1    was about two years after the shooting.  He said that

2    it was two men in the breezeway and they were in the

3    shadows.  Everybody else is saying they could see what

4    was going on in the breezeway and everything.  Does

5    this stand alone two years after the fact that he's

6    making this statement as stipulated in the trial

7    testimony.

8              Well, we look and see the stipulation,

9    of the stipulated testimony of officer Anthony Michel,

10   M-i-c-h-e-l.  He also said there was shadows in the

11   front of the breezeway.  So Mr. Fields is not

12   identified there.

13             Concerning Mr. Hawkins.  I don't give

14   much weight -- there's only a few holy people in the

15   world that if someone -- the general population if they

16   were asked would you lie to get off death row, I think

17   the answer is in the affirmative.  Maybe Mother Theresa

18   and couple other great people, holy people would say

19   no, I would not lie to get off death row.  So I don't

20   give that weight either way.

21             Mr. Hawkins has steadfastly said he

22   wasn't one of the shooters.  All the other state

23   witnesses said they knew him, he was one of the

24   shooting team.  So there's direct conflict with that

18    oath?  I find Mr. Hawkins incredible.

19              Looking at the totality of the

20    circumstances and the evidence here, again, people are

21    impeached with, by their testimony, by other witness'

22    testimony.  Oaths are given little weight by the people

23    that took them.

24              I find under these circumstances, the

1    evidence and the evidence of the state.  So there's

2    actual external conflicts.

3                But the thing that gives me some kind of

4    insight, certainly Mr. Hawkins was impeached or

5    inconsistent with Randy Langston's testimony, Richard

6    Buckle's testimony and Gerald Morris' testimony.

7                The other thing is what impressed me

8    during the trial is Mr. Hawkins was asked between 1982

9    and 1984, how many murders did you actually commit or

10   words to that effect, or how many murders did you

11   conspire to commit.  His answer was very abrupt, was

12   ten.  Then I recall the other was before 1982, how many

13   murders did you commit or how many murders did you

14   conspire to commit.  And the answer was with

15   hesitation, five to ten.

16               If someone had this disregard for human

17   life, do you think they really have any regard for an

18   oath?  I find Mr. Hawkins incredible.

19               Looking at the totality of the

20   circumstances and the evidence here, again, people are

21   impeached with, by their testimony, by other witness'

22   testimony.  Oaths are given little weight by the people

23   that took them.

24               I find under these circumstances, the

1   state has not proved Mr. Fields guilty beyond a

2   reasonable doubt.  There will be a finding of not

3   guilty.  Thank you.  Court's in recess.

4

5

6

7

8                    (Whereupon, proceedings were

9                    adjourned in this case)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1    IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
         COUNTY DEPARTMENT-CRIMINAL DIVISION
2

3                         I, PAUL W. O'CONNOR, an Official

4    Court Reporter for the Circuit Court of Cook County,

5    County Department/Criminal Division, do hereby certify

6    that I reported in shorthand the proceedings had at the

7    hearing in the above-entitled cause; that I hereafter

8    caused the foregoing to be transcribed into

9    typewriting, which I hereby certify to be a true and

10   accurate transcript of the proceedings had before the

11   Honorable VINCENT GAUGHAN, Judge of said court.

12

13

14                        _____

15                              Official Court Reporter

16   Lic. No. 084-002955

17

18   Dated this ___15ᵗʰ___ day

19   of _____May_____, 2009.

20

21

22

23

24


                              60

# EXHIBIT B



**U. S. Department of Justice**

*United States Attorney*
*Northern District of Illinois*

| | | |
|---|---|---|
| *James M. Kuhn, Sr.*<br>*Assistant United States Attorney* | *Dirksen United States Courthouse*<br>*219 South Dearborn Street, Fifth Floor*<br>*Chicago, Illinois 60604* | *Email: james.kuhn@usdoj.gov*<br>*Direct Line: (312) 353-1877*<br>*Fax: (312) 886-3501* |

April 26, 2013

*By E-Mail: hcgorman1@gmail.com*

H. Candace Gorman
Law Office of H. Candace Gorman
220 South Halsted Street, Suite 200
Chicago, Illinois 60661

Re:     Depositions of Assistant United States Attorney William Hogan and Earl
            Hawkins in *Nathson Fields v. City of Chicago, et al.*, 10 C 1168 (N.D. Ill.)

Dear Ms. Gorman:

This letter is in response to your letter dated March 5, 2013, but received by this office on April 22, 2013. Because of Mr. Hawkins's security classification, it would be necessary for the Bureau of Prisons to move him to a "neutral" site for any court proceeding, including a deposition. Moving any prisoner involves a security risk that is always better avoided if possible.

Therefore, our preference, and we believe it to be a reasonable one, is to require his movement only once, that is, to schedule his deposition in Chicago to coincide with the hearing date to be set by Judge Biebel. We suggest that Judge Kennelly should be asked to permit Mr. Hawkins to be deposed after the close of discovery in the federal case, preferably the day before his testimony in the state court proceeding. The deposition could then be conducted in the United States Attorney's Office. This process meets with the approval of the responsible component of the Department of Justice. Employing this process, there should be no problem with completing his deposition well in advance of the March 2014 trial date.

Very truly yours,

GARY S. SHAPIRO
Acting United States Attorney

By: _s/ James M. Kuhn Sr.___
     JAMES M. KUHN, Sr.
     Assistant United States Attorney

cc: ASA Brian Sexton