```
              IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION


NATHSON E. FIELDS,              )
                                )
                   Plaintiff,   )   Docket No. 10 C 1168
                                )
             vs.                )
                                )
CITY OF CHICAGO, et al.,        )   Chicago, Illinois
                                )   May 1, 2013
                   Defendants.  )   9:35 a.m.


                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE MATTHEW F. KENNELLY


APPEARANCES:


For the Plaintiff:     LAW OFFICES OF H. CANDACE GORMAN
                         BY:  MS. H. CANDACE GORMAN
                       220 South Halsted Street
                       Suite 200
                       Chicago, Illinois  60661


                       LEN GOODMAN LAW OFFICE, LLC
                         BY:  MS. MELISSA A. MATUZAK
                       53 West Jackson Boulevard
                       Suite 1650
                       Chicago, Illinois  60604


For the Defendant:     DYKEMA GOSSETT PLLC
                         BY:  MR. PAUL A. MICHALIK
                       10 South Wacker Drive
                       Suite 2300
                       Chicago, Illinois  60606


                       COOK COUNTY STATE'S ATTORNEY
                         BY:  MR. STEPHEN L. GARCIA
                              MR. DANIEL M. NOLAND
                       500 Richard J. Daley Center
                       Chicago, Illinois   60602
```

LAURA M. BRENNAN - Official Court Reporter
219 South Dearborn Street - Room 2102
Chicago, Illinois  60604
(312) 435-5785

```
 1            (The following proceedings were had in open court:)
 2            THE CLERK:  10 C 1168, Fields v. City.
 3            MS. GORMAN:  Good morning, your Honor; Candace Gorman
 4   for the plaintiff.
 5            MS. MATUZAK:  Good morning.  Melissa Matuzak for
 6   Mr. Fields.
 7            MR. NOLAND:  Good morning, your Honor; Dan Noland for
 8   the City defendants.
 9            MR. MICHALIK:  And Paul Michalik for the City
10   defendants.
11            MR. GARCIA:  And Stephen Garcia for defendants
12   Wharrie and Kelley.
13            THE COURT:  Okay.  So I think the main thing that was
14   on the table was what I asked you to do in the decision from
15   the other day, so report.
16            MR. NOLAND:  Judge, we had a meet-and-confer last
17   night.  I think we seem to have a plan to move forward with
18   this.  Plaintiff's counsel sent a supplemental request to
19   produce to the City and asked that we respond sooner than 30
20   days, which we have agreed to use our best efforts to do so
21   within 21 days.
22            THE COURT:  Is that to try to identify people, or no?
23            MS. GORMAN:  No.  It's about policies.
24            THE COURT:  All right, it's about policies.
25            MR. NOLAND:  And documents, and they have asked -- we
```

1 have already started looking.  They have asked Legal Affairs
2 whether or not -- and we're looking to see if they have
3 anything.
4 　　　　　Per the Court's focus in its ruling back through the
5 criminal subpoenas, right now we can say we're pretty
6 confident that the only thing we have is the file created from
7 the day this case was filed.  And moving forward, I understand
8 from the Court's ruling you're talking about criminal
9 subpoenas and responding to that back throughout the years,
10 and so we're looking into that.
11 　　　　　MS. GORMAN:  I just want to clarify that because
12 that's not what my request is.  My request is for --
13 　　　　　THE COURT:  You know what, whatever your request is,
14 it is what it is.
15 　　　　　MS. GORMAN:  Okay.
16 　　　　　THE COURT:  It's fine.
17 　　　　　MS. GORMAN:  Okay, thank you.
18 　　　　　MR. NOLAND:  If the request is asking for the Legal
19 Affairs file --
20 　　　　　THE COURT:  If you're not on the same page of the
21 request, there's a corridor out there that you can go to and
22 have a conversation about it before you talk to me about it.
23 Okay.  So just get on the same page.  That's all I care about.
24 　　　　　MR. NOLAND:  We will -- we are working to do that
25 within the 21 days, and then I think the plaintiff's counsel

1   will be working on a 30(b)(6) with respect to the issue of
2   Legal Affairs' practices or policies.
3            THE COURT:  Okay.
4            MR. NOLAND:  And then there was a document that the
5   plaintiff's counsel wanted the Court to look at in camera.  It
6   was a --
7            THE COURT:  I am vaguely remembering this but not
8   exactly.
9            MR. NOLAND:  And we're fine with that.  If the Court
10  would like to view it, it's one page.
11           THE COURT:  What am I looking for?
12           MR. NOLAND:  This page was found in the area files at
13  the warehouse for the R murder, the Smith-Hickman double, and
14  then the Vaughn-White murders.  As in both cases, it relates
15  to a request from a prior litigation called Houston v. Partee,
16  and we put it on a privilege log a year and a half ago, or a
17  year ago, and advised plaintiff of it.  The plaintiff's
18  counsel is now raising whether or not that's appropriate.
19           THE COURT:  Does this relate to this case in some
20  way?
21           MR. NOLAND:  One of the RD numbers at the bottom,
22  your Honor, has both the R murders, the Hickman-Smith case,
23  and then it also --
24           THE COURT:  One of these.
25           MR. NOLAND:  Yes.  And then another one of those RD

```
 1  numbers is the Vaughn-White case.
 2          THE COURT:  Got it.  So what are you asking me to do?
 3          MS. GORMAN:  To review it as to whether or not their
 4  privilege is --
 5          I want to see it is basically the bottom line.
 6          THE COURT:  I see what you are saying.
 7          MS. GORMAN:  It was in Mr. Fields' file, or in the
 8  Vaughn-White file and the Hickman-Smith file, and they're
 9  withholding it.
10          THE COURT:  This particular document Ms. Gorman has
11  not seen.
12          MR. NOLAND:  That's correct.
13          THE COURT:  Okay.  I was asking a real basic
14  question, okay.  All right.  So let me just --
15          Now that I have that in mind, let me look at it.
16       (Brief interruption.)
17          THE COURT:  What privilege are you claiming?  Is it
18  attorney/client or work product?
19          MR. NOLAND:  Attorney/client work product.  This is
20  the request that Mr. Zinder referenced on there with the
21  lawyer from corp. counsel who is making a request for
22  documents through the office of Legal Affairs.
23          THE COURT:  It's not privileged.  It's just a request
24  for files.  I mean, seriously, it's not privileged.  Show it
25  to her.
```

1  MS. GORMAN: Thank you.
2  Your Honor, another issue that we have, and I saw --
3  and this is just a general issue I wanted to bring up.
4  THE COURT: Yes, it's a status. So you can talk
5  about anything you want to within reason.
6  MS. GORMAN: Thank you.
7  Many months ago you gave us an order to take
8  Mr. Hawkins' deposition and --
9  THE COURT: Oh, I saw that somebody filed a motion
10 about that and I didn't look at it because it's not noticed up
11 until like next week or something.
12 MR. GARCIA: It's because the assistant U.S. attorney
13 that's going to be acting on behalf of the Bureau of Prisons
14 wanted to be here and he wasn't available today.
15 THE COURT: And so Mr. Hawkins is in the joint
16 somewhere?
17 MR. GARCIA: He's in federal custody in an
18 undisclosed location. That's basically the issue. It's an
19 undisclosed location. It's a question of the Bureau of
20 Prisons has indicated they have to move him.
21 THE COURT: They have got to bring him somewhere.
22 MR. GARCIA: He's also scheduled to be a witness in
23 the parallel innocence proceedings, certificate of innocence
24 proceedings.
25 THE COURT: I see. Relating to Mr. Fields, in other

1  words.
2          MS. GORMAN: Correct.
3          THE COURT: Okay.
4          MR. GARCIA: So they said they have to move him
5  from --
6          THE COURT: They would rather do it once.
7          MR. GARCIA: They only want to do it once,
8  particularly for financial costs and that kind of thing.
9          THE COURT: Do you have a problem with this?
10         MS. GORMAN: I do.
11         THE COURT: Okay. What's the problem?
12         MS. GORMAN: The problem is that Judge Biebel is
13 still not ready to set a date for the innocence hearing. We
14 were up in front of him a couple of weeks ago, and he said
15 we'll probably be back a couple more times before --
16         THE COURT: Before he sets a date?
17         MS. GORMAN: Before he sets a date.
18         THE COURT: Okay.
19         MS. GORMAN: And then that date will be months away.
20 So we want to take his deposition for this case before
21 discovery closes or at least whichever--
22         THE COURT: So I guess you could do something where
23 they put you in a car, blindfold you, turn you around three
24 times and then take you to someplace in the middle of the
25 desert.

1  MS. GORMAN: I have security clearance, your Honor.
2  THE COURT: You could go to where you were going for
3  those other cases. Just ship them down to Guantanamo, right?
4  Go take the dep down at whatever they call the thing down
5  there.
6  Well, you know, I think it makes sense to do it once
7  if it's doable to do it once. And so, I mean, you know, as
8  far as I know, you know, Judge Biebel might not be having an
9  innocence hearing for a while yet. When do you go back to see
10 him next?
11 MS. GORMAN: I believe it's May 17th.
12 THE COURT: Let me suggest this. Are you involved in
13 that at all?
14 MR. GARCIA: I am not.
15 THE COURT: Somebody from your office is, though,
16 okay.
17 MR. GARCIA: Yes.
18 THE COURT: And you can bring them up to speed.
19 My suggestion would be that you have them bring up
20 before Judge Biebel this issue. I mean, I've got a trial date
21 and I'm not going to move the trial date. I've told you that
22 a bunch of times and now I've told you again.
23 I agree that from, you know, a logistics and a cost
24 and, you know, other standpoints, it makes sense to take the
25 man's deposition once because it's going to cover both things.

1   I suppose there's two ways to do this.  One would be
2 that Ms. Gorman's deposition in this case could end up, you
3 know, being part of his testimony in the other case even
4 though you don't have a hearing date yet.  That would be one
5 way of doing it.
6   And another way would be for Judge Biebel to say,
7 okay, here is your hearing date, and then we can sort of try
8 to see if it all fits.
9   MR. GARCIA:  I think that was the idea because -- at
10 least I was advised from the criminal side that they were
11 anticipating maybe a date being set in August.
12   But the suggestion from Bureau of Prisons was to
13 bring him to Chicago for that and then make him available the
14 day before in the U.S. attorney's office for a deposition for
15 this case.
16   THE COURT:  Yes.  I mean, conceptually it's okay as
17 long as it works.  And I don't necessarily have a problem with
18 it being after the close of the fact discovery cutoff date
19 even if that's not necessarily where you would want to slot
20 him in the line, but it can't be too terribly far after that
21 because then it starts impinging on other dates.
22   MR. GARCIA:  I will talk to them.
23   THE COURT:  So talk to them.  And you're involved in
24 that as well, I'm assuming?
25   MS. GORMAN:  I am, your Honor, but can I raise one

1 other issue?
2     THE COURT: Yes.
3     MS. GORMAN: Because Judge Biebel -- we raised this
4 in front of Judge Biebel last time and he said to raise it in
5 front of you.
6     THE COURT: Okay. But I have a trial date; he
7 doesn't, so that's the problem. I don't remember what it is.
8 It's like next year, right?
9     MS. GORMAN: It's March.
10     THE COURT: Yes, it's March.
11     So, you know, as long as his hearing is going to be,
12 you know, reasonably in advance of that that people have time
13 to take Mr. Hawkins' deposition, then, you know, I'm okay with
14 it.
15     MS. GORMAN: Your Honor, can I raise one other issue?
16     THE COURT: But, you know, the other possibility,
17 though, is the first one I mentioned, which is that, you know,
18 maybe -- and this would have to be okay with Judge Biebel,
19 obviously. Maybe, you know, you have your deposition in this
20 case and then you just go ahead and do whatever additional
21 questioning you're going to do for the other one.
22     Would he be appearing -- he wouldn't be appearing at
23 the hearing?
24     MS. GORMAN: That was the plan.
25     THE COURT: Oh, that was the plan.

1 MR. GARCIA: Yes.

2 MS. GORMAN: The state's attorney has called him as a
3 witness.

4 THE COURT: So, in other words, it would require
5 somebody to say, okay, rather than having Mr. Hawkins at the
6 hearing, we're willing to do this as a deposition and admit
7 the deposition. That's not my call.

8 Anyway, what else?

9 MS. GORMAN: Your Honor, the other aspect of this is
10 summary judgment motions and expert discovery, and I'm
11 trying -- I think Mr. Hawkins' testimony might be important
12 for both of those issues.

13 THE COURT: Okay.

14 MS. GORMAN: And I have those schedules, too.

15 THE COURT: So then this is the additional thing I
16 would say. If, when you go in front of Judge Biebel the week
17 after next or whenever it is, you don't get this sorted out,
18 come in.

19 When is your motion noticed up for?

20 MR. GARCIA: The 8th.

21 THE COURT: Okay, I'm going to move that date. I'm
22 going to give you a date, you know, probably in the latter
23 part of May. You file something. I don't know if it's a
24 motion. I don't know what it is. You file something
25 basically saying, I can't wait for the following reasons, and

1  explain why.
2       MS. GORMAN: Okay.
3       THE COURT: So the motion that is noticed up for the
4  8th, I'm going to move it. Would the 23rd be okay, of May, or
5  no?
6       MR. GARCIA: The one thing is that the assistant U.S.
7  attorney is going to be -- I don't know if he is necessary as
8  much anymore. He wanted to explain the Bureau of Prisons
9  position.
10      THE COURT: He doesn't need to.
11      MR. GARCIA: Okay.
12      THE COURT: I mean, I get it.
13      MR. GARCIA: Okay.
14      THE COURT: You know, everybody is hurting
15 financially if they're furloughing people.
16      MR. GARCIA: Sequestration is one thing.
17      THE COURT: Right, so I get it. And it's a big
18 logistical issue to move a prisoner. I mean, I deal with it.
19      MR. GARCIA: The 23rd, Judge?
20      THE COURT: 23rd.
21      MS. GORMAN: Your Honor, we have one of the defendant
22 depositions that day.
23      THE COURT: 22nd?
24      MS. GORMAN: The 22nd would be great.
25      MR. GARCIA: 10:00.

| | |
|---|---|
| 1 | THE COURT: The 22nd we can do it on. |
| 2 | MS. GORMAN: That would be perfect, your Honor. |
| 3 | THE COURT: So the thing that's noticed up for the |
| 4 | 8th, move it to the 22nd, and we're going to call that a |
| 5 | status in this case, too. |
| 6 | All right, anything else? |
| 7 | MS. GORMAN: Your Honor, there's an outstanding issue |
| 8 | with state's attorney discovery. I have taken the defendants' |
| 9 | depositions, the state's attorneys, but I still can't get a |
| 10 | formal response to our discovery requests. |
| 11 | THE COURT: Well, so that's the thing that -- that's |
| 12 | the thing that is slightly different because of their sort of, |
| 13 | you know, one-foot-in-one-foot-out kind of thing. |
| 14 | MS. GORMAN: And it's Mr. Garcia's response. He just |
| 15 | did a letter saying, we don't have any of these things. |
| 16 | MR. GARCIA: What I did was a letter. She sent me a |
| 17 | letter late Monday -- email late Monday afternoon, so I have |
| 18 | not had a chance to address that. But what we have done is |
| 19 | send a response. |
| 20 | Part of the issue in this case is the ongoing |
| 21 | parallel innocence thing. My file had gone over there, most |
| 22 | of which had been produced by me and by the state's attorneys |
| 23 | over there, but I produced -- I went down detailing her |
| 24 | production request as to what she had received or not received |
| 25 | and actually produced some additional things, and we produced |

1 the ASAs for deposition.  I could try to address the issues
2 she raised in her letter she sent me the other day, but I
3 think I'm kind of on the spot here to do that.
4       MS. GORMAN:  Your Honor, it's the second time I've
5 raised the issue.
6       THE COURT:  What's the spot that you're on, just so I
7 make sure I'm getting it?
8       MR. GARCIA:  Well, it's like a two-page letter
9 talking about what she wants and how she wants it done, which
10 off the top of my head --
11       THE COURT:  No, but when you said just now you were
12 on the spot, what did you mean?  Oh, you're on the spot right
13 now.  Oh, okay.
14       MR. GARCIA:  To respond to a letter that I got in
15 the --
16       THE COURT:  In other words, you're still in an
17 exchanging-correspondence stage.
18       MR. GARCIA:  Right.
19       THE COURT:  When you're ready to file a motion, file
20 a motion.
21       MS. GORMAN:  Okay.
22       THE COURT:  All right, bye.
23       MS. GORMAN:  Thank you, your Honor.
24       THE COURT:  Thanks.
25       MR. NOLAND:  Thank you, Judge.

```
 1          MR. MICHALIK:  Thank you, your Honor.
 2       (Which were all the proceedings had in the above-entitled
 3    cause on the day and date aforesaid.)
 4
 5
 6                       C E R T I F I C A T E
 7
 8       I hereby certify that the foregoing is a true and
 9    correct transcript of the above-entitled matter.
10
11
12    /s/ Laura M. Brennan                      May 3, 2013
13
14    _____        _____
      Laura M. Brennan
15    Official Court Reporter                   Date
      Northern District of Illinois
16
```