1          IN THE UNITED STATES DISTRICT COURT
           NORTHERN DISTRICT OF ILLINOIS
2                  EASTERN DIVISION

3

4   NATHSON E. FIELDS,              )
                                    )
5                     Plaintiff,    )   Docket No. 10 C 1168
                                    )
6            vs.                    )
                                    )
7   CITY OF CHICAGO, et al.,        )   Chicago, Illinois
                                    )   April 4, 2013
8                     Defendants.   )   9:50 a.m.

9                  TRANSCRIPT OF PROCEEDINGS
10       BEFORE THE HONORABLE MATTHEW F. KENNELLY

11
    APPEARANCES:
12

13  For the Plaintiff:    LAW OFFICES OF H. CANDACE GORMAN
                          BY:  MS. H. CANDACE GORMAN
14                        220 South Halsted Street
                          Suite 200
15                        Chicago, Illinois  60661

16
                          LEN GOODMAN LAW OFFICE, LLC
17                        BY:  MS. MELISSA A. MATUZAK
                          53 West Jackson Boulevard
18                        Suite 1650
                          Chicago, Illinois  60604
19

20
    For the Defendant:    DYKEMA GOSSETT PLLC
21                        BY:   MR. PAUL A. MICHALIK
                          10 South Wacker Drive
22                        Suite 2300
                          Chicago, Illinois  60606
23

24          LAURA M. BRENNAN - Official Court Reporter
            219 South Dearborn Street - Room 2102
25               Chicago, Illinois  60604
                     (312) 435-5785

1        (The following proceedings were had in open court:)

2            THE CLERK:  10 C 1168, Fields v. City.

3            MS. GORMAN:  Good morning, your Honor; Candace Gorman

4    for Mr. Fields.

5            MS. MATUZAK:  Melissa Matuzak for Mr. Fields.

6            MR. MICHALIK:  Paul Michalik for the City defendants.

7            Your Honor, this is here on our --

8            THE COURT:  Oh, I know what it's here on.  I mean,

9    every time you guys come in, I figure before you -- I thought

10   I had seen everything, and I'm always surprised.  And so now

11   there's a dispute about whether people are allowed to count

12   things or not.

13           MR. MICHALIK:  Well, that is the second prong of the

14   motion, and we're just proactively hoping to avoid further

15   issues down the road.  The first --

16           THE COURT:  No, I understand, but the fact that

17   there's a dispute about whether people can count things or not

18   I think speaks volumes.

19           MR. MICHALIK:  We don't have --

20           THE COURT:  You have seen the response, right?

21           MR. MICHALIK:  We have, your Honor.

22           THE COURT:  What else would you like to tell me?

23           MR. MICHALIK:  Well, I don't --

24           First off, in terms of the response, I'm not prepared

25   to fully address that.  That was just filed on Tuesday, and it

1  raises some somewhat significant issues.  I don't know if

2  there is going to be some subsequent discovery on that.  I get

3  the sense from Ms. Gorman that there's going to be.

4            I don't think that anything raised in there really

5  affects this particular motion, but to the extent that the

6  Court would like a formal response, I don't want to make any

7  off-the-cuff representations as to any of the assertions.

8            THE COURT:  So the specific things that you're asking

9  for in the motion to clarify and for entry of a second

10  protective order, which is really all I'm going to deal with

11  today --

12            MR. MICHALIK:  Okay.

13            THE COURT:  I mean, there is no motion as such

14  contained within the response.

15            -- is you're asking the plaintiff's attorneys to

16  cough up, I guess, their notes of the inventory they prepared

17  of the review of the file cabinets, and you're asking me to

18  enter this protective order that basically says it's okay to

19  count.

20            MR. MICHALIK:  At the same time, your Honor, and

21  that's the point.  We don't have a problem with the

22  plaintiff's counting the pages, but we are just trying to

23  avoid a dispute after the fact when they say there's 258 pages

24  and we say there's 256.

25            THE COURT:  No, I understand.  Believe me, you're

1    going to get to count the pages, okay.

2         So let's talk about the first part of it here.  What

3    is the problem with them having these summaries?

4         MR. MICHALIK:  Well, the order as entered allowed

5    plaintiffs to look at the file for the purpose of determining

6    that that file cabinet is what it was purported to be.  There

7    was an issue raised by plaintiff's counsel as to whether that

8    was just some prop that was set up by the police department to

9    facilitate their review.  When we --

10        THE COURT:  Well, there's lots of issues.  I mean, I

11   wouldn't necessarily agree that's the only issue, but that's

12   certainly one of the them.

13        MR. MICHALIK:  Right.  And one of the things that

14   they wanted to do is they wanted to be able to perhaps file a

15   document request for some of the files that were contained

16   within that file cabinet.  And in order to do that, the

17   protective order allowed them to write down the file number,

18   the name of the victim and the date of the crime so that they

19   could make a request that could be complied with by the police

20   department.

21        THE COURT:  What do you think that the plaintiff's

22   lawyers did that went beyond that?

23        MR. MICHALIK:  Well, I don't know what this inventory

24   is, but it appears that they have inventoried every single

25   file that's contained in there.

1      THE COURT:  Why wouldn't that be within the scope of

2   what you just described?

3      MR. MICHALIK:  Well, if they're going to --

4      I don't know what the inventory consists of.  Are

5   they going to request that we produce every single file that's

6   contained in the file cabinet?

7      THE COURT:  Well, if they do --

8      See, that dispute about whether they can get the

9   other files isn't ripe yet.

10      MR. MICHALIK:  That's correct.

11      THE COURT:  Because they haven't asked for it.

12      The only question right now is whether they should be

13   able to keep these notes that they took on what was in the

14   filing cabinets.

15      MR. MICHALIK:  Our position is that seems to be

16   beyond the scope of what was, unless their intention is to

17   request every single file that they're inventorying.

18      THE COURT:  So the last sentence of the order that I

19   signed on the 28th of February says:

20      "Plaintiff's attorneys may not record or write down

21   any information other than for purposes of identifying a file

22   to include in a later document request, such as the RD number,

23   date of the crime and victim of the crime."

24      So let me ask the plaintiff's attorneys:  Did you

25   write down something other than what I said you could write

1   down?

2   MS. GORMAN:  No, your Honor, except for the fact that

3   the ones that we are going to request, we copied -- we counted

4   the pages, and we made a note.

5   THE COURT:  Okay.  I mean, the order didn't say you

6   couldn't count pages.

7   MS. GORMAN:  Right.

8   THE COURT:  All right.  So she just said she didn't

9   do anything beyond what is in the last sentence of the order.

10   MS. GORMAN:  I also told him that in a letter, your

11   Honor, and in a face-to-face meeting.

12   THE COURT:  Okay.  Do you have a problem with him

13   counting the pages, too?

14   MS. GORMAN:  Well, your Honor, if --

15   THE COURT:  Oh, please.

16   MS. GORMAN:  No.  I'm --

17   Does he want to go back?

18   THE COURT:  Just say "no," please.  Just say "no."

19   MS. GORMAN:  No.

20   THE COURT:  Okay, thank you.

21   MR. MICHALIK:  We want to just avoid that dispute

22   down the road.

23   THE COURT:  Fine.  You get to count the pages.  I've

24   got to tell you, I think it's beneath all of us for me to sign

25   an order that says that you can count pages.  Okay.  So I'm

1    not going to do it.  I'm just telling you, you can count the

2    pages, too.  The motion to clarify is terminated as moot.

3            The motion for entry --

4            The motion is terminated as moot basically at this

5    point.

6            MR. MICHALIK:  What we'll do is when we get a date,

7    we will submit an agreed protective order to the Court for

8    signing.  We will need another protective order.

9            THE COURT:  Eventually you will, I understand that.

10   Thanks.

11           MS. GORMAN:  Your Honor, I did raise some very

12   disturbing issues in my response.

13           THE COURT:  Yes.  You know what, you apparently want

14   to make me into the chair of the truth commission of the city

15   of Chicago.  I looked, as I was walking out here, at the thing

16   that I have on the wall that is signed by Janet Reno and

17   William Jefferson Clinton.  It says I'm supposed to be a judge

18   of the Northern District of Illinois.  It doesn't say I'm

19   supposed to be the chair of a truth commission.

20           Now, you know, you have filed this document

21   appropriately in the public record, okay.  So it's out there

22   for anybody who wants to read it, can read it, including all

23   sorts of lawyers who routinely prosecute claims against the

24   city of Chicago for people who claim to have been wrongfully

25   convicted.  Without some authority, and you have provided me

1    none, I do not believe that it is part of my job, as the judge

2    presiding over this case, to constitute myself as the head of

3    some sort of a truth commission.  If you want to give me some

4    authority to do that, I'm happy to consider it.

5          If you want to file a motion asking me to do

6    something specific to tell somebody, don't destroy these,

7    segregate them, do this, do that, whatever, go ahead and file

8    the motion.  I will consider it.  But I don't have a motion

9    here right now.

10         MS. GORMAN:  Okay.

11         THE COURT:  I just have a bunch of stuff that you

12   have said, and that's why I said what I said before.  There's

13   no motion contained within the response, so there you go.

14         MS. GORMAN:  Your Honor --

15         THE COURT:  Have a nice day.

16         MS. GORMAN:  Would the --

17         I'm sorry.  Would the Court also --

18         There's two other issues.  One is -- and I hope the

19   Court will let me raise this.  I have asked counsel if I could

20   file more interrogatories.  Under the rules for the city of

21   Chicago, I've filed the 25 interrogatories that are allowed.

22         THE COURT:  Okay.

23         MS. GORMAN:  I've asked for an additional 25, as they

24   get more than 250 to my client.  They have not agreed to that.

25   And I would like to have an additional 25.

1    THE COURT:  So is this something you have talked --
2  you have talked about it, and he says no.

3    MR. MICHALIK:  We talked about it briefly this
4  morning.  Ms. Gorman has asked to file 25 additional
5  interrogatories to the City.  I don't know what they are or
6  what they entail.

7    THE COURT:  You know, if I was in Mr. Michalik's
8  shoes, I would want to see what you were talking about before
9  I, you know, took a definitive position on that.  So I
10  think --

11    And I'm not going to tell you how to do it.  I mean,
12  you could just file a motion saying, we need 25 more, and not
13  tell me what they're going to be, or you could, you know, say
14  here's our 25, what do you think, Michalik.  And maybe he'll
15  agree to some of them, maybe he won't, and then you file a
16  motion.  I think probably the second course is a little bit
17  more normal.

18    MS. GORMAN:  Okay.

19    THE COURT:  So do that.  Take care.

20    MS. GORMAN:  Thank you.

21    MR. MICHALIK:  Thank you, your Honor.

22    (Which were all the proceedings had in the
23  above-entitled cause on the day and date aforesaid.)

24

25

1        C E R T I F I C A T E

2

3        I hereby certify that the foregoing is a true and

4   correct transcript of the above-entitled matter.

5

6

7   /s/ Laura M. Brennan                    April 5, 2013

8

9   _____        _____

10  Laura M. Brennan
    Official Court Reporter                      Date
    Northern District of Illinois

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25