UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATHSON E. FIELDS, )<br>      Plaintiff, )<br>                 )<br>v.                 )<br>                 )<br>CITY OF CHICAGO, et al., )<br>      Defendants. ) | No. 10 CV 1168<br><br>Hon. Matthew F. Kennelly |

## PLAINTIFF'S MOTION TO BAR DEFENDANTS FROM CALLING TEN NEWLY DISCLOSED WITNESSES

NOW COMES Plaintiff, by his attorneys and states the following in support of this motion to bar Defendants from calling ten newly-disclosed witnesses for the following reasons:

1. Discovery will close on July 1, 2013. On May 1, 2013 City defendants filed a fifth supplement to their 26(A)(1) disclosures, adding ten additional names. (Ex. A) In the original 26(A)(1) disclosures filed by the City Defendants and *the four supplements* to those disclosures, the City listed 261 individuals likely to have discoverable information that the Defendants *may* use to support their defense. (Ex. B)

2. Plaintiff believes that the Defendants sought to overwhelm the Plaintiff with this extensive and on-going list of potential witnesses, and Plaintiff's counsel has generally dealt with this issue by doing an investigation of the named individuals to establish, as best they could, the extent of the named individuals' knowledge regarding the case – in order to determine which individuals should be deposed. Without further information from the City, Plaintiff is unable to conduct such an investigation and set a list of necessary deponents for the newly listed individuals in the timeframe set for discovery.

3. Approximately 90 depositions have taken place in this litigation.

4. The Plaintiff seeks to bar the new individuals listed in the fifth supplement to the Defendant City's 26(A)(1) disclosures from testifying at trial. None of these 10 individuals were previously disclosed in Defendants' earlier "Federal Rule of Civil Procedure 26(a)(1)" disclosures.

5. FRCP 37(c)(1) states that a party who fails to provide information or identify a witness as required by FRCP 26 is not allowed to use that information or witness at trial unless the failure was "substantially justified or is harmless." FRCP 37(c)(1). FRCP 26(e) imparts on all litigants a duty to "timely" supplement all discovery responses. FRCP 26(e). For none of these 10 witnesses is the City's failure to disclose or supplement in a timely manner substantially justified.

6. Upon receiving the Fifth Supplemental Rule 26(A)(1) disclosures, counsel for Plaintiff sent a letter on May 2, 2013 to counsel for the City Defendants, noting that there was little time to take additional depositions and asking whether the City would provide a summary of any anticipated testimony expected from the newly listed individuals. Plaintiff made this request because there was insufficient time to do the necessary investigation, and counsel needed to ascertain which, if any, of the newly named witnesses needed to be deposed. Counsel for Plaintiff asked the City to respond no later than May 15, 2013. (Ex. C)

7. Attorney Noland responded to counsel's letter on May 13, 2013. (Ex. D) Although counsel for Plaintiff never maintained that the City's disclosures were inadequate under the rule, Attorney Noland maintained that the disclosures made in

the Fifth Supplemental 26 (A)(1) Disclosures were appropriately designated – and he refused to provide any additional information. Attorney Noland went on to assert, for the first time, that the supplemental disclosures filed by Plaintiff in *April of 2012* were inadequate, and that he would only provide additional information regarding his fifth supplemental disclosures if it was on a reciprocal basis.

8. It cannot be denied that Defendants actually knew about these ten witnesses long before they were disclosed. In fact, Defendants should have known about these witnesses several years ago. Likewise, Defendants knew of their obligation under FRCP 26 and 37 to produce information known to them in a timely fashion.

9. Defendants had a duty not just to supplement discovery but to do so in a timely fashion. FRCP 26(e). Yet the City waited until just before discovery closed to disclose 10 new potential witnesses. Plaintiff anticipated that much of June would be spent taking discovery regarding the City's policy of not disclosing "open files" and tying up any loose ends from the long and complicated discovery that has taken place in this case, which includes tens of thousands of documents. Obviously, Plaintiff could not possibly secure relevant investigative information for the 10 new witnesses and serve notices of depositions in the short time that remains before discovery ends. This leaves Plaintiff in the inevitable position of having to take the depositions of each of these individuals, despite the fact that all of the depositions might not be necessary.

10. As the City Defendants have refused to cooperate in regards to their late disclosures, Plaintiff asks that the newly named individuals be excluded from testifying in this matter. The sanction of exclusion is *automatic and mandatory* unless the

Defendants can show that its discovery violation is substantially justified or harmless. *Salgado v. General Motors Corp.,* 150 F.3d 735, 742 (7th Cir. 1998)(barring of witness affirmed). Although a district court need not make explicit findings regarding harmlessness or justification, the Seventh Circuit has held that the following factors should guide judges: 1) the prejudice or surprise to the party against whom the evidence is offered; 2) the ability of the party to cure the prejudice; 3) the likelihood of disruption to trial; and 4) the bad faith or willfulness involved in not disclosing the evidence earlier. *David v. Caterpillar Inc.*, 324 F.3d 851, 857 (7th Cir. 2002).

11. Turning to the first *Caterpillar* factor, the disclosure of 10 additional people with knowledge (persons who may or may not be witnesses for the defense) in a case in which the individuals were surely known to the City years earlier, where the defendants have already disclosed the identities of 261 potential witnesses, and the disclosure of the above-mentioned 10 people right before the close of discovery -- amounts to surprise, and prejudices the Plaintiff. This is especially true where, as here, the Plaintiff has insufficient time to do an investigation into the newly named individuals and complete their depositions, if depositions are deemed necessary, before discovery closes.

12. The Defendants will likely argue as to the second factor, the ability to cure the prejudice, that this Court can extend discovery, or that Plaintiff can take the depositions once discovery is completed. An extension encourages parties not to abide by the Federal Rules because ""every departure from the technical rules in order to effect a 'just result'risks promoting disregard for the rules and ultimately lack of uniform

application of the same and therefore a lack of consistency in results." *United States v. 2016 North 77th Court, et al,* 1993 U.S. Dist. LEXIS 2523, *3 (N.D. Ill. 1993). Put another way, "In order for the Federal Rules of Civil Procedure to have any type of authority, this court must demand that the rules are substantively followed." *Hess v. Reg-Ellen Machine Tool Corp.,* 2003 U.S. Dist. LEXIS 8630, *14 (N.D. Ill. 2003). An extension would cause the Plaintiff prejudice – this case is more than three years old, Defendants have fought every battle (rather than picking them wisely), and an extension would reward their dilatory practices, while the delay itself prejudices Plaintiff. *See In re Schmidt*, 775 F.2d 822, 823 (7th Cir. 1985) (delay permits memories to fade and evidence to disappear). In addition, requiring the Plaintiff to continue with discovery after the close of discovery would take counsel away from the very necessary time needed to complete expert reports prior to filing for summary judgment.

13. Turning to the third *Caterpillar* factor, a trial date is set for March, 2014 and a schedule has been put in place by this Court. A schedule which will occupy the time of counsel between the close of discovery and the trial date. While courts have found no surprise when trial "appeared a long way off," *Sherrod v. Lingle,* 223 F.3d 605, 613 (7th Cir. 2000), in this case a complete schedule is set that requires Plaintiff to know what the various defense witnesses will testify to by the close of discovery.

14. Finally, the fourth factor – the bad faith of Defendants. Undoubtedly, Defendants knew of each of the newly-named individuals years and years ago. Four of the individuals are, apparently, individuals related to the investigation by the Cook County State's Attorney's Office, one is a medical examiner related to an unknown post

5

mortem, one is an individual connected to Plaintiff's pre-sentence investigation in 1986, two are Chicago Police detectives related to the El Rukn investigations in the 1980's, one is a Milwaukee police officer relating to an interview of witness Gerald Morris in the 1990's (the witness that provided an affidavit in 2012 about the police intimidation related to his testimony and later recantation), and the last is the court reporter from Plaintiff's 1986 criminal trial. Plaintiff has no idea why these individuals have been named, or what they will testify to if called, but these witnesses likely favor the defense as the City Defendants have apparently talked to these people and concluded that they should be named. Yet the duty to supplement "lingers on without solicitation," *Allen v. Bake-Line Products, Inc.*, 2001 U.S. Dist. LEXIS 11354, *2 (N.D. Ill. 2001), and thus "the obligation to disclose a potential witness *arises the moment* [Defendants] realize the witness may have knowledge of the facts underlying plaintiff[s] claims, not when the witness finally agreed to give a statement that is favorable." *Id.* at *8 (emphasis added).

15. If they did not act in bad faith, Defendants certainly failed to act with due diligence in providing this information. Where there is lack of due diligence, there is no substantial justification. Interlaced throughout this motion is the harm to Plaintiff. Disclosing 10 witnesses with insufficient time to investigate and take whatever depositions are needed before the close of discovery constitutes unwarranted surprise. Plaintiff believes this attempt to add ten witnesses at this point in time is *ambush litigation* because it is impossible for Plaintiff to get this discovery completed in a timely fashion because of the City's refusal to provide the additional information regarding these witnesses and their potential testimony in a timely fashion. Even if the City defendants were

6

to now reconsider and provide the information that they refused to produce in response to counsels letter- another three weeks has passed, making it impossible for the Plaintiff to complete the discovery with everything else that must be done. Factually, it appears that this late disclosure was intentional. The Plaintiff pleads with this Court not to reward the Defendants' dilatory behavior, but to instead do what is asked by Federal Rule 37 and bar these 10 witnesses from testifying at trial.

WHEREFORE, the Plaintiff respectfully requests that this Court grant the instant motion and bar these ten witnesses listed in the City Defendants' Fifth Supplemental Rule 26 (A)(1) disclosures- Barbara Kimbrough, Tom Pack, Mark Bowers, Bob Prawiec, Dr. Lifschultz, Det. Baker, L. Peliachevsky, Det. Smith, Joanne Ryan, and Norfie Diciolla from testifying at the trial in this matter.

Respectfully Submitted,

/s/ H. Candace Gorman
One of the Attorneys for Fields

For Fields:

Leonard C. Goodman
Melissa Matuzak
53 W. Jackson Boulevard
Suite 1650
Chicago, Illinois 60604
312-986-1984

H. Candace Gorman
220 S. Halsted
Suite 200
Chicago Illinois 60661
312-427-2313

**CERTIFICATE OF SERVICE**

I, H. Candace Gorman, hereby certify that the foregoing Motion was served to the parties electronically by means of the Court's CM/ECF system.

Dated: May 16, 2013

                                        Respectfully Submitted,

                                        /s/H. Candace Gorman
                                        One of the Attorneys for Fields

For Fields:

| | |
|---|---|
| Leonard C. Goodman | H. Candace Gorman |
| Melissa Matuzak | 220 S. Halsted |
| 53 W. Jackson Boulevard | Suite 200 |
| Suite 1650 | Chicago Illinois 60661 |
| Chicago, Illinois 60604 | 312-427-2313 |
| 312-986-1984 | |