UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NATHSON E. FIELDS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 10 CV 1168 |
| v. | ) | |
| | ) | Hon. Matthew F. Kennelly |
| **CITY OF CHICAGO, et al.,** | ) | |
| **Defendants.** | ) | |

**MOTION FOR COURT ORDER TO TAKE DEPOSITION OF EARL HAWKINS**

Now comes the Plaintiff Nathson Fields by and through his attorneys, and respectfully asks that this Court allow Mr. Fields to take the deposition of Earl Hawkins prior to the close of discovery in this matter, for the following reasons:

1. This Court entered an order on October 3, 2012, allowing the Plaintiff to take the deposition of Earl Hawkins (Doc. #285). At the last status on May 1, 2013, counsel for Plaintiff alerted this Court to a problem with the scheduling of that deposition, namely, that the deposition of Mr. Hawkins was supposed to occur no more than a few days prior to the innocence hearing in the matter currently before Judge Biebel in the Circuit Court of Cook County. Although that hearing had been scheduled several times, it did not go ahead on those dates.

2. Mr. Hawkins is currently in protective custody, presumably within a Bureau of Prisons facility located at some distance from Chicago. The State has

expressed its intention to call Mr. Hawkins as a witness at the innocence hearing. For reasons of economy, it was proposed that Hawkins be transported to Chicago on one single occasion, and that during a (relatively brief) stay in Chicago, he would be deposed in both cases and offer testimony at the innocence hearing. Counsel for Plaintiff raised their concern about the deposition with Judge Biebel at the April Status hearing -- given the discovery cutoff in this case -- and Judge Biebel suggested that the issue be raised with this Court as no date was currently pending for the innocence hearing.

3. Counsel raised this issue at the May 1st status in this Court, and this Court suggested that counsel for Plaintiff bring the issue to Judge Biebel in order to see whether an accommodation could be made. The hope was that Mr. Fields might be able to take the deposition of Mr. Hawkins on a date compatible with both proceedings.

4. Counsel brought the matter to Judge Biebel's attention at a status on May 16, 2013. Counsel proposed to Judge Biebel what she understood to be the suggestion of this Court; that Hawkins be deposed at a date convenient for the schedule of his civil rights case, and that, with Judge Biebel's approval, Hawkins be allowed to testify before Judge Biebel in the innocence matter during that same visit to Chicago, in proceedings separate from, and prior to, the full innocence hearing.

5. The Assistant State's Attorney assigned to the innocence proceedings, Mr. Brian Sexton, vehemently objected to the proposal that Mr. Hawkins' testimony being taken out of order (i.e. on a date before the full hearing) and insisted that Mr. Hawkins could not be deposed *in this case* until such time as he was brought in for the innocence hearing.

6. At the May 16, 2013 status Judge Biebel tentatively scheduled the innocence hearing to commence the week of August 19, 2013 and asked the attorneys to work out the issue of Mr. Hawkins deposition.

7. If the hearing were to actually go forward on August 19, 2013 and if Mr. Hawkins were deposed immediately prior to the innocence hearing, as proposed by ASA Sexton, the deposition of Mr. Hawkins would not take place until a date on or about August 19, 2013. This not only assumes that the innocence hearing will actually take place during that week but also would not allow for Mr. Hawkins testimony to be utilized by Plaintiff's expert. Plaintiff's expert reports are due on August 16th, prior to any deposition of Mr. Hawkins, if ASA Sexton has his way.

8. As mentioned above, Judge Biebel suggested that the attorneys try to resolve the dispute over the deposition date. Attorney Gorman discussed the matter with ASA Sexton after court on May 16th. Attorney Gorman again suggested to ASA Sexton that Mr. Hawkins testimony be taken in a separate proceeding from the rest of the innocence hearing. This would allow for an earlier deposition date and would afford Mr. Fields' and his legal team sufficient

time to have its expert analyze Mr. Hawkins testimony for his report. ASA Sexton was adamant that the Hawkins deposition in the civil rights matter could not move forward until, effectively, the eve of the innocence hearing. Mr. Sexton stated that <u>this Court</u> "has no authority to bring Hawkins in."

9. Earl Hawkins' testimony is central to the State's case in Mr. Fields innocence matter; Hawkins' testimony is similarly central to the law enforcement narrative adopted by the Defendants in the matter before this Court. It is essential that Plaintiff's team be afforded an opportunity to fully digest the deposition testimony of Earl Hawkins before the disclosure of Plaintiff's expert reports on August 16. As noted above, Judge Biebel is amenable to hearing the testimony of Mr. Hawkins separately from the rest of the innocence proceeding. If Mr. Hawkins' deposition were conducted within the narrow timeframe proposed by the State's Attorney's Office, Plaintiff would be unfairly disadvantaged in this proceeding.

10. If ASA Sexton deems it necessary to bring Mr. Hawkins in for live testimony during the actual innocence hearing, Counsel suggests that it should be his burden to work out that second trip of Mr. Hawkins, and that the ASA should not be allowed to interfere with Plaintiff's deposition of witness Hawkins for this case.

11. In addition, when the deposition was first being scheduled in the innocence case (last fall) counsel was told that she would have to fly to the undisclosed location where Mr. Hawkins is being held and bring a court reporter with

4

her. Counsel had no problem with that request and is still willing to go to wherever Mr. Hawkins is being held-or any other location.

Wherefore, for all of the reasons stated above, Plaintiff asks that this Court order that Mr. Hawkins be made available for a deposition prior to July 16, 2013 and for such other relief as this Court deems just.

                                      Respectfully Submitted,

                                      /s/H. Candace Gorman
                                      One of the Attorneys for Fields

For Fields:

| | |
|---|---|
| Leonard C. Goodman | H. Candace Gorman |
| Melissa Matuzak | 220 S. Halsted |
| 53 W. Jackson Boulevard | Suite 200 |
| Suite 1650 | Chicago Illinois 60661 |
| Chicago, Illinois 60604 | 312-427-2313 |
| 312-986-1984 | |

5

**CERTIFICATE OF SERVICE**

I, H. Candace Gorman, hereby certify that the foregoing Motion was served to the parties electronically by means of the Court's CM/ECF system.

Dated: May 17, 2013

                                                Respectfully Submitted,

                                                /s/H. Candace Gorman
                                                One of the Attorneys for Fields

For Fields:

| | |
|---|---|
| Leonard C. Goodman | H. Candace Gorman |
| Melissa Matuzak | 220 S. Halsted |
| 53 W. Jackson Boulevard | Suite 200 |
| Suite 1650 | Chicago Illinois 60661 |
| Chicago, Illinois 60604 | 312-427-2313 |
| 312-986-1984 | |