IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATHSON E. FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10 C 1168 |
| | ) | |
| CITY OF CHICAGO, COUNTY OF COOK; | ) | Judge Matthew F. Kennelly |
| former Assistant State's Attorneys LARRY | ) | |
| WHARRIE and DAVID KELLEY; former and | ) | Magistrate Judge Geraldine Soat Brown |
| current Chicago Police Officers DAVID | ) | |
| O'CALLAGHAN THOMAS RICHARDSON, | ) | |
| STEPHEN CASTO, JAMES MINOGUE, | ) | |
| JOSEPH BOGDALEK, JOSEPH MURPHY, | ) | |
| STEVEN HOOD, JAMES DELANEY, | ) | |
| ROBERT EVANS, DANIEL BRANNIGAN, | ) | |
| JOHN ROBERTSON, RICH KOBEL, and | ) | |
| RICHARD KOLOVITZ, | ) | |
| | ) | |
| Defendants. | ) | |

## CITY DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO BAR DEFENDANTS FROM CALLING TEN WITNESSES

Defendants the City of Chicago, David O'Callaghan, Thomas Richardson, Stephen Casto, James Minogue, Joseph Bogdalek, Joseph Murphy, Stephen Hood, Robert Evans, Daniel Brannigan, John Robertson, Richard Kobel, and Richard Kolovitz ("City Defendants"), by and through their attorney, Terrence M. Burns of Dykema Gossett, PLLC, for their response to "Plaintiff's Motion to Bar Defendants From Calling Ten Newly Disclosed Witnesses" (Dkt. #367) (hereinafter, "Motion to Bar") state:

## INTRODUCTION

Plaintiff does not dispute that the disclosures of ten individuals in the City Defendants' Fifth Supplemental Rule 26(a)(1) Disclosures comply with Rule 26(a)(1). Yet, plaintiff seeks to bar all ten of the properly disclosed individuals because he contends the disclosures, made two

months before the close of discovery, are untimely under Rule 26(e). These disclosures were timely made on May 1, 2013 when defendants learned that their prior disclosures were incomplete without these ten witnesses. Plaintiff fails to establish that defendants' supplemental disclosures violate Rule 26(e).

Moreover, even if defendants had violated Rule 26(e), which they did not, sanctions should not be imposed under Rule 37(c)(1) because plaintiff is not harmed by having "only" sixty days to take ten depositions. Plaintiff dubiously claims this task will be impossible. (Mot. to Bar ¶ 9.) So, rather than starting to secure the depositions or holding the requisite "meet and confer" with defendants' counsel to determine how this situation could be addressed outside of Court, plaintiff seeks the severe remedy of excluding all ten witnesses at trial. Because plaintiff has not shown that defendants have violated Rule 26(a)(1) or Rule 26(e), or that a sanction under Rule 37(c)(1) is warranted, plaintiff's Motion to Bar should be denied.

## DISCUSSION

### I. Plaintiff Does Not Comply With Local Rule 37.2.

Plaintiff's Motion to Bar does not include a certification, pursuant to Rule 37(a)(1) and Local Rule 37.2, that plaintiff attempted in good faith to confer with defendants' counsel in person or by telephone regarding the Rule 26(a)(1) disclosures. Indeed, plaintiffs' counsel made no attempt to "meet and confer." In defendants' counsel's May 13, 2013 letter (attached to the Motion to Bar as Ex. D), Mr. Noland stated that he is willing to speak with plaintiff's counsel regarding defendants' supplemental disclosures, but asked that counsel also consider providing more information regarding certain witnesses listed on plaintiff's amended Rule 26(a)(1) disclosures. In plaintiff's disclosures, plaintiff does not include any information for thirty-three of his disclosed witnesses, other than this heading: "[i]ndividuals whose names appear in 'new' street file or in el Rukn court cases." (Plaintiff's Amended Rule 26(a)(1) Disclosures (attached

hereto as Exhibit A), at ¶¶ 69-106.) In response to Mr. Noland's letter, rather than attempting to contact Mr. Noland to discuss the matter, plaintiff filed the Motion to Bar. This tactic is contrary to the spirit of Local Rule 37.2. Plaintiff's Motion to Bar should be denied on this basis alone.

## II. Plaintiff Admits Defendants' Fifth Supplemental Disclosures Comply With Rule 26(a)(1).

Rule 26(a)(1) requires a party to disclose, among other things, "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A). As plaintiff concedes (Mot. to Bar ¶ 7), the City Defendants' Fifth Supplemental Rule 26(a)(1) Disclosures provide the requisite information under Rule 26(a)(1)(A). (*See* Ex. B to Motion to Bar.) The disclosures provide plaintiff with sufficient notice as to the subject of each of the witnesses' information so that plaintiff's counsel may evaluate whether to take his or her deposition. Although not required by the Rules, defendants' counsel was also willing to discuss the supplemental witnesses and their information with plaintiffs' counsel, but asked that plaintiff's counsel also be willing to discuss plaintiff's information-deficient disclosures. She apparently was not willing.

## III. Defendants' Fifth Supplemental Disclosures Comply With Rule 26(e).

Rule 26(e) requires a party that has made disclosures under Rule 26(a) to

> supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .

Fed.R.Civ.P. 26(e)(1)(A). Defendants supplemented their disclosures upon learning that they may rely upon the supplemental witnesses' information and that defendants' Rule 26(a)(1) disclosures may be incomplete without these witnesses. Contrary to plaintiff's accusations, defendants did not intentionally hold back in disclosing these witnesses.

3

Moreover, sixty days still remained in the discovery period when defendants disclosed the ten witnesses. *Cf. U.S. ex rel. Greg Hudalla v. Walsh Construction Company*, No. 05 C 5930, 2012 WL 182206, * (Jan. 21, 2012 N.D. Il.) (Kennelly, J.) (eight months after the close of discovery and five weeks before trial, defendant disclosed forty-seven witnesses that were not previously disclosed; Court barred most, but not all, witnesses). Plaintiff declares in his Motion, "[o]bviously, Plaintiff could not possibly secure relevant investigative information for the 10 new witnesses and serve notices of depositions in the short time that remains before discovery ends." (Mot. to Bar ¶ 9.) Discovery closes July 1, 2013—plenty of time to review the documents available mentioning these individuals and/or take the depositions of ten witnesses. Notably, other than the defendants in the case and police officers who responded to the scene, plaintiff has not taken the deposition of any of the other law enforcement witnesses disclosed by defendants. Rather than beginning to secure the depositions in the remaining time, review the available documents relating to these witnesses, or speaking with counsel about the witnesses, plaintiff seeks the disproportionate sanction of barring all ten witnesses at trial pursuant to Rule 37(c)(1).

The Court should not need to consider Rule 37 because plaintiff has not shown that defendants' supplemental disclosures violate either Rule 26(a)(1) or Rule 26(e). But even if Rule 37 were to be considered, the standard for imposing sanctions under the Rule is not met here. Under Rule 37(c)(1), witnesses not identified according to the requirements of Rule 26(a) shall not be permitted to testify "unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir.1996). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Mid–America Tablewares, Inc. v. Mogi*

4

*Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir.1996). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

It is clear that the timing of defendants' supplemental disclosures, in addition to being entirely proper under Rule 26(c) and Rule 26(e), is both justified and harmless. The timing is justified because defendants promptly made the disclosures when they recognized they may be relying on the information and that their disclosures may be incomplete without these witnesses. The timing is harmless because plaintiff cannot show he has been harmed by having two months to review previously produced documents or take ten depositions, particularly given that the trial is not until March 2014. Plaintiff's Motion to Bar should be denied in its entirety.

### IV.   In the Alternative, if Defendants' Witnesses Are Barred, Plaintiff's Thirty-Three Witnesses Should Be Barred.

Rule 26 is not a one-way street. Should the Court decide to bar any of defendants' recently disclosed witnesses as inadequately disclosed, the Court necessarily should consider barring the thirty-three witnesses in plaintiff's deficient Rule 26(a) disclosures (Ex. A, at ¶¶ 69-106). Few cases address the specificity required under Rule 26(a)(1)(A), but the Rule plainly states that the party must disclose "the name . . . of each individual likely to have discoverable information *that the disclosing party may use to support its claims or defenses*, unless solely for impeachment, *identifying the subjects of the information*." *See* Fed. R. Civ. P. 26(a)(1)(A) (emphasis added). Plaintiff's disclosures do not include such information. The disclosures only make a broad reference to the source of the thirty-three witness names: "in the 'new' street file or in El Rukn court cases" (without identifying which appear in which). Moreover, plaintiff's counsel would not even agree to discuss plaintiff's insufficient disclosures when defendants'

5

counsel offered to meet and confer regarding defendants' own sufficient and Rule-compliant disclosures. Adoption of the draconian view of the disclosure requirements of Rule 26 as espoused by plaintiff would not bode well for his own disclosures, which are patently non-compliant.

For all the reasons set forth above, plaintiff's Motion to Bar should be denied or, in the alternative, if the Court should bar any of defendants' supplemental witnesses, the thirty-three witnesses in plaintiff's disclosures should be barred as well.

Dated: May 28, 2013　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　By:　s/ Daniel M. Noland
　　　　　　　　　　　　　　　　　　　　　　　　　One of the Attorneys for City Defendants

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Dykema Gossett PLLC
10 South Wacker Dr., Suite 2300
Chicago, Illinois  60606
(312) 876-1700

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2013, I electronically filed the foregoing **City Defendants' Response to Plaintiff's Motion to Bar Defendants from Calling Ten Witnesses** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

| | |
|---|---|
| H. Candace Gorman<br>Law Office of H. Candace Gorman<br>220 S. Halsted<br>Suite 200<br>Chicago, IL 60661<br>312.427.2313<br>hcgorman1@gmail.com | Stephen L. Garcia<br>Office of the Cook County State's Attorney<br>500 Richard J. Daley Center<br>Chicago, IL 60602<br>312.603.5475<br>sgarcia@cookcountygov.com |

and

Leonard C. Goodman
Melissa A. Matuzak
Law Offices of Leonard C. Goodman
53 W. Jackson
Suite 1220
Chicago, IL 60604
312.986.1984
lcgoodman@rcn.com
melissamatuzak@gmail.com

                                                s/ Daniel M. Noland
                                                Daniel M. Noland