UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATHSON E. FIELDS, ) | |
| Plaintiff, ) | |
| ) | No. 10 CV 1168 |
| v. ) | |
| ) | Hon. Matthew F. Kennelly |
| CITY OF CHICAGO, et al., ) | |
| Defendants. ) | |

### PLAINTIFF'S MOTION TO BAR CITY DEFENDANTS FROM CALLING ANOTHER FIFTEEN NEWLY DISCLOSED WITNESSES

NOW COMES Plaintiff, by and through his attorneys and respectfully asks that this Court Bar City Defendants from Calling Fifteen Newly-Disclosed Witnesses. In support of his motion Plaintiff states the following:

1. The fact discovery deadline of July 1, 2013 is fast approaching. On the afternoon of Friday, June 7, 2013, three weeks before the close of discovery the City defendants filed a sixth supplement to their 26(A)(1) disclosures, adding fifteen additional names. (Ex. A) In the original 26(A)(1) disclosures filed by the City defendants and *the five previous supplements* to those disclosures, the City listed 271 individuals likely to have discoverable information that the Defendants may use to support their defense. (see, doc. 367)

2. This most recent disclosure follows the City's May 1, 2013 Fifth supplemental 26(a)(1) disclosures naming ten additional witnesses which Plaintiff also sought to bar; after this Court denied Plaintiffs motion, because the City claimed that they only then realized that the Cook County investigators long known to them- who interviewed witnesses for the original criminal trial in 1986 and in preparation for the second

criminal trial subsequent to 1997-and other individuals long known to the City-should be disclosed. On the suggestion of this Court, Plaintiff and the City agreed to exchange additional contextual information relating to persons named in plaintiff's disclosures from 2012 and defendants' disclosures from May 1, 2013 in order to accommodate the looming discovery deadline pressure. Within an hour after the defendants supplemented their fifth disclosure on June 7, 2013-confirming that the individuals were long known to the defendants- the defendants disclosed fifteen more witnesses– in a sixth disclosure.

3. As shown by the sixth disclosures and as with the Fifth disclosures these additional names were long known to the defendants. Fourteen of the newly named individuals are individuals that were employed by the Illinois department of Corrections during time periods when the Plaintiff was incarcerated.

4. Because Plaintiff's counsel cannot conceivably conduct the necessary discovery- for these additional fifteen persons, the Plaintiff now seeks to bar the individuals identified in the sixth supplement to the Defendant City's 26(A)(1) disclosures from testifying at trial. None of these fifteen individuals were previously disclosed in Defendants' earlier " Federal Rule of Civil Procedure 26(a)(1)" disclosures.

5. Federal Rule 37(c)(1) states that a party who fails to provide information or identify a witness as required by Federal Rule 26 is not allowed to use that information or witness at trial unless the failure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Federal Rule 26(e) imparts on all litigants a duty to "timely" supplement all discovery responses. Fed. R. Civ. P. 26(e). For none of these fifteen

2

witnesses is the City's failure to disclose or supplement in a timely manner substantially justified.

6.  With only three weeks to go before July 1, and several depositions noticed (including 30(b)(6) depositions, the deposition of government witness Trammel Davis, and the depositions of certain Office of Legal Affairs staff), Plaintiff does not have enough time to determine which if any of the newly named individuals should be deposed and then schedule the depositions of the newly named persons.

7.  Defendants had a duty to not only supplement discovery, but to do so in a timely fashion. Fed. R. Civ. P. 26(e). Despite this obligation, the City has clearly been waiting until just prior to the close of discovery to identify witnesses it has long known about.

8.  Plaintiff asks that the newly named individuals be barred from testifying in this matter. The sanction of exclusion is *automatic and mandatory* unless the Defendants can show that its discovery violation is substantially justified or harmless. *Salgado v. General Motors Corp.,* 150 F.3d 735, 742 (7th Cir. 1998)( barring of witness affirmed). Although a district court need not make explicit findings regarding harmlessness or justification, the Seventh Circuit has held that the following factors should guide judges in making their determinations in these matters: 1) the prejudice or surprise to the party against whom the evidence is offered; 2) the ability of the party to cure the prejudice; 3) the likelihood of disruption to trial; and 4) the bad faith or willfulness involved in not disclosing the evidence earlier. *David v. Caterpillar Inc.*, 324 F.3d 851, 857 (7th Cir. 2002).

9. Turning to the first *Caterpillar* factor, the disclosure – in the last weeks of discovery -- of fifteen additional people who may be called as witnesses, in a case in which the defendants have already disclosed the identities of 271 potential witnesses, amounts to surprise, and prejudices the Plaintiff. This is especially true where, as is the case here, the Plaintiff will, without a doubt, have insufficient time to do an investigation into the newly named individuals and complete their depositions, should depositions be deemed necessary, before discovery closes.

10. As to the second factor, the City will likely argue that this Court can extend discovery, thereby curing the prejudice to Plaintiff -- or that Plaintiff can take the depositions once discovery is completed. An extension encourages parties not to abide by the Federal Rules because "every departure from the technical rules in order to effect a 'just result' risks promoting disregard for the rules and ultimately lack of uniform application of the same and therefore a lack of consistency in results." *United States v. 2016 North 77th Court, et al,* 1993 U.S. Dist. LEXIS 2523, *3 (N.D. Ill. 1993). Put another way, "In order for the Federal Rules of Civil Procedure to have any type of authority, this court must demand that the rules are substantively followed." *Hess v. Reg-Ellen Machine Tool Corp.,* 2003 U.S. Dist. LEXIS 8630, *14 (N.D. Ill. 2003). An extension would cause the Plaintiff prejudice. Plaintiff emphasis that this case is more than three years old; discovery has been difficult and the City defendants have consistently behaved uncooperatively. At this point, any extension of discovery in order to accommodate a tardy disclosure would reward the City's dilatory practices, while the delay itself prejudices Plaintiff. *See In re Schmidt*, 775 F.2d 822, 823 (7th Cir. 1985) (delay permits

memories to fade and evidence to disappear). In addition, requiring the Plaintiff to continue with discovery after the close of discovery would take counsel away from the very necessary time needed to complete expert reports.

11. Turning to the third *Caterpillar* factor, a trial date is set for March, 2014 and a schedule has been put in place by this Court, which will consume much of counsel's time between the close of discovery and the trial date. While courts have found no surprise when trial "appeared a long way off," *Sherrod v. Lingle,* 223 F.3d 605, 613 (7th Cir. 2000), in this case a complete schedule is set, requiring Plaintiff to know, by the close of discovery, what testimony he might expect from the many defense witnesses.

12. Finally, the fourth factor – the bad faith of defendants. Fourteen of the individuals named in the City's sixth supplemental disclosure are IDOC personnel whom the City has known for years; the decision to wait until the final weeks of discovery in this exceedingly complicated case in order to add these persons to a witness roster betrays a deliberate attempt to deprive Plaintiff of adequate time to conduct discovery relating to the named persons and their role in the case.

13. If the City is not acting in bad faith – however implausible that may be -- defendants certainly failed to act with due diligence in adding these names to their 26(a)(1) disclosures. Where there is lack of due diligence, there is no substantial justification. Interlaced throughout this motion is the harm to Plaintiff. Disclosing fifteen witnesses when there is no longer sufficient time to investigate and take whatever depositions are needed before the close of discovery constitutes unwarranted surprise and a shameless display of ambush tactics. The Plaintiff asks this Court not to reward the defendants'

dilatory behavior, but to instead do what is demanded by Federal Rule 37 and bar these fifteen witnesses from testifying at trial.

WHEREFORE, the Plaintiff respectfully requests that this Court grant the instant motion and bar these fifteen witnesses listed in the City Defendants' Sixth Supplemental Rule 26 (A)(1) disclosures – Paul Farmer, Jimmie Henslee, Donna Ebers, D.K. Zweigart, Robert Gales, Lt. Littleton, T. Schweizer, K. Taylor, Gary Brown, D. Langlois, Paul E. Jenkins, Lt. Crain, Capt. Daniels, the IDOC "Keeper of Records," and Gary Moore from testifying at the trial in this matter.

Respectfully Submitted,

/s/H. Candace Gorman
One of the Attorneys for Fields

For Fields:

|  |  |
|---|---|
| Leonard C. Goodman<br>Melissa Matuzak<br>53 W. Jackson Boulevard<br>Suite 1650<br>Chicago, Illinois 60604<br>312-986-1984 | H. Candace Gorman<br>220 S. Halsted<br>Suite 200<br>Chicago Illinois 60661<br>312-427-2313 |

## CERTIFICATE OF SERVICE

I, H. Candace Gorman, hereby certify that the foregoing Motion was served to the parties electronically by means of the Court's CM/ECF system.

Dated: June 9, 2013

                                                      Respectfully Submitted,

                                                      /s/H. Candace Gorman
                                                      One of the Attorneys for Fields

For Fields:

| | |
|---|---|
| Leonard C. Goodman | H. Candace Gorman |
| Melissa Matuzak | 220 S. Halsted |
| 53 W. Jackson Boulevard | Suite 200 |
| Suite 1650 | Chicago Illinois 60661 |
| Chicago, Illinois 60604 | 312-427-2313 |
| 312-986-1984 | |