UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATHSON E. FIELDS, | ) | |
|     Plaintiff, | ) | |
| | ) | No. 10 CV 1168 |
| v. | ) | |
| | ) | Hon. Matthew F. Kennelly |
| CITY OF CHICAGO et al., | ) | |
|     Defendants. | ) | |

## MOTION TO COMPEL

NOW COMES Plaintiff Nathson Fields, by and through his attorneys, and respectfully asks that this Court compel the City of Chicago to produce non-privileged documents from its Office of Legal Affairs files regarding the Plaintiff, and to produce a log for whatever documents contained in those files which the City is withholding based on the attorney-client privilege or work product. In support of his motion Plaintiff states the following:

On April 27, 2013 this Court entered an Order (Doc. 356) allowing the Plaintiff to take 30(b)(6) depositions of individuals in the Office of Legal Affairs, relating to the disclosure by Lt. Melean that "open" files were not subject to subpoena and/or to take the depositions of individuals known to Plaintiff to have knowledge regarding the Office of Legal Affairs' practices involving the relevant issue.

In preparation for the depositions, the Plaintiff sent a request to produce to the City on April 29, 2013, seeking information about policies and procedures regarding open files, and also seeking any files maintained by the Office of Legal

Affairs in relation to the Plaintiff. The request also sought a privilege log for any documents withheld on the basis of attorney-client privilege and/or work product. The City responded to the request by objecting to providing the Legal Affairs file on the basis that the entire file was protected by attorney client privilege and work product. The City also objected to providing a privilege log, stating that the request was "improper as it is unduly burdensome, and would require the City and its attorneys to identify specific investigation to defend this lawsuit, revealing the City's attorneys strategy and mental impressions." (Ex. A)

On June 4, 2013 attorneys Gorman and Bleifuss held a conference call with attorneys Noland and Michalik regarding this and other open discovery issues. Mr. Noland and Mr. Michalik reiterated the City position that the complete file of the Office of Legal Affairs was protected by privilege and work product, and that a log was overly burdensome. The City also argued that the Office of Legal Affairs did not compile a file until after this litigation had commenced.

Whether the Office of Legal Affairs compiled a file before or after the start of this litigation is not relevant to whether or not it is discoverable. What is at issue is the file itself, and its contents. The role of the Office of Legal Affairs became an issue in this litigation after the disclosure by Lt. Melean of a policy that utilized the Office of Legal Affairs as a gatekeeper for files -- like the investigative file in the double murder that Plaintiff was charged -- that were for whatever reason considered "open."

Attorneys Noland and Michalik asked Gorman to provide case information that required the City to provide a privilege log for its Office of Legal Affairs. Gorman reminded the City attorneys that time was of the essence, not only because of the looming close of discovery, but also because the 30(b)(6) deposition was scheduled for June 13th. The attorneys for the City assured Gorman that they would get back to her immediately regarding the City's position, after Gorman submitted case information from other courts ordering the materials.

On June 5, 2013, Gorman sent a letter to the attorneys again outlining her position and pointing out another case in which a court had required the City to produce non privileged documents from the Office of Legal Affairs files and to provide a privilege log for documents withheld by the Office of Legal Affairs based on privilege and/or work product. (Ex. B) Despite the fact that the City attorneys agreed to respond immediately, they have not responded to date.

The documents that make up the Office of Legal Affairs file could very well point to the answer to the puzzle of where the Plaintiff's investigative file had been maintained during the 28 years that the file was *missing*. The City should not be able to shield the entire Legal Affairs file without at least providing a privilege log for the documents that it contends are privileged. As pointed out by counsel for the Plaintiff in her letter to the City (Ex. B) the City has been required, in other cases, to turn over non privileged documents from

files retained by Legal Affairs – and to produce a privilege log accounting for those materials it withholds.

WHEREFORE, for all of the reasons stated above, Plaintiff asks that this Court order the City to produce the non-privileged documents in its Legal Affairs files regarding the Plaintiff and the murders he was accused of committing, and to produce a privilege log for whatever documents the office is withholding from the Plaintiff based on privilege or work product.

<u>/s/H. Candace Gorman</u>

One of the Attorneys for Fields

For Fields:

Leonard C. Goodman
Melissa Matuzak
53 W. Jackson Boulevard
Suite 1650
Chicago, Illinois 60604
312-986-1984

H. Candace Gorman
220 S. Halsted
Suite 200
Chicago Illinois 60661
312-427-2313

## **CERTIFICATE OF SERVICE**

I, H. Candace Gorman, hereby certify that the foregoing Motion was served to the parties electronically by means of the Court's CM/ECF system.

Dated: June 10, 2013

>Respectfully Submitted,
>
>/s/H. Candace Gorman
>One of the Attorneys for Fields

For Fields:

Leonard C. Goodman
Melissa Matuzak
53 W. Jackson Boulevard
Suite 1650
Chicago, Illinois 60604
312-986-1984

H. Candace Gorman
220 S. Halsted
Suite 200
Chicago Illinois 60661
312-427-2313