DETECTIVE DIVISION              Page#2                      30 Apr 84
Area One Violent Crimes                                         RD#F-151 922

INTERVIEWS CONTINUED:         LANGSTON, Randy    M/B/15
                             706 E 39th #106     Ph#373-4592

                             LANGSTON, James    M/B/14
                             706 E 39th #106    Ph#373-4592

TO BE INTERVIEWED:            WRIGHT, Lavette    F/B/22
                             706 E 39th St #105    Ph#548-4011

           WHITE, Minnie was interviewed and related the following in
essence, but not verbatim. She was inside in her apartment
when she heard several shots,which at first she beleived to be firecrackers. Upon looking out
her front window she observed the two victims lying on the ground. She than called the poli
She further added that just prior to the shooting her future daughter-in-law,Lavette Wright
walked into the apartment. She could add nothing further.

           LANGSTON, Sandra was interviewed and related the following
in essence, but not verbatim. Just prior to the victims
being shot,she was talking to the victim Jerome Smith ("Fuddy") from her 2nd floor bedroom
window about Paul (Haley) getting out of jail. After the conversation ended the victim Smith
said he was going to the front of the building at 706 E 39th St. and walked away. A short
time later she heard three shots comming from the front of the building. Her mother than
came running up to her bedroom and told her that the two victims had been shot. She furthe
added that she had observed two m/b's following the victim Smith when,he walked away from her
bedroom window. She described the two m/b's as follows: #1M/B in early 20's, light complex
ion and wearing a red ski mask hat and white jacket. #2 M/B in early 20's, light complexion
and wearing a blue jacket.

**PERMANENT RETENTION FILE**

           LANGSTON, Randy was interviewed and related the following i
essence, but not verbatim. He was playing baseball accros
the street from 705 E 39th with his brother James and friend Carlos when he observed a man
with a red ski mask shooting at the victims who were standing and continued to shoot as they
ly on the ground. He than rolled the ski mask up from over his face and ran away.

           LANGSTON, James was interviewed and related the following i
essence, but not verbatim. He was playing baseball accross
the street from 706 E 39th St with brother Randy and friend Carlos when he heard a man's
voice say " What are you going to do now"? Upon turning around to see what was going on
he observed a man in a red mask shooting at the victims who were standing in front of 706 E
39th. After the two victim's fell to the ground the man with the red ski mask continued to
shoot at the victim's as they ly on the ground. He heard approximately six shots. The man
wearing the ski mask than rolled it up from over his face and ran through the breezeway at
706 E 39th St.

This investigation continues.........

Det J Bogdalek   #14674     612
Det J Minogue    #13871     612





CR # 170712

ATTACHMENT 6 //1

Identify and describe all property or possible evidence recovered at the end of the Narrative in column form. Show exactly where found, when found, who found it and its description (include Property Inventory number). If property taken was scribed for Operation Identification, indicate I.D. number at end of Narrative. Offender's approximate description, if possible, should include name if known, nickname, sex, race code, age, height, weight, color eyes & hair, complexion, scars, marks, etc. If suspect is arrested, give name, sex, race code, age, C.B. or I.R. number, if known, and state "In Custody."

# SUPPLEMENTARY REPORT
## CHICAGO POLICE

All descriptions and statements in this entire report are approximations or summarizations unless indicated otherwise.

**4. DATE OF ORIG. OCCURRENCE–TIME**
DAY 28 MO. Apr YR. 84 1017

| 1. OFFENSE/CLASSIFICATION LAST PREVIOUS REPORT | 1 UCR OFF. CODE | 2. ADDRESS OF ORIG. INCIDENT/OFFENSE | 3. IF VERIFIED | 3. CORRECTED | 3. BEAT OF OCCUR. |
|---|---|---|---|---|---|
| Homicide/Murder | 0110 | 706 East 39th Street | | | 214 |

| 5. VICTIM'S NAME AS SHOWN ON CASE REPORT | 6. CORRECT ☒ YES ☐ NO | IF NO, CORRECT ALL VICTIM INFOR-MATION IN BOXES 20 THROUGH 27. | 6. FIRE RELATED ☐ YES ☒ NO | 7. BEAT/UNIT ASSIGNED |
|---|---|---|---|---|
| HICKMON, Talman | | | | 612 |

| 8. TYPE OF LOCATION OR PREMISE WHERE INCIDENT/OFFENSE OCCURRED | LOCATION CODE | 9. NO. OF VICTIMS | 10. NO. OF OFFENDERS |
|---|---|---|---|
| CHA Grounds | 123 | Two | Four |

| 11. | 12. OBJECT/WEAPON | 13. FIREARM FEATURES | 14. POINT/ENTRY | 15. POINT/EXIT | 16. BURGLAR ALARM | 17. SAFE BURGLARY METHOD | 18. IF RESIDENCE WHERE WERE OCCUP. |
|---|---|---|---|---|---|---|---|
| ☐ VERI-FIED | | | | | | | |
| ☐ UPDATE TO | CODE NOS. | CODE NO. | CODE NO. | CODE NO. | CODE NOS. | CODE NO. | |

**19.** DESCRIBE PROPERTY IN NARRATIVE. T = TAKEN. R = RECOVERED / FILL IN THE FULL AMOUNT OF ONLY THOSE VALUES WHICH EITHER DIFFER FROM OR WERE NOT REPORTED ON THE ORIGINAL CASE REPORT OR THE LAST PREVIOUS SUPPLEMENTARY REPORT.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ DNA ☐ UPDATE TO | 1 MONEY ☐ T $ ☐ R | 2 JEWELRY ☐ T $ ☐ R | 3 FURS ☐ T $ ☐ R | 4 CLOTHING ☐ T $ ☐ R | 7 OFFICE EQUIPMENT ☐ T $ ☐ R | 8 TV, RADIO, STEREO ☐ T $ ☐ R | |
| | 9 HOUSEHOLD GOODS ☐ T $ ☐ R | 10 CONSUM. GOODS ☐ T $ ☐ R | 11 FIREARMS ☐ T $ ☐ R | 6 NARC/DANGEROUS DRUGS ☐ T $ ☐ R | 5 OTHER ☐ T $ ☐ R | 6 NONE ☐ T $ ☐ R | |

| 20. NAME (LAST–FIRST–M.I.) | 21. I-UCR OFFENSE CODE | 22. HOME ADDRESS (NO., DIR., STREET, APT. NO.) | 23. SEX–RACE–AGE CODE | 24. HOME PHONE | 25. BUSINESS PHONE | 26. IN. NUMB. 27. VICTIM REL. COD |
|---|---|---|---|---|---|---|
| VICTIMS UPDATE ONLY 1. | | | | | | |
| 2. | | | | | | |
| 3. | | | | | | |

| 28. OFFENDER'S NAME (OR DESCRIBE CLOTHING, ETC.) | HOME ADDRESS | 30. SEX–RACE–AGE CODE | HEIGHT | WEIGHT | EYES | HAIR | COMPL. |
|---|---|---|---|---|---|---|---|
| OFFENDERS UPDATE ONLY 1. | MAY 22 ENT'D | | | | | | |
| 2. | | | | | | | |

| | 31. C.B. NO. | I.R. NO., Y.D. NO. OR J.D.A. NO. | OFFENDER REL. CODE | C.B. NO. | I.R. NO., Y.D. NO. OR J.D.A. NO. | OFFENDER REL. CODE | 32. NO. ARRESTED | ARREST UNIT NO. |
|---|---|---|---|---|---|---|---|---|
| OFF. & 7354 726 | | 444 722 | OFF. | | | | 1 | 612 |

| 33. OFF'S. VEHICLE YEAR MAKE | BODY STYLE | COLOR | I.V.I.N. | STATE LICENSE NO. | STATE |
|---|---|---|---|---|---|
| ☐ USED ☐ STOLEN | | | | | |

| 34. SERIAL NOS. OR IDENTIFICATION NOS. | ☒ DNA | ☐ 2 VERIFIED | ☐ 3 CORRECTED | LIST ALL CORRECTIONS & NEW OR ADDITIONAL NOS. OBTAINED IN NARRATIVE |
|---|---|---|---|---|

**FOR USE BY BUREAU OF INVESTIGATIVE SERVICES ONLY (BOXES 51 & 50 THROUGH 55)**

| 50. OFFENSE/CLASS. THIS DATE (IF SAME ENTER DNA) DNA | I REV. CODE | 51. METHOD CODE | 52. METHOD ASSIGNED ☒ FIELD ☐ SUMMARY | I UNIT NO. 53. STATUS 612 ☐ PROGRESS | ☐ 1 SUSPENDED | ☐ 2 UNFOUNDED |
|---|---|---|---|---|---|---|

| STATUS CONT'D. | 54. IF CASE CLEARED, HOW CLEARED | | | |
|---|---|---|---|---|
| ☐ CLRO. CLOSED | 5 EXC. CLRO. CLOSED | 6 CLRO. OPEN | 7 CLSD. NON- DRIM. | ☒ 1 ARREST & PROSEC. ☐ 2 JUV. CRT. ☐ 3 COMPL. REFUSD. TO PROSECUTE ☐ 4 COMMUNITY ADJUSTMENT ☐ 5 OTHER EXCEPT. |
| ☐ CLRO. CLOSED ☒ CLRO. OPEN | | | | ☒ ADULT ☐ JUV. |

**55.** ☐ FOR SUMMARY CASES ONLY – THE ORIGINAL CASE REPORT IS SUBSTANTIALLY CORRECT, AND CONTACT WITH THE VICTIM HAS DISCLOSED NO ADDITIONAL PERTINENT INFORMATION.

**60. NARRATIVE**

This is a Cleared/Open Report. **PERMANENT RETENTION FILE**

IN CUSTODY:   HAWKINS, Earl   M/B 29 years of age, born 15 August 1955, residing at 6416 S. Kenwood, 2nd Floor rear.

WANTED:   FIELDS, Nathson M/B 31 years of age, born 19 November 1953, residing at 3209 Lydia, Robbins, Ill.   IR#319 791

CITY-NF-07806

CARTER, George M/B 36 years of age, born 24 June 1948, residing at 2022 Lee St. Evanston, Ill. IR#392388

See Page Two

| 90. EXTRA COPIES REQUIRED (NO. & RECIPIENT) | 91. DATE THIS REPORT SUBMITTED – DAY MO. YR. | TIME | 92. SUPERVISOR APPROVING (PRINT NAME) |
|---|---|---|---|
| Normal | 20 May 1985 | | Sgt. J. Murphy 1384 |
| 93. REPORTING OFFICER (PRINT NAME) STAR NO. | 94. REPORTING OFFICER (PRINT NAME) STAR NO. | | SIGNATURE |
| Det. D. O'Callaghan 14721 | | | Murphy |
| SIGNATURE | SIGNATURE | | 95. DATE APPROVED (DAY, MO., YR.) TIME |
| David O'Callaghan | | | 21 May 85   1020 |

CPD-11.411 (REV. 7/81 TEMP. B.I.S. USE ONLY)   4 MUST BE COMPLETED IN ALL CASES

Area One Violent Crimes                                    20 May 1985
Detective Division                                        RD# F 151 922

                              Page Two

WANTED:(cont)                    ANDREWS, Henry C. M/B  26 years of age,
                                 born ▓▓▓▓▓▓▓▓▓▓▓▓▓, resides at 8023 S.
                                 Wolcott.  6'02" 200 lbs.  IR#391 309

WANTED VEHICLE:                  Blue vehicle possibly a Cadillac.  This
                                 vehicle is alleged to belong to either
                                 Henry ANDREWS or George CARTER.

ARRESTING OFFICERS:              Sgt. J. Murphy #1389
                                 Det. D. O'Callaghan #14721
                                 Det. R. Kobel #6383
                                 Det. J. Robertson #13732
                                 Area One Violent Crimes

                                 Det. Brannigan
                                 G/S S. Casto  #15489
                                 G/S T. Richardson #3385
                                 G/S R. Baranski #15703
                                 G/S J. Bauer #15292
                                 Gang Crimes South

DATE,TIME,LOCATION OF ARREST:    18 May 1985 at 0905 hrs. at 6416 South
                                 Kenwood.

CHARGES:                         MURDER (Two Counts)

COURT DATE AND BRANCH:           20 May 1985 at Br. 66-3

EVIDENCE:                        E.I. # 7972
                                 Line Up. Report

NOTIFICATIONS:                   **PERMANENT RETENTION FILE**

WITNESSES:                       LANGSTON, Randy M/B  16 yrs.  Eye/Oral.

                                 LANGSTON, Eric M/B  14 yrs.  Eye/Oral.

                                 MORRIS, Gerald M/B  22 yrs.  Eye/Oral

INTERVIEWED:                     WILLIS, Carlos M/B 14 yrs. of 3346 S.
                                 Langley  Phone 548 5029.

                                 GIBSON, Eric M/B 8 yrs. of 725 East
                                 39th St.

                                 ▓▓▓▓, Torrance M/B of 725 East 39th St.

                                 ▓▓▓▓, ▓▓▓▓▓ M/B of 725 East 39th St.

                                        24 MAY '17  20

                                 ▓▓▓▓▓▓▓▓▓ Page Three

CITY-85-0780

CR # 170712

ATTACHMENT 6



Area One Violent Crimes
Detective Division

20 May 1985
RD# F 151 922

**Page Three**

INVESTIGATION:
Reporting detective along with other members of this unit and members of Gang Crimes South were assigned to conduct follow up investigations in regards to Homicides and other crimes committed by members of the El Rukn Street Gang.

Reporting detective along with Gang Specialist Casto and Richardson were assigned specifically to this double homicide. We learned from Detective Brannigan and Sgt. Murphy that a cooperating individual had supplied information relative to this case. The cooperating individual supplied information as to the four offenders in this case.

A canvas of the CHA buildings in the area of the shootings was then began.

WATTS, Inetta was interviewed and related essentially the following in essence and not verbatim. She was looking out her window along with her daughter when the victims were shot and prior to the shooting. It should be noted that Ms. WATTS expressed to reporting detective an extreme fear of gang members in the area for herself and her family. She then looked through a stack of photos which reporting gave to her and while going through the stack stopped at the photo of Earl HAWKINS and stated, "If I was looking for the men who killed those boys, I would start by finding this guy." She stated that at this time this was as much help as she could give this detective. She also allowed me to speak long distance with her daughter, Angela WATTS. Arrangements are being set up to interview Angela WATTS in person at a later date.

LANGSTON, Randy was interviewed on 16 May 1985 and stated the following in essence and not verbatim. He was playing baseball across the street from the killings and saw the two offenders approach the two victims and shoot them. He observed them both masked and unmasked. He picked out the photo of HAWKINS. He then picked out FIELDS but added that he would like to see FIELDS in person before he would say positively. He stated that the two then fled through the breezeway to the parking lot. **PERMANENT RETENTION FILE**

LANGSTON, Eric was in the window of his apartment facing the parking lot. He immediately picked out the photo of CARTER as the passenger who was waiting in the car used for the escape of the offenders. He stated that he got a look at the two men who got into the back seat of the car but that he would have to see them in person before he would identify anyone.

MORRIS, Gerald stated that he observed two offenders walk past the window prior to the shooting. They were unmasked at this time time. He then heard several gunshots and then saw the same two subjects fleeing to a vehicle parked in the lot. He stated that they were pulling off ski masks. He tentatively identified HAWKINS and FIELDS as the two and stated he would like to see them in person before positively identifying anyone on something this serious.

Continued on Page Four



CITY-NF-07808

CR # 170712

ATTACHMENT 6



Area One Violent Crimes
Detective Division

20 May 1985
RD# F 151 922

Page Four

INVESTIGATION:(cont)    On 18 May 1985, Earl HAWKINS, was placed under arrest during the execution of some arrest warrants. Earl HAWKINS was allowed to place several calls to his attorney Earl WASHINGTON. HAWKINS after being informed of his constitutional warnings denied being involved in these two homicides. He stated that he did not need his attorney present during any line ups as he did not do anything.

On 18 May 1985, HAWKINS was positively identified in line ups by Randy LANGSTON, Gerald MORRIS and also Eric LANGSTON.

It should be noted that the above three mentioned witnesses were also able to give reporting detective clothing descriptions that matched those mentioned in previous reports for the offenders.

WILLIS, Carlos was brought into Area One and interviewed. He related essentially the same as in previous reports as to the circumstances surrounding these Murders. He viewed a line up on 19 May 1985 but was unable to make an identification at this time. Eric BENSON also came to Area One and repeated essentially the same as recorded previously. He also was unable to make any identification at this time.

WHITE, Torrence came to Area One. He essentially stated that he was across the street getting ready to play baseball when he saw the two offenders come up behind the victims and begin to shoot them in the heads. He then viewed the line up and stated "I've known Earl since I was a baby." He then stated that he (meaning himself) was not an El Rukn, but the El Rukns were cool with him."

No other witnesses could be located at this time to view line ups.

ASA Cesario of the Felony Review Unit was summoned and after reviewing the facts of this investigation recommended that HAWKINS be charged with two counts of MURDER.

Due to the fact that one offender in this investigation is in custody and charged, reporting detectives request that this case be classified as CLEARED OPEN BY ARREST.

**PERMANENT RETENTION FILE**

G/S Casto #15489
G/S Richardson #3385
G/S Baranski #15703
G/S Bauer #15292

Detective O'Callaghan #14721
Detective Dan Brannigan #4638
Detective John Robertson #13732
Detective Rich Kobel #6393

RD# F 151 922

CITY-NF-07809

2H MAY 17   20

CR # 170712

ATTACHMENT 6

Identify and describe all property or possible evidence recovered at the end of the Narrative in column form. Show exactly where found, when found, who found it and its description (include Property Inventory numbers). If property taken was scribed for Operation Identification, indicate I.D. number at end of Narrative. Offender's approximate description, if possible, should include name if known, nickname, sex, race code, age, height, weight, color eyes &hair, complexion, scars, marks, etc. If suspect is arrested, give name, sex, race code, age, C.B. or I.R. number, if known, and state "In Custody."

## SUPPLEMENTARY REPORT
### CHICAGO POLICE

All descriptions and statements in this entire report are approximations or summarizations unless indicated otherwise.

**4. DATE OF ORIG. OCCURRENCE–TIME** DAY 28 MO. Apr YR. 84 — 1017

| 1. OFFENSE/CLASSIFICATION LAST PREVIOUS REPORT | 1 UCR OFF. CODE | 2. ADDRESS OF ORIG. INCIDENT/OFFENSE | CORRECT ☒ VERIFIED ☐ CORRECTED | 3. BEAT OF OCCUR. |
|---|---|---|---|---|
| Homicide/Murder | 0110 | 706 East 39th Street | | 214 |

| 5. VICTIM'S NAME AS SHOWN ON CASE REPORT | CORRECT ☒ YES ☐ NO / IF NO, CORRECT ALL VICTIM INFORMATION IN BOXES 20 THROUGH 27. | 6. FIRE RELATED ☐ YES ☐ NO | 7. BEAT/UNIT ASSIGNED |
|---|---|---|---|
| HICKMON, Talman | | | 612 |

| 8. TYPE OF LOCATION OR PREMISE WHERE INCIDENT/OFFENSE OCCURRED | LOCATION CODE | 9. NO. OF VICTIMS | 10. NO. OF OFFENDERS |
|---|---|---|---|
| CHA Grounds | 123 | Two | Four |

| CIRCUMSTANCES | 11. ☒ VERIFIED ☐ UPDATE TO | 12. OBJECT/WEAPON CODE NOS. | 13. FIREARM FEATURES CODE NO. | 14. POINT/ENTRY CODE NO. | 15. POINT/EXIT CODE NO. | 16. BURGLAR ALARM CODE NOS. | 17. SAFE BURGLARY METHOD CODE NO. | 18. IF RESIDENCE WHERE WERE YOU CODE NO. |
|---|---|---|---|---|---|---|---|---|

19. DESCRIBE PROPERTY IN NARRATIVE. T = TAKEN; R = RECOVERED. FILL IN THE FULL AMOUNT OF ONLY THOSE VALUES WHICH EITHER DIFFER FROM OR WERE NOT REPORTED ON THE ORIGINAL CASE REPORT OR THE LAST PREVIOUS SUPPLEMENTARY REPORT.

| PROPERTY | ☐ VERIFIED DNA ☐ UPDATE TO | 1 MONEY ☐ T $ ☐ R | 2 JEWELRY ☐ T $ ☐ R | 3 FURS ☐ T $ ☐ R | 4 CLOTHING ☐ T $ ☐ R | 7 OFFICE EQUIPMENT ☐ T $ ☐ R | 8 TV, RADIO, STEREO ☐ T $ ☐ R |
|---|---|---|---|---|---|---|---|
| | | 9 HOUSEHOLD GOODS ☐ T $ ☐ R | 10 CONSUM. GOODS ☐ T $ ☐ R | 11 FIREARMS ☐ T $ ☐ R | 16 NARC/DANGEROUS DRUGS ☐ T $ ☐ R | 5 OTHER ☐ T $ ☐ R | 6 NONE ☐ T ☐ R |

| VICTIMS UPDATE ONLY | 20. NAME (LAST–FIRST–M.I.) | 21. UCR OFFENSE CODE | 22. HOME ADDRESS (NO., DIR., STREET, APT. NO.) | 23. SEX–RACE–AGE CODE | 24. HOME PHONE | 25. BUSINESS PHONE | 26. IN-JURED | 27. VICTIM INJ. CODE |
|---|---|---|---|---|---|---|---|---|
| 1. | | | | | | | | |
| 2. | | | | | | | | |
| 3. | | | | | | | | |

| OFFENDERS UPDATE ONLY | 28. OFFENDER'S NAME (OR DESCRIBE CLOTHING, ETC.) | 29. HOME ADDRESS | 30. SEX–RACE–AGE HEIGHT CODE | WEIGHT | EYES | HAIR | COMPL. |
|---|---|---|---|---|---|---|---|
| 1. | | MAY 22 ENT'D | | | | | |
| 2. | | | | | | | |

| | 31. C.B. NO. | I.R. NO., Y.O. NO. OR I.D.A. NO. | OFFENDER REL. CODE | C.B. NO. | I.R. NO., Y.O. NO. OR I.D.A. NO. | OFFENDER REL. CODE | 32. NO. ARRESTED | ARREST. UNIT NO. |
|---|---|---|---|---|---|---|---|---|
| OFF. | | | | OFF. | | | | |

| 33. OFF'S. VEHICLE | YEAR | MAKE | BODY STYLE | COLOR | V.I.N. | | STATE LICENSE NO. | STATE |
|---|---|---|---|---|---|---|---|---|
| ☐ USED ☐ STOLEN | | | | | | | | |

| 34. SERIAL NOS. OR IDENTIFICATION NOS. | ☐ 1 OHA | ☐ 2 VERIFIED | ☐ 3 CORRECTED | LIST ALL CORRECTIONS & NEW OR ADDITIONAL NOS. OBTAINED IN NARRATIVE |
|---|---|---|---|---|

**FOR USE BY BUREAU OF INVESTIGATIVE SERVICES ONLY (BOXES 21 & 50 THROUGH 55)**

| 50. OFFENSE/CLASS. THIS DATE (IF SAME ENTER QHA) | REV. CODE | 51. METHOD CODE | 52. METHOD ASSIGNED ☒ FIELD ☐ SUMMARY | UNIT NO. 53. STATUS 612 | ☐ 0 IN PROGRESS | ☐ 1 SUSPENDED | ☐ 2 UNFOUNDED |
|---|---|---|---|---|---|---|---|
| DNA | | | | | | | |

STATUS CONT'D.
☐ 2 CLRD. CLOSED ☐ 4 CLRD. OPEN ☐ 5 EXC. CLRD. CLOSED ☐ 6 EXC. CLRD. OPEN ☐ 7 CLSD. NON-CRIM.

| 54. IF CASE CLEARED, HOW CLEARED | | | | | |
|---|---|---|---|---|---|
| ☐ 1 ARREST & PROSEC. | ☐ 2 DIRECTED TO JUV. CAT. | ☐ 3 COMPL. REFUSED. TO PROSECUTE | ☐ 4 COMMUNITY ADJUSTMENT | ☐ 5 OTHER EXCEPT. | ☐ ADULT ☐ JUV |

55. ☐ FOR SUMMARY CASES ONLY – THE ORIGINAL CASE REPORT IS SUBSTANTIALLY CORRECT, AND CONTACT WITH THE VICTIM HAS DISCLOSED NO ADDITIONAL PERTINENT INFORMATION.

**80. NARRATIVE**

PERMANENT RETENTION FILE

This is a Line Up Supplementary Report.

Date, Time, Location of Line Up:  18 May 1985 at 1750 Hrs. at Area 1 V/C

Persons Viewing Line Up:  LANGSTON, Randy M/B

HILLS, Harold M/B

LANGSTON, Eric M/B

Line Up Conducted By:  Detective David O'Callaghan #11321

C/S Pro #5100

C/S's Recommendation #5100

CITY-NF-07810

| 90. EXTRA COPIES REQUIRED (NO. & RECIPIENT) | 91. DATE THIS REPORT SUBMITTED – DAY MO. YR. | TIME | 92. SUPERVISOR APPROVING (PRINT NAME) | STAR NO. |
|---|---|---|---|---|
| Normal | | | Sgt. J. Murphy | 1319 |
| 93. REPORTING OFFICER (PRINT NAME) | STAR NO. | 94. REPORTING OFFICER (PRINT NAME) | STAR NO. | SIGNATURE |
| David O'Callaghan 11321 | | | | Murphy |
| SIGNATURE David O'Callaghan | | SIGNATURE | | 95. DATE APPROVED (DAY–MO.–YR.) 21 MAY 85 | TIME 0200 |

Area One Violent Crimes
Detective Division

21 May 1985
RD# F 151 922

Page Two

SUPERVISOR PRESENT:          Sgt. J. Murphy #1389

PERSONS IN LINE UP:

HAWKINS, Earl  M/B  IR#444722
DINKINS, Herbert M/B IR#437950
FERGUSON, Ray M/B IR#319766
GREEN, Charles M/B IR#16315
CARTER, Samuel  M/B IR#None

IDENTIFICATION:               Subject #1 Earl Hawkins identified
by all three parties viewing the
line up.

INVESTIGATION:                Reporting detective  conducted the
above line ups relative to the Homicides
of Smith and Hickmon.

Randy LANGSTON viewed the line up and
positively identified the  subject HAWKINS as one of the offenders who
shot the two victims.

Gerald HOLMES then viewed the line up
and identified the subject HAWKINS. He stated that HAWKINS walked by the
window along with a second offender. They did not have masks as they passed
the window. He then heard shots and then looked again out the window
and saw HAWKINS fleeing the scene.

Eric LANGSTON then viewed the line up and
also identified HAWKINS as one of the men he observed getting into a car
in the lot after the shooting. He stated that the men pulled out masks
off their heads.

Reporting Detective Daniel Cunningham #8820
Also Det. Michael Kehoe
Detective Division

PERMANENT RETENTION FILE

24 MAY ·· 17    2·

CITY OF CHICAGO

RD# F 151 922

CR # 170712
ATTACHMENT 6

Identify and describe all property or possible evidence recovered at the end of the narrative in column form. Show exactly where found, when found, who found it and its description (include Property Inventory numbers). If property taken was scribed for Operation Identification, indicate I.D. number at end of Narrative. Offender's approximate description, if possible, should include name if known, nickname, sex, race code, age, height, weight, color eyes & hair, complexion, scars, marks, etc. If suspect is arrested, give name, sex, race code, age, C.B. or I.R. number, if known, and state "In Custody."

## SUPPLEMENTARY REPORT
### CHICAGO POLICE

All descriptions and statements in this entire report are approximations or summarizations unless indicated otherwise.

4. DATE OF ORIG. OCCURRENCE—TIME
DAY 28 MO. Apr. YR. 85 : 1017

| 1. OFFENSE/CLASSIFICATION LAST PREVIOUS REPORT | 1 UCR OFF. CODE | 2. ADDRESS OF ORIG. INCIDENT/OFFENSE ☐ VERIFIED ☐ CORRECTED | 3. BEAT OF OCCUR. |
|---|---|---|---|
| Homicide/Murder | 0110 | 706 East 39th Street | 214 |

| 5. VICTIM'S NAME AS SHOWN ON CASE REPORT | ☑ CORRECT ☒1 YES ☐2 NO | IF NO, CORRECT ALL VICTIM INFORMATION IN BOXES 20 THROUGH 27. | 6. FIRE RELATED ☒ ☐1 YES ☒2 NO | 7. BEAT/UNIT ASSIGNED |
|---|---|---|---|---|
| Hickmon/Talmon | | | | 612 |

| 8. TYPE OF LOCATION OR PREMISE WHERE INCIDENT/OFFENSE OCCURRED | LOCATION CODE | 9. NO. OF VICTIMS | 10. NO. OF OFFENDERS |
|---|---|---|---|
| CHA Grounds | 123 | Two | Four |

| 11. | 12. OBJECT/WEAPON | 13. FIREARMS FEATURES | 14. POINT/ENTRY | 15. POINT/EXIT | 16. BURGLAR ALARM | 17. SAFE BURGLARY METHOD | 18. IF RESIDENCE WERE OCCUP. |
|---|---|---|---|---|---|---|---|
| ☑ ENT. TO ☐ UPDATE TO | CODE NOS. | CODE NO. | CODE NO. | CODE NO. | CODE NO. | CODE NO. | CODE NO. |

DESCRIBE PROPERTY IN NARRATIVE. T = TAKEN; R = RECOVERED

FILL IN THE FULL AMOUNT OF ONLY THOSE VALUES WHICH EITHER DIFFER FROM OR WERE NOT REPORTED ON THE ORIGINAL CASE REPORT OR THE LAST PREVIOUS SUPPLEMENTARY REPORT.

PROPERTY
☐ VERIFIED DNA
☐ UPDATE TO

| 1 MONEY | 2 JEWELRY | 3 FURS | 4 CLOTHING | 5 OFFICE EQUIPMENT | 6 TV, RADIO, STEREO |
|---|---|---|---|---|---|
| ☐ T $ ☐ R | ☐ T $ ☐ R | ☐ T $ ☐ R | ☐ T $ ☐ R | ☐ T $ ☐ R | ☐ T $ ☐ R |
| 9 HOUSEHOLD GOODS | 0 CONSUM. GOODS | 1.1 FIREARMS | 1 & NARC./DANGEROUS DRUGS | 5 OTHER | 6 NONE |
| ☐ T $ ☐ R | ☐ T $ ☐ R | ☐ T $ ☐ R | ☐ T $ ☐ R | ☐ T $ ☐ R | ☐ T ☐ R |

VICTIMS UPDATE ONLY

| 20. NAME (LAST—FIRST—M.I.) | 21. I-UCR OFFENSE CODE | 22. HOME ADDRESS (NO., DIR., STREET, APT. NO.) | 23. SEX—RACE—AGE CODE | 24. HOME PHONE | 25. BUSINESS PHONE | 26. IN. JURED YES/NO | 27. VICTIM REL. COD |
|---|---|---|---|---|---|---|---|
| 1. | | | | | | | |
| 2. | | | | | | | |
| 3. | | | | | | | |

OFFENDERS UPDATE ONLY

| 28. OFFENDER'S NAME (OR DESCRIBE CLOTHING, ETC.) | 29. HOME ADDRESS | 30. SEX—RACE—AGE CODE | HEIGHT | WEIGHT | EYES | HAIR | COMPL. |
|---|---|---|---|---|---|---|---|
| 1. | | | | | | | |
| 2. | MAY 22 ENT'D | | | | | | |

| 31. C.B. NO. | I.R. NO., Y.O. NO. OR J.D.A. NO. | OFFENDER REL. CODE | C.B. NO. | I.R. NO., Y.O. NO. OR J.D.A. NO. | OFFENDER REL. CODE | 32. NO. ARRESTED | ARREST. UNIT NO. |
|---|---|---|---|---|---|---|---|
| OFF. | | | OFF. 2 | | | | |

| 33. OFF'S. VEHICLE | YEAR | MAKE | BODY STYLE | COLOR | V.I.N. | | | STATE LICENSE NO. | STATE |
|---|---|---|---|---|---|---|---|---|---|
| ☐ Used ☐ Stolen | | | | | | | | | |

| 34. SERIAL NOS. OR IDENTIFICATION NOS. ☑1 DNA ☐2 VERIFIED ☐3 CORRECTED | LIST ALL CORRECTIONS & NEW OR ADDITIONAL NOS. OBTAINED IN NARRATIVE |
|---|---|

FOR USE BY BUREAU OF INVESTIGATIVE SERVICES ONLY (BOXES 21 & 50 THROUGH 55)

| 50. OFFENSE/CLASS. THIS DATE (IF SAME ENTER DNA) | REV. CODE | 51. METHOD CODE | 52. METHOD ASSIGNED | UNIT NO. | 53. STATUS |
|---|---|---|---|---|---|
| DNA | | | ☒1 FIELD ☐3 SUMMARY | 612 | ☒1 PROGRESS ☐1 SUSPENDED ☐2 UNFOUNDED |

STATUS NOT'D.
☐3 CLRD. CLOSED ☐4 CLRD. CLOSED ☐5 EXC. CLRD. CLOSED ☐6 EXC. CLRD. OPEN ☐7 CLSD. NON-CRIM.

| 54. IF CASE CLEARED, HOW CLEARED | | | | | ☐ ADULT ☐ JUV. |
|---|---|---|---|---|---|
| ☐1 ARREST & PROSEC. | ☐2 DIRECTED TO JUV. CRT. | ☐3 COMPL. RFUSD. TO PROSECUTE | ☐4 COMMUNITY ADJUSTMENT | ☐5 OTHER EXCEPT. | |

55. ☐ FOR SUMMARY CASES ONLY — THE ORIGINAL CASE REPORT IS SUBSTANTIALLY CORRECT, AND CONTACT WITH THE VICTIM HAS DISCLOSED NO ADDITIONAL PERTINENT INFORMATION.

80. NARRATIVE

This is a Line Up Supplementary Report .      PERMANENT RETENTION FILE

Date , Time , Location of Line Up :      18 May 1985 At 1750 Hrs. at Area 1 V/C

Persons Viewing Line Up :      Morris , Gerald M/B

Langston , Eric M/B

Line Up Conducted By :      Det. David O"Callaghan #14721

G/S S. Casto      #15489

G/S T. Richardson      #5385

CITY-NF-07812

24 MAY '85 17 : 20

| 90. EXTRA COPIES REQUIRED (NO. & RECIPIENT) | 91. DATE THIS REPORT SUBMITTED | | | TIME | 92. SUPERVISOR APPROVING (PRINT NAME) |
|---|---|---|---|---|---|
| Normal | DAY 21 | MO. May | YR. 1985 | 1900 | Sgt J. Murphy 1385 |
| 93. REPORTING OFFICER (PRINT NAME) | STAR NO. | 94. REPORTING OFFICER (PRINT NAME) | STAR NO. | | SIGNATURE |
| Det. D. O'Callaghan | 14721 | | | | J. Murphy |
| SIGNATURE | | SIGNATURE | | | 95. DATE APPROVED (DAY MO. YR.) TIME |
| David O'Callah | | | | | 2 May 85 1800 |

ATTACHMENT 6

Area One Violent Crimes
Detective Division

21 May 1985
RD# F-151-922

Page Two

SUPERVISOR PRESENT:                    Sgt. J . Murphy #1389

PERSONS IN LINE UP:                    Hayes , Bernard M/B ▆▆▆▆▆  6'1 , 165lbs.
                                       Carter , George M/B ▆▆▆▆  6'2 , 190lbs.
                                       Phagan , Yarnell M/B ▆▆▆  6'3 , 200lbs.
                                       Fox , John  M/B ▆▆▆▆▆  6"3 , 200lbs.
                                       Neal , Fred  M/B ▆▆▆   6'4 , 180lbs.

IDENTIFICATION:                        Subject #2 George Carter identified by all two
                                       parties viewing the line up.

INVESTIGATION:                         Reporting Detective conducted the above line ups
relative to the Homicides of Smith and Hickmon.

                                       Gerald Morris viewed the line up and positively
identified the subject Carter George as the passenger front seat of the get away car used
in The above Homicide.

                                       Eric Langston then viewed the line up and also identi
Carter ; orge as the passenger front seat of the get away car used in the Homicide.

                                       Detective David O'Callaghan #14721
                                       Area One Violent Crimes
                                       Detective Division

⬦5⬦

**PERMANENT RETENTION FILE**

R
D
#

F
1
5
1

9
2
2

2H MAY 85 17 :20



CR # 170712

ATTACHMENT 6

Area One Violent Crimes
Detective Division        Page Two       21 May 1985
                                                RD#F-151-922

| | |
|---|---|
| Arresting Officers : | G/S T. Richardson #3385 |
| | G/S S. Casto #15489 |
| | G/S R. Branski #15703 |
| | G/S J. Bauer #15292 |

Additional Personnel Assigned:     Officer Grehan #216 Evanston Police Department
                                     Officer Mulholland #148 Evanston Police Department
                                     Evanston Police Department Located At 1454 Elmwood
                                     Phone Number 866-5056

Date, Time, Location of Arrest:     21 May 1985 At 1300Hrs. At 5101 So. Wenworth

Charges:                          Murder ( Two Counts )

Court Date And Branch:         22 May 1985 At Br. 66-3

Evidence:                        E.I #7972B
                           Line Up Report

Notifications:                 ASA Schroeder of the Felony Review Unit.
                           ASA Cesario of the Felony Review Unit.

PERMANENT RETENTION FILE

Witnesses:                    Morris , Gerald M/B 22Yrs. Eye/Oral
                           Langston , Eric M/B 14Yrs. Eye/Oral

INVESTIGATION:                   Reporting detective along with Gang Specialists
                           Casto and Richardson were ordered by Sgt. Murphy,
Area One Violent Crimes to continue this investigation and attempt to locate other
offenders.

                 Approval for an arrest warrant was obtained by
reporting from ASA Cesario of the Felony Review Unit. This warrant was signed by
Judge Bailey on 21 May 1985.    Warrant #CG10157 for the charge of MURDER was lodged
at the Central Warrant Unit.

                 Detective Brannigan had contacted the Evanston P.D.
and informed them that we were seeking CARTER and that a warrant would be obtained in
the morning. Surveillances were set up and Officers Gresham and Mulholland called and
stated that they had located CARTER. CARTER was brought into the Evanston P.D.

                 CARTER was informed of his constitutional warnings
by Detective O'Callaghan and stated he understood. He was told what he was under arrest
for and denied being involved at this time. He signed a Consent to Search Form for
his residence in Evanston. This location was searched with nothing of evidentiary
value recovered.

                 CARTER was then brought to Area One and again
given his constitutional warnings and informed that he would be standing in Line ups.
He stated that he would waive his rights to a lawyer. During questioning he continued
to deny being involved. As reporting detective was leaving the room, Carter asked
reporting. Can I ask you a question? He then asked, "If I told on the others would
I be able to go home tonight?" Reporting detective then told him that no such promises
could be made and that he was under arrest for two Murders on a warrant signed by
a Judge. He then stated that he would have to think about telling the truth and
that he might just go to jail instead.    21 May 1985 42

                 This is a previously CLEARED/OPEN report and
should remain so with the arrest of the second offender.

| | | |
|---|---|---|
| G/S Casto #15489 | Detective O'Callaghan #14721 | Det. Kobel #4383 |
| G/S Richardson #3385 | Detective Brannigan | Det. Robertson #1373 |
| G/S Bauer #15292 | | |

RD F 151 922    170712    9 ATTACHMENT

Identify and describe all property or possible evidence recovered at the end of the Narrative in column form. Show exactly where found, when found, who found it and its description (include Property Inventory numbers). If property taken was scribed for Operation Identification, indicate I.D. number at end of Narrative. Offender's approximate description, if possible, should include name if known, nickname, sex, race code, age, height, weight, color eyes & hair, complexion, scars, marks, etc. If suspect is arrested, give name, sex, race code, age, C.B. or I.R. number, if known, and state "In Custody."

# SUPPLEMENTARY REPORT
## CHICAGO POLICE

All descriptions and statements in this entire report are approximations or summarizations unless indicated otherwise.

**4. DATE OF ORIG. OCCURRENCE –TIME**
DAY 28 MO. Apr. YR. 1985 1017

| 1. OFFENSE/CLASSIFICATION LAST PREVIOUS REPORT | 2. I.UCR OFF. CODE | 3. ADDRESS OF ORIG. I/ICIDENT/OFFENSE | VERIFIED ☐ CORRECTED | 5. BEAT OF OCCUR. |
|---|---|---|---|---|
| Homicide/Murder | 0110 | 706 East 39th Street | | 214 |

| 5. VICTIM'S NAME AS SHOWN ON CASE REPORT | CORRECT ☐ YES ☐ NO | IF NO, CORRECT ALL VICTIM INFORMATION IN BOXES 20 THROUGH 27. | 6. FIRE RELATED ☐ YES ☐ NO | 7. BEAT/UNIT ASSIGNED |
|---|---|---|---|---|
| Hickmon/Talmon | II | | | 612 |

| 7. TYPE OF LOCATION OR PREMISE WHERE INCIDENT/OFFENSE OCCURRED | LOCATION CODE | 9. NO. OF VICTIMS | 10. NO. OF OFFENDERS |
|---|---|---|---|
| CHA Grounds | 123 | Two | Four |

| 11. TOTAL | 12. OBJECT/WEAPON | 13. FIREARM FEATURES | 14. POINT/ENTRY | 15. POINT/EXIT | 16. BURGLAR ALARM | 17. SAFE BURGLARY METHOD | 18. IF RESIDENCE WHERE WERE OCCUP. |
|---|---|---|---|---|---|---|---|
| UPDATE TO | CODE NOS. | CODE NO. | CODE NO. | CODE NO. | CODE NOS. | CODE NO. | CODE NO. |

DESCRIBE PROPERTY IN NARRATIVE. T = TAKEN; R = RECOVERED

FILL IN THE FULL AMOUNT OF ONLY THOSE VALUES WHICH EITHER DIFFER FROM OR WERE NOT REPORTED ON THE ORIGINAL CASE REPORT OR THE LAST PREVIOUS SUPPLEMENTARY REPORT.

VERIFIED
DNA
UPDATE TO

| 1 MONEY ☐ T $ ☐ R | 2 JEWELRY ☐ T $ ☐ R | 3 FURS ☐ T $ ☐ R | 4 CLOTHING ☐ T $ ☐ R | 5 OFFICE EQUIPMENT ☐ T $ ☐ R | 6 TV, RADIO, STEREO ☐ T $ ☐ R |
|---|---|---|---|---|---|
| 9 HOUSEHOLD GOODS ☐ T $ ☐ R | 9 CONSUM. GOODS ☐ T $ ☐ R | 5 FIREARMS ☐ T $ ☐ R | 8 NARC/DANGEROUS DRUGS ☐ T $ ☐ R | 9 OTHER ☐ T $ ☐ R | 9 NONE ☐ T ☐ R |

### VICTIM UPDATE ONLY

| 20. NAME (LAST–FIRST–M.I.) | 21. I.UCR OFFENSE CODE | 22. HOME ADDRESS (NO., DIR., STREET, APT. NO.) | 23. SEX–RACE–AGE CODE | 24. HOME PHONE | 25. BUSINESS PHONE | 26. IN. JURED | 27. VICTIM REL. COD |
|---|---|---|---|---|---|---|---|
| 1. | | | | | | | |
| 2. | | | | | | | |
| 3. | | | | | | | |

### OFFENDERS UPDATE ONLY

| 28. OFFENDER'S NAME (OR DESCRIBE CLOTHING, ETC.) | 29. HOME ADDRESS | 30. SEX–RACE–AGE CODE | HEIGHT | WEIGHT | EYES | HAIR | COMPL. |
|---|---|---|---|---|---|---|---|
| 1. | MAY 22 ENT'D | | | | | | |
| 2. | | | | | | | |

| 31. C.B. NO. | I.R. NO., Y.O. NO. OR J.D.A. NO. | OFFENDER REL. CODE | C.B. NO. | I.R. NO., Y.O. NO. OR J.D.A. NO. | OFFENDER REL. CODE | 32. NO. ARRESTED | ARREST. UNIT NO. |
|---|---|---|---|---|---|---|---|
| OFF. 7356 617 | | | OFF. 2 | | | 1 | 612 |

| 33. OFF'S VEHICLE | YEAR | MAKE | BODY STYLE | COLOR | V.I.N. | STATE LICENSE NO. | STATE |
|---|---|---|---|---|---|---|---|
| ☐ USED ☐ STOLEN | | | | | | | |

| 34. SERIAL NOS. OR IDENTIFICATION NOS. | ☐ 1 DNA | ☐ 2 VERIFIED | ☐ 3 CORRECTED | LIST ALL CORRECTIONS & NEW OR ADDITIONAL NOS. OBTAINED IN NARRATIVE. |
|---|---|---|---|---|

FOR USE BY BUREAU OF INVESTIGATIVE SERVICES ONLY (BOXES 51 & 50 THROUGH 55)

| 50. OFFENSE/CLASS. THIS DATE (IF SAME ENTER ONE) | REV. CODE | 51. METHOD CODE | 52. METHOD ASSIGNED ☐ FIELD ☐ SUMMARY | UNIT NO. 612 | 53. STATUS |
|---|---|---|---|---|---|
| DNA | | | | | ☐ PROGRESS ☐ 1 SUSPENDED ☐ 2 UNFOUNDED |

STATUS CONT'D.
☐ 3 CLO. CLOSED ☒ 4 CLRD. OPEN ☐ 5 EXC. CLRD. CLOSED ☐ 6 EXC. CLRD. OPEN ☐ 7 CLSD. NON-CRIM.

54. IF CASE CLEARED, HOW CLEARED
☐ 1 ARREST & PROSEC. ☐ 2 REFUSED TO JUV. CRT. ☐ 3 COMPL. REFUS. TO PROSECUTE ☐ 4 COMMUNITY ADJUSTMENT ☐ 5 OTHER EXCEPT.
☐ ADULT ☐ JUV.

55. FOR SUMMARY CASES ONLY – THE ORIGINAL CASE REPORT IS SUBSTANTIALLY CORRECT, AND CONTACT WITH THE VICTIM HAS DISCLOSED NO ADDITIONAL PERTINENT INFORMATION.

**60. NARRATIVE**

This is a Cleared/Open Report :

**PERMANENT RETENTION FILE**

In Custody : Carter , George M/B 36 Years of age ,

resides at 2022 Lee Street Evanston IR#392388

Arresting Officers : Sgt. Murphy #1389

Det. D. O'Callaghan #14721

Det. R. Kobel #6383

Det. J. Robertson #13732

Det. D. Brannigan #12

CITY-NF-07815

| 90. EXTRA COPIES REQUIRED (NO. & RECIPIENT) | 91. DATE THIS REPORT SUBMITTED – DAY MO. YR. | TIME | 92. SUPERVISOR APPROVING (PRINT NAME) | STAR NO. |
|---|---|---|---|---|
| Normal | 21 May 1985 | | Sgt J McElroy 1389 | |
| 93. REPORTING OFFICER (PRINT NAME) | STAR NO. | 94. REPORTING OFFICER (PRINT NAME) | STAR NO. | SIGNATURE |
| Det. D. O'Callaghan | 14721 | | | |
| SIGNATURE David O'Callaghan | | SIGNATURE | 95. DATE APPROVED (DAY MO. YR.) 21 May 85 | TIME 1800 |

CR170112 · ATTACHMENT 16

Identify and describe all property or possible evidence recovered at the end of the Narrative in column form. Show exactly where found, when found, who found it and its description (include Property (inventory numbers). If property taken was scribed for Operation Identification, indicate I.D. number at end of Narrative. Offender's approximate description, if possible, should include name if known, nickname, sex, race code, age, height, weight, color eyes & hair, complexion, scars, marks, etc. If suspect is arrested, give name, sex, race code, age, C.B. or I.R. number, if known, and state "In Custody."

## SUPPLEMENTARY REPORT
CHICAGO POLICE

All descriptions and statements in this entire report are approximations or summarizations unless indicated otherwise.

**4. DATE OF ORIG. OCCURRENCE—TIME** | 28 | Apr 84 | 1017

| 1. OFFENSE/CLASSIFICATION LAST PREVIOUS REPORT | 1 UCR OFF. CODE | 2. ADDRESS OF ORIG. INCIDENT/OFFENSE | 3 I VERIFIED | CORRECTED | 3. BEAT OF OCCUR. |
|---|---|---|---|---|---|
| Homicide/Murder | 0110 | 706 East 39th St | | | 214 |

| 5. VICTIM'S NAME AS SHOWN ON CASE REPORT | CORRECT | IF NO, CORRECT ALL VICTIM INFOR-MATION IN BOXES 20 THROUGH 27. | 6. FIRE RELATED | 7. BEAT/UNIT ASSIGNED |
|---|---|---|---|---|
| HICKMAN/TALMAN | X YES NO | | YES X NO | 5121 |

| 8. TYPE OF LOCATION OR PREMISE WHERE INCIDENT/OFFENSE OCCURRED | LOCATION CODE | 9. NO. OF VICTIMS | 10. NO. OF OFFENDERS |
|---|---|---|---|
| CHA  Grounds | 123 | Two | Four |

| | 11. OVERI-FIED | 12. OBJECT/WEAPON | 13. FIREARM FEATURES | 14. POINT/ENTRY | 15. POINT/EXIT | 16. BURGLAR ALARM | 17. SAFE BURGLARY METHOD | 18. IF RESIDENCE WHERE WERE OCCUP. |
|---|---|---|---|---|---|---|---|---|
| | UPDATE TO | CODE NO. | CODE NO. | CODE NO. | CODE NO. | CODE NO. | CODE NO. | |

19. DESCRIBE PROPERTY IN NARRATIVE T = TAKEN;  R = RECOVERED | FILL IN THE FULL AMOUNT OF ONLY THOSE VALUES WHICH EITHER DIFFER FROM OR WERE NOT REPORTED ON THE ORIGINAL CASE REPORT OR THE LAST PREVIOUS SUPPLEMENTARY REPORT.

| VERIFIED DNA | 1 MONEY | 2 JEWELRY | 3 FURS | 4 CLOTHING | 5 OFFICE EQUIPMENT | 8 TV, RADIO, STEREO |
|---|---|---|---|---|---|---|
| | T $ / R | T $ / R | T $ / R | T $ / R | T $ / R | T $ / R |
| UPDATE TO | 5 HOUSEHOLD GOODS | 6 CONSUM. GOODS | 7 FIREARMS | 8 NARC/DANGEROUS DRUGS | 9 OTHER | 8 NONE |
| | T $ / R | T $ / R | T $ / R | T $ / R | T $ / R | T $ / R |

| VICTIMS UPDATE ONLY | 20. NAME (LAST—FIRST—M.I.) | 21.1-UCR OFFENSE CODE | 22. HOME ADDRESS (NO., DIR., STREET, APT. NO.) | 23. SEX—RACE—AGE CODE | 24. HOME PHONE | 25. BUSINESS PHONE | 26. IN-JURED NO. | 27. VICTIM REL. CODE |
|---|---|---|---|---|---|---|---|---|
| 1. | | | | | | | | |
| 2. | | | | | | | | |
| 3. | | | | | | | | |

| OFFENDERS UPDATE ONLY | 28. OFFENDER'S NAME (OR DESCRIBE CLOTHING, ETC.) | 29. HOME ADDRESS | 30. SEX—RACE—AGE HEIGHT | WEIGHT | EYES | | COMPL. |
|---|---|---|---|---|---|---|---|
| 1. | | | | | CITY-NF-07816 | | |
| 2. | | | | | | | |

| | 31. C.B. NO. | I.R. NO., Y.D. NO. OR I.D.A. NO. | OFFENDER REL. CODE | C.B. NO. | I.R. NO., Y.D. NO. OR I.D.A. NO. | OF REL. CODE | | ARREST. UNIT NO. |
|---|---|---|---|---|---|---|---|---|
| OFF. See Narr. | | | | OFF. | | | 1 | 003 |

**PERMANENT RETENTION FILE**

| 33. OFF'S. VEHICLE  YEAR  MAKE | BODY STYLE | COLOR | | STATE LICENSE NO. | STATE |
|---|---|---|---|---|---|
| USED  STOLEN | | | | | |

| 34. SERIAL NOS. OR IDENTIFICATION NOS. | X DNA | 2 VERIFIED | 2 CORRECTED | LIST ALL CORRECTIONS & NEW OR ADDITIONAL NOS. OBTAINED IN NARRATIVE |
|---|---|---|---|---|

FOR USE BY BUREAU OF INVESTIGATIVE SERVICES ONLY (BOXES 21 & 50 THROUGH 55)

| 50. OFFENSE/CLASS. (THIS DATE ENTER DNA) | REV. CODE | 51. METHOD CODE | 52. METHOD ASSIGNED | UNIT NO. | 53. STATUS |
|---|---|---|---|---|---|
| DNA | | | X 1 FIELD  3 SUMMARY | 612 | X 2 PROGRESS  1 SUSPENDED  2 UNFOUNDED |

| STATUS CONT'D | 54. IF CASE CLEARED, HOW CLEARED | | | | |
|---|---|---|---|---|---|
| 3 CLRD. CLOSED | X 4 CLRD. OPEN | 5 EXC. CLRD. CLOSED | 6 EXC. CLRD. OPEN | 7 CLSD. NON-CRIM. | X 1 ARREST & PROSEC. 2 DIRECTED TO JUV. CAT. 3 COMPL. NFUSD. TO PROSECUTE 4 COMMUNITY ADJUSTMENT 5 OTHER EXCEPT. X ADULT  JUV. |

55. FOR SUMMARY CASES ONLY – THE ORIGINAL CASE REPORT IS SUBSTANTIALLY CORRECT, AND CONTACT WITH THE VICTIM HAS DISCLOSED NO ADDITIONAL PERTINENT INFORMATION.

**80. NARRATIVE**

THIS IS AN ADDITIONAL INFORMATION SUPPLEMENTARY TO A PREVIOUSLY

CLEARED/OPEN CASE CONCERNING THE ARREST OF A THIRD OFFENDER.

IN CUSTODY:            FIELDS, Nathson M/B 32 years of age,
                       ████████ resides at 6414
                       S. Kenwood.  CB#372 662  IR#319 791.

ARRESTING  OFFICERS:    Off. E. Tomasik #16504    3rd District
                        Off. M Koolstrea  #12618

CHARGES:                Two Counts of MURDER.  JUL 05 ENT'D

COURT DATE AND BRANCH:  17 June 1985 at Br. 66 3.

| 90. EXTRA COPIES REQUIRED (NO. & RECIPIENT) | 91. DATE THIS REPORT SUBMITTED | | TIME | 92. SUPERVISOR APPROVING (PRINT NAME) | STAR NO. |
|---|---|---|---|---|---|
| Normal | 17 | June 1985 | | Sgt. J. MURPHY | 1389 |

| 93. REPORTING OFFICER (PRINT NAME) | STAR NO. | 94. REPORTING OFFICER (PRINT NAME) | STAR NO. | SIGNATURE |
|---|---|---|---|---|
| Det. O'Callaghan | 14721 | Det. R. Kobel | 4383 | |
| | | Det. J. Robertson | 13732 | |

| SIGNATURE | 95. DATE APPROVED (DAY—MO.—YR.) | TIME |
|---|---|---|
| D. O'Callaghan | 18 June 85 | 1500 |

Area One Violent Crimes  17 June 1985
Detective Division  RD# F 151 922
                          Page Two

EVIDENCE:                      Line Up Photographs

NOTIFICATIONS:                 ASA Hines of the Felony Review Unit.

WITNESSES:                     LANGSTON, Randy  M/B

                               LANGSTON, Eric  M/B

                               MORRIS, Gerald  M/B

**PERMANENT RETENTION FILE**

INVESTIGATION:                 Reporting detectives in continuing
                               this investigation were informed that
the wanted subject, Nathson FIELDS, had been stopped for a traffic
violation and was presently in the 3rd District lock up. Fields was
signed out and brought to Area One for line ups and interview.

                               FIELDS was read his constitutional
rights and he stated that he understood each of them. He was also
informed that he would be standing in several line up during the course
of the day. He waived his rights. FIELDS was then questioned in regard
to the HICKMAN/SMITH Double Homicide. He denied being involved in the
Murders. FIELDS went on to say that he is presently a member of the
El Rukns and that he holds the title of Ambassador. He states that his
main duties are to keep records and pay bills as far as the utilities in
the buildings owned by the "Nation." At present he states that he is
negotiating with some of the utility company in regard to non payment of
bills. FIELDS was then told that we were concerned with his other duties
such as criminal activities, specifically the shooting of these victims.
FIELDS responded that he was not "about all that." He stated that this
type of thing was left up to the higher ups such as the "Generals" in
the organization. FIELDS stated that he was not allowed to hear the
planning of killings or major narcotics transactions as the Generals
planned all these things during secret meetings. FIELDS stated that
HAWKINS is a General and that he normally "rode" with SUMMERS when
doing anything. He went on to say that George CARTER also is a General
and that he "rides" with Henry ANDREWS. FIELDS stated that he remembers
the shooting of "Fuddy" but that he did not participate. He was asked
about the motive and stated that he did not know for sure but that two
members of the El Rukn had been shot by members of the "Goon Squad" of
the Disciples. He stated that "Fuddy" was a known member of the Disciples.
FIELDS stated that he was a member of the original "Blackstone Rangers"
in the sixties and that now he is an El Rukn and trying to work his way
up through the organization. He stated that he was also aware of a group
within the organization known as the "Guerillas". He states that these
people handle the "specialized" or "heavy" assignments such as importants
"hits" or major narcotic transactions. FIELDS was again confronted with
the fact that he was alleged to be involved with some killings but he
stated that he is not involved and is attempting to rise through the
organization by showing his loyalty and commitment to the group.

F
1
5
1
9
2
2

44 80  S861 Nf 4-

Continued on Page Three

CR # 170712

ATTACHMENT 6

Area One Violent Crimes          17 June 1985
Detective Division               RD# F 151 922

Page Three

INVESTIGATION:            FIELDS then stood in line ups and was positively identified by Randy LANGSTON as one of the shooters. Eric LANGSTON then viewed the line up and identified FIELDS as one of the men he saw running to the car after the shots were fired. Gerald MORRIS then came to Area One and viewed the line up. He also identified FIELDS positively. When asked what FIELDS did during the incident he stated that he was one of the shooters.

           ASA Hines of the Felony Review Unit responded to Area One and also spoke with FIELDS and after reviewing all the facts of this case recommended that FIELDS be charged with two counts of MURDER.

           Due to the fact that the third offender is now in custody and charged and one more offender is still being sought, reporting detectives request that this case remain classified as CLEARED/OPEN.

G/S Casto #15489           Det. O'Callaghan #14721
G/S Richardson #3385        Det. Robertson #13732
G/S Brannigan # 4638         Det. Kobel #4383
G/S Kolovitz # 12408

꿔 80    5B끼 끼끄 ㄴ-


CITY-NF-07818

CR # 170712
ATTACHMENT 6

Identify and describe all property or possible evidence recovered at the end of the Narrative in column form. Show exactly where found, when found, who found it and its description (include Property Inventory numbers). Property taken or scribed for Operation Identification, indicate I.D. number at end of Narrative. Offender's approximate description, if possible, should include name if known, nickname, sex, race code, age, height, weight, color eyes & hair, complexion, scars, marks, etc. If suspect is arrested, give name, sex, race code, age, C.B. or I.R. number, if known, and state "In Custody."

# SUPPLEMENTARY REPORT
### CHICAGO POLICE

All descriptions and statements in this entire report are approximations or summarizations unless indicated otherwise.

4. DATE OF ORIG. OCCURRENCE—TIME
DAY 28 MO. Apr. YR. 84 TIME 1017

| 1. OFFENSE/CLASSIFICATION LAST PREVIOUS REPORT | 1 UCR OFF. CODE | 2. ADDRESS OF ORIG. INCIDENT/OFFENSE ☒ VERIFIED ☐2 CORRECTED | 3. BEAT OF OCCUR. |
|---|---|---|---|
| HOMICIDE/MURDER | 0110 | 706 East 39th street | 214 |

| 5. VICTIM'S NAME AS SHOWN ON CASE REPORT | | 6. FIRE RELATED | 7. BEAT/UNIT ASSIGNED |
|---|---|---|---|
| Hickmon/Talmon | CORRECT ☐1 YES ☒ NO / IF NO, CORRECT ALL VICTIM INFORMATION IN BOXES 20 THROUGH 27. | ☐1 YES ☒ NO | 612 |

| 8. TYPE OF LOCATION OR PREMISE WHERE INCIDENT/OFFENSE OCCURRED | LOCATION CODE | 9. NO. OF VICTIMS | 10. NO. OF OFFENDERS |
|---|---|---|---|
| CHA Grounds | 123 | two | Four |

19.
| 11. ☐VERIFIED ☐UPDATE TO | 12. OBJECT/WEAPON CODE NOS. | 13. FIREARM FEATURES CODE NO. | 14. POINT/ENTRY CODE NO. | 15. POINT/EXIT CODE NO. | 16. BURGLAR ALARM | 17. SAFE BURGLARY METHOD CODE NO. | 18. IF RESIDENCE WHERE/WERE OCCUP. CODE NO. |
|---|---|---|---|---|---|---|---|

DESCRIBE PROPERTY IN NARRATIVE, T = TAKEN;   R = RECOVERED

FILL IN THE FULL AMOUNT OF ONLY THOSE VALUES WHICH EITHER DIFFER FROM OR WERE NOT REPORTED ON THE ORIGINAL CASE REPORT OR THE LAST PREVIOUS SUPPLEMENTARY REPORT.

| PROPERTY | ☐ VERIFIED DNA ☐ UPDATE TO | 1 MONEY ☐T $ ☐R | 2 JEWELRY ☐T $ ☐R | 3 FURS ☐T $ ☐R | 4 CLOTHING ☐T $ ☐R | 7 OFFICE EQUIPMENT ☐T $ ☐R | 8 TV, RADIO, STEREO ☐T $ ☐R |
|---|---|---|---|---|---|---|---|
| | | 9 HOUSEHOLD GOODS ☐T $ ☐R | 10 CONSUM. GOODS ☐T $ ☐R | 11 FIREARMS ☐T $ ☐R | 14 NARC./DANGEROUS DRUGS ☐T $ ☐R | 15 OTHER ☐T $ ☐R | 6 NONE ☐T ☐R |

VICTIMS UPDATE ONLY

| | 20. NAME (LAST—FIRST—M.I.) | 21. UCR OFFENSE CODE | 22. HOME ADDRESS (NO., DIR., STREET, APT. NO.) | 23. SEX–RACE–AGE CODE | 24. HOME PHONE | 25. BUSINESS PHONE | 26. INJURED YES NO | 27. VICTIM REL. CODE |
|---|---|---|---|---|---|---|---|---|
| 1. | | | | | | | | |
| 2. | | | | | | | | |
| 3. | | | | | | | | |

OFFENDERS UPDATE ONLY

| | 28. OFFENDER'S NAME (OR DESCRIBE CLOTHING, ETC.) | 29. HOME ADDRESS | 30. SEX–RACE–AGE CODE | HEIGHT | WEIGHT | EYES | HAIR | COMPL. |
|---|---|---|---|---|---|---|---|---|
| 1. | | | | | | | | |
| 2. | | | | | | | | |

| | 31. C.B. NO. | I.R. NO., Y.D. NO. OR J.D.A. NO. | OFFENDER REL. CODE | C.B. NO. | I.R. NO., Y.D. NO. OR J.D.A. NO. | OFFENDER REL. CODE | 32. NO. ARRESTED | ARREST. UNIT NO. |
|---|---|---|---|---|---|---|---|---|
| OFF. | | | | OFF. | | | | |

| 33. OFF'S. VEHICLE | YEAR | MAKE | BODY STYLE | COLOR | V.I.N. | STATE LICENSE NO. | STATE |
|---|---|---|---|---|---|---|---|
| ☐USED ☐STOLEN | | | | | PERMANENT RETENTION FILE | | |

| 34. SERIAL NOS. OR IDENTIFICATION NOS. | ☐1 DNA | ☐2 VERIFIED | ☐3 CORRECTED | LIST ALL CORRECTIONS & NEW OR ADDITIONAL NOS. OBTAINED IN NARRATIVE |
|---|---|---|---|---|

FOR USE BY BUREAU OF INVESTIGATIVE SERVICES ONLY (BOXES 21 & 50 THROUGH 55)

| 50. OFFENSE/CLASS. THIS DATE (IF SAME ENTER DNA) | REV. CODE | 51. METHOD CODE | 52. METHOD ASSIGNED | 53. STATUS | | |
|---|---|---|---|---|---|---|
| DNA | | ☒ FIELD ☐ SUMMARY | 612 | ☒ PROGRESS | ☐1 SUSPENDED | ☐2 UNFOUNDED |

| STATUS CONT'D | 54. IF CASE CLEARED, HOW CLEARED | | | |
|---|---|---|---|---|
| ☐3 CLRD. CLOSED ☒4 CLRD. OPEN | 5 EXC. CLRD. CLOSED / 6 EXC. CLRD. OPEN | 7 CLSD. NON-CRIM. | ☐1 ARREST & PROSEC. ☐2 DIRECTED TO JUV. CRT. ☐3 COMPL. RFUSD. TO PROSECUTE ☐4 COMMU. ADA | ☐ JUV. |

55. ☐ FOR SUMMARY CASES ONLY – THE ORIGINAL CASE REPORT IS SUBSTANTIALLY CORRECT, AND CONTACT WITH THE VICTIM HAS DISCLOSED NO A...    CITY-NF-07819

80. NARRATIVE

This is a Line-Up supplementary report:

Date, Time, And Location of Line-Up:    14 June 85 at 1630 hrs Area 1 V/C

Persons viewing line-up:    LANGSTON, Randy M/B

MORRIS, GERALD M/B

LANGSTON, Eric M/B

Line-up conducted by:    Det. O'Callaghan #14721

G/S Casto #15489    JUL 05 ENT'D

G/S Richardson #3385

| 90. EXTRA COPIES REQUIRED (NO. & RECIPIENT) | 91. DATE THIS REPORT SUBMITTED | TIME | 92. SUPERVISOR APPROVING (PRINT NAME) | STAR NO. |
|---|---|---|---|---|
| Normal | DAY 17 MO. June YR. 85 | | Sgt. Murphy | 1389 |

| 93. REPORTING OFFICER (PRINT NAME) | STAR NO. | 94. REPORTING OFFICER (PRINT NAME) | STAR NO. | SIGNATURE |
|---|---|---|---|---|
| D. O'Callaghan | 14721 | | | J. Murphy |
| SIGNATURE  D. O'Callaghan | | SIGNATURE | 96. DATE APPROVED (DAY, MO, YR.) 18 June 85 | TIME 1510 |

Area One Violent Crimes
Detective Division

17 June 1985
RD# F151922

Page Two

SUPERVISOR PRESENT:            Sgt. J. Murphy #1389

PERSONS IN LINE UP:            FIELDS, Nathson  M/B      CB7372662
                               MALONE, Walter N/B       CB7372878
                               PAGE, Robert  M/B        CB#7373261
                               JOHNSON, Robert  M/B     CB#7373256
                               JOHNSON, James  M/B      CB#7373257

IDENTIFICATION:                Subject #1 Nathson Fields identified
                               by all three subjects viewing the
                               line-up.

INVESTIGATION:                 Reporting Detective conducted the above
                               line-ups relative to the Homicide of
                               Smith and Hickmon.

                               Randy Langston viewed the line up and
positively identified the subject Nathson Fields as one of the subjects
who shot the victims.

                               Eric Langston viewed the line up and
positively identified the subject Nathson Fields as one of the subjects
who shot the victims.

                               Gerald Mooris viewed the line up approx.
one hour later and positively identified the subject Nathson Fields as one
of the subjects who shot the victims.

                               Detective David O'Callaghan #14721
                               Area One Violent Crimes
                               Detective Division

# PERMANENT RETENTION FILE


CITY-NF-07810

RD # 151 922

CR # 170712

ATTACHMENT 6

**COURT ATTENDANCE REPORT**/CHICAGO POLICE

☐ INITIAL ☒ CONTINUANCE ☐ FINAL ☐ INQUEST

DATE OF THIS REPORT: **24 June 86**

INDICTMENT NO.

| UNIT FILE NO. | C.B. NO. | I.R. NO. | NO. OF DEFENDANTS |
|---|---|---|---|
| **84-14** | **7354726** | **444722** | **Two** |

| DATE OF ARREST | DATE OF COURT APPEARANCE | NO. OF CONTINUANCES TO DATE | DIST. OF DETENTION |
|---|---|---|---|
| **18 May 85** | **24 June 86** | **Unk** | **CCJ** |

DEFENDANT (IF MORE THAN ONE, LIST IN REMARKS): **HAWKINS, Earl**

SEX: **M** RACE: **B** D.O.B.: **15Aug55** ADDRESS: **6416 S. Kenwood** PHONE NO.

COMPLAINANT: **HICKMAN & SMITH (Both Deceased)** ADDRESS:

DEFENDANT CHARGED OR CHARGE CHANGED TO: **Murder 2 cts.** BY WHOM:

DIST. OF BOOKING: **002** DEFENDANT'S PLEA: **Not Guilty**

HELD TO GRAND JURY: ☐ YES ☐ NO | AMOUNT OF BOND: $ | RELEASED ON BOND: ☐ YES ☐ NO

CONTINUED TO DATE: **25 June 86** | AMOUNT OF BOND: $ **none** | RELEASED ON BOND: ☐ YES ☒ NO

REASON FOR CONTINUANCE: **On going bench trial.**

| TRIAL IN COURT BRANCH NO. | JUDGE PRESIDING | PROSECUTING ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|---|
| **Criminal Court** | **Maloney** | **ASA Reukert** | **Swenno** |

COMPLAINANT APPEARED & TESTIFIED (IF NO, GIVE REASON): ☐ YES ☒ NO **Deceased.**

WITNESSES THAT APPEARED

WITNESSES THAT FAILED TO APPEAR

POLICE OFFICER (S) IN COURT (GIVE NAME, STAR NO., AND UNIT OF ASSIGNMENT).

DETECTIVE(S) IN COURT (GIVE NAME, STAR NO., UNIT & AREA): **Dets. R. Evans # 12754 & J. Bogdalek # 14674 of Area One Violent Crime.**

DISPOSITION OF CASE (LIST ADDITIONAL DEFENDANT DISPOSITIONS IN REMARKS):

DECISION OF: ☐ JUDGE ☐ JURY

REMARKS (IF DISCHARGED OR DWP - GIVE REASON):

**Additional defendant FIELDS, Nathson M/B** ▓▓▓▓▓▓▓▓▓▓

**CB # 7372662    IR # 319791    Charge, 2 cts Murder**

**Both appearing detectives assigned to 3rd watch, Det. Bogdalek RDO.**

**Above information entered in Court Book on Page 124 line 8.**

| PROPERTY INVENTORY NO.(S) | | NO. OF HOURS IN COURT THIS APPEARANCE? **16** |
|---|---|---|
| | OBTAINED PROPERTY DISPOSITION COURT ORDER? | ☐ YES ☐ NO |
| DISPOSITION OF PROPERTY | DISPOSED OF ALL PROPERTY IN THIS ARREST? | ☐ YES ☐ NO |

REPORTING OFFICER: *Robert Evans* | STAR NO.: **12754** | UNIT: **612** | AREA: **1 V/C** | SUPERVISOR APPROVING: *Sgt. Telmargi* | STAR NO.: **1459**

PD-11.555 (REV. 9/82)

CR # 17267 15124 ATTACHMENT 6

**COURT ATTENDANCE REPORT/CHICAGO POLICE**

☐ INITIAL ☒ CONTINUANCE    DATE OF THIS REPORT
20 Jun 86

☐ FINAL ☐ INQUEST    INDICTMENT NO.

| UNIT FILE NO. | C.D. NO. | I.R. NO. | NO. OF DEFENDANTS |
|---|---|---|---|
| 84-44 | 7354 726 | 444 722 | 4 |

| DATE OF ARREST | DATE OF COURT APPEARANCE | NO. OF CONTINUANCES TO DATE | DIST. OF DETENTION |
|---|---|---|---|
| 18 May 85 | 20 Jun 86 | Unknown | CCJ |

DEFENDANT (IF MORE THAN ONE, LIST IN REMARKS)    SEX | RACE | D.O.B. | ADDRESS
HAWKINS, Earl    M | B | 15Aug55 | 6416 S Kenwood

COMPLAINANT    ADDRESS    PHONE NO.
Hickman & Smith (deceased)

| DEFENDANT CHARGED | CHARGE CHANGED TO | BY WHOM | DIST. OF BOOKING | DEFENDANT'S PLEA |
|---|---|---|---|---|
| Murder | Dna | | 002 | N/G |

HELD TO GRAND JURY ☐ YES ☐ NO    AMOUNT OF BOND $    RELEASED ON BOND ☐ YES ☐ NO

CONTINUED TO DATE 23 Jun 86    AMOUNT OF BOND $    RELEASED ON BOND ☐ YES ☐ NO

REASON FOR CONTINUANCE
On going Murder (Bench) Trial

| TRIAL IN COURT BRANCH NO. | JUDGE PRESIDING | PROSECUTING ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|---|
| Crm Crt | Maloney | ASA Reukert | Swanno |

COMPLAINANT APPEARED & TESTIFIED (IF NO, GIVE REASON)
☐ YES ☒ NO Deceased

WITNESSES THAT APPEARED

WITNESSES THAT FAILED TO APPEAR

POLICE OFFICER (S) IN COURT (GIVE NAME, STAR NO., AND UNIT OF ASSIGNMENT).

DETECTIVE(S) IN COURT (GIVE NAME, STAR NO., UNIT & AREA)
Det's Joe Bogdalek #14674 A/1 VC & Det Steve Hood #11885 A/1 VC

DISPOSITION OF CASE (LIST ADDITIONAL DEFENDANT DISPOSITIONS IN REMARKS)    DECISION OF
On going trial continued to 23 Jun 86    ☒ JUDGE ☐ JURY

REMARKS (IF DISCHARGED OR DWP - GIVE REASON)
On going Bench Trial before Judge Maloney. Case continued until 23 Jun 86.

Court Book Page# 122

Line# 5

PERMANENT RETENTION FILE

Hrs. in court: 0900/1630 hrs.

CITY-NF-07822

E 151 922

| PROPERTY INVENTORY NO.(S) | NO. OF HOURS IN COURT THIS APPEARANCE? |
|---|---|
| Dna | 15 total |

OBTAINED PROPERTY DISPOSITION COURT ORDER?
☐ YES ☐ NO

DISPOSITION OF PROPERTY
Dna

DISPOSED OF ALL PROPERTY IN ARREST?
☐ YES ☐ NO    CR# 170712

| REPORTING OFFICER | STAR NO. | UNIT | AREA | SUPERVISOR APPROVING | STAR NO. |
|---|---|---|---|---|---|
| *[signature]* Joe Bogdalek | 14674 | 612 | 1 | *[signature]* | 7489 |

CPD-11.555 (REV. 9/82)

**ATTENDANCE REPORT/CHICAGO POLICE**

| | | |
|---|---|---|
| ☐ INITIAL | ☐ CONTINUANCE | DATE OF THIS REPORT 19 June 1986 |
| ☐ FINAL | ☐ INQUEST | INDICTMENT NO. |

| UNIT FILE NO. 84-44-45 | C.B. NO. 7372-662 | I.R. NO. 319791 | NO. OF DEFENDANTS 2 |
|---|---|---|---|

| DATE OF ARREST 17 June 1985 | DATE OF COURT APPEARANCE 19 June 1986 | NO. OF CONTINUANCES TO DATE | DIST. OF DETENTION 002 |
|---|---|---|---|

| DEFENDANT (IF MORE THAN ONE, LIST IN REMARKS) FIELDS, Nathson | SEX M | RACE B | D.O.B. | ADDRESS |
|---|---|---|---|---|

| COMPLAINANT JEROME Smith | ADDRESS 706 East 39th Street | PHONE NO. DNA |
|---|---|---|

| DEFENDANT CHARGED Murder (2Cts) | CHARGE CHANGED TO DNA | BY WHOM DNA | DIST. OF BOOKING DNA | DEFENDANT'S PLEA DNA |
|---|---|---|---|---|

| HELD TO GRAND JURY ☐ YES ☐ NO DNA | AMOUNT OF BOND $ | RELEASED ON BOND ☐ YES ☐ NO |
|---|---|---|

| CONTINUED TO DATE Trial In progress | AMOUNT OF BOND $ No Bail | RELEASED ON BOND ☐ YES ☒ NO |
|---|---|---|

REASON FOR CONTINUANCE
Trial in progress

| TRIAL IN COURT BRANCH NO. Criminal Court | JUDGE PRESIDING Maloney | PROSECUTING ATTORNEY Wharry | DEFENDANT'S ATTORNEY |
|---|---|---|---|

COMPLAINANT APPEARED & TESTIFIED ( IF NO, GIVE REASON)
☐ YES ☒ NO Deceased

WITNESSES THAT APPEARED
DNA

WITNESSES THAT FAILED TO APPEAR
DNA

POLICE OFFICER (S) IN COURT (GIVE NAME, STAR NO., AND UNIT OF ASSIGNMENT).
DNA

DETECTIVE(S) IN COURT (GIVE NAME, STAR NO., UNIT & AREA)
John Markham # 2913, 612

DISPOSITION OF CASE (LIST ADDITIONAL DEFENDANT DISPOSITIONS IN REMARKS)
Trial in progress continued to 20 June 1986.

DECISION OF ☒ JUDGE ☐ JURY

REMARKS (IF DISCHARGED OR DWP - GIVE REASON)
R/D working the 3rd watch in day off group (5).

IN Court ; 0900 to 1030 hours (1.5) hours

| | |
|---|---|
| | NO. OF HOURS IN COURT THIS APPEARANCE? 1.5 hours |
| PROPERTY INVENTORY NO.(S) | DETAINED PROPERTY DISPOSITION COURT ORDER? ☐ YES ☐ NO |
| DISPOSITION OF PROPERTY | DISPOSED OF PROPERTY IN THIS APPEAR? ☐ YES ☐ NO |

| REPORTING OFFICER John Markham | STAR NO. 2913 | UNIT 612 | AREA 1 | SUPERVISOR APPROVING 1459 |
|---|---|---|---|---|

CPD-11.555 (REV. 9/82)

R.D. NO. F-151 922

**COURT ATTENDANCE REPORT/CHICAGO POLICE**  ☐ INITIAL  ☒ CONTINUANCE

☐ FINAL  ☐ INQUEST

DATE OF THIS REPORT: 13 Apr 86

INDICTMENT NO.

| UNIT FILE NO. 84-44 | C.B. NO. 7354 726 | I.R. NO. 444 722 | NO. OF DEFENDANTS 4 |
|---|---|---|---|

| DATE OF ARREST 18 May 85 | DATE OF COURT APPEARANCE 8 Apr 86 | NO. OF CONTINUANCES TO DATE Unk | DIST. OF DETENTION CCJ |
|---|---|---|---|

| DEFENDANT (IF MORE THAN ONE, LIST IN REMARKS) HAWKINS, Earl | SEX M | RACE B | ADDRESS 6416 S. Kenwood |
|---|---|---|---|

| COMPLAINANT HICKMAN & TALMAN (Deceased) | ADDRESS | PHONE NO. |
|---|---|---|

| DEFENDANT CHARGED Murder | CHARGE CHANGED TO Dna | BY WHOM | | DIST. OF BOOKING 002 | DEFENDANT'S PLEA N/G |
|---|---|---|---|---|---|

| HELD TO GRAND JURY ☒ YES ☐ NO | AMOUNT OF BOND $150,000.00 | RELEASED ON BOND ☐ YES ☒ NO |
|---|---|---|

| CONTINUED TO DATE To be notified. | AMOUNT OF BOND $ | RELEASED ON BOND ☐ YES ☐ NO |
|---|---|---|

REASON FOR CONTINUANCE

Set for jury trial

| TRIAL IN COURT BRANCH NO. 26th and Cal. | JUDGE PRESIDING MALONY | PROSECUTING ATTORNEY KReUKERT | DEFENDANT'S ATTORNEY SWANO |
|---|---|---|---|

COMPLAINANT APPEARED & TESTIFIED ( IF NO, GIVE REASON)
☐ YES ☒ NO Deceased

WITNESSES THAT APPEARED
None

WITNESSES THAT FAILED TO APPEAR
None

POLICE OFFICER (S) IN COURT (GIVE NAME, STAR NO., AND UNIT OF ASSIGNMENT).
None

DETECTIVE(S) IN COURT (GIVE NAME, STAR NO., UNIT & AREA)
Det. J. ROBERTSON #13732  612  1

DISPOSITION OF CASE (LIST ADDITIONAL DEFENDANT DISPOSITIONS IN REMARKS)  DECISION OF ☒ JUDGE ☐ JURY
Schedualed for Jury Trial

REMARKS (IF DISCHARGED OR DWP - GIVE REASON)

Court Book    Page 61    Line 11

**PERMANENT RETENTION FILE**

CITY-NF-07824

P.D. NO. F 151 922

| PROPERTY INVENTORY NO. (S) | NO. OF HOURS IN COURT THIS APPEARANCE? 3 |
|---|---|

OBTAINED PROPERTY DISPOSITION COURT ORDER? ☐ YES ☒ NO  120712

DISPOSITION OF PROPERTY

DISPOSED OF PROPERTY IN THIS ARREST? ☐ YES ☐ NO

ATTACHMENTS?

| REPORTING OFFICER Det. John ROBERTSON | STAR NO. 13732 | UNIT 612 | AREA 1 | SUPERVISOR Sgt. B. T. Porter #1228 |
|---|---|---|---|---|

**COURT ATTENDANCE REPORT/CHICAGO POLICE**

☐ INITIAL  ☒ CONTINUANCE  ☐ FINAL  ☐ INQUEST

DATE OF THIS REPORT
23 June 86

INDICTMENT NO.

| UNIT FILE NO. | C.B. NO. | I.R. NO. | NO. OF DEFENDANTS |
|---|---|---|---|
| 84-44 | 7354726 | 444722 | Two |

| DATE OF ARREST | DATE OF COURT APPEARANCE | NO. OF CONTINUANCES TO DATE | DIST. OF DETENTION |
|---|---|---|---|
| 18 May 85 | 23 June 86 | Unk | CCJ |

DEFENDANT (IF MORE THAN ONE, LIST IN REMARKS)
HAWKINS, Earl

| SEX | RACE | D.O.B. | ADDRESS |
|---|---|---|---|
| M | B | ~~████~~ | 6416 S. Kenwood |

COMPLAINANT
HICKMAN & SMITH (Both Deceased)

ADDRESS

PHONE NO.

| DEFENDANT CHARGED | CHARGE CHANGED TO | BY WHOM | DIST. OF BOOKING | DEFENDANT'S PLEA |
|---|---|---|---|---|
| Murder | | | 002 | Not Guilty |

| HELD TO GRAND JURY | AMOUNT OF BOND | RELEASED ON BOND |
|---|---|---|
| ☐ YES ☐ NO | $ | ☐ YES ☐ NO |

| CONTINUED TO DATE | AMOUNT OF BOND | RELEASED ON BOND |
|---|---|---|
| 24 June 86 | $ | ☐ YES ☐ NO |

REASON FOR CONTINUANCE
On going bench trial.

| TRIAL IN COURT BRANCH NO. | JUDGE PRESIDING | PROSECUTING ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|---|
| Criminal Court | Maloney | ASA Reukert | Swanno |

COMPLAINANT APPEARED & TESTIFIED (IF NO, GIVE REASON)
☐ YES  ☒ NO  Deceased.

WITNESSES THAT APPEARED

WITNESSES THAT FAILED TO APPEAR

POLICE OFFICER (S) IN COURT (GIVE NAME, STAR NO., AND UNIT OF ASSIGNMENT).

DETECTIVE(S) IN COURT (GIVE NAME, STAR NO., UNIT & AREA)
Dets. R. Evans # 12754 & J. Bogdalek # 14674 of Area One Violent Crime

DISPOSITION OF CASE (LIST ADDITIONAL DEFENDANT DISPOSITIONS IN REMARKS)

DECISION OF
☐ JUDGE  ☐ JURY

REMARKS (IF DISCHARGED OR DWP - GIVE REASON)
Both Detectives in court assigned to the third watch.

Above information entered in Court Book on page 123 line 14.

CITY-NF-07825

| | NO. OF HOURS IN COURT THIS APPEARANCE? |
|---|---|
| | 10.5 |

PROPERTY INVENTORY NO.(S)

OBTAINED PROPERTY DISPOSITION COURT ORDER?
☐ YES  ☐ NO

DISPOSITION OF PROPERTY

DISPOSED OF ☐   PROPERTY IN THIS ARREST?

070712

| REPORTING OFFICER | STAR NO. | UNIT | AREA | SUPERVISOR APPROVING |
|---|---|---|---|---|
| Robert Evans | 12754 | 612 | 1 V/C | 1459 |

CPD-11.555 (REV. 9/82)

**COURT ATTENDANCE REPORT/CHICAGO POLICE**

☐ INITIAL ☒ CONTINUANCE
☐ FINAL ☐ INQUEST

DATE OF THIS REPORT: 25 June 86
INDICTMENT NO.

| UNIT FILE NO. | C.B. NO. | I.R. NO. | NO. OF DEFENDANTS |
|---|---|---|---|
| 84-44 | 7354725 | 444722 | Two |

| DATE OF ARREST | DATE OF COURT APPEARANCE | NO. OF CONTINUANCES TO DATE | DIST. OF DETENTION |
|---|---|---|---|
| 18 May 85 | 25 June 86 | Unk | CCJ |

DEFENDANT (IF MORE THAN ONE, LIST IN REMARKS): HAWKINS, Earl
SEX: M  RACE: B  D.O.B.: ██████
ADDRESS: 6416 S. Kenwood

COMPLAINANT: HICKMAN & SMITH (Both Deceased)
ADDRESS:
PHONE NO.:

| DEFENDANT CHARGED | CHARGE CHANGED TO | BY WHOM | DIST. OF BOOKING | DEFENDANT'S PLEA |
|---|---|---|---|---|
| Murder 2 cts. | | | 002 | Not Guilty |

HELD TO GRAND JURY  ☐ YES  ☐ NO
AMOUNT OF BOND: $
RELEASED ON BOND  ☐ YES  ☐ NO

CONTINUED TO DATE: 26 June 86
AMOUNT OF BOND: $
RELEASED ON BOND  ☐ YES  ☒ NO

REASON FOR CONTINUANCE: On going bench trial.

| TRIAL IN COURT BRANCH NO. | JUDGE PRESIDING | PROSECUTING ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|---|
| Criminal Court | Maloney | ASA Reukert | Swanno |

COMPLAINANT APPEARED & TESTIFIED (IF NO, GIVE REASON)  ☐ YES  ☒ NO  Deceased.

WITNESSES THAT APPEARED

WITNESSES THAT FAILED TO APPEAR

POLICE OFFICER (S) IN COURT (GIVE NAME, STAR NO., AND UNIT OF ASSIGNMENT)

DETECTIVE(S) IN COURT (GIVE NAME, STAR NO., UNIT & AREA)
Det. Robert Evans # 12754 of Area One Violent Crime

DISPOSITION OF CASE (LIST ADDITIONAL DEFENDANT DISPOSITIONS IN REMARKS)
DECISION OF  ☐ JUDGE  ☐ JURY

REMARKS (IF DISCHARGED ON OWP - GIVE REASON)
ADDITIONAL DEFENDANT: FIELDS, Nathson M/B ██████ of 6414 S. Kenwood Ave.

CB # 7372662    IR # 319791    Charge, 2 cts. Murder

Detective in court assigned to third watch.

Above information entered in Court Book on Pa~~ PERMANENT RETENTION FILE~~

CITY-NF-07826

NO. OF HOURS IN COURT THIS APPEARANCE? 4

PROPERTY INVENTORY NO.(S)
OBTAINED PROPERTY DISPOSITION COURT ORDER?  ☐ YES  ☐ NO

DISPOSITION OF PROPERTY
DISPOSED OF ALL PROPERTY IN THIS REPORT?  ☐ YES  CR# 170712

REPORTING OFFICER: Robert Evans
STAR NO.: 12754  UNIT: 612  AREA: 1 V/C
SUPERVISOR APPROVING  STAR NO.: 1489

ATTACHMENT

CPD-11.555 (REV. 9/82)

R.D. NO. P-151 922

**COURT ATTENDANCE REPORT/CHICAGO POLICE**
DISTRIBUTION: 1. ORIGINAL TO RECORDS INQUIRY SECTION
2. DUPLICATE TO UNIT FILE
3. TRIPLICATE TO UNIT COMMANDER

☐ INITIAL ☐ CONTINUANCE
☒ FINAL ☐ INQUEST

DATE OF THIS REPORT: *12 AUG 87*

INDICTMENT NO: *85C 7651*

| UNIT FILE NO. | C.B. NO. | I.R. NO. | NO. OF DEFENDANTS |
|---|---|---|---|
| *84-44/45* | *7372662* | | |

| DATE OF ARREST | DATE OF COURT APPEARANCE | NO. OF CONTINUANCES TO DATE | DIST. OF DETENTION |
|---|---|---|---|
| *17 JUNE 85* | *22 AUG 86* | | |

| DEFENDANT (IF MORE THAN ONE, LIST IN REMARKS) | SEX | RACE | D.O.B. | ADDRESS |
|---|---|---|---|---|
| *FIELDS, NATHSON* | *M* | *B* | | *6414 S. KENWOOD* |

| COMPLAINANT | ADDRESS | PHONE NO. |
|---|---|---|
| *SMITH, JEROME* | *706 E. 39TH St.* | |

| DEFENDANT CHARGED | CHARGE CHANGED TO | BY WHOM | DIST. OF BOOKING | DEFENDANT'S PLEA |
|---|---|---|---|---|
| *MURDER (2CTS)* | | | | *N.G.* |

| HELD TO GRAND JURY | AMOUNT OF BOND | RELEASED ON BOND |
|---|---|---|
| ☐ YES ☐ NO | $ | ☐ YES ☒ NO |

| CONTINUED TO DATE | AMOUNT OF BOND | RELEASED ON BOND |
|---|---|---|
| | $ | ☐ YES ☐ NO |

REASON FOR CONTINUANCE

| TRIAL IN COURT BRANCH NO. | JUDGE PRESIDING | PROSECUTING ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|---|
| *CRIMINAL* | *T. MALONEY* | *S. RUECKART* | |

COMPLAINANT APPEARED & TESTIFIED (IF NO, GIVE REASON)
☐ YES ☒ NO *DECEASED*

WITNESSES THAT APPEARED

WITNESSES THAT FAILED TO APPEAR

POLICE OFFICER (S) IN COURT (GIVE NAME, STAR NO., AND UNIT OF ASSIGNMENT)

INVESTIGATOR(S) IN COURT (GIVE NAME, STAR NO., UNIT AND AREA)

DISPOSITION OF CASE (LIST ADDITIONAL DEFENDANT DISPOSITIONS IN REMARKS)
*GUILTY - SENTENCED TO DEATH*

DECISION OF ☐ JUDGE ☒ JURY

REMARKS (IF DISCHARGED OR OWP - GIVE REASON)

*The above information received from a States Attorneys disposition letter dated 7 Oct 86.*

CITY-NF-07827

| | NO. OF HOURS IN COURT THIS APPEARANCE? |
|---|---|
| PROPERTY INVENTORY NO.(S) | *0* |

OBTAINED PROPERTY DISPOSITION COURT ORDER?
☐ YES ☒ NO

DISPOSED OF ALL PROPERTY THIS ARREST?
☐ YES ☒ NO

*17071*

| DISPOSITION OF PROPERTY | | | |
|---|---|---|---|
| REPORTING OFFICER | STAR NO. | UNIT | AREA |
| *O. Field* | *10855* | *612* | |

SUPERVISOR APPROVING

CPD - 11.555 (REV. 12/74)

300     Copy c/o A/ive     (3-81) Form. Crim. Div. No. 66

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS

v.

    EARL HAWKINS
    GEORGE CARTER
    NATHSON FIELDS

No. .........

10 38

### SUBPOENA - SUBPOENA DUCES TECUM

The People of the State of Illinois to all Peace Officers in the State - GREETING:

WE COMMAND THAT YOU SUMMON .. Area 1 Commander
Office of the Superintendent ...............
Chicago Police Dept.
................................ 1121 S. State St. ...............................

to appear to testify before the Honorable .... Judge Thomas Maloney ...................

on ..................... October 21, ............. 19.85. in Room .696 ....., Circuit Court, 26th Street and

California Avenue, Chicago, Illinois, at .. 9:30 a. m.

    YOU ARE COMMANDED ALSO to bring the following: Any and all contents of the police
"Investigative file" or "Street File" for the murder of TALLMON HICKMON an
JEROME SMITH on April 28, 1984 at 206 E. 39th Street, R.D. #F 164 922

    Photocopies will suffice in lieu of court appearance.

in your possession or control.

YOUR FAILURE TO APPEAR IN RESPONSE TO THIS SUBPOENA WILL SUBJECT YOU TO PUNISH-
MENT FOR CONTEMPT OF THIS COURT.

WITNESS, .... October 15, .............. 19 85.

_Morgan M. Finley_
              Clerk of Court

Atty No.
Name     A.S.A. RANDY RUECKERT
Attorney for    People of the State of Illinois
Address     2650 S. California Ave., Room 13D24
City     Chicago, Il. 60608
Telephone    890-2860

DIRECT INQUIRIES TO: MORGAN M. FINLEY
            Clerk of the Circuit Court
            Criminal Division
            2650 South California, Chicago, Illinois 60608

NON-APPLICABLE - Strike out Title which does not apply - Subpoena or Subpoena Duces Tecum.

NOT VALID FOR SERVICE ON NEWS MEDIA WITHOUT ORDER OF COURT

CR # 170712 (OVER)

MORGAN M. FINLEY, CLERK OF THE CIRCUIT COURT OF COOK COUNTY. ATTACHMENT 6

(5-61) Form. Crim. Div. No. 66

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

KAY
THE PEOPLE OF THE STATE OF ILLINOIS

v.

JAMES GREENE

No. ......... 84-166

~~SUBPOENA~~ - SUBPOENA DUCES TECUM

The People of the State of Illinois to all Peace Officers in the State - GREETING:

WE COMMAND THAT YOU SUMMON . CHICAGO POLICE DEPARTMENT, RECORDS DEPARTMENT
1121 SO. STATE STREET
CHICAGO, IL.

to appear to testify before the Honorable .. JUDGE JOHN CRILLY

on .. JULY 3, ........................, 19.84 . in Room ... 203 ..., Circuit Court, 26th Street and

California Avenue, Chicago, Illinois, at .9:30 .a. . .m.

YOU ARE COMMANDED ALSO to bring the following:
ANY AND ALL POLICE REPORTS, CONCERNING THE HOMICIDE OF ONE JEROME SMITH ON OR ABOUT
APRIL 28, 1984, AT OR NEAR 706 E. 39th STREET.
PHOTOCOPIES WILL SUFFICE IN LIEU OF COURT APPEARANCE.

# PERMANENT RETENTION FILE

in your possession or control.

YOUR FAILURE TO APPEAR IN RESPONSE TO THIS SUBPOENA WILL SUBJECT YOU TO PUNISH-
MENT FOR CONTEMPT OF THIS COURT.

DIRECT INQUIRIES TO:
W. JAMESON KUNZ
ASSISTANT PUBLIC DEFENDER
2650 S. CALIFORNIA  7th FL.
890-6158

WITNESS, ...... JUNE . 20 ................ 19. 84

_Morgan M. Finley_
Clerk of Court

Name    W. JAMESON KUNZ
Attorney for    JAMES GREENE
Address    2650 S. CALIFORNIA  7th FL.
City    CHICAGO, IL.
Telephone    890-3217

CITY-NF-07829

DIRECT INQUIRIES TO:  MORGAN M. FINLEY
Clerk of the Circuit Court
Criminal Division
2650 South California, Chicago, Illinois 60608

NON-APPLICABLE - Strike out Title which does not apply - Subpoena or Subpoena Duces Tecum.

NOT VALID FOR SERVICE ON NEWS MEDIA WITHOUT ORDER OF COURT

CR # 170712

MORGAN M. FINLEY, CLERK OF THE CIRCUIT COURT OF COOK COUNTY ATTACHMENT.

300                                                    (3-81) Form. Crim. Div. No. 66

Kay          IN THE CIRCUIT COURT OF COOK COUNTY,     OIS

THE PEOPLE OF THE STATE OF ILLINOIS
                    v.                     No. ........ 84-166

                                           **SERVED**

JAMES GREENE

SUBPOENA - SUBPOENA DUCES TECUM

The People of the State of Illinois to all Peace Officers in the State - GREETING:

WE COMMAND THAT YOU SUMMON   CHICAGO POLICE DEPARTMENT, KEEPER OF RECORDS
                             1121 SO. STATE STREET
                             CHICAGO, IL.

to appear to testify before the Honorable  . . JOHN N. CRILLY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

on . . . . JULY 3, . . . . . . . . . . . . . . . . . . . . . . . . , 19.84 . in Room . . 203 . . . . . , Circuit Court, 26th Street and

California Avenue, Chicago, Illinois, at . .9:30 .a. .m.

YOU ARE COMMANDED ALSO to bring the following:

ANY AND ALL POLICE REPORTS CONCERNING THE HOMICIDE OF ONE JEROME SMITH ON OR ABOUT
APRIL  22, 1934, AT OR NEAR  706 E.  39th STREET.
PHOTOCOPIES WILL SUFFICE IN LIEU OF COURT APPEARANCE.

## PERMANENT RETENTION FILE

in your possession or control.

**YOUR FAILURE TO APPEAR IN RESPONSE TO THIS SUBPOENA WILL SUBJECT YOU TO PUNISH-
MENT FOR CONTEMPT OF THIS COURT.**

DIRECT INQUIRIES TO:
W. JAMESON KUNZ                    WITNESS, . . JUNE . .7 . . . . . . . . . . . . . . . . . . . . . , 19.84.
ASSISTANT PUBLIC DEFENDER
2650 S. CALIFORNIA    7th FL.
990-6158                                        _____
                                                       Clerk of Court

Name   W. JAMESON KUNZ
Attorney for    JAMES GREENE
Address   2650 S. CALIFORNIA    7th FL.
City   CHICAGO, IL.
Telephone   999-3317

DIRECT INQUIRIES TO: MORGAN M. FINLEY
                     Clerk of the Circuit Court
                     Criminal Division
                     2650 South California, Chicago, Illinois 60608          CITY-NF-07830

NON-APPLICABLE - Strike out Title which does not apply - Subpoena or Subpoena Duces Tecum.

NOT VALID FOR SERVICE ON NEWS MEDIA WITHOUT ORDER OF COURT

                                                                         (OVER)
     MORGAN M. FINLEY, CLERK OF THE CIRCUIT COURT OF COOK COUNTY  **170712**

                                                              ATTACHMENT 6

300

(3-81) Form. Crim. Div. No. 66

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS

v.

DERRICK PORTER

No. ..87-9591...............

SERVED

### SUBPOENA - SUBPOENA DUCES TECUM

The People of the State of Illinois to all Peace Officers in the State - GREETING:

WE COMMAND THAT YOU SUMMON ..Keeper of Records, Chicago Police......

Department, 1121 S. State Street..........................................

to appear to testify before the Honorable ..Judge J. Bolan.......................

on ..October 4,.........................., 19.88. in Room .RR. 66., Circuit Court, 26th Street and

California Avenue, Chicago, Illinois, at ...9:30. a.m.

YOU ARE COMMANDED ALSO to bring the following:

   Copies of any and all police reports, investigative reports,
arrest reports and other writings and documents regarding RD# Numbers
G112668 and F151922

in your possession or control.

YOUR FAILURE TO APPEAR IN RESPONSE TO THIS SUBPOENA WILL SUBJECT YOU TO PUNISH-
MENT FOR CONTEMPT OF THIS COURT.

WITNESS,.......................,.19....

Morgan M. Finley

Clerk of Court

Atty No.   54964
Name  Daniel T. Coyne
Attorney for Defendant
Address 123 W. Madison Street
City  Chicago, Illinois 60602
Telephone  (312) 855-0730

DIRECT INQUIRIES TO: MORGAN M. FINLEY
           Clerk of the Circuit Court
           Criminal Division
           2650 South California, Chicago, Illinois 60608

CITY-NF-07831

NON-APPLICABLE - Strike out Title which does not apply - Subpoena or Subpoena Duces Tecum.

NOT VALID FOR SERVICE ON NEWS MEDIA WITHOUT ORDER OF COURT

CR # 170712

MORGAN M. FINLEY, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

ATTACHMENT 6



CITY-NF-07832

CR # 170712

ATTACHMENT

Internal Affairs Division                          13 September 1989
General Investigation Section                      CR# 1 7 0 7 1 2


TO:        Commanding Officer, GIS, IAD

FROM:      P.A. Warren D. Johnson, Star #6076, GIS, IAD

SUBJECT:   Attempt to Interview the Complainant
           Nathson Fields - Inmate at Menard Correctional Center


Allegation:  The complainant has alleged, in a lawsuit filed by himself from
             the Menard Correctional Center, that the accused Police Officers
violated his fifth, sixth and fourteenth amendment rights by intentionally and
deliberately suppressing "written notes" known as "Street Files" generated by
their interviews with hundreds of people during their year long intense
investigation into the Talman HICKMAN and Jerome SMITH homicides. These "Street
Files" contain exculpatory information/evidence.


        On 12 September 1989, this Investigator called the Menard
Correctional Center and spoke with personnel in the Operations Department. It
was explained that inmate FIELDS had filed a lawsuit and had made allegations
against Members of the Chicago Police Department that needed to be investigated.
A telephone interview with FIELDS was requested. This Investigator was informed
that they would have FIELDS call the Internal Affairs Division at 0900 hours on
13 September 1989.
        On 13 September 1989 at 0905 hours, this Investigator again called
the Menard Correctional Center and spoke with personnel in the Operations
Department. At this time, it was learned that the inmate, FIELDS, had told
Lieutenant TURNER of the Menard Center that he did not wish to speak with this
Investigator.

                                    _____
                                    Police Agent Warren D. Johnson, Star #6076
                                    Internal Affairs Division, GIS

Approved:


_____
Commanding Officer, GIS, IAD


CITY-NF-07833


CR # 170712
ATTACHMENT 7

CITY OF CHICAGO / DEPARTMENT OF POLICE     1121 South State Street     Chicago, Illinois 60605     744-4000



Date      21 September 1989

Re: C.R. No.     1 7 0 7 1 2

Dear   Mr. Fields

      A complaint against a Department member, registered under the above Complaint Register (C.R.) Number, is currently under investigation by the Chicago Police Department.

      A vital step in the investigation is an interview with the person who registered the complaint as well as witnesses. This step is essential in order to conduct a complete and thorough investigation.

      I have repeatedly attempted to contact you without success.

      Please contact me as soon as possible so that I can make arrangements to meet with you regarding the incident under investigation. The following information is provided so that you can contact me without unnecessary inconvenience:

Name:   Warren D. Johnson

Address:   1121 S. State St. Rm. 1203

Telephone:   (312) 744-6310

Hours Available:   Mon. thru Fri.
                  8:00 AM to 9:00 AM

Sincerely,

Police Agent Warren D. Johnson
Internal Affairs Division
General Investigation Section

CPD-44 223 (Rev. 8/88)

CR # 170712
ATTACHMENT 8b

● **SENDER:** Complete items 1 and 2 when additional services are desired, and complete items 3 and 4.

Put your address in the "RETURN TO" Space on the reverse side. Failure to do this will prevent this card from being returned to you. The return receipt fee will provide you the name of the person delivered to and the date of delivery. For additional fees the following services are available. Consult postmaster for fees and check box(es) for additional service(s) requested.

1. ☐ Show to whom delivered, date, and addressee's address.  (Extra charge)    2. ☐ Restricted Delivery (Extra charge)

| 3. Article Addressed to: | 4. Article Number |
|---|---|
| | 65 2419 |
| Nathson FIELDS | **Type of Service:** |
| Menard Correctional Ctr | ☐ Registered   ☐ Insured |
| Lock Box 711 | ☑ Certified   ☐ COD |
| Menard, Illinois 62259 | ☐ Express Mail   ☐ Return Receipt for Merchandise |
| | Always obtain signature of addressee or agent and DATE DELIVERED. |
| 5. Signature — Address  X | 8. Addressee's Address (ONLY if requested and fee paid) |
| 6. Signature — Agent | |
| X | |
| 7. Date of Delivery  SEP 2 5 1990 | |

PS Form 3811, Mar. 1988   ★ U.S.G.P.O. 1988-212-865.   DOMESTIC RETURN RECEIPT



CITY-NF-07835

CR # 170712
ATTACHMENT 9a



Internal Affairs Division                                    18 September 1989
General Investigation Section                                CR# 1 7 0 7 1 2


TO:        Commanding Officer, GIS, IAD


FROM:      P.A. Warren D. Johnson, Star #6076, GIS, IAD


SUBJECT:   Attempt to Locate any "Street Files"
           or "Written Notes" Connected with RD# F-151922


Allegation: The complainant has alleged, in a lawsuit filed by himself from
            the Menard Correctional Center, that the accused Police Officers
violated his fifth, sixth and fourteenth amendment rights by intentionally and
deliberately suppressing "written notes" known as "Street Files" generated by
their interviews with hundreds of people during their year long intense
investigation into the Talman HICKMAN and Jerome SMITH homicides. These "Street
Files" contain exculpatory information/evidence.


        On 15 September 1989, this Investigator received a complete
investigative package which was recorded under RD number F-151922 which concerns
the Talman HICKMAN and Jerome SMITH Homicides which occurred on 28 April 1984.
        Upon reviewing the file, it was noted that the "Street Files" were
not included in the investigative file.
        On 18 September 1989 at 1400 hours, this Investigator went into
the basement of 1121 S. State Street, Records Storage Section. Police Officer
Harlon MOSS, Star #13778, was asked to check the records recorded under RD#
F-151922 and attempt to locate any "Street Files" connected with that case.
After checking the Department Records, Officer MOSS stated that he was unable
to find any "Street Files" connected with RD# F-151922.

                                    _____
                                    Police Agent Warren D. Johnson, Star #6076
                                    Internal Affairs Division, GIS

Approved:

_____
Commanding Officer, GIS, IAD


CITY-NF-07836


CR # 170712
ATTACHMENT 9

Crime Laboratory Division                                29 June 1989

To:                    Superintendent of Police
                       Attn.: Executive Assistant

From:                  Sgt. James E. Minogue, #825, Unit 177

Subject:               Civil Suit/Case Number 88 C 5608
                       Nathson Fields V City of Chicago, et al
                       United States District Court, Northern
                       District of Illinois, Eastern Division.

                       Related RD# F 151922


    1.      While assigned to Area One Violent Crimes as a
detective in April of 1984, the reporting officer was assigned to
a follow-up investigation regarding the double murder of Talman
Hickman and Jerome Smith, which occurred at 706 E. 39th St. and
reported under RD# F 151922.  In summary the plaintiff, Nathson
Fields, alleges that the reporting officer violated his
constitutional rights by intentionally and deliberately
suppressing written notes known as "street files" which contained
exculpatory information.  At no time did the reporting officer
destroy notes or withhold information regarding this
investigation.  On 1 June 1985 the reporting officer was promoted
to the rank of sergeant and had no further involvement in this
investigation.  The reporting sergeant was not called upon to
give testimony at the subsequent trial of the plaintiff.  The
plaintiff was found guilty of the murders of Hickman and Smith
and sentenced to death.  The plaintiff now resides at the Menard
Correctional Center, Menard, Illinois.


    2.      The reporting sergeant received the complaint and
summons through the United States Mail, certified # P 962 698
197, on 28 June 1989, at the Chicago Police Crime Laboratory.
The reporting sergeant has returned by U.S. Mail the "notice and
acknowledgment of receipt of summons and complaint by mail" form
to the United States Marshals Service, 219 S. Dearborn, Chicago,
Illinois.  Copies of the complaint and summons have been attached
to this report.  Due to time constraints the reporting sergeant
is unable to obtain the reports pertaining to this investigation.

                                        Sgt. James E. Minogue

Approved _____ 261                    CITY-NF-07817


                                        CR # 170712
                                        ATTACHMENT 10

Detective Division                                    11 Sept 89
Area Two Violent Crimes Section

TO:        Superintendent of Police

           Attention:  Executive Assistant

FROM:      Lieutenant Joseph P. MURPHY #435
           Commanding Officer Area Two Violent Crimes Section

SUBJECT:   Civil Suit Number 88 C 5608

           Reference Reports:   Double Homicide, Victims:
                                Talman HICKMAN and Jerome SMITH
                                RD F 151 922 (See Attachment)


        The Reporting Lieutenant is submitting this report
per requirement of General Order 87-6, concerning Civil Suits
against Department Members.  A reading of the attachment of
Civil Suit 88 C 5608 list a number of Department members named
in this litigation.  In this law suit the the Plaintiff one
Nathson FIELDS claims that during the course of an investigation
concerning the double homicide of one Talman HICKMAN and Jerome
SMITH, 'street files' were kept by the Detectives and the Reporting
Lieutenant.  That in these hidden street files exculpatory
statements were not turned over to his attorney during
the course of his trial.  It should be mentioned that FIELDS is
currently awaiting the Death Sentence that was bestowed upon
him after a verdict of guilty conerning this Double Homicide.

        The Reporting Lieutenant on the date of this Homicide,
28 Apr 84, was assigned as a Supervising Sergeant to Area One
Violent Crimes Section.  Initially little information was learned
as to the Offenders in this Double Homicide due to the fact
that the two shooters wore ski mask.  However, approximately a
year later in May 1985 the Reporting interviewed a cooperating
witness who provided the name of the Offenders by third party
admissions. The investigation continued and eventually the
two Offenders were arrested charged both were sentenced to the
Death Penalty.

        The Reporting Lieutenant has no knowledge as to any
notes or other type of information that were kept from the
offical file.  At no time did the Reporting write notes that
were not placed into the investigative file.

                        See Page 2.                

                                            CR # 170712
                                            ATTACHMENT 11

Page 2.

Detective Division                                    11 Sept 89
Area Two Violent Crimes Section


Continuation: TO:FROM Report, Civil Suit # 88 C 5608


          This matter has not been the subject of a Complaint
Register investigation.

          The Reporting Lieutenant was served this civil
complaint on 30 Aug 89.  However, it should be noted that the
Reporting had already met with members of the Corporation
Counsel Office prior to the date of being served this complaint.
On 28 August 89, the Reporting met with one Diane M PEZANOSKI
an Assistant Corporation Counsel for the City of Chicago.
The purpose of this meeting was that of a pre-trial type
interview.  She related that in the near future another date
will be set for further preliminary type motions concerning
this case.


                              _Joseph P Murphy_____
                              Lieutenant Joseph P. MURPHY #435
                              Commanding Officer
                              Area Two Violent Crimes Section


Commander Robert BEAVERS
Detective Division Area Two


CR # 170712
ATTACHMENT 11

007th District                                          27 June 1989

TO:      Superintendent of Police, ATTN:  Executive Assistant to the Superintendent

FROM:    Capt. James B. Delaney, #129, 2nd Watch Commander

SUBJECT:  Service of Summons

    The undersigned was served with the attached Summons by U.S. Mail on 24 June 1989. A copy of the complete file received is provided for the Executive Assistant to the Superintendent.

        _Capt. James B. Delaney    #129_

CITY-NF-07840





CR # 170712

ATTACHMENT 12

007th District                          22 September 1989

TO:       Commander, 007th District

FROM:     Capt. James B. Delaney, #129, Watch Commander

SUBJECT:  Complaint Register Number 170712, Federal Civil Action 88 C 5608

    1.  This report is being submitted at the request of the Internal Affairs Division.

    2.  Civil action has been filed against the undersigned in the U.S. District Court for Northern Illinois by Mr. Nathson Fields, Menard Correctional Center, Lock Box 711, Menard, Illinois 62259. Mr. Fields was charged in the double homicide of two men at 706 East 39th street on April 28, 1984. He was subsequently convicted and sentenced to death on September 19, 1986.

    3.  My interpretation of the basis for the suit is that during the trial of the plaintiff certain unofficial documents known as "street files" were not made available to the defense. I, as the former Commander of Detective Area One, have been made party to the suit by failing to adequately supervise under my command who were charged specifically with the investigation of the double homicide.

    4.  My responsibilities at the time of the investigation and trial were to oversee and direct the operations of Area One. The investigation of the case in point was conducted by Area One Detectives, supervised by their immediate Sergeant, a Lieutenant in Charge of the Violent Crimes Section and myself.

    5.  I have no immediate recollection of the specifics of the case for which the plaintiff, Fields, was convicted. I have no knowledge of any notes or informal reports or "street files" relative to Mr. Fields case which were destroyed or withheld.

    6.  Each homicide case was filed in a separate binder in the Area One Violent Crimes Section and any reports, official or unofficial, were placed in this case file. The file was maintained as long as the case was open. It is my opinion that proper Chicago Police Department policies and procedures were followed in the recording, filing and dissemination of information in the Fields case and I have no knowledge of anything to refute that claim.

                                          *James B. Delaney*
                                        Capt. James B. Delaney      #129

APPROVED:

    Commander, 007th District

    Deputy Chief, Area 3 Patrol

    Chief of Patrol

    1st Deputy Superintendent



CITY-NF-07841



CR # 170712

ATTACHMENT 12

**NOTIFICATION OF CHARGES/ALLEGATIONS**
CHICAGO POLICE DEPARTMENT

| | | | GIVEN TO ACCUSED DATE | TIME |
|---|---|---|---|---|

| NAME OF ACCUSED | RANK | STAR NO. | UNIT OF ASSIGNMENT |
|---|---|---|---|
| James B. DELANEY | Capt. | 129 | 007 |

The law provides that if you are to be charged with a criminal offense or if your separation from the Department will be sought, you are to be advised in writing of the specific illegal or improper acts alleged against or attributed to you.

Furthermore, Department policy provides that you have a right to be advised in writing of the names of complainants and allegations against you prior to any questioning of you concerning the allegation regardless of the nature of the allegation and even if the allegation is such that it will not result in the filing of criminal charges or the filing of separation charges.

Accordingly, you are hereby advised that the following allegations have been attributed to you:

COMPLAINANTS:

1. Nathson FIELDS

2.

3.

4.

ALLEGATION: The complainant has alleged, in a lawsuit filed by himself, that you violated his fifth, sixth, and fourteenth Constitutional Amendment Rights by failing to adequately supervise and control personnel under your command and failure to establish effective policies and procedures within your area to safeguard the complainant's Constitutional Rights in that Department Members under your command deliberately suppressed written notes known as "Street Files" generated by their interviews with hundreds of people during their year long intense investigation into the Talman HICKMAN and Jerome SMITH homicides which occurred on 28 Apr 84 at 706 E. 39th Street.

The complainant was arrested for the above mentioned homicides on 17 Jun 85.

The undersigned hereby acknowledges that he was informed of the above rights.

Signature _James B. Delaney_

WITNESSES _Walter D. Johnson P.A. #697_
_GIS, IAD_

CITY-NF-07842

PREPARE IN DUPLICATE:
  Original copy to investigator's file.
  Copy to accused member

CPD-44.115 (Rev. 4/87)

| COMPLAINT REGISTER NO. |
|---|
| 1 7 0 7 1 2 |
| ATTACHMENT NO. |
| 12 |

**ADMINISTRATIVE PROCEEDINGS RIGHTS**
**(Statutory)**
**CHICAGO POLICE DEPARTMENT**

| | | | GIVEN TO ACCUSED | |
|---|---|---|---|---|
| | | | DATE 22 SEP 89 | TIME 0940 |

| NAME OF ACCUSED | RANK | STAR NO. | UNIT OF ASSIGNMENT |
|---|---|---|---|
| James B. DELANEY | Capt. | 129 | 007 |

The law provides that you are to be advised of the following:

1. Any admission made in the course of this hearing, interrogation or examination may be used as the basis for charges seeking your removal or discharge or suspension in excess of 30 days.

2. You have the right to counsel of your choosing to be present with you to advise you at this hearing, interrogation or examination and you may consult with him as you desire.

3. You have a right to be given a reasonable time to obtain counsel of your own choosing.

4. You have no right to remain silent. You have an obligation to truthfully answer questions put to you. You are advised that your statements or responses constitute an official police report.

5. If you refuse to answer questions put to you, you will be ordered by a superior officer to answer the question.

6. If you persist in your refusal after the order has been given to you, you are advised that such refusal constitutes a violation of the Rules and Regulations of the Chicago Police Department and will serve as a basis for which your discharge will be sought.

7. You are further advised that by law any admission made by you during the course of this hearing, interrogation or examination cannot be used against you in a subsequent criminal proceeding.

The undersigned hereby acknowledges that he was informed of the above rights.

Signature _James B. Delaney_

WITNESSES

_Walter Johnson P.A. #676_

_GIS, IAD_

**PREPARE IN DUPLICATE:**
Original copy to investigator's file.
Copy to accused member.

CPD-44.105 (Rev. 4/87)

| COMPLAINT REGISTER NO. |
|---|
| 1 7 0 7 1 2 |
| ATTACHMENT NO. 12 |

**WAIVER OF COUNSEL/REQUEST TO SECURE COUNSEL**
CHICAGO POLICE DEPARTMENT

| NAME OF ACCUSED | RANK | STAR NO. | UNIT OF ASSIGNMENT |
|---|---|---|---|
| James B. DELANEY | Capt. | 129 | 007 |

☒ **WAIVER OF COUNSEL**

I, the undersigned, hereby acknowledge that I have received and read the charges/allegations against me and I knowingly and voluntarily wish to proceed with the hearing, examination or interrogation without having counsel of my own choosing present to advise me during this hearing, examination or interrogation.

Date-Time __25 Sep 83 0940__  Signature __James B Delaney__

☐ **REQUEST TO SECURE LEGAL COUNSEL**

I, the undersigned, having been advised of my right to counsel of my own choosing at all hearings, examinations and interrogations in connection with the charges/allegations against me which have been given to me in writing and receipt of which is hereby acknowledged, elect to secure the services of counsel and agree to proceed with said hearing, examination or interrogation at

_____ hours, on _____ , 19 _____ , in Room _____

_____ Chicago, Illinois, at which time said hearing, examination or interrogation shall be commenced. By placing my signature upon this statement, I affirm my wish to secure said counsel and agree to comply with Department hearing, examination or interrogation scheduled on the date aforesaid.

Date-Time _____ Signature _____

WITNESSES __Walter Johnson P.A. #6076__
__G.S., IAD__

CITY-NF-07844

PREPARE IN DUPLICATE:
   Original copy to investigator's file.
   Copy to accused member.

CPD-44.106 (Rev. 4/87)

| COMPLAINT REGISTER NO. |
|---|
| 1 7 0 7 1 2 |

ATTACHMENT NO.
**12**

DETECTIVE DIVISION
Area 1 Violent Crimes Unit                                    27 June 1989

TO:            Superintendent of Police
               (Attn:  Executive Assistant)

FROM:          Det. Stephen A. Hood #11885
               Area 1 Violent Crimes Unit

SUBJECT:       Summons in a Civil Action, 88 C 5608
               Nathson Fields vs. City of Chicago, et al.

        On 27 June 1989 the reporting detective received a summons in
the above listed matter.  The summons arrived via registered mail during normal
business hours.

        During the investigation of the double murders the reporting
detective never withheld any written notes known as street files and never
denied Nathson Fields his constitutional rights.

                                        Det. Stephen A. Hood #11885
                                        Area 1 Violent Crimes Unit

APPROVED:
          Lt. Carl Merritt #386
          Commanding Officer, Area 1 Violent Crimes Unit

          Commander, Area 1 Detective Division

          Deputy Chief, Detective Division
          Field Group A

          Chief, Detective Division

          Deputy Superintendent
          Bureau of Investigative Services

CITY-NF-07845

CR # 170712
ATTACHMENT 13

Patrol Division
004th District

28 September 1989

TO:           Commanding Officer 004th District

FROM:        Lt. Robert Evans Star 416
               004th District

SUBJECT:     Complaint Register Number 170712


       On 28 Apr 84 I was assigned to Area One Violent Crimes as a detective. On that date a double homicide was committed at 706 E. 39th Street. This incident is recorded under RD # F-151922.

       I was one of the detectives assigned to conduct an on scene investigation as well as the subsequent follow-up investigation relative to these homicides.

       During my investigation of these homicides any and all pertinent information that I received was submitted for inclusion in the file.

Lt. _Robert Evans_
Robert Evans Star 416
004th District



CITY-NF-07846



CR # 170712
ATTACHMENT 14

Patrol Division
004th District

26 June 1989


TO:              Superintendent of Police
                    Attention: Executive Assistant


FROM:          Lt. Robert Evans Star 416
                    004th District


SUBJECT:      Civil Suit 88 C 5608
                    Fields V. City of Chicago, et. al.



            This report is submitted in compliance of Item IV of Department General Order 87-6, Guidelines for Disseminating Information in Civil and/or Criminal Legal Actions and in Civil Suits Against Department Members.

            On this date, Monday 26 Jun 89 at 0615 hours, the undersigned was served notice at the 4th District via Department mail that a civil action was filed in the United States District Court for the Northern District of Illinois naming the undersigned as a defendant. This action is filed under number 88 C5608.

            This civil action stems from a double homicide that occurred at 706 East 39th Street on 28 Apr 84 that was reported under Records Division Number F-151922. While a detective assigned to Area One Violent Crimes the undersigned conducted an investigation of the crime scene as well as subsequent follow up investigations.

            Three of the perpetrators responsible for these two murders were subsequently arrested, charged, tried and convicted in a bench trial. The plaintiff of the subject civil action, Nathson Fields, is one of the three.

            The complaint also names a former member and present members of the Department as codefendants. Named are; former Superintendent Fred Rice, Capt. James Delaney, Lt. Joseph Murphy, Sgt. Joseph Bogdalek, Sgt. James Minogue, Sgt. David O'Callaghan, Det. Steven Hood, G.S. Stephen Castro, and G.S. Thomas Richardson.


                    Lt. _(signature)_
                        Robert Evans Star 416
                        004th District


CITY-NF-07847

CR # 170712
ATTACHMENT 14

**NOTIFICATION OF CHARGES/ALLEGATIONS**
CHICAGO POLICE DEPARTMENT

GIVEN TO ACCUSED
DATE 28 Sep 99    TIME 1746

| NAME OF ACCUSED | RANK | STAR NO. | UNIT OF ASSIGNMENT |
|---|---|---|---|
| Robert E. EVANS | Lt. | 416 | 004 |

The law provides that if you are to be charged with a criminal offense or if your separation from the Department will be sought, you are to be advised in writing of the specific illegal or improper acts alleged against or attributed to you.

Furthermore, Department policy provides that you have a right to be advised in writing of the names of complainants and allegations against you prior to any questioning of you concerning the allegation regardless of the nature of the allegation and even if the allegation is such that it will not result in the filing of criminal charges or the filing of separation charges.

Accordingly, you are hereby advised that the following allegations have been attributed to you:

COMPLAINANTS:

1. Nathson FIELDS
2.
3.
4.

ALLEGATION:     The complainant has alleged, in a lawsuit filed by himself, that the accused violated his fifth, sixth, and fourteenth Constitutional Amendment Rights by intentionally and deliberately suppressing written notes known as "Street Files" generated by his interviews with hundreds of people during the year long intense investigation into the Talman HICKMAN and Jerome SMITH homicides which contained exculpatory information/evidence.
     The homicides occurred on 28 April 1984 at 706 E. 39th Street. The complainant, Nathson FIELDS, was arrested on 17 June 1985 for the above mentioned homicides.

The undersigned hereby acknowledges that he was informed of the above rights.

Signature *Lt. Robert E. Evans #416*

WITNESSES
*Sgt. J. Lamuos #1320*

CITY-NF-0848

PREPARE IN DUPLICATE:
   Original copy to investigator's file.
   Copy to accused member.

CPD-44.115 (Rev 4/87)

COMPLAINT REGISTER NO.
1 7 0 7 1 2
ATTACHMENT NO.
14

| ADMINISTRATIVE PROCEEDINGS RIGHTS (Statutory) CHICAGO POLICE DEPARTMENT | | | GIVEN TO ACCUSED DATE $28 \, Sep \, 89$ TIME $1746$ |
|---|---|---|---|
| NAME OF ACCUSED | RANK | STAR NO. | UNIT OF ASSIGNMENT |
| Robert E. EVANS | Lt. | 416 | 004 |

The law provides that you are to be advised of the following:

1. Any admission made in the course of this hearing, interrogation or examination may be used as the basis for charges seeking your removal or discharge or suspension in excess of 30 days.

2. You have the right to counsel of your choosing to be present with you to advise you at this hearing, interrogation or examination and you may consult with him as you desire.

3. You have a right to be given a reasonable time to obtain counsel of your own choosing.

4. You have no right to remain silent. You have an obligation to truthfully answer questions put to you. You are advised that your statements or responses constitute an official police report.

5. If you refuse to answer questions put to you, you will be ordered by a superior officer to answer the question.

6. If you persist in your refusal after the order has been given to you, you are advised that such refusal constitutes a violation of the Rules and Regulations of the Chicago Police Department and will serve as a basis for which your discharge will be sought.

7. You are further advised that by law any admission made by you during the course of this hearing, interrogation or examination cannot be used against you in a subsequent criminal proceeding.

---

The undersigned hereby acknowledges that he was informed of the above rights.

Signature _Lt. Robert E. Evans #416_

WITNESSES

_Sgt. J. Camera #1326_

CITY-NF-07849

PREPARE IN DUPLICATE:
Original copy to investigator's file.
Copy to accused member.

CPD-44.105 (Rev. 4/87)

| COMPLAINT REGISTER NO. |
|---|
| 1 7 0 7 1 2 |
| ATTACHMENT NO. 14 |

## WAIVER OF COUNSEL/REQUEST TO SECURE COUNSEL
**CHICAGO POLICE DEPARTMENT**

| NAME OF ACCUSED | RANK | STAR NO. | UNIT OF ASSIGNMENT |
|---|---|---|---|
| Robert E. EVANS | Lt. | 416 | 004 |

**☒  WAIVER OF COUNSEL**

I, the undersigned, hereby acknowledge that I have received and read the charges/allegations against me and I knowingly and voluntarily wish to proceed with the hearing, examination or interrogation without having counsel of my own choosing present to advise me during this hearing, examination or interrogation.

Date-Time  28 Sep 89  1748      Signature  Lt. Robert E Evans

**☐  REQUEST TO SECURE LEGAL COUNSEL**

I, the undersigned, having been advised of my right to counsel of my own choosing at all hearings, examinations and interrogations in connection with the charges/allegations against me which have been given to me in writing and receipt of which is hereby acknowledged, elect to secure the services of counsel, and agree to proceed with said hearing, examination or interrogation at

_____ hours, on _____ , 19 _____ , in Room _____

_____. Chicago, Illinois, at which time said hearing, examination or interrogation shall be commenced. By placing my signature upon this statement, I affirm my wish to secure said counsel and agree to comply with Department hearing, examination or interrogation scheduled on the date aforesaid.

Date-Time _____     Signature _____

WITNESSES  Sgt J. Camera  #1320

CITY-NF-07850

PREPARE IN DUPLICATE:
    Original copy to investigator's file.
    Copy to accused member.

CPD-44.106 (Rev. 4/87)

| COMPLAINT REGISTER NO. |
|---|
| 1 7 0 7 1 2 |
| ATTACHMENT NO. **14** |

Special Functions Group                                    9 Aug 1989
Gang Crimes South


To:        Office of the Superintendent
           Attention:  Executive Assistant

From:      G.S.   Stephen Casto   #15489

Subject:   Civil Suit #88C5608

          Reporting Officer was servered this summons on 7 Aug.
1989 at 1115hrs.  This summons was servered by Morgan Slaye star
no. 9463 in the fourth floor office of the Superintendent.
          Other officers have been servered and interviewed
regarding this case.  All neccessary reports and documents have
been submitted to Assistant Coporation Council Diane Pezanoski.




                                   _Stephen Casto_
                                  Gang Specialist Stephen Casto


_Lt. Etuta A. King #81_
App.


_Capt. A.S. Jurlee #178_
App.


CITY-NF-07851


CR # 170712
ATTACHMENT 15

Special Functions Group
Gang Crimes South

2 Oct 1989

To:         Commanding Officer, Gang Crimes

From:       G. S.  Stephen J. Casto  #15489

Subject:    C. R. # 170712

      Reporting officer did work with several officers of the Chicago Police dept. during a lenghhly investigation into the murders of Hickman and Smith. At no time during thid investigation did I deliberately suppress any written notes or any evidence.
      During my involement with this case I never violated the complainants fifth, sixth, or fourteenth Constitutional Amendment Rights.

Stephen J. Casto  #15489



CITY-NF-07852

CR # 170712
ATTACHMENT 15

**NOTIFICATION OF CHARGES/ALLEGATIONS**
CHICAGO POLICE DEPARTMENT

GIVEN TO ACCUSED
DATE  2 Oct 89    TIME  1015

| NAME OF ACCUSED | RANK | STAR NO. | UNIT OF ASSIGNMENT |
|---|---|---|---|
| Stephen J. CAST▨ | GCS | 15489 | 710 |

The law provides that if you are to be charged with a criminal offense or if your separation from the Department will be sought, you are to be advised in writing of the specific illegal or improper acts alleged against or attributed to you.

Furthermore, Department policy provides that you have a right to be advised in writing of the names of complainants and allegations against you prior to any questioning of you concerning the allegation regardless of the nature of the allegation and even if the allegation is such that it will not result in the filing of criminal charges or the filing of separation charges.

Accordingly, you are hereby advised that the following allegations have been attributed to you:

COMPLAINANTS:

1.   Nathson FIELDS
2.
3.
4.

ALLEGATION:      The complainant has alleged,  in a lawsuit filed by himself,  that the accused violated his fifth, sixth,  and fourteenth Constitutional Amendment Rights by intentionally and deliberately suppressing written notes known as "Street Files" generated by his interviews with hundreds of people during the year long intense investigation into the Talman HICKMAN and Jerome SMITH homicides which contained exculpatory information/evidence.
The homicides occurred on 28 April 1984 at 706 E. 39th Street.  The complainant,  Nathson FIELDS,  was arrested on 17 June 1985 for the above mentioned homicides.

The undersigned hereby acknowledges that he was informed of the above rights.

Signature _Stephen J. Casto_

WITNESSES

PREPARE IN DUPLICATE:
   Original copy to investigator's file.
   Copy to accused member.

CPD-44.115 (Rev 4/87)

CITY-NF-07853

| COMPLAINT REGISTER NO. |
|---|
| 1 7 0 7 1 2 |
| ATTACHMENT NO.  15 |

| ADMINISTRATIVE PROCEEDINGS RIGHTS (Statutory) CHICAGO POLICE DEPARTMENT | | | GIVEN TO ACCUSED DATE 2 Oct 89 | TIME 1015 |
|---|---|---|---|---|
| NAME OF ACCUSED Stephen J. CASTO | RANK GCS | STAR NO. 15489 | UNIT OF ASSIGNMENT 710 | |

The law provides that you are to be advised of the following:

1. Any admission made in the course of this hearing, interrogation or examination may be used as the basis for charges seeking your removal or discharge or suspension in excess of 30 days.

2. You have the right to counsel of your choosing to be present with you to advise you at this hearing, interrogation or examination and you may consult with him as you desire.

3. You have a right to be given a reasonable time to obtain counsel of your own choosing.

4. You have no right to remain silent. You have an obligation to truthfully answer questions put to you. You are advised that your statements or responses constitute an official police report.

5. If you refuse to answer questions put to you, you will be ordered by a superior officer to answer the question.

6. If you persist in your refusal after the order has been given to you, you are advised that such refusal constitutes a violation of the Rules and Regulations of the Chicago Police Department and will serve as a basis for which your discharge will be sought.

7. You are further advised that by law any admission made by you during the course of this hearing, interrogation or examination cannot be used against you in a subsequent criminal proceeding.

The undersigned hereby acknowledges that he was informed of the above rights.

Signature _Stephen J. Casto_

WITNESSES

CITY-NF-07854

PREPARE IN DUPLICATE:
Original copy to investigator's file.
Copy to accused member.

CPD-44.105 (Rev. 4/87)

| COMPLAINT REGISTER NO. |
|---|
| 1 7 0 7 1 2 |
| ATTACHMENT NO. 15 |

**WAIVER OF COUNSEL/REQUEST TO SECURE COUNSEL**
CHICAGO POLICE DEPARTMENT

| NAME OF ACCUSED | RANK | STAR NO. | UNIT OF ASSIGNMENT |
|---|---|---|---|
| Stephen J. CASTRO | GCS | 15489 | 710 |

☑ WAIVER OF COUNSEL

I, the undersigned, hereby acknowledge that I have received and read the charges/allegations against me and I knowingly and voluntarily wish to proceed with the hearing, examination or interrogation without having counsel of my own choosing present to advise me during this hearing, examination or interrogation.

Date-Time _2 Oct 89 0115_ Signature _Stephen J. Casto_

☐ REQUEST TO SECURE LEGAL COUNSEL

I, the undersigned, having been advised of my right to counsel of my own choosing at all hearings, examinations and interrogations in connection with the charges/allegations against me which have been given to me in writing and receipt of which is hereby acknowledged, elect to secure the services of counsel and agree to proceed with said hearing, examination or interrogation at

_____ hours, on _____ , 19 _____ , in Room _____

_____ Chicago, Illinois, at which time said hearing, examination or interrogation shall be commenced. By placing my signature upon this statement, I affirm my wish to secure said counsel and agree to comply with Department hearing, examination or interrogation scheduled on the date aforesaid.

Date-Time _____ Signature _____

WITNESSES _____

CITY-NF-07855

PREPARE IN DUPLICATE:
   Original copy to investigator's file.
   Copy to accused member.

CPD-44.106 (Rev. 4/87)

| COMPLAINT REGISTER NO. |
|---|
| 1 7 0 7 1 2 |
| ATTACHMENT NO. |
| 15 |

Special Functions Group               9 Aug. 1989
Gang Crimes south


To:         Superintendent Of Police
             Attention: Executive Assistant

From:      Gang Specialist Thomas Richardson #3385

Subject:   Civil Suit No. 88C5608


       Reporting Officer was servered this summons on the
7th of Aug. 1989 at 1115 hours.  This summons was servered by
Morgan Slaye star number 9463 in the fourth floor office of the
Superintendent.
       Other officers have been servered and interviewed
regarding this case.  All neccessary reports and documents have
been submitted to Assistant Coporation Council Diane Pezanoski.


G.S. Thomas Richardson


App.


App.

CITY-NF-07856

CR # 170712
ATTACHMENT 16

Gang Crimes South                                    2 Oct. 89


**TO**            : Commanding Officer Gang Crimes South

**FROM**          : G/S Thomas Richardson #3385

**SUBJECT**       : CR #--170712


        1. Reporting G/S At No Time Violated  The Complainants Sixth , Fifth And Fourteenth Amendents Rights By Intentionally Suppressing Written Notes Known As Street Files Generated By R/GS Interviews With People In Regards To The Talman Hickman And Jerome Smith Homicides. The Homicides Occurred On The 28th Of April 1984 At 706 East 39th Street.


                                                          _Thomas Richardson_

                                         G/S Thomas Richardson #3385


---

Approved


---

Approved




CITY-NF-07857


CR # 170712

ATTACHMENT 16

## NOTIFICATION OF CHARGES/ALLEGATIONS
### CHICAGO POLICE DEPARTMENT

GIVEN TO ACCUSED
DATE 8 OCT   TIME 1015

| NAME OF ACCUSED | RANK | STAR NO. | UNIT OF ASSIGNMENT |
|---|---|---|---|
| Thomas J. RICHARDSON | GCS | 3385 | 710 |

The law provides that if you are to be charged with a criminal offense or if your separation from the Department will be sought, you are to be advised in writing of the specific illegal or improper acts alleged against or attributed to you.

Furthermore, Department policy provides that you have a right to be advised in writing of the names of complainants and allegations against you prior to any questioning of you concerning the allegation regardless of the nature of the allegation and even if the allegation is such that it will not result in the filing of criminal charges or the filing of separation charges.

Accordingly, you are hereby advised that the following allegations have been attributed to you:

COMPLAINANTS:

1.   Nathson FIELDS

2.

3.

4.

ALLEGATION:      The complainant has alleged,  in a lawsuit filed
by himself,  that the accused violated his fifth,
sixth,  and fourteenth Constitutional Amendment Rights by
intentionally and deliberately suppressing written notes known as
"Street Files" generated by his interviews with hundreds of people
during the year long intense investigation into the Talman HICKMAN
and Jerome SMITH homicides which contained exculpatory
information/evidence.
The homicides occurred on 28 April 1984 at 706 E.
39th Street.  The complainant, Nathson FIELDS,  was arrested on 17
June 1985 for the above mentioned homicides.

The undersigned hereby acknowledges that he was informed of the above rights.

Signature _Thomas Richardson_

WITNESSES

PREPARE IN DUPLICATE:
    Original copy to investigator's file.
    Copy to accused member.

CPD-44.115 (Rev 4/87)

CITY-NF-07858

COMPLAINT REGISTER NO.
1  7  0  7  1  2
ATTACHMENT NO.
16

| ADMINISTRATIVE PROCEEDINGS RIGHTS (Statutory) CHICAGO POLICE DEPARTMENT | | | GIVEN TO ACCUSED DATE 2 OCT 89  TIME 10 15 | |
|---|---|---|---|---|
| NAME OF ACCUSED | RANK | STAR NO. | UNIT OF ASSIGNMENT | |
| Thomas J. RICHARDSON | GCS | 3385 | 710 | |

The law provides that you are to be advised of the following:

1. Any admission made in the course of this hearing, interrogation or examination may be used as the basis for charges seeking your removal or discharge or suspension in excess of 30 days.

2. You have the right to counsel of your choosing to be present with you to advise you at this hearing, interrogation or examination and you may consult with him as you desire.

3. You have a right to be given a reasonable time to obtain counsel of your own choosing.

4. You have no right to remain silent. You have an obligation to truthfully answer questions put to you. You are advised that your statements or responses constitute an official police report.

5. If you refuse to answer questions put to you, you will be ordered by a superior officer to answer the question.

6. If you persist in your refusal after the order has been given to you, you are advised that such refusal constitutes a violation of the Rules and Regulations of the Chicago Police Department and will serve as a basis for which your discharge will be sought.

7. You are further advised that by law any admission made by you during the course of this hearing, interrogation or examination cannot be used against you in a subsequent criminal proceeding.

---

The undersigned hereby acknowledges that he was informed of the above rights.

Signature _Thomas Richardson_

WITNESSES

_Walter Johnson_

CITY-NF-07859

PREPARE IN DUPLICATE:
Original copy to investigator's file.
Copy to accused member.

CPD-44.105 (Rev. 4/87)

| COMPLAINT REGISTER NO. |
|---|
| 1 7 0 7 1 2 |
| ATTACHMENT NO. |
| 16 |

**WAIVER OF COUNSEL/REQUEST TO SECURE COUNSEL**
CHICAGO POLICE DEPARTMENT

| NAME OF ACCUSED | RANK | STAR NO. | UNIT OF ASSIGNMENT |
|---|---|---|---|
| Thomas J. RICHARDSON | GCS | 3385 | 710 |

☐ WAIVER OF COUNSEL

I, the undersigned, hereby acknowledge that I have received and read the charges/allegations against me and I knowingly and voluntarily wish to proceed with the hearing, examination or interrogation without having counsel of my own choosing present to advise me during this hearing, examination or interrogation.

Date-Time 2 OC9 89   10/5   Signature _Thomas Richardson_

☐ REQUEST TO SECURE LEGAL COUNSEL

I, the undersigned, having been advised of my right to counsel of my own choosing at all hearings, examinations and interrogations in connection with the charges/allegations against me which have been given to me in writing and receipt of which is hereby acknowledged, elect to secure the services of counsel, and agree to proceed with said hearing, examination or interrogation at

_____ hours, on _____ , 19 _____ , in Room _____

_____ Chicago, Illinois, at which time said hearing, examination or interrogation shall be commenced. By placing my signature upon this statement, I affirm my wish to secure said counsel and agree to comply with Department hearing, examination or interrogation scheduled on the date aforesaid.

Date-Time _____   Signature _____

WITNESSES _____

CITY-NF-07860

PREPARE IN DUPLICATE:
　　Original copy to investigator's file.
　　Copy to accused member.

CPD-44.106 (Rev. 4/87)

| COMPLAINT REGISTER NO. |
|---|
| 1 7 0 7 1 2 |
| ATTACHMENT NO. 16 |

011                                                                              2 Jul 89

TO:              Superintendent of Police
                 ATTENTION:  Executive Assistant

FROM:            Sgt. Joseph J Bogdalek #2003 assigned to the 011th District

SUBJECT:         Receipt of Summons in Civil Action Case#88 C 5608

                 On 2 Jul 89 the undersigned received via police mail the above mentioned
                 summons.

                 The complainant "athson Fields was convicted for a double murder on 27 Jun 86
                 and subsequently sentenced to death. He is presently confined at the Menard
                 Correctional Center.

                 The undersigned was assigned to the Area One Violent Crimes Unit as a detective
                 at the time of this investigation, and the complainant alleges that his fifth,
                 sixth and fourteenth amedments rights were violated by the undersigned and
                 other detectives assigned to the investigation, as well as former Superintendent
                 Fred Rice, Commander James Delaney and former Assistant States Attorneys
                 Randy Rueckert and Larry Wharrie. (Reference: Street Files)


                                                          Sgt Joseph J Bogdalek #2003

Approved_____

Approved_____




CITY-NF-07861


CR # 170712

ATTACHMENT 17

011                                                      22 Sep 89

TO:      Commanding Officer, 011th District
FROM:    Sgt. Joseph J Bogdalek #2003 assigned to the the 011th District
SUBJECT: CR#170712 (Civil Suit)

      In reference to CR#170712, in which the complainant alleges that the undersigned
intentionally and deliberately supressed written notes known as "Street Files"
which contained exculpatory information/evidence relative to a double homicide
that occurred at 706 E 39th Street on 28 April 1984, the undersigns response is
that he did not intentionally and deliberately suppress any written notes
which contained any information or which contained exculpatory information/
evidence relative to this or any investigation, nor is the undersigned aware of
anyone suppressing and such written notes or evidence.

                                Sgt Joseph J Bogdalek #2003

CITY-NP-07862

CR# 170712
ATTACHMENT 11

**NOTIFICATION OF CHARGES/ALLEGATIONS**
CHICAGO POLICE DEPARTMENT

| | GIVEN TO ACCUSED | |
|---|---|---|
| | DATE  22 SEP 88 | TIME  0920 |

| NAME OF ACCUSED | RANK | STAR NO. | UNIT OF ASSIGNMENT |
|---|---|---|---|
| Joseph J. BOGDALEK | Sgt. | 14674 | 011 |

The law provides that if you are to be charged with a criminal offense or if your separation from the Department will be sought, you are to be advised in writing of the specific illegal or improper acts alleged against or attributed to you.

Furthermore, Department policy provides that you have a right to be advised in writing of the names of complainants and allegations against you prior to any questioning of you concerning the allegation regardless of the nature of the allegation and even if the allegation is such that it will not result in the filing of criminal charges or the filing of separation charges.

Accordingly, you are hereby advised that the following allegations have been attributed to you:

COMPLAINANTS:

1. Nathson FIELDS

2.

3.

4.

ALLEGATION:     The complainant has alleged,  in a lawsuit filed
by himself,   that the accused violated his fifth,
sixth,  and fourteenth Constitutional Amendment Rights by
intentionally and deliberately suppressing written notes known as
"Street Files" generated by his interviews with hundreds of people
during the year long intense investigation into the Talman HICKMAN
and Jerome SMITH homicides which contained exculpatory
information/evidence.
     The homicides occurred on 28 April 1984 at 706 E.
39th Street.  The complainant,  Nathson FIELDS,  was arrested on 17
June 1985 for the above mentioned homicides.

The undersigned hereby acknowledges that he was informed of the above rights.

Signature  _Joseph J. Bogdalek_  7th 2003

WITNESSES  _Mike Johnson_  P.A. #6176

GIS, IAD

CITY-NF-07863

PREPARE IN DUPLICATE:
    Original copy to investigator's file.
    Copy to accused member

CPD-44.115 (Rev 4/87)

| COMPLAINT REGISTER NO. |
|---|
| 1 7 0 7 1 2 |
| ATTACHMENT NO.  17 |

| ADMINISTRATIVE PROCEEDINGS RIGHTS (Statutory) CHICAGO POLICE DEPARTMENT | | | GIVEN TO ACCUSED DATE _22 SEP 89_ TIME _0920_ | |
|---|---|---|---|---|
| NAME OF ACCUSED Joseph J. BOGDALEK | RANK Sgt. | STAR NO. 14674 | UNIT OF ASSIGNMENT 011 | |

The law provides that you are to be advised of the following:

1. Any admission made in the course of this hearing, interrogation or examination may be used as the basis for charges seeking your removal or discharge or suspension in excess of 30 days.

2. You have the right to counsel of your choosing to be present with you to advise you at this hearing, interrogation or examination and you may consult with him as you desire.

3. You have a right to be given a reasonable time to obtain counsel of your own choosing.

4. You have no right to remain silent. You have an obligation to truthfully answer questions put to you. You are advised that your statements or responses constitute an official police report.

5. If you refuse to answer questions put to you, you will be ordered by a superior officer to answer the question.

6. If you persist in your refusal after the order has been given to you, you are advised that such refusal constitutes a violation of the Rules and Regulations of the Chicago Police Department and will serve as a basis for which your discharge will be sought.

7. You are further advised that by law any admission made by you during the course of this hearing, interrogation or examination cannot be used against you in a subsequent criminal proceeding.

The undersigned hereby acknowledges that he was informed of the above rights.

Signature _Joseph J Bogdalek #2003_

WITNESSES _Walter D Johnson P.A. #607_
_G/S, IAD_

CITY-NF-07864

PREPARE IN DUPLICATE:
Original copy to investigator's file.
Copy to accused member.

CPD-44.105 (Rev. 4/87)

| COMPLAINT REGISTER NO. 1 7 0 7 1 2 |
|---|
| ATTACHMENT NO 17 |

## WAIVER OF COUNSEL/REQUEST TO SECURE COUNSEL
CHICAGO POLICE DEPARTMENT

| NAME OF ACCUSED | RANK | STAR NO. | UNIT OF ASSIGNMENT |
|---|---|---|---|
| Joseph J. BOGDALEK | Sgt. | 14674 | 011 |

☑ **WAIVER OF COUNSEL**

I, the undersigned, hereby acknowledge that I have received and read the charges/allegations against me and I knowingly and voluntarily wish to proceed with the hearing, examination or interrogation without having counsel of my own choosing present to advise me during this hearing, examination or interrogation.

Date-Time  22 SEP 89        Signature  _Joseph J Bogdalek_

☐ **REQUEST TO SECURE LEGAL COUNSEL**

I, the undersigned, having been advised of my right to counsel of my own choosing at all hearings, examinations and interrogations in connection with the charges/allegations against me which have been given to me in writing and receipt of which is hereby acknowledged, elect to secure the services of counsel. and agree to proceed with said hearing, examination or interrogation at

_____ hours, on _____ , 19 _____ , in Room _____

_____ Chicago, Illinois, at which time said hearing, examination or interrogation shall be commenced. By placing my signature upon this statement, I affirm my wish to secure said counsel and agree to comply with Department hearing, examination or interrogation scheduled on the date aforesaid.

Date-Time _____        Signature _____

WITNESSES  _Walter Johnson_ P.A. #676
GIS, IAD

CITY-NF-07865

PREPARE IN DUPLICATE:
    Original copy to investigator's file.
    Copy to accused member.

CPD-44.106 (Rev. 4/87)

| COMPLAINT REGISTER NO. |
|---|
| 1 7 0 7 1 2 |
| ATTACHMENT NO.    17 |

Detached Services

To:        Executive Assistant to the Superintendant.

From:      Sergeant David O'Callaghan #1159

Subject:   Civil Summons  #88 C 5608


        Reporting Sergeant has received process on the above Civil Summons. Reporting Sergeant has also received process through the U.S. Marshall's Service. Reporting Sergeant has met with the Corporation Counsel's Office in regard to this suit.

Notification at Superintendant's Office _____

Notification at I.A.D. P.A.  JOHNSON  #6076

Sergeant David O'Callaghan #1159



CR # 170712
ATTACHMENT 18

Detached Services                                    26 September 1989


To:            Commanding Officer, Detached Services

From:          Sergeant David J. O'Callaghan #1159

Subject:       Civil Suit  89  C 5608


        Reporting Sergeant is submitting this report per requirement
of the Department.  Reporting Sergeant has previously met with members of
the Corporation Counsel's Office in regard to this matter.

        Reporting Sergeant did not hold (withhold) any exculpatory
information of a written nature in regard to the Double Homicide Investigation
of HICKMAN and TALMAN in which Nathson FIELDS is presently convicted and
on Death Row.  In addition reporting Sergeant cannot recall anyone who was
interviewed saying anything nice much less exculpatory in regards to Mr. FIELDS.


                        David J. O'Callaghan #1159


Approved_____




CITY-NF-07867


CR # 170712
ATTACHMENT 18

| NOTIFICATION OF CHARGES/ALLEGATIONS<br>CHICAGO POLICE DEPARTMENT | | | GIVEN TO ACCUSED<br>DATE<br>26 Sept 89 | TIME<br>0910 |
|---|---|---|---|---|

| NAME OF ACCUSED | RANK | STAR NO. | UNIT OF ASSIGNMENT |
|---|---|---|---|
| David J. O'CALLAGHAN | Sgt. | 1159 | 543 |

The law provides that if you are to be charged with a criminal offense or if your separation from the Department will be sought, you are to be advised in writing of the specific illegal or improper acts alleged against or attributed to you.

Furthermore, Department policy provides that you have a right to be advised in writing of the names of complainants and allegations against you prior to any questioning of you concerning the allegation regardless of the nature of the allegation and even if the allegation is such that it will not result in the filing of criminal charges or the filing of separation charges.

Accordingly, you are hereby advised that the following allegations have been attributed to you:

COMPLAINANTS:

1. Nathson FIELDS

2. _____

3. _____

4. _____

ALLEGATION:     The complainant has alleged, in a lawsuit filed
                by himself,  that the accused violated his fifth,
sixth,  and fourteenth Constitutional Amendment Rights by
intentionally and deliberately suppressing written notes known as
"Street Files" generated by his interviews with hundreds of people
during the year long intense investigation into the Talman HICKMAN
and Jerome SMITH homicides which contained exculpatory
information/evidence.
        The homicides occurred on 28 April 1984 at 706 E.
39th Street.  The complainant,  Nathson FIELDS,  was arrested on 17
June 1985 for the above mentioned homicides.

The undersigned hereby acknowledges that he was informed of the above rights.

Signature _David J. O'Callaghan_

WITNESSES

_____ _____ #6006-GIS, IAD

_____

CITY-NF-07868

PREPARE IN DUPLICATE:
· Original copy to investigator's file.
  Copy to accused member.

CPD-44.115 (Rev 4/87)

| COMPLAINT REGISTER NO. |
|---|
| 1 7 0 7 1 2 |
| ATTACHMENT NO. |
| 18 |

**WAIVER OF COUNSEL/REQUEST TO SECURE COUNSEL**
CHICAGO POLICE DEPARTMENT

| NAME OF ACCUSED | RANK | STAR NO. | UNIT OF ASSIGNMENT |
|---|---|---|---|
| David J. O'CALLAGHAN | Sgt. | 1159 | 543 |

☐ WAIVER OF COUNSEL

I, the undersigned, hereby acknowledge that I have received and read the charges/allegations against me and I knowingly and voluntarily wish to proceed with the hearing, examination or interrogation without having counsel of my own choosing present to advise me during this hearing, examination or interrogation.

Date-Time _26 Sep 89   0910 hrs_   Signature _David J. O'Callaghan_

☐ REQUEST TO SECURE LEGAL COUNSEL

I, the undersigned, having been advised of my right to counsel of my own choosing at all hearings, examinations and interrogations in connection with the charges/allegations against me which have been given to me in writing and receipt of which is hereby acknowledged, elect to secure the services of counsel and agree to proceed with said hearing, examination or interrogation at

_____ hours, on _____ , 19 _____ , in Room _____

_____ Chicago, Illinois, at which time said hearing, examination or interrogation shall be commenced. By placing my signature upon this statement, I affirm my wish to secure said counsel and agree to comply with Department hearing, examination or interrogation scheduled on the date aforesaid.

Date-Time _____   Signature _____

WITNESSES _____ #6076 - GIS, IAD

_____

CITY-NF-07869

PREPARE IN DUPLICATE:
  Original copy to investigator's file.
  Copy to accused member.

CPD-44.106 (Rev. 4/87)

| COMPLAINT REGISTER NO. |
|---|
| 1 7 0 7 1 2 |
| ATTACHMENT NO. 18 |

| ADMINISTRATIVE PROCEEDINGS RIGHTS<br>(Statutory)<br>CHICAGO POLICE DEPARTMENT | | | GIVEN TO ACCUSED<br>DATE 26 Sept 81 | TIME 0510 |
|---|---|---|---|---|
| NAME OF ACCUSED<br>David J. O'CALLAGHAN | RANK<br>Sgt. | STAR NO.<br>1159 | UNIT OF ASSIGNMENT<br>543 | |

The law provides that you are to be advised of the following:

1. Any admission made in the course of this hearing, interrogation or examination may be used as the basis for charges seeking your removal or discharge or suspension in excess of 30 days.

2. You have the right to counsel of your choosing to be present with you to advise you at this hearing, interrogation or examination and you may consult with him as you desire.

3. You have a right to be given a reasonable time to obtain counsel of your own choosing.

4. You have no right to remain silent. You have an obligation to truthfully answer questions put to you. You are advised that your statements or responses constitute an official police report.

5. If you refuse to answer questions put to you, you will be ordered by a superior officer to answer the question.

6. If you persist in your refusal after the order has been given to you, you are advised that such refusal constitutes a violation of the Rules and Regulations of the Chicago Police Department and will serve as a basis for which your discharge will be sought.

7. You are further advised that by law any admission made by you during the course of this hearing, interrogation or examination cannot be used against you in a subsequent criminal proceeding.

The undersigned hereby acknowledges that he was informed of the above rights.

Signature David J. O'Callaghan

WITNESSES _____ #6076-G15, IAD

CITY-NF-07870

PREPARE IN DUPLICATE:
   Original copy to investigator's file.
   Copy to accused member.

CPD-44.105 (Rev. 4/87)

| COMPLAINT REGISTER NO.<br>1 7 0 7 1 2 |
|---|
| ATTACHMENT NO.<br>18 |