STATE OF ILLINOIS)
                 )
COUNTY OF COOK   )

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT-CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS )
                                )
            vs.                 )    No. 85 C 7651 / 85C6755
                                )    Judge VINCENT M. GAUGHAN
EARL HAWKINS                    )

PLEA AGREEMENT

This Plea Agreement between the People of the State of Illinois through their attorney, ANITA A. ALVAREZ, State's Attorney of Cook County, through her assistants, Brian Sexton and Pat Coughlin, and the defendant, Earl Hawkins, and his attorney, David Stetler, is made pursuant to Supreme Court Rule 402.

This Plea Agreement is entirely voluntary and represents the entire agreement between the People of the State of Illinois and defendant regarding defendant's criminal liability in case 85C 7651.

This Plea Agreement concerns criminal liability only, and nothing herein shall limit or in any way waive or release any administrative or judicial civil claim, demand or cause of action, whatsoever, of the people of the State of Illinois or its agencies. Moreover, this Agreement is limited to the Cook County State's Attorney's Office and cannot bind any other federal, state or local

prosecuting, administrative or regulatory authorities except as expressly set forth in this Agreement.

By this Plea Agreement, ANITA A. ALVAREZ, State's Attorney of Cook County, and the defendant, Earl Hawkins, and his attorney, David Stetler, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the indictment in this case with Murder in violation of Chapter 38, Il. Rev. Statutes, Section 9-1(a). An information charging the defendant with two (2) counts of Armed Violence in violation of Chapter 720, Illinois Compiled Statutes, Act 5, Section 33 A-2(a) will be filed against defendant at the time of his plea.

2. Defendant has read the charges against him contained in the indictment and the information, and that those charges have been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crimes with which he has been charged.

4. Defendant will enter a voluntary plea of guilty to both counts of Armed Violence in the information filed in this case.

5. Defendant will plead guilty because he is in fact guilty of the charges contained in Counts 1 and 2 of the information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt: With

2

respect to the Armed Violence Counts of the Information, defendant Hawkins admits that he, Nathson Fields, and others, while armed with handguns, conspired and agreed to commit murder against members of a rival gang, to wit: Talman Hickman and Jerome Smith, and they committed an act in furtherance of said conspiracy by shooting at and killing Talman Hickman and Jerome Smith.

6. Defendant acknowledges that the facts contained in paragraph 5 above are merely a summary regarding the defendant's knowledge of these crimes and are set forth solely to provide a factual basis for his plea of guilty.

7. Defendant understands the counts to which he will plead guilty carry the following penalties:

(a) Both counts carry a minimum penalty of 6 years imprisonment and a maximum sentence of 30 years imprisonment. If the Court finds that aggravating factors set forth in Chapter 730, Illinois Compiled Statutes, Act 5, Section 5-5-3.2 are present, the Court may sentence defendant to an extended term sentence of a maximum of sixty (60) years imprisonment. These sentences could also be consecutive to each other under the provisions of Chapter 730, Illinois Compiled Statutes, Act 5, Section 5-8-4. The Court may also impose a fine of up to a maximum of $10,000.00.

(b)    Defendant understands that these counts also carry a term of mandatory supervised release of three years on each count.

8.    Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a)    If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial.  The trial could be either a jury trial or a trial by the judge sitting without a jury.  The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant would have to enter a written waiver.

(b)    If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.  Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable

4

doubt and that it was to consider each count of the indictment or information separately.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the People would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

9. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Defendant further

understands he is waiving all appellate issues that might have been available if he had exercised his right to trial.

10. Defendant agrees he will fully and truthfully cooperate with the People of the State of Illinois in any matter in which he is called upon to cooperate that is related to or results from the charges in this case.

(a) Defendant agrees to provide complete and truthful information in any investigation and pre-trial preparation, and complete and truthful testimony, if called upon to testify, before any grand jury and Circuit Court proceeding, and any related court proceeding.

11. Defendant understands that the information and this Plea Agreement are matters of public record and may be disclosed to any party.

12. The People of the State of Illinois agree not to seek additional criminal charges against the defendant for the acts which occurred in Cook County, Illinois and which he has described in his previous trial and grand jury testimony provided to the Cook County State's Attorney's Office and the U.S. Attorney's Office for the Northern District of Illinois. However, nothing in this Agreement limits the Cook County State's Attorney's Office in prosecution of the defendant for crimes not disclosed in his prior

6

trial testimony or grand jury testimony, and not known to the government at the time of this plea, except as expressly set forth in this Agreement. Nothing in this Plea Agreement shall prevent the Cook County State's Attorney's Office from prosecuting the defendant for the offense of perjury committed during the defendant's testimony in this matter.

13. Defendant understands that the Cook County State's Attorney's Office will fully apprise the Circuit Court of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

14. At the time of sentencing, the People shall

(a)   shall ask that the sentencing judge consider the the truthfulness of defendant Hawkins' testimony in the instant matter.

(b)   shall ask that the sentencing judge consider the risks to defendant Hawkins' personal safety as a result of his testimony in the instant matter.

(c)   by agreement of the parties, the People shall recommend that defendant be sentenced to incarceration in a penal institution for a term of incarceration of 78 years in the Illinois Department of Corrections based on consecutive sentences of 39

7

years for each count of Armed violence, said sentence to run concurrently to defendant Hawkins' federal sentence of 60 years imprisonment for the offenses of Conspiracy to Commit Racketeering, Racketeering, and Conspiracy to Distribute Narcotics, which defendant received before Judge Aspen in the United District Court Of the Northern District Of Illinois, case number 89CR-9087. It is the intent of both parties that defendant Hawkins not serve any additional time in state custody beyond what he is already serving on his federal sentence. Defendant Hawkins will receive credit for time spent in state custody dating back to his original arrest on May 18, 1985.

(d) by agreement of the parties, the People shall recommend that because of the defendant Hawkins' previous testimony in several federal trials, and for his own continued safety, the defendant will serve his time in custody on both the instant case and his federal sentence under 89CR-908, in a federal facility.

15. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and is free to impose the maximum penalties as set forth in paragraph 7 above. The sentencing judge shall determine the truthfulness of defendant's

testimony in this matter in deciding whether he will abide by the recommendation of the Cook Count State's Attorney's Office, as stated above. The parties have agreed that the Court remains free to impose the sentence it deems appropriate. If the Court accepts and imposes the agreed terms of incarceration set forth, the defendant may not withdraw his guilty plea. If, however, the Court refuses to impose the agreed terms of incarceration set forth herein, thereby rejecting the Plea Agreement, or otherwise refuses to accept the defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound thereto.

16. Defendant understands that his compliance with each part of this Plea Agreement extends throughout and beyond the period of his sentence, and failure to abide by any term of the Plea Agreement is a violation of the Agreement. He further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute the defendant not subject to any of the limits set forth in this Agreement, or to resentence the defendant. The defendant understands and agrees that in the the event that this Plea Agreement is breached by the defendant, and the government elects to void the Plea Agreement and prosecute the defendant, any prosecutions that are not time-barred by the

applicable statute of limitations on the date of the signing of this Agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

17. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

18. Defendant agrees this Plea Agreement shall be filed and become a part of the record in this case.

19. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: _December 9, 2013_

_____
BRIAN SEXTON
Assistant State's Attorney

_____
EARL HAWKINS
Defendant

_____
PATRICK COUGHLIN
Assistant State's Attorney

_____
DAVID STETLER
Attorney for Defendant

10