IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| NATHSON E. FIELDS, | ) | | |
| | ) | | |
| Plaintiff, | ) | No. | 10 C 1168 |
| | ) | | |
| v. | ) | Hon. Matthew F. Kennelly | |
| | ) | | |
| CITY OF CHICAGO, et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |

## COOK COUNTY'S SUR-REPLY IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT

Cook County ("the County"), by and through its counsel, submits the following sur-reply in support of its motion to strike Plaintiff's Motion for Partial Summary Judgment, pursuant to the Court's request at the January 29, 2014 status hearing:

## INTRODUCTION

In its response[1] to Plaintiff's motion for default or, in the alternative, for summary judgment against the County ("County Response"), the County demonstrated that Plaintiff has no *Monell* claim pending against it and that, in fact, no such claim was ever brought by Plaintiff. In his reply[2] ("Plaintiff's Reply"), Plaintiff withdraws his motion for default, but asks this Court to allow him to "revive" a *Monell* claim against the County – *i.e.*, to amend his complaint to add a new *Monell* claim against the County – so he can proceed on a motion for summary judgment against it. It is apparent from the factual allegations contained in Plaintiff's Third Amended Complaint and briefs that Plaintiff's purported *Monell* claim pertains to the alleged policies and practices of the State's Attorney's Office ("SAO"). Because the County has no policy making

---

[1] Cook County's Response to Plaintiff's Motion For Default and Motion to Strike Plaintiff's Motion For Partial Summary Judgment Against It (Dkt. 462).
[2] Plaintiff's Reply to County's Response to Motion For Default Judgment, and County's Motion to Strike Plaintiff's Motion For Summary Judgment (Dkt. 472).

authority for the SAO (against which a *Monell* claim would be barred by the *Eleventh Amendment*), or for criminal prosecutions, as a matter of law, any attempt by Plaintiff to amend his complaint to add a *Monell* claim against the County would be futile. Consequently, Plaintiff's request to amend his complaint and proceed on a *Monell* claim against the County, including a motion for summary judgment, should therefore be denied.

## DISCUSSION

Plaintiff's attempt to effectively amend his complaint to add a *Monell* claim against the County should be denied because it would be futile. *See Perkins v. Silverstein*, 939 F.2d 463, 471-472 (7th Cir. 1991) (noting that the right to file an amended complaint is "not absolute" and "a district court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss."); *Duda v. Bd. of Educ.*, 133 F.3d 1054, 1057 n. 4 (7th Cir. 1998) (same); and *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) (same). No basis exists as a matter of law for any purported *Monell* claim against Cook County.

Plaintiff does not, and cannot, allege any policy, practice, or custom of the County which allegedly caused a violation of his constitutional rights. Furthermore, there are no allegations against any county employees in the TAC (nor could there be). "A county is liable for depriving an individual's constitutional rights only if the deprivation was the result of the county's official policy, custom, or practice." *Wilson v. Giesen*, 956 F.2d 738, 744 (7th Cir. 1991), citing *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff has not set forth any factual matter, in either his Third Amended Complaint ((Dkt. 106-1) ("TAC")), in his motion for partial summary judgment, or in his Reply, that could even arguably support a cognizable *Monell* claim against the County.

2

As discussed in the County's Response (at ¶ 6), Plaintiff relies on several paragraphs of the TAC which contain allegations against the SAO. These include allegations about the handling of "street files." In defendants' motion to dismiss Plaintiff's TAC, defendants pointed to these allegations as evidence Plaintiff was trying to hold the individual ASA Defendants liable under some sort of *Monell* theory relating to the alleged policies and practices of the SAO. (*See* Supplemental Memorandum of Defendants Larry Wharrie, David Kelley, and Cook County in Support of Their Motion to Dismiss Plaintiff's Third Amended Complaint (Dkt. 109) ("County Memorandum") at pp. 5-6; attached as Exhibit A to the County Response.) As defendants noted there, any *Monell* claim against the SAO would be barred by the *Eleventh Amendment* and any claim attempt to hold the individual ASA defendants liable for the alleged policies and practices of the SAO should be dismissed.

Plaintiff is now simply substituting "County" for "State's Attorney" in his motion for summary judgment as the target of his claim in connection with the same allegations about the handling of street files. (*See* County Response at ¶ 19.) Compounding this confusion, in his Reply Plaintiff discusses a prosecutor's obligations under *Brady v. Maryland* and alleges interactions between the Chicago Police Department and the SAO, but then without any further explanation refers to the "county's clear duties to the Plaintiff" and the "requirements imposed on the county defendants by the Supreme Court's jurisprudence".[3] (Plaintiff's Reply at 3.) Plaintiff simply substitutes "County" interchangeably for "State's Attorney's Office" in his discussion, although clearly referring factually to the SAO and prosecutors. Plaintiff's attempt to

---

[3] Plaintiff refers at times to County defendants in the plural. This further suggests that Plaintiff is seeking to impermissibly hold the County substantively liable for the alleged conduct of the individual ASA Defendants. Any viable *Monell* claim must be against the County based on some policy or practice of the County.

evade the *Eleventh Amendment* bar on a *Monell* claim against the SAO is improper and wrong as a matter of law.

The County established in its motion to dismiss, and reiterated in its present Response, that the County cannot be held directly or vicariously liable for the alleged actions and conduct of the SAO or its employees. (*See* County Response at ¶¶ 4-5 and Exhibit A thereto.) The primary reason for this is that, in Illinois, State's Attorneys and Assistant State's Attorneys are not County employees. *See, e.g., McGrath v. Gillis*, 44 F. 3d 567, 571 (7th Cir. 1995). The County is not involved with criminal prosecutions and does not establish prosecutorial policy. It is the State's Attorney's duty to prosecute criminal cases on behalf of the People of Illinois. *See 55 ILCS 5/3-9005*. The State's Attorney is an independent state officer whose office was created under the judicial article of the Illinois Constitution. *See Ingemunson v. Hedges*, 549 N.E.2d 1269, 1271-72 (Ill. 1990), citing *Hoyne .v Danish*, 106 N.E. 341 (Ill. 1914).

In *Stokes v. City of Chicago*, 660 F. Supp. 1459, 1462 (N.D. Ill. 1987), the court consequently found:

> . . . a prosecutor does not possess the authority to establish county policy because the prosecutor acts on behalf of the state and People of Illinois when prosecuting criminal cases. The prosecutor's actions are independent of the county and county board. [* * *] The county board has neither the authority to establish policy for the State's Attorney nor the power to delegate prosecutorial duties to the State's Attorney. The County of Cook cannot establish a prosecutorial policy. *Jones v. City of Chicago*, 639 F. Supp. 146, 154 (N.D. Ill. 1986). The County of Cook has no statutory involvement powers or duties regarding criminal prosecutions. Prosecutorial duties and prosecutions in the state courts are performed by the State's Attorney and not by the county board.

In *Jones*, which is cited by the *Stokes* court and which involved the "street file" issue advanced by Plaintiff, the court found as a matter of law that the County had no involvement in criminal prosecutions and dismissed the plaintiff's attempt to state a *Monell* claim against Cook County, holding, "[t]he County of Cook has no prosecutorial policy and, therefore, did not cause

4

plaintiff's alleged injuries." *Jones*, 639 F. Supp. at 154. *See also Horstman v. County of DuPage*, 284 F.Supp.2d 1125, 1130-32 (N.D. Ill. 2003) (holding that any policies promulgated by the state's attorney are not attributable to the county, which is therefore not liable for plaintiff's injuries under *Monell*).

As stated above, Plaintiff does not name any County employee in his TAC (the individual ASA Defendants being State, not County employees), nor does he attempt to identify any alleged *County*, as opposed to *SAO*, policy. Plaintiff simply alleges, incorrectly, that the County "consists in part of the Cook County State's Attorney's Office" and that the County is "responsible for the acts of its employees" (TAC, ¶ 8) and "liable as a necessary party for the torts committed by its agents" (TAC, ¶ 126). This is clearly incorrect as a matter of law, as discussed in defendants' motion to dismiss. Under similar circumstances, citing *Stokes* and *Jones*, the court in *Carr v. City of Chicago*, 85 C 8322, 1988 U.S. Dist. LEXIS 4598 (N.D. Ill. May 18, 1988) (Moran, J.), dismissed a *Monell* claim against Cook County based on the purported responsibility of the County for the operation of the SAO. The court explained, "Plaintiff's only factual claim is that the county operates the state's attorney's office. Not only has plaintiff failed to identify a specific County policy but it is difficult to imagine how he could show such a policy, given the County's complete lack of control over the establishment of prosecutorial policy in the state's attorney's office." *Carr* at *6.

For the same reasons set forth in *Stokes*, *Jones, Horstman*, and *Carr*, Plaintiff's attempt to state a *Monell* claim against the Count fails as well. It is clear that the only bases of the *Monell* claim Plaintiff wishes to pursue now are the alleged policies and practices of the SAO, or the alleged conduct of its employees. Because the County may not be held substantively liable for the alleged conduct of the SAO or its employees as a matter of law, and because the County has

no policy making authority with respect to criminal prosecutions or the SAO as a matter of law, Plaintiff's attempt to amend his complaint to substitute the County for the SAO for purposes of stating a *Monell* claim would therefore be futile, in that the amended complaint could not survive a second motion to dismiss. Plaintiff's request in his Reply to proceed on such a claim should therefore be denied.

WHEREFORE, for the above and foregoing reasons, together with those set forth in its initial Response, Cook County respectfully request that this Court deny Plaintiff's request to amend his complaint to add a new *Monell* claim against the County and enter an order striking Plaintiff's Motion for Partial Summary Judgment, and for such further relief as the Court deems just and appropriate.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By:      s/Stephen L. Garcia
Stephen L. Garcia
ARDC# 06195546
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
312.603.5475

## CERTIFICATE OF SERVICE

I, Stephen L. Garcia, Assistant State's Attorney, hereby certify that I caused a copy of Cook County's Sur-reply in Support of Its Motion to Strike Plaintiff's Motion For Partial Summary Judgment to be served on the individuals listed below at their respective addresses by CM/ECF electronic filing on January 31, 2014:

| | |
|---|---|
| Leonard C. Goodman, Esq. | H. Candace Gorman, Esq. |
| Melissa A. Matuzak, Esq. | Adrian J. Bleifuss Prados, Esq. |
| LAW OFFICES OF LEONARD C. GOODMAN | LAW OFFICE OF H. CANDACE GORMAN |
| 53 W. Jackson Blvd. | 220 S. Halsted, Ste. 200 |
| Suite 1650 | Chicago, IL 60661 |
| Chicago, IL 60604 | |

Terrence M. Burns, Esq.
Paul A. Michalik, Esq.
Harry N. Arger, Esq.
Daniel M. Noland, Esq.
Molly E. Thompson, Esq.
Derek B. Payette, Esq.
DYKEMA GOSSETT PLLC
10 S. Wacker Drive, Ste. 2300
Chicago, IL 60606
*Attorneys for defendants*
*City of Chicago, Richard M. Daley, Rice,*
*Rodriguez, Hilliard, Cline, Martin, Weis,*
*O'Callaghan, Casto, Minogue, Bogdalek, Murphy,*
*Evans, Brannigan, Robertson, Kobel, and Kolovitz*

_s/ Stephen L. Garcia_____

Re:     *Nathson Fields v. City of Chicago, et al.*, 10 C 1168