UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATHSON E. FIELDS, ) | |
|     Plaintiff, ) | |
| ) | No.  10 CV 1168 |
| v. ) | |
| ) | Hon. Matthew F. Kennelly |
| CITY OF CHICAGO et al., ) | |
|     Defendants. ) | |

**FIELDS'S MOTION FOR A JURY INSPECTION,
FOR PERMISSION TO DISCUSS THE CONTENTS OF THE CRITICAL FILE
CABINET AT TRIAL, AND FOR AN ORDER THAT THE CABINET
BE BROUGHT TO THE COURTROOM**

NOW COMES Plaintiff NATHSON FIELDS, by and through his attorneys, and respectfully requests that this Court enter an order providing that the Jury in Fields's upcoming trial be allowed to visit the basement of the Chicago Police Department facility at 51st and Wentworth (Area Central), in order to view the multiple file cabinets located there; Fields further asks that this Court allow his counsel to discuss, at trial, the contents of the files in the particular file cabinet which the city *thinks* may have housed the Hickman-Smith Street File; finally, Fields asks that this Court enter an order providing that said cabinet be brought to the Dirksen Courthouse, and that it be in the courtroom during the trial. In support of his Motion, Fields states the following:

    **I.**    **Request for a Jury Inspection**

Fields asks that this Court order that the jury will be allowed to visit Area Central for a viewing of the multiple file cabinets in the basement there. This Court enjoys the inherent power to permit a jury inspection of that space. *Gunther v. E.I. DuPont De Nemours & Co.*, 255 F.2d 710, 716 (4th Cir. 1958); *Fitzpatrick v. Sooner Oil Co.*,

212 F.2d 548, 551 (10th Cir. 1954). As this Court noted in its Ruling on the parties' motions for summary judgment, "[t]he fact that the Smith/Hickman street file was found in a file cabinet with numerous other files regarding murder cases suggests that the occurrence was not isolated (p. 25)." In its memorandum dated April 27, 2013, this Court issued the following warning to the city:

> [T]he Court notes that these files have been requested by Fields, and they ultimately may be subject to production in this case, to enable Fields to prove the contours of the policy he now alleges. Thus if nothing else, the law of spoliation ought to make the City or the Police Department think long and hard about altering or moving the files or the file cabinets. It would be extraordinarily unwise for the City or the Police Department to alter or move the files or file cabinets or to permit any individual to do so, without first seeking the Court's guidance (Docket 356. p. 6).

Fields believes that the Court, in this passage, contemplated the significance of the physical conditions of the file cabinets at 51st and Wentworth. Indeed, the layout of the basement in which the critical cabinet is situated, the physical condition of that basement, and the voluminous collection of file cabinets with so-called "open" files contained there, are directly material to Fields's *Monell* claim. By allowing a Jury inspection, this Court would afford Fields an opportunity to demonstrate that the secreting of the Hickman-Smith Street File was the natural consequence of the Chicago Police Department's practices -- practices which effectively keep a vast body of investigative police-generated materials off of the radar of criminal defendants and their counsel, and beyond the reach of ordinary discovery mechanisms and subpoenas.

## II. Request for Permission to Discuss the Contents of the Files

This Court noted in its ruling on summary judgment that it had "reserved the question of whether the other files' existence and contents are relevant and admissible regarding Fields's *Monell* claim against the City. (p. 15 n.3)." For all of the reasons stated above, Fields respectfully asks that this Court allow his attorneys to discuss the contents of the files in the above-referenced cabinet before the Jury. A discussion of the files' contents would enable Fields to demonstrate that other files nominally designated as "open" by the police department actually related to criminal cases for which suspects have been apprehended, prosecuted, and convicted. Fields would thereby be able to strengthen his *Monell* claim by placing the nondisclosure of the Hickman-Smith street file in the context of a troubling pattern in which files were likely withheld from other criminal defendants. If this Court grants counsel permission to discuss the contents of the files counsel seeks this Court's guidance in handling how to discuss those files without violating the protective order.

## III. Request that the Cabinet be Brought to the Courtroom

Fields asks that this Court order that above-referenced cabinet be brought to the Dirksen Courthouse and that it be available in the courtroom during the trial. As discussed above, this cabinet is critical to Fields' *Monell* claim; the physical presence of cabinet in the courtroom would help the jurors better understand the file maintenance practices which resulted in Fields's *Brady* violation and would allow counsel to examine witnesses about the file and the file cabinet with the cabinet in their presence. In addition, Fields would be able to more clearly explore the contents of the file cabinet

3

with the Jury, and explain to the Jury the bureaucratic black hole into which the Hickman-Smith street file was "disappeared."

### IV.     City Defendants Object to Plaintiff's Position

On February 10, 2014, Fields's counsel sent a letter to counsel for the city inquiring as to the city's position with regard to these matters. On February 12, 2014 counsel for the city responded, objecting to Plaintiff's proposals.

WHEREFORE, for all of the reasons stated above, Fields asks that this Court enter an order permitting a jury inspection of the Area Central basement; that this Court allow counsel for Fields to discuss, at trial, the contents of the files in the above-referenced file cabinet; and that this Court order that said cabinet be brought to the courtroom and made available during the pendency of the trial.

Respectfully Submitted,

/s/H. Candace Gorman
One of the Attorneys for Fields

H. Candace Gorman
Law office of H. Candace Gorman
220 S. Halsted, Suite 200
Chicago IL. 60661
312.427.2313

## **CERTIFICATE OF SERVICE**

I, H. Candace Gorman, hereby certify that the foregoing Motion was served to the parties by the Court's Electronic Filing System.

Dated: February 12, 2014

                                            Respectfully Submitted,

                                            /s/ H. Candace Gorman
                                            One of the Attorneys for Fields

For Fields:

| | |
|---|---|
| Leonard C. Goodman | H. Candace Gorman |
| Melissa Matuzak | 220 S. Halsted |
| 53 W. Jackson Boulevard | Suite 200 |
| Suite 1650 | Chicago Illinois 60661 |
| Chicago, Illinois 60604 | 312-427-2313 |
| 312-986-1984 | |