# EXHIBIT 7

Minute Order Form (rev. 12/90)

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | | Sitting Judge if Other Than Assigned Judge | RICHARD MILLS |
|---|---|---|---|
| Case Number | 89 CR 908 | Date | October 9, 1991 |
| Case Title | U.S.A. vs. BATES, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion for introduction of translated transcripts

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]

(2) ☐ Brief in support of motion due _____

(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____

(4) ☐ ☐ Ruling / Hearing on _____ set for _____ at _____

(5) ☐ Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(7) ☐ Trial ☐ Set for ☐ re-set for _____ at _____

(8) ☐ ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____

(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)

(10) ☒ [Other docket entry] Plaintiff, U.S.A.'s Motion for Introduction of Translated Transcripts is granted.

(11) ☒ [For further detail see ☐ order on the reverse of ☒ order attached to the original minute order form.]

| | No notices required, advised in open court. | | | number of notices | |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| X | Notices mailed by judge's staff. | EXHIBIT | | date docketed | Document |
| | Notified counsel by telephone. | | | | |
| | Docketing to mail notices. | | | docketing dpty. initials | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate Judge. | | | date mailed notice | |
| | courtroom deputy's Initials | Date/time received in central Clerk's Office | | mailing dpty. initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS -- EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 89-CR-908 |
| ) | |
| THOMAS BATES, BERNARD GREEN, ) | |
| JEROME CROWDER, EDWARD ) | |
| WILLIAMS, LOUIS HOOVER and ) | |
| ROLAND LEWIS. ) | |
| ) | |
| Defendants. ) | |

ORDER

RICHARD MILLS, District Judge:

This cause comes before the Court on the Government's motion for the introduction of translated transcripts of recorded conversations. For the reasons noted below, the Government's motion is allowed.

In its motion, the Government requests the introduction of transcripts of recorded conversations participated in by the Defendants. These conversations were conducted by the Defendants in a "code" which makes them unintelligible to persons unfamiliar with the meanings of the terms used. Accordingly, to assist the jury's comprehension, the Government seeks to introduce in conjunction with the transcripts corresponding translations prepared by cooperating witnesses.

Defendants, in opposition, contend that because use of the code (and therefore the meaning of encoded terms) varies among different persons, efforts to produce "standard" translations

1

will necessarily result in unacceptable inaccuracies. The Court notes that Defendants fail to cite a single source of authority in support of their proposition.

As an initial matter, the Court finds the encoded conversations at issue analogous to a foreign language and properly treated as such. The Court has wide discretion "in determining whether to permit the jury to use written transcripts as aids in listening to tape recordings." U.S. v. Keck, 773 F.2d 759, 766 (7th Cir. 1985). In U.S. v. Zambrana, 841 F.2d 1320, 1336 (7th Cir. 1988), the Seventh Circuit established that where questions regarding the accuracy of a translation exist, the ultimate burden lies with the parties to present evidence in support of their positions. This evidence may take the form of alternative translations, the testimony of expert witnesses and of course cross-examination. Zambrana, 841 F.2d at 1335.

In the case at bar, adequate means to challenge the accuracy of the Government's translations are available to Defendants and accordingly the Government's motion is allowed.

Ergo, the Government's motion for the introduction of translated transcripts of recorded conversations is ALLOWED.

ENTER: 9 October, 1991.

FOR THE COURT:

RICHARD MILLS
United States District Judge

2