# EXHIBIT 16

1

1    IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF ILLINOIS
2              EASTERN DIVISION

3

NATHSON E. FIELDS,                )    No. 2010 C 1168
4
                 Plaintiff,       )    February 18, 2014
5
         v.                       )    10:00 a.m.
6
CITY OF CHICAGO, et al.,          )
7
                 Defendants.      )
8

9         TRANSCRIPT OF PROCEEDINGS - MOTION
       BEFORE THE HON. MATTHEW F. KENNELLY
10

11   APPEARANCES:

12   On behalf of Plaintiff:    MR. LEONARD C. GOODMAN
                                MS. MELISSA A. MATUZAK
13                              53 West Jackson Boulevard, Suite 1650
                                Chicago, Illinois 60604
14                              (312) 986-1984

15                              MS. H. CANDACE GORMAN
                                Law Office of H. Candace Gorman
16                              220 South Halsted Street, Suite 200
                                Chicago, Illinois 60661
17                              (312) 441-0919

18   On behalf of Defendants:  MR. DANIEL M. NOLAND
                                MR. PAUL A. MICHALIK
19                              DYKEMA GOSSETT PLLC
                                10 South Wacker Drive, Suite 2300
20                              Chicago, Illinois 60606
                                (312) 627-2302
21

22

23              MICHAEL P. SNYDER, FCRR
                  Official Court Reporter
24             United States District Court
           219 South Dearborn Street, Room 2244A
25                Chicago, Illinois 60604
                     (312) 435-5563

       MICHAEL P. SNYDER, Official Court reporter

12

1      MS. GORMAN:  Five drawers.

2      THE COURT:  So it's a pretty big one, okay.

3      So hopping back then to the second part of the motion.

4      I guess my reaction to that is I'm not prepared to say

10:18:19   5   at this point that there is absolutely no purpose for which the

6      files in this cabinet can be used.  That was worded in sort of

7      an infelicitous way, so let me say it in a different way.

8      I'm not ruling in limine the files are out of bounds

9      at the trial.  I haven't been given an argument.  I don't have

10:18:40   10   a motion in limine that says that.  I haven't been given an

11     argument that is sufficient to say there should be no mention

12     of the file cabinet or anything else in it at the trial.

13     And that's not what I dealt with plaintiff.  What I

14     was dealing with before was a series of motions where I was not

10:18:56   15   asked to adjudicate admissibility issues.  I was asked to let's

16     publish who's in this so that anybody whose case had a file in

17     there can, you know, can take whatever steps they think is

18     appropriate.

19     And, in fact, in the transcript that was attached to

10:19:13   20   the response, which is the transcript of December, November the

21     13th at page 7, just after I got done telling the plaintiff's

22     attorneys that "This is the last time I'm going to deal with

23     this, I am not going to entertain any more motions along these

24     lines, Ms. Gorman" -- and I just interject here that these

10:19:32   25   lines being saying "just make the names public" -- I went on to

MICHAEL P. SNYDER, Official Court reporter

13

1  say this, "If there is an issue that concerns relevance of this

2  information or some of it in this case on these claims, then I

3  will deal with that issue."

4  And that is part of what I was referring back to when

10:19:46  5  I had the footnote in the opinion that says I hadn't

6  adjudicated the admissibility of this, the relevance issues and

7  so on at the trial yet.  And I'm not prepared to do that now.

8  I don't have enough to say there's nothing in this file cabinet

9  that could possibly be relevant or admissible at the trial, so

10:20:01  10  I'm not going to say that.

11  And I, you know, this is better dealt with rather than

12  in -- and both sides I think, you know, the motion was kind of

13  a broad brush motion, and the response was partly a broad brush

14  response because it was a broad brush motion, and part of it

10:20:19  15  was specific.

16  I mean, that doesn't give me enough to say "Oh, yes,

17  you can use it for every purpose you want to," or "Oh, no, you

18  can't use it for any purpose at all."  I just don't know.

19  So I think, you know, this is going to need to be part

10:20:32  20  of the process of motions in limine connected with the trial,

21  that, you know, you're going to have to figure out what it is

22  you want to do with this thing, you're going to have to figure

23  out what you think is inappropriate about what the plaintiff

24  wants to do with it and file a motion, and I'll hear it, and

10:20:51  25  I'll decide it.  I can't think of any other way to do it.  I

MICHAEL P. SNYDER, Official Court reporter