IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATHSON E. FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10 C 1168 |
| | ) | |
| CITY OF CHICAGO; former and current | ) | Judge Matthew F. Kennelly |
| Chicago Police Officers DAVID | ) | |
| O'CALLAGHAN, JOSEPH MURPHY, and | ) | Magistrate Judge Geraldine Soat Brown |
| DANIEL BRANNIGAN, | ) | |
| | ) | |
| Defendants. | ) | |

## CITY DEFENDANTS' MOTION TO RECONSIDER THE COURT'S ORDER ON SUMMARY JUDGMENT

Defendants, the City of Chicago, David O'Callaghan, Joseph Murphy, and Daniel Brannigan, by and through their attorney, Terrence M. Burns of Dykema Gossett PLLC, respectfully request this Court to reconsider its February 6, 2014 order on summary judgment. In support, these Defendants state as follows:

### INTRODUCTION

Defendants seek reconsideration of the Court's Order denying their motion for summary judgment on plaintiff's claims under Section 1983 for violation of due process, failure to intervene, and conspiracy and under state law for malicious prosecution, intentional infliction of emotional distress, conspiracy and indemnification. (Dkt. #483.)

One of the bases for reconsideration is when there has been a controlling or significant change in the facts. *Ramada Franchise Systems, Inc. v. Royal Vale Hospitality of Cincinnati, Inc.*, 2004 U.S. Dist. LEXIS 24036, Civ. No. 02-1941, at *12 (N.D. Ill. Nov. 23, 2004) (*citing Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Defendants ask this Court for reconsideration of the Court's order because, based on the denial

of plaintiff's Certificate of Innocence Petition and the judicial findings therein (*see* March 5, 2014 Order, *People v. Fields*, Case No. 85-C-7651 (Dkt. #542-1)), there has been a controlling or significant change in the facts.

## DISCUSSION

I. **Plaintiff Cannot Show The Prosecutor's Decision to Go To Trial in 2009 Would Have Been Altered by the Disclosure of the Subject File.**

Defendants argued at summary judgment that plaintiff could not maintain a due process claim based upon his 2009 trial because plaintiff was acquitted and because there is no evidence the State would have dismissed the charges sooner if the subject file or any other alleged *Brady* material was known earlier by the State. *See Carvajal v. Dominguez*, 542 F.3d 561, 570 (7th Cir. 2008); *Bielanski v. County of Kane*, 550 F.3d 632, 644-45 (7th Cir. 2008); *Mosley v. City of Chicago*, 614 F.3d 391, 397 (7th Cir. 2010). The Court applied the preceding cases and properly analyzed "whether the plaintiff could show that 'the decision to go to trial would have been altered by the desired disclosure.'" (Mem. Op. Order 13.) Plaintiff did not point to any evidence that could possibly show this.

Defendants offered an affidavit from Assistant State's Attorney Brian Sexton, the lead trial prosecutor, in which ASA Sexton stated that the prosecution would have continued to prosecute plaintiff and gone to trial if the subject file had been disclosed earlier. This Court found "a genuine issue regarding the credibility of this contention" based on plaintiff's argument that ASA Sexton's affidavit was self-serving. (Mem. Op. Order. 13.) Judge Biebel's decision and factual findings show ASA Sexton's affidavit was not self-serving but had a legitimate basis in fact.

2

Because plaintiff cannot meet his burden in showing that the prosecutors would have dismissed his case if the subject file had been disclosed earlier, this Court should reconsider its order and grant summary judgment on plaintiff's due process claim relative to the 2009 trial.

## II.     Plaintiff Cannot Show a Due Process Violation Relative to the 1986 Trial.

Plaintiff should be collaterally estopped from arguing he was unaware of the bribe. In Illinois, there are three requirements for the application of collateral estoppel[1]:

> (1) the issue decided in the prior adjudication is identical with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication.

*Hulbert v. Charles*, 238 Ill.2d 248, 255 (2010). In the certificate of innocence proceeding "Fields assert[ed] that he knew nothing of the bribe of Judge Maloney." (Dkt. #542-1, at 49.) However, Judge Biebel found that plaintiff was "complicit" in the bribe and knew about the bribe. (Dkt. #542-1, at 21, 50.) Judge Biebel found that plaintiff's "voluntary actions thereby caused his conviction when Judge Maloney learned of the bribe, attempted to give the money back, and then found him guilty at the conclusion of the bench trial." (Dkt. #542-1, at 50.) The issue of plaintiff's awareness of the bribe was decided in the other proceeding, there was a final judgment on the merits in the prior proceeding, and plaintiff was a party in the prior proceeding. Therefore, the elements of collateral estoppel are met and plaintiff should be precluded from arguing he was unaware of the bribe. Plaintiff cannot in this proceeding suggest a different cause resulted in his conviction.

---

[1] 735 ILCS 5/2-702, the statute creating the certificate of innocence, does not preclude a court from applying collateral estoppel where the elements are met. See defendants' motion regarding evidentiary issues related to the Circuit Court of Cook County's order denying plaintiff's certificate of innocence at 7.

Judge Biebel's finding that plaintiff was involved in the bribery scheme and had unclean hands also establishes the doctrine of *in pari delicto*. The 1986 trial was corrupted as a direct result of plaintiff's conduct. An action for damages can be barred where (1) as a direct result of his own actions, the plaintiff bears at least substantially equal responsibility for the violations he seeks to redress, and (2) preclusion of the suit would not significantly interfere with the effective enforcement of the law. *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 310-11 (1985). Again, Judge Biebel found that plaintiff was "complicit" in the bribe and voluntarily caused his own conviction. Plaintiff is collaterally estopped from challenging that finding. Accordingly, as a matter of law, defendants request summary judgment in their favor relative to the due process claim for the 1986 trial based on plaintiff's complicity in the bribe.

Plaintiff's argument that the bribe was returned due to the strength of the prosecution's case is also contradicted by his own pleadings in this case. His admissions therein supply an additional basis for summary judgment. Plaintiff alleged in his Third Amended Complaint: "Judge Maloney later became concerned that he was the subject of a federal investigation and he returned the bribe money. Thereafter, on June 27, 1986, Judge Maloney found Fields and his co-defendant guilty of the charged offenses." (Dkt. #105, ¶40). That judicial admission is consistent with Judge Biebel's factual finding that Judge Maloney returned the bribe because he "was tipped off to the Federal investigation." (Dkt. #542-1, at 3.) *See Keller v. United States*, 58 F.3d 1194, 1198 n. 8 (7th Cir. 1995) (Judicial admissions are formal concessions in the pleadings that are binding upon the party making them and may not be controverted at trial); *see also In re Lefkas Gen. Partners*, 153 B.R. 804, 807 (N.D.Ill. 1993) ("Any deliberate, clear, and unequivocal statement, either written or oral, made in the course of judicial proceedings qualifies as a judicial admission")

4

Based on the judicial findings in plaintiff's Certificate of Innocence proceedings and because plaintiff cannot prove the bribe was returned due to a strong prosecution case, plaintiff cannot maintain a *Brady* claim based on his 1986 trial. This Court should reconsider its order and grant summary judgment in defendants' favor on plaintiff's due process claim as pertaining to his 1986 trial.

### III. The Denial of Plaintiff's Certificate of Innocence Precludes Plaintiff's Malicious Prosecution Claim.

Plaintiff's malicious prosecution claim is also precluded by the judicial finding that plaintiff cannot show that he is innocent of the offenses charged. A malicious prosecution action cannot be predicated on underlying criminal proceedings which were terminated in a manner not indicative of the innocence of the accused. *Swick v. Liautaud*, 662 N.E. 2d 1238, 1242 (Ill. 1996) "At trial, plaintiff must adduce evidence to meet its burden of proof that the prior proceedings were terminated under circumstances indicative of plaintiff's innocence." *Cult Awareness Network v. Church of Scientology International*, 685 N.E. 2d 1347, 1354 (Ill. 1997) (*citing Swick*, 662 N.E. 2d 1238). Here, the denial of plaintiff's petition for certificate of innocence establishes that the plaintiff's criminal proceedings did not result in a finding indicative of his innocence. (Dkt. # 542-1, at 48-49.) Defendants should therefore be granted summary judgment on plaintiff's malicious prosecution claim.

The Court should also reconsider its order on plaintiff's remaining Section 1983 and state law claims which are dependent on the claims discussed above.

WHEREFORE, Defendants, City of Chicago, David O'Callaghan, Joseph Murphy, and Daniel Brannigan, request this Court reconsider its February 6, 2014 order on Defendants' Motion for Summary Judgment.

Respectfully submitted,

By: s/ Daniel M. Noland
One of the Attorneys for City Defendants

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Dykema Gossett PLLC
10 South Wacker Dr., Suite 2300
Chicago, Illinois 60606
(312) 876-1700

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2014, I electronically filed the foregoing **City Defendants' Motion to Reconsider** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

H. Candace Gorman
Law Office of H. Candace Gorman
220 S. Halsted
Suite 200
Chicago, IL 60661
312.427.2313
hcgorman1@gmail.com

Stephen L. Garcia
Office of the Cook County State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
312.603.5475
sgarcia@cookcountygov.com

and

Leonard C. Goodman
Melissa A. Matuzak
Law Offices of Leonard C. Goodman
53 W. Jackson
Suite 1220
Chicago, IL 60604
312.986.1984
lcgoodman@rcn.com
melissamatuzak@gmail.com

s/ Daniel M. Noland