# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

NATHSON FIELDS,  )
　　　　　　　　　　　)
　　　　Plaintiff,　　　)
　　　　　　　　　　　)
　　vs.　　　　　　　　) 　　Case No. 10 C 1168
　　　　　　　　　　　)
CITY OF CHICAGO, et al.,　)
　　　　　　　　　　　)
　　　　Defendants.　　)

## ORDER ON MOTIONS CONCERNING
## CERTIFICATE OF INNOCENCE PROCEEDING

Defendants have moved for reconsideration of the Court's order denying summary judgment, relying on a state trial court's March 4, 2014 decision adverse to plaintiff on his state-court petition for a certificate of innocence (COI) under 735 ILCS 5/2-702. Defendants argue that the findings made by the state court judge are binding on plaintiff via the doctrine of collateral estoppel, or issue preclusion. They are not. In federal court, the preclusive effect of a state court decision is determined by the law of that state. *See* 28 U.S.C. § 1738. Controlling Illinois authority establishes that collateral estoppel does not apply unless there is finality, which "requires that the potential for appellate review must have been exhausted." *In re A.W.*, 231 Ill. 2d 92, 100, 896 N.E.2d 316, 321 (2008); *Ballweg v. City of Springfield*, 114 Ill. 2d 107, 113, 499 N.E.2d 1373, 1375 (1986). That condition is not met in this case. And even were that not so, the Illinois statute governing COI petitions states unequivocally that "[t]he decision to grant or deny a certificate of innocence shall be binding only with respect to claims filed

in the Court of Claims and shall not have a res judicata effect on any other proceedings." 735 ILCS 5/2-702(j).

Defendants also argue that the state trial court's denial of the COI precludes plaintiff's malicious prosecution claim. It does not. Illinois law requires a plaintiff in a malicious prosecution case to establish "the termination of the [underlying criminal] proceeding in favor of the plaintiff." *Swick v. Liautaud*, 169 Ill. 2d 504, 512, 662 N.E.2d 1238, 1242 (1996). In this regard, "a malicious prosecution claim cannot be predicated on underlying criminal proceedings which were terminated in a manner not indicative of the innocence of the accused." *Id.* That requirement is met in plaintiff's case; he was acquitted of the murder charges against him. Defendants offer no authority, and the Court is aware of none, suggesting that an acquittal does not satisfy the favorable-termination requirement (this is not a case, unlike a dismissal via *nolle prosequi*, where the underlying result was arguably ambiguous). Nor do defendants cite any authority suggesting that a loss on a COI petition or similar proceeding undermines in any way, shape, or form an earlier acquittal for purposes of the favorable-termination requirement of malicious prosecution.

The criminal proceedings against plaintiff were terminated, favorably to plaintiff, when he was acquitted. The COI petition does not constitute a reopening of the criminal case (nor could it, given the prohibition against double jeopardy). Rather, even though the petition was handled in plaintiff's case by a judge in the Criminal Division of the Circuit Court of Cook County, a COI petition is a civil proceeding under Illinois law. It is a form of declaratory judgment action, and it is authorized by a statute that is found not in the Illinois Criminal Code, but in the Illinois Code of Civil Procedure.
2

Defendants have separately moved to admit the state trial judge's findings and ruling as evidence in this case, and plaintiff has moved to preclude them. The Court precludes admission of this evidence, at least for purposes of the liability phase of the trial. First, as discussed above, issue preclusion does not apply to the state judge's findings, and the denial of the petition does not bear on whether the criminal proceedings against plaintiff were terminated in his favor. Second, the findings are not a proper subject of judicial notice, because judicial notice cannot be used to end-run the requirements for issue preclusion. Third, contrary to defendants' argument, the state judge's findings regarding plaintiff's credibility are inadmissible for impeachment purposes under Federal Rule of Evidence 608(b), because those findings are extrinsic evidence offered to support his character for truthfulness. Thus the Court need not address whether the findings should be precluded under Federal Rule of Evidence 403.

The Court reserves ruling on whether the state trial judge's denial of the COI petition is properly admissible during the damages phase of the trial. (Even if the denial of the COI petition is admissible at that point, however, the considerations noted above would preclude admission of the judge's underlying findings.)

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 10, 2014