UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATHSON E. FIELDS,<br>    Plaintiff,<br><br>        v.<br><br>CITY OF CHICAGO et al.,<br>    Defendants. | )<br>)<br>)    No.  10 CV 1168<br>)<br>)    Hon. Matthew F. Kennelly<br>)<br>)<br>) |

PLAINTIFF'S MOTION FOR SANCTIONS AND A FINDING
OF CONTEMPT OF COURT
AGAINST CITY DEFENDANTS, FOLLOWING THE
DECLARATION OF A MISTRIAL

NOW COMES Plaintiff Nathson Fields, by and through his attorneys, and hereby moves this Court to sanction the City defendants and their counsel for the City's violation of this Court's Ruling on Plaintiff's Motions in limine and to find Defendant O'Callaghan and his attorneys in contempt of court for the violations which resulted in a mistrial. Plaintiff seeks as a remedy the continuation of the liability stage of this trial by this Court and for other remedies as addressed below. In support of his motion, Plaintiff states the following:

On March 9, 2014, this Court granted Plaintiff's Motion in Limine No. 3, which sought to bar "references to the criminal activity and history of the El Rukns." Plaintiff's Motion No. 3 explicitly requested that any evidence relating to charges of terrorism be barred. Doc. 507, p 17.  The Court's ruling allowed only limited references to El Rukn criminal activities -- to explain the Hickman/Smith and Vaughn White murders, and the basis for charges against Fields, and to describe the background for

deal cut by El Rukn cooperating witnesses, as well as for providing background regarding the El Rukn task force. Doc. 550, pp. 6-7.

The Court's ruling also granted Plaintiff's Motion No. 1(e), barring the testimony of Thomas McMahon, whom the City had retained as an expert witness to give testimony regarding the history of the El Rukns. The Court noted that McMahon's report described, in detail, proposed testimony regarding El Rukn participation in a terrorist conspiracy, and concluded that there was no indication or claim in McMahon's report that Fields was involved, Doc. 550, p. 3. These matters were discussed at length in the pretrial conference.

On at least two occasions during the trial prior to March 18, 2014, this Court warned defense counsel that it was very close to violating this Court's Orders on the motions in limine which could result in a mistrial. On the seventh day of trial defense counsel walked defendant O'Callaghan into the statement that caused the mistrial. O'Callaghan was examined by counsel for the City, regarding Defendant's Exhibit 84 – a memo from the Chief of the CPD Detective Division to Anton Valukas regarding a UFAP warrant for Nathson Fields. The memo contains a handwritten notation reading "Fill with AUSA Pat Deady." Upon questioning by his attorney, O'Callaghan explained that Pat Deady was an Assistant U.S. Attorney who was involved in terrorism prosecutions. Not only were the defendants precluded from mentioning terrorism in the course of the trial the clear insinuation to the jury was that Fields was involved in terrorists activities. Plaintiff submits this was not an accident.

2

**1. THIS COURT IS EMPOWERED TO IMPOSE SANCTIONS ON CITY DEFENDANTS**

Plaintiff asks this Court to continue the liability stage of the trial as a bench trial. A district court has inherent power "to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). "Sanctions meted out pursuant to the court's inherent power are appropriate where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith. *Maynard v. Nygren,* 332 F.3d 462, 470–71 (7th Cir.2003). "Though 'particularly severe,' the sanction of dismissal is within the court's discretion." *Montano v. City of Chicago,* 535 F.3d 558, 563 (7th Cir.2008) (quoting *Chambers,* 501 U.S. at 45, 111 S.Ct. 2123); *accord Link v. Wabash R.R. Co.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)." *Salmeron v. Enter. Recovery Sys., Inc.,* 579 F.3d 787, 793 (7th Cir. 2009).

The trial in this case continued for seven days. Fifteen witnesses testified including a witness from Atlanta (Reiter), a witness from Missouri (Sandra Langston) and a witness brought in from prison (Randy Langston). In addition, three attorneys were brought in under subpoena to testify. To start this trial over again will result in great inconvenience to all of these witnesses. As this Court has heard all of the testimony to date if the trial were to continue as a bench trial there would be no need to start the entire trial over. As the defendants caused the mistrial with their wilful violation of this Court's order they should not benefit from the mistrial by forcing Plaintiff to put the evidence on a second time and hope that the witnesses can all be reassembled.

This Court also has the inherent authority to impose fines and assess attorney's fees in order to sanction parties' or attorneys' "willful disobedience of a court order." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Title 28 28 U.S.C. § 1927, permits this Court to order a lawyer to pay costs, expenses, and reasonable attorney's fees if the lawyer multiplies proceedings unreasonably and vexatiously, and when that attorney has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice. *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1166 (7th Cir. 1983). This objective standard is met when the conduct is "extremely negligent conduct, like reckless and indifferent conduct." *Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 120 (7th Cir.1994).

**2. CITY DEFENDANTS' CONDUCT WAS WILLFULLY DISOBEDIENT, OR GROSSLY NEGLIGENT**

As noted above, this Court ruled on Plaintiff's Motion in Limine No. 3 on March 9, 2014, eight days before O'Callaghan's testimony prompted the mistrial. Counsel for the City defendants had ample time and opportunity to explain this Court's ruling to their clients -- particularly on the simple point of steering clear of testimony and evidence relating to the El Rukn terrorism prosecutions. For his part, defendant O'Callaghan is a professional law enforcement officer, who has testified in many judicial proceedings over the course of his long career. He left the Chicago Police Department as a Lieutenant. Neither O'Callaghan nor his attorneys are unsophisticated actors with respect to the judicial process. When asked by this Court to describe how

4

his attorneys had explained this Court's rulings on motions in limine, O'Callaghan informed the Court that he was told that testimony regarding the El Rukn wiretaps had been excluded. Whether this was truthfully the full extent to which counsel for the City explained these rulings to O'Callaghan, or whether O'Callaghan decided to deliberately flaunt this Court's rulings, is unclear to Plaintiff. What is clear is that defendant O'Callaghan, and/or his attorneys have been either grossly negligent, or have exhibited willful disobedience of this Court's orders. In the words of this Court, defendants' conduct is best characterized by "a word that starts with the letter C." As a consequence of defendants' conduct, seven days of trial have been wasted if the trial needs to be started anew (including the time of jurors, and the Court), many hours of attorney time have been squandered, witnesses are believed to have left this Court's jurisdiction, dates, travel plans, arrangements for incarcerated witnesses, and personal schedules would have to be revised and adjusted.

### 3. RELIEF SOUGHT BY PLAINTIFF

1. That the liability phase of the trial continue as a bench trial.
2. A finding of contempt of Court by defendant O'Callaghan and his attorney for the wilful failure to abide by this Court's rulings.
3. A monetary sanction in an amount determined by this court.
4. If the case is retried, coubled attorney's fees for the time expended in conducting the first trial.
5. If the case is retried, Costs
6. If the case is retried, that defendant O'Callaghan be barred from testifying.

WHEREFORE, for all of the reasons stated above, Plaintiff asks that this Court grant his this Motion, providing the relief requested herein, and for such other relief as this Court deems just.

Respectfully Submitted,

/s/H. Candace Gorman
One of the Attorneys for Fields

## **CERTIFICATE OF SERVICE**

I, H. Candace Gorman, hereby certify that the foregoing Motion was served to the parties electronically by means of the Court's CM/ECF system.

Dated: March 19, 2014

> Respectfully Submitted,
>
> /s/H. Candace Gorman
> One of the Attorneys for Fields

For Fields:

| | |
|---|---|
| Leonard C. Goodman | H. Candace Gorman |
| Melissa Matuzak | 220 S. Halsted |
| 53 W. Jackson Boulevard | Suite 200 |
| Suite 1650 | Chicago Illinois 60661 |
| Chicago, Illinois 60604 | 312-427-2313 |
| 312-986-1984 | |