UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATHSON E. FIELDS, ) | |
| Plaintiff, ) | |
| ) | No. 10 CV 1168 |
| v. ) | |
| ) | Hon. Matthew F. Kennelly |
| CITY OF CHICAGO, et al., ) | |
| Defendants. ) | |

**RESPONSE TO DEFENDANT WHARRIE'S
MOTIONS IN LIMINE NOS. 1, 2 AND 3**

NOW COMES, the Plaintiff, NATHSON FIELDS, by and through his attorneys, and responds to defendant Wharrie's motions *in limine* as a follows:

**Response to Wharrie's Motion No. 1: To Exclude Argument or References to Certain Policies or Actions Taken by the State's Attorney's Office**

Defendant Wharrie seeks to bar argument or evidence regarding the following: 1) that the State's Attorney's Office ("SAO") had a policy to do whatever it took to make a case against the street gang, the El Rukns; 2) that the SAO had a custom, policy or practice of allowing the suppression of exculpatory information including the withholding of "street files;" 3) that the SAO fought Fields every step of the way; 4) that the SAO appealed every favorable ruling in Fields' favor; and, 5) that the SAO offered Nathson Fields or Earl Hawkins a deal.

Wharrie argues that these assertions are not relevant to claims against Wharrie, that the SAO is not a party to this case, and that evidence relating to these topics is less probative than it is prejudicial under Rule 403. Plaintiff responds that the ethos,

1

practices, and institutional imperatives of the State's Attorney's Office shaped defendant Wharrie's motivations, and that Plaintiff should be allowed to explore the SAO's systematic disregard for the civil rights of criminal defendants during the period in which Plaintiff was prosecuted. Plaintiff does not intend to explore the SAO's broader campaign against the El Rukns (referenced in the first item of Defendant's Motion). With respect to the SAO's policies concerning street files, Plaintiff notes that under *Kyles*, prosecutors have a duty to learn of any favorable evidence known to others acting on the state's behalf in this case, including police, in order to avoid a *Brady* violation – and that prosecutors are responsible, even when police fail to fully inform them of exculpatory materials, because they have the power to establish procedures to insure the full disclosure of information. 514 U.S. 419, 437-438 (1995). That Wharrie operated within an organization that systematically ran afoul the requirements of *Brady* would support an inference that Wharrie operated without fear of consequence for violating the rights of criminal defendants, and would support further relevant inferences about Wharrie's personal motivations with respect to his involvement in facilitating the fabrication of false evidence through the witness Anthony Sumner.

That the SAO fought Fields' "every step of the way" and appealed all rulings favorable to Fields, would only be offered to provide context for the long delay between the granting of a new trial, and the 2009 retrial, and to provide context for Fields' long incarceration in the damages phase of these proceedings.

Finally, the fact that the SAO offered Nathson Fields and Earl Hawkins deals is central to this case. As this Court observed during pretrial proceedings "Fields'

2

rejection of a plea offer for time … I can't think of anything more relevant. What am I missing? I mean, the argument is that that's not relevant. It's hard for me to imagine anything more relevant. You know, you had an opportunity to walk out of jail today and I turned it down" (March 6, 2014 Hr'g, p. 59.) The fact that Fields rejected an offer from the State's Attorney is far more probative in terms of establishing his factual innocence, than it is prejudicial to Wharrie's defense.

The fact that deals were made with Earl Hawkins is central to the impeachment of that critical witness. If the jury were not allowed to hear information concerning those deals, they would have no opportunity to knowledgably evaluate the weight of Hawkins' testimony.

WHEREFORE, for all of the reasons stated above, Plaintiff respectfully asks that Wharrie's Motion No. 1 be denied.

**Response to Wharrie's Motion No. 2: To Exclude Argument or References to Cook County's Obligation to Indemnify Defendant Wharrie**

Defendant Wharrie seeks to bar reference to the fact that Wharrie may be indemnified by Cook County for any compensatory damages returned against him. Plaintiff agrees to refrain from making any such reference as long as Wharrie agrees not to talk about his own finances; Plaintiff reserves the right to explore before the jury, by way of background, the facts surrounding Wharrie's employment, and the relationship between the State's Attorney's Office and the County.

WHEREFORE, Plaintiff does not oppose Wharrie's Motion No. 2, subject to the conditions outlined above.

**Respose to Wharrie's Motion No. 3: To Exclude Argument or References to Other Cases or Allegations of Wrongful Convictions.**

Wharrie seeks to bar references to other cases of wrongful convictions, namely to the prosecutions of Elton Houston and Robert Brown and the subsequent civil action (*Houston v. Partee*), all of which relate to the murder of Ronald Bell. Plaintiff responds that these facts are critical to demonstrating the extent to which Wharrie controlled information produced and fabricated by cooperating witness Anthony Sumner, whom he interrogated and investigated prior to the existence of probable cause to arrest Fields. Given Wharrie's relationship to the *Houston* case, and his role in the facts that gave rise to that lawsuit, Plaintiff believes that a fresh analysis is required. In *Houston,* the plaintiffs alleged that Wharrie, who was intimately involved in initial interviews with Anthony Sumner in 1985 (during which Sumner disclosed that the wrong men had been convicted of Bell murder) did nothing to alert the *Houston* plaintiffs or their attorneys about Sumner's statements. *Houston v. Partee*, 978 F.2d 362, 364 (1992).

Plaintiff would principally offer facts concerning the *Houston* case to show that defendant Wharrie had effective control over how information from Anthony Sumner, (his truthful statements as well as his fabrications) was utilized and deployed by the state in advancing criminal prosecutions. Plaintiff would also offer this evidence to show the opacity of the process by which defendants in this lawsuit extracted useful narratives from Sumner.

WHEREFORE, for all of the reasons stated above, Plaintiff asks that Wharrie's Motion No. 3 be denied.

4

Respectfully Submitted,

/s/H. Candace Gorman
One of the Attorneys for Fields

## **CERTIFICATE OF SERVICE**

I, H. Candace Gorman, hereby certify that the foregoing Response was served to the parties electronically by means of the Court's CM/ECF system.

Dated: April 1, 2014

                                                  Respectfully Submitted,

                                                  /s/H. Candace Gorman
                                                  One of the Attorneys for Fields

For Fields:

| | |
|---|---|
| Leonard C. Goodman | H. Candace Gorman |
| Melissa Matuzak | 220 S. Halsted |
| 53 W. Jackson Boulevard | Suite 200 |
| Suite 1650 | Chicago Illinois 60661 |
| Chicago, Illinois 60604 | 312-427-2313 |
| 312-986-1984 | |