**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NATHSON E. FIELDS,** | ) | |
| | ) | **10 C 1168** |
| **Plaintiff,** | ) | |
| | ) | **Honorable Judge** |
| v. | ) | **Matthew F. Kennelly** |
| | ) | |
| **CITY OF CHICAGO, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**WHARRIE'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendant, Larry Wharrie, by his attorney Anita Alvarez, State's Attorney of Cook County, through her assistants, Donald J. Pechous and Lisa M. Meador, Assistant State's Attorneys, moves this Court, for entry of judgment, in his favor, as a matter of law pursuant to Federal Rule of Civil Procedure 50(a).

Defendant, Larry Wharrie, moves for judgment as a matter of law as no legally sufficient evidentiary basis exists for a reasonable jury to find for the Plaintiff based on the evidence adduced during trial in this cause. Under Rule 50, a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a); *See also, Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133 (2000). The standard for granting judgment as a matter of law "mirrors" the standard for granting summary judgment. *Id.* (*quoting Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-1 (1986)).

**I.     §1983 Due Process and Conspiracy**

No reasonable jury could find based on the evidence that before the arrest or charging of Plaintiff, Defendant Wharrie coerced, or conspired to coerce, Anthony Sumner to fabricate

testimony against Plaintiff. *See Fields v. Wharrie, et al*., 740 F.3d 1107, 1112-1114 (7th Cir. 2014). The coercion relates entirely to the alleged implication of Plaintiff in the Smith-Hickman and Vaughn-White murders by Sumner. "Liability under §1983 'requires personal involvement in the alleged constitutional deprivation.'" *Fields v. City of Chicago, et al.*, 10 C 1168, Memorandum Opinion and Order (J. Kennelly, February 6, 2014, Dkt. #483) *citing Munson v. Gaetz*, 673 F.3d 630, 637 (7th Cir. 2012). Based on the evidence presented, no reasonable jury could find that Defendant Wharrie was personally involved in the alleged constitutional deprivation.

Plaintiff's evidence as to his claims against Defendant Wharrie consists solely of an audio-recorded interview of cooperating witness Anthony Sumner. *See* Plaintiff's Exhibit 67. An evaluation of this evidence requires a two-pronged examination: 1) the substance of the statement itself; and 2) the circumstances under which the statement was obtained. Analysis of the substance of the interview and the circumstances under which the statement was obtained leads to the inexorable conclusion that no reasonable jury could find that Defendant Wharrie was personally involved in any alleged constitutional deprivation.

**A.** **The Substance of the Interview**

In the interview, Sumner never claimed that Defendant Wharrie threatened, beat, or coerced him in any way. While Sumner makes some statements as to Defendant Brannigan, Defendant Wharrie was not present and no reasonable jury can infer that he was aware of any alleged threats, beatings, or other coercion of any kind. Sumner stated that Wharrie was not in the room when the claimed beating occurred.

Moreover, even if there was evidence that Sumner was coerced, there is no evidence that Sumner was coerced to falsely implicate Plaintiff. To be sure, Sumner stated in the interview that

the police were not the first to bring up the names of Nathson Fields, Earl Hawkins, George Carter, and Henry Andrews. Rather, Sumner was the first to bring up these names, not the police and certainly not Mr. Wharrie. The evidence is undisputed that Defendant Wharrie knew nothing about either the Smith-Hickman murders or the Vaughn-White murders prior to or after the interviews in East Cleveland. In addition, the evidence is undisputed that Defendant Wharrie had never heard the names Nathson Fields or Anthony Sumner prior to the interviews in East Cleveland and only knew the name Anthony Sumner after the interviews in East Cleveland.

Sumner claims in the interview that he was hit against lockers and the undisputed evidence established that no such lockers were in any of the rooms or offices at the State's Attorney's Office at 26th Street. Therefore, the alleged incident would have had to have taken place in East Cleveland. However, the undisputed evidence established that Earl Hawkins was released in East Cleveland. A reasonable jury can infer that had Sumner provided information related to the Smith-Hickman or Vaughn-White murders in East Cleveland, Hawkins would not have been released, but rather would have been charged with murder, potentially two double murders. No evidence has been presented and no inference can be made that any of the alleged coercion occurred once Sumner had returned to Chicago.

### B. The Interview Is Suspect

The evidence established that any coercion to fabricate was done not by police or prosecutors, but by members of the El Rukns, specifically, Jeff Fort and Sammie Knox. The undisputed evidence established that Sumner was taken to the interview by two El Rukn Generals: Sammie Knox and Michael Hunter. The interview took place at the office of Nathson Fields' criminal lawyer, Earl Washington, William Swano, lawyer for co-defendant Earl Hawkins, and Fred Solomon, lawyer for co-defendant George Carter. It is important to note that

this interview was not administered under oath. In the criminal trial in 1986, under oath and upon cross-examination, Sumner testified that El Rukn leader, Jeff Fort, told him that he should go to the lawyers' office and tell them what the Generals told him to say and nothing would happen to him or his family. Sumner further testified that General Sammie Knox told him to tell the lawyers that everything he said was a lie and that the police beat him and nothing would happen to him or his family. A reasonable jury could find that based upon this evidence, Sumner's statements in this interview were coerced by the El Rukns under threat and intimidation. Based on the evidence presented, no reasonable jury could find that Defendant Wharrie coerced Sumner to falsely implicate Plaintiff prior to him being arrested or charged.

Conversely, the evidence established Sumner's motive for falsely implicating Plaintiff in the Vaughn-White murders. In January 3, 1992, Sumner admitted that he falsely implicated Plaintiff in the Vaughn-White murders and he did so because he was confused and afraid and because he was mad at Plaintiff for evicting him and his family. *See* Plaintiff's Exhibit 7. Plaintiff, himself, admits that Sumner falsely implicated him because he had a beef with him for evicting him and his family in 1985. Plaintiff testified that, in response to the eviction, Sumner told him that he knew how to make people disappear. Importantly, Sumner stated that not until 1991, had he told any police or any prosecutors that he falsely implicated Plaintiff in the Vaughn/White murders. *Id*.

Based upon the evidence, no reasonable jury could find that before the arrest or charging of Plaintiff, Defendant Wharrie coerced, or conspired to coerce, Anthony Sumner to give false testimony against Plaintiff. As a result, Defendant Wharrie should be granted judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure.

**II.      Intentional Infliction of Emotional Distress**

Based upon the evidence adduced, no reasonable jury could find that before the arrest or charging of Plaintiff, Defendant Wharrie intentionally inflicted emotional distress on Plaintiff. No evidence has been presented to establish any extreme or outrageous conduct on the part of Defendant Wharrie or that he intended or knew that his conduct would cause severe emotional distress on Plaintiff. Conversely, the evidence established that El Rukn "flipper" Anthony Sumner provided Defendant Wharrie with detailed information about a number of crimes involving other El Rukns. Most significantly, Sumner implicated himself in the Vaughn-White double murder along with Plaintiff. Defendant Wharrie testified that based upon these factors, he had no reason to doubt the veracity of Sumner's statements. As such, no reasonable jury could find that based upon the evidence presented, Defendant Wharrie intentionally inflicted emotional distress on Plaintiff before his arrest or charging. Consequently, Defendant Wharrie is entitled to judgment as a matter of law.

WHEREFORE, Defendant Wharrie prays that this Honorable Court enter judgment in his favor pursuant to Rule 50(a), and against Plaintiff on all counts as no legally sufficient evidentiary basis exists for reasonable jury to find for the Plaintiff.

Respectfully Submitted,

**ANITA ALVAREZ**
State's Attorney of Cook County

By:      /s/ Lisa M. Meador
          Donald J. Pechous
          Lisa M. Meador
          Assistant State's Attorneys
          500 Richard J. Daley Center
          Chicago, IL 60602
          (312) 603-3369