IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATHSON E. FIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10 C 1168 |
| ) | |
| CITY OF CHICAGO, et al., ) | Judge Matthew F. Kennelly |
| ) | |
| Defendants. ) | Magistrate Judge Geraldine Soat Brown |

**CITY DEFENDANTS' MOTION FOR DIRECTED VERDICT**

Defendants, City of Chicago, David O'Callaghan, Joseph Murphy, and Daniel Brannigan, by their attorney, Terrence M. Burns of Dykema Gossett, PLLC, for their motion for directed verdict under Rule 50 (a) on all of plaintiff's claims against them, state as follows:

Plaintiff has presented his case in chief. Plaintiff has failed to present legally sufficient evidence for the jury to find that Murphy, Brannigan or O'Callaghan violated plaintiff's constitutional rights, maliciously prosecuted plaintiff or are liable for intentional infliction of emotional distress against plaintiff.[1] A directed verdict should be entered in the City Defendants' favor on all claims.

**STANDARD**

A judgment can be entered as a matter of law if during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on an issue. Fed. R. Civ. P. 50(a). The evidence must be viewed in the light most favorable to the non-moving party and the Court must determine whether the evidence is

---

[1] A directed verdict should also be entered against plaintiff on his *Monell* claim against the City, as addressed in the City's separately filed motion. A directed verdict in favor of Brannigan is also warranted for reasons beyond those discussed herein, as addressed in his separately filed motion.

sufficient to sustain a verdict in favor of the non-moving party. *Hammond Group, Ltd. v. Spalding & Evenflo Companies, Inc.*, 69 F.3d 845, 848 (7th Cir. 1995).

## DISCUSSION

### I. Plaintiff Has Failed to Prove His Due Process Claim Against the City Defendants.

Defendants argued at summary judgment that plaintiff could not maintain a due process claim for his 2009 trial because he was acquitted and because there is no evidence the State would have dismissed the charges sooner if the subject file or any other alleged *Brady* material was known earlier by the State. *See Carvajal v. Dominguez*, 542 F.3d 561, 570 (7th Cir. 2008); *Bielanski v. County of Kane*, 550 F.3d 632, 644-45 (7th Cir. 2008); *Mosley v. City of Chicago*, 614 F.3d 391, 397 (7th Cir. 2010). The Court applied the preceding cases and framed the issue at trial as "whether the plaintiff could show that 'the decision to go to trial would have been altered by the desired disclosure.'" (Mem. Op. Order 13.) Plaintiff has presented no evidence during his case in chief that could lead a reasonable jury to decide that the prosecutor would have dismissed plaintiff's case if he had been aware of the subject file. Because plaintiff has not met his burden of proof on this issue, this Court should enter a directed verdict against plaintiff on his due process claim relative to the 2009 trial.

Plaintiff has also not presented sufficient evidence to support his due process claim based on the 1986 trial. The 1986 trial was corrupted as a direct result of the El Rukns' bribe of Judge Maloney. Plaintiff previously tried to save his due process claim with the argument that the bribe was returned due to the strength of the prosecution's case. At summary judgment, the Court found there was a question of fact on that issue. Plaintiff has not presented any evidence during his case in chief to support that claim. Plaintiff even testified to the contrary, suggesting the belief at the time of trial that the State's evidence was weak (See April 10, 2014 trial transcript, attached hereto as Exhibit A, at 410:12-411:3). The only evidence adduced at trial is that Judge

Maloney convicted plaintiff and Earl Hawkins to cover up the bribe, since he could then claim the case had never been fixed and could point to the guilty verdicts in support.

This Court should enter a directed verdict in defendants' favor on plaintiff's entire due process claim.

## II.     Plaintiff Has Failed to Prove His Malicious Prosecution Claim Against the City Defendants.

To prove his claim for malicious prosecution under Illinois law, plaintiff must prove (1) the commencement or continuation of a prior criminal proceeding by the defendant against him; (2) a termination "on the merits" of the prior proceeding in a manner indicative of his innocence; (3) a lack of probable cause for the prior proceeding; (4) malice; and (5) damages that proximately result to plaintiff from the alleged misconduct. *Joiner v. Benton Community Bank*, 82 Ill. 2d 40, 45, 411 N.E.2d 229 (1980). Plaintiff has failed to present sufficient evidence to prove the elements of lack of probable cause and malice.

### A.     Probable Cause

Probable cause for purposes of an Illinois malicious prosecution claim is a "state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the person arrested committed the offenses charged." *Johnson v. Target Stores, Inc.*, 341 Ill. App. 3d 56, 72, 791 N.E.2d 1206 (1st Dist. 2003). All of the information provided to investigators by Anthony Sumner, Randy Langston, Eric Langston, and Gerald Morris, and later, the El Rukn cooperating witnesses, supported a reasonable belief plaintiff was involved in the Smith/Hickman homicides. While plaintiff attempts to defeat probable cause by claiming these witnesses were coerced, there has been no evidence of any coercion, intimidation or threats presented during plaintiff's case. To the contrary, Randy Langston testified that he was not threatened by O'Callaghan, or any other detective, and that it

3

was the El Rukns that influenced his change in testimony and recant at the sentencing phase of plaintiff's trial in August 1986. Also, any reliance on the witnesses' testimony at plaintiff's trials, which counsel has read to the jury, as purported evidence of coercion would be improper as that testimony was admitted solely for the purpose of the element of "materiality" with respect to plaintiff's due process claim, and not substantively.

      **B.**      **Malice**

"Malice" in the context of malicious prosecution means that the officer who initiated or continued the prosecution had "any motive other than that of bringing a guilty party to justice." *Aleman v. Village of Hanover Park*, 662 F.3d 897, 907 (7th Cir. 2011), quoting *Carbaugh v. Peat*, 40 Ill.App.2d 37, 189 N.E.2d 14, 19 (1963). A plaintiff may demonstrate malice by showing that the defendant proceeded with the prosecution for the purpose of injuring plaintiff or for some other improper motive. *Turner v. City of Chicago*, 91 Ill.App.3d 931, 937, 415 N.E.2d 481, 487 (1980). Plaintiff has not presented sufficient evidence of an improper motive by the defendants for the jury to find the element of malice has been met here.

Because there is no legally sufficient basis for a reasonable jury to find that plaintiff has proven his malicious prosecution claim, a directed verdict should be entered in favor of the City Defendants.

**III.**      **Plaintiff Has Failed to Prove His Intentional Infliction of Emotional Distress Claim Against the City Defendants.**

Under Illinois law, three elements are necessary to state a claim for intentional infliction of emotional distress ("IIED"):

> First, the conduct involved must be truly extreme and outrageous. Second, the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct would cause severe emotional distress. Third, the conduct must in fact cause severe emotional distress.

4

*Feltmeier v. Feltmeier*, 207 Ill.2d 263, 798 N.E.2d 75 (2003). To the extent plaintiff has failed to establish evidence of a due process claim, or that the City Defendants otherwise violated his constitutional rights, or that the City Defendants maliciously prosecuted him, plaintiff likewise has failed to present evidence of extreme or outrageous conduct sufficient to support a claim for IIED against the City Defendants. *Cooney v. Casaday*, 746 F. Supp. 2d 973, 977-78 (N.D. Ill. 2010) (Without evidence of misconduct on a defendant's part, summary judgment is appropriate on an IIED count that is based on the same conduct underlying plaintiff's §1983 claim). As with plaintiff's other claims, the City Defendants are entitled to a directed verdict in their favor on plaintiff's IIED claim.

WHEREFORE, defendants, the City of Chicago, Daniel Brannigan, Joseph Murphy and David O'Callaghan respectfully request that this Court grant their motion for a directed verdict against plaintiff as to all claims against them for any other relief this Court deems appropriate.

Date: April 22, 2014                                     Respectfully submitted,

                                                        s/ Daniel M. Noland
Terrence M. Burns                                       One of the Attorneys for the City Defendants
Paul A. Michalik
Daniel M. Noland
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois 60606
312.876.1700 (phone)
312.627.2302 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2014, I electronically filed the foregoing **The City Defendants' Motion for Directed Verdict** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

| | |
|---|---|
| H. Candace Gorman | Stephen L. Garcia |
| Adrian J. Bleifuss Prados | Office of the Cook County State's Attorney |
| Law Office of H. Candace Gorman | 500 Richard J. Daley Center |
| 220 S. Halsted | Chicago, IL 60602 |
| Suite 200 | 312.603.5475 |
| Chicago, IL 60661 | sgarcia@cookcountygov.com |
| 312.427.2313 | |
| hcgorman1@gmail.com | |
| ableifuss@gmail.com | |

and

Leonard C. Goodman
Melissa A. Matuzak
Law Offices of Leonard C. Goodman
53 W. Jackson
Suite 1220
Chicago, IL 60604
312.986.1984
lcgoodman@rcn.com
melissamatuzak@gmail.com

s/ Daniel M. Noland