**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NATHSON FIELDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 10 C 1168** |
| | ) | |
| **CITY OF CHICAGO, DAVID O'CALLAGHAN,** | ) | |
| **JOSEPH MURPHY, DANIEL BRANNIGAN,** | ) | |
| **and LARRY WHARRIE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>INSTRUCTIONS TO THE JURY</u>**

Date:  April 24, 2014

Members of the jury, you have seen and heard all the evidence, and you are about to hear the arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.  You must also continue to follow the instructions that I gave you at the start of the trial that you may not communicate about the case or about people involved in the case with anyone other than your fellow jurors until after you have returned your verdict.

Perform these duties fairly and impartially.  Each party to the case is entitled to the same fair consideration.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should not be influenced by any person's race, color, religion, national ancestry, age, or sex.

Nothing I am saying now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

To the extent that these instructions differ from the instructions that I read you at the beginning of the case, the instructions that I am giving you now are the ones that govern your consideration of this case.

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

In determining whether any fact has been proved, you should consider all of the evidence bearing on that fact, regardless of who offered the evidence.

You must make your decision based on what you recall of the evidence. You will not have a written transcript of the testimony to consult.

Certain things are not evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence, and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

3

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we sometimes look at one fact and conclude from it that another fact exists. In law we call this an "inference."  A jury is allowed to make reasonable inferences, so long as they are based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

You are to consider both direct and circumstantial evidence.  The law allows you to give equal weight to both types of evidence, but it is up to you to decide how much weight to give to any evidence in the case.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the reasonableness of the witness's testimony in light of all the evidence in the case; and

- any inconsistent statements or conduct by the witness.

It is proper for an attorney to meet with any witness in preparation for trial.

You have heard witnesses who gave opinions about certain subjects. You do not have to accept the testimony of such a witness. You should judge it in the same way you judge the testimony of any other witness. In deciding how much weight to give to this testimony, you should consider the witness's qualifications, how the witness reached his opinions, and the factors I have described for determining the believability of testimony.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You may find the testimony of one witness or a few witnesses to be more persuasive than the testimony of a larger number of witnesses. You need not accept the testimony of the larger number of witnesses.

**The parties and the claims**

The plaintiff in this case is Nathson Fields.  I will refer to him as the plaintiff.  The defendants in this case are the City of Chicago; David O'Callaghan, Joseph Murphy, Daniel Brannigan, who are current or retired Chicago police officers; and Larry Wharrie, who is a former Cook County prosecutor.  I will refer to them as the defendants.

The plaintiff claims that defendants O'Callaghan, Murphy, and Brannigan violated his civil rights, conspired to violate his civil rights, maliciously caused him to be prosecuted for murder, and intentionally inflicted emotional distress.  The plaintiff claims that defendant Wharrie violated his civil rights, conspired to violate his civil rights, and intentionally inflicted emotional distress.  As to the City of Chicago, the plaintiff contends that a policy or widespread practice of the City caused a violation of his civil rights.

The defendants deny each of the plaintiff's claims.

You must give separate consideration to each claim and to each defendant.

9

**Preponderance of the evidence**

In these instructions, I will use the term "preponderance of the evidence." When I say that the plaintiff has to prove something by a preponderance of the evidence, I mean that he must prove that the particular proposition is more likely true than not true.

**First claim - violation of due process –**
**defendants O'Callaghan, Murphy, Brannigan, and Wharrie**

The plaintiff's first claim is that defendants O'Callaghan, Murphy, Brannigan, and Wharrie violated his constitutional right to due process of law.

To succeed on this claim as to the particular defendant you are considering, the plaintiff must prove both of the following things by a preponderance of the evidence:

1.    The defendant:

a.    knowingly concealed material exculpatory and/or impeachment evidence, and the evidence was not otherwise available to the plaintiff through the exercise of reasonable diligence;

and/or

b.    knowingly fabricated or participated in the fabrication of material false evidence.

2.    The plaintiff was damaged as a result of the concealment or fabrication.

I will now define some of the terms that I have just used.

 "Exculpatory" evidence is evidence that would tend to show that the accused person is not guilty of the crime charged.  "Impeachment" evidence is evidence that would undermine the credibility of a prosecution witness who testifies at the criminal trial.

With regard to plaintiff's 1986 criminal trial, exculpatory or impeachment evidence, or fabricated evidence, is considered "material" if it would have had a reasonable likelihood of affecting the outcome of the case.

With regard to plaintiff's 2009 criminal trial, exculpatory or impeachment evidence, or fabricated evidence, is considered "material" if there is a reasonable likelihood that it would have altered the prosecutors' decision to proceed to trial.

11

As to defendant Wharrie, this claim concerns only the contention that, before the arrest or charging of the plaintiff, defendant Wharrie knowingly fabricated or participated in causing the fabrication of material false statements by Anthony Sumner against the plaintiff. Liability of defendant Wharrie on this claim may not be premised on any contention other than that.

**Second claim – conspiracy –**
**defendants O'Callaghan, Murphy, Brannigan, and Wharrie**

Plaintiff's second claim is that defendants O'Callaghan, Murphy, Brannigan, and Wharrie conspired to deprive him of his right to due process of law by concealing material exculpatory and/or impeachment evidence and by fabricating false evidence. A conspiracy is an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

To succeed on this claim, the plaintiff must prove each of the following things by a preponderance of the evidence as to the particular defendant you are considering:

1.     The conspiracy as I have described it existed. Plaintiff must prove there was an agreement between two or more persons to conceal material exculpatory and/or impeachment evidence and/or to fabricate false evidence. Plaintiff must prove that the participants shared this common purpose. He does not have to prove there was a formal agreement or plan in which all involved met together and worked out the details. He also does not have to prove that each participant knew all the details of the conspiratorial plan or the identity of all the participants.

2.     The defendant knowingly became a member of the conspiracy with the intention to carry out the conspiracy.

3.     One or more of conspirators committed an act in an effort to carry out the conspiracy.

4.     As a result, the plaintiff's due process rights were violated as defined in the first claim.

Again, as to defendant Wharrie, this claim concerns only the contention that, before the arrest or charging of the plaintiff, defendant Wharrie knowingly fabricated or participated

13

in causing the fabrication of material false statements by Anthony Sumner against the plaintiff.  Liability of defendant Wharrie on this claim may not be premised on any contention other than that.

**Third claim – malicious prosecution –
defendants O'Callaghan, Murphy, and Brannigan**

The plaintiff's third claim is that defendants O'Callaghan, Murphy, and Brannigan maliciously caused him to be prosecuted for murder.

To succeed on this claim as to the particular defendant you are considering, the plaintiff must prove each of the following things by a preponderance of the evidence:

1.      The defendant caused a criminal proceeding to be commenced or continued against the plaintiff.

2.      There was no probable cause for the criminal proceeding.  Probable cause existed if, based on the evidence known at the time, a reasonably prudent person would have believed that the plaintiff had committed the crime that was charged.  The fact that the criminal charges against the plaintiff were later dismissed does not, by itself, mean that the defendant did not have probable cause at the time of the charging.

3.      The defendant acted with malice.  A person acts with malice in commencing a criminal prosecution if he acts for any reason other than to bring another person to justice.  You may infer that a person acts with malice if the absence of probable cause is clearly proven and the circumstances are inconsistent with actions made in good faith.

4.      The criminal proceeding was terminated in the plaintiff's favor in a manner indicative of his innocence.

5.      The plaintiff was damaged as a result of the defendant's actions.

15

**Fourth claim – intentional infliction of emotional distress –
defendants O'Callaghan, Murphy, Brannigan, and Wharrie**

The plaintiff's fourth claim is that defendants O'Callaghan, Murphy, Brannigan, and Wharrie intentionally caused him emotional distress.

To succeed on this claim as to the particular defendant you are considering, the plaintiff must prove each of the following things by a preponderance of the evidence:

1.     The defendant's conduct was so outrageous in character, and so extreme in degree, to exceed the bounds of decency.

2.     The defendant intended to inflict emotional distress on plaintiff or knew there was a high probability that his conduct would do so.

3.     The defendant's conduct caused plaintiff emotional distress so severe that no reasonable person could be expected to endure it.

Again, as to defendant Wharrie, this claim concerns only the contention that, before the arrest or charging of the plaintiff, defendant Wharrie knowingly fabricated or participated in causing the fabrication of material false statements by Anthony Sumner against the plaintiff.  Liability of defendant Wharrie on this claim may not be premised on any contention other than that.

16

**Fifth claim – "policy" claim against City of Chicago**

The plaintiff's fifth claim is that the City of Chicago had a policy or widespread practice that caused a violation of his right to due process of law.

To succeed on this claim, the plaintiff must prove each of the following things by a preponderance of the evidence:

1.      Material exculpatory or impeachment evidence in the possession of the Chicago Police Department was concealed.  These terms have the same definitions that I provided in connection with the plaintiff's first claim.

2.      At the time of the concealment, it was the policy of the City of Chicago to conceal material exculpatory and/or impeachment evidence.  As used in this case, the term policy means:  (a) an express policy that causes a constitutional deprivation when enforced, or (b) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice.

3.      The policy as I have described it in paragraph 2 caused the concealment of material exculpatory or impeachment evidence.

### Chicago Police Department regulations

You have heard evidence about whether Chicago Police Department regulations were complied with. You may consider this evidence in your deliberations. But remember that the issues you must decide are whether the plaintiff has proven the claims as I have described them in the preceding instructions, not whether Police Department regulations may have been violated.

**Damages**

The plaintiff's damages, if any, will be determined by you separately after you have made a determination on the question of the defendants' liability. I will give you further instructions about damages at that time.

**Final instructions**

Once you are all in the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as by using telephone, cell phone, smart phone, iPhone, Blackberry, an Android, or a computer; by using text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, GooglePlus, YouTube, Twitter; or by using any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the presiding juror or by one or more members of the jury. To have a complete record of this trial, it is important that you not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

If you send me a message, do not include the breakdown of your votes. In other words, do not tell me that you are split 6-6, or 8-4, or whatever your vote happens to be.

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your presiding juror will fill in and date the verdict form, and each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts.

**VERDICT FORM – Fields v. City of Chicago, et al., Case No. 10 C 1168**

We, the jury, find as follows on the claims of the plaintiff, Nathson Fields, against the

defendants, the City of Chicago, David O'Callaghan, Joseph Murphy, Daniel Brannigan, and

Larry Wharrie:

**1.      First claim – violation of due process:**

<table>
<tr><td></td><td colspan="2">(check one on each line)</td></tr>
<tr><td><u>Name of defendant</u></td><td><u>For plaintiff</u></td><td><u>For defendant</u></td></tr>
<tr><td>David O'Callaghan</td><td>_____</td><td>_____</td></tr>
<tr><td>Joseph Murphy</td><td>_____</td><td>_____</td></tr>
<tr><td>Daniel Brannigan</td><td>_____</td><td>_____</td></tr>
<tr><td>Larry Wharrie</td><td>_____</td><td>_____</td></tr>
</table>

**2.      Second claim – conspiracy:**

<table>
<tr><td></td><td colspan="2">(check one on each line)</td></tr>
<tr><td><u>Name of defendant</u></td><td><u>For plaintiff</u></td><td><u>For defendant</u></td></tr>
<tr><td>David O'Callaghan</td><td>_____</td><td>_____</td></tr>
<tr><td>Joseph Murphy</td><td>_____</td><td>_____</td></tr>
<tr><td>Daniel Brannigan</td><td>_____</td><td>_____</td></tr>
<tr><td>Larry Wharrie</td><td>_____</td><td>_____</td></tr>
</table>

**3.      Third claim – malicious prosecution:**

<table>
<tr><td></td><td colspan="2">(check one on each line)</td></tr>
<tr><td><u>Name of defendant</u></td><td><u>For plaintiff</u></td><td><u>For defendant</u></td></tr>
<tr><td>David O'Callaghan</td><td>_____</td><td>_____</td></tr>
<tr><td>Joseph Murphy</td><td>_____</td><td>_____</td></tr>
<tr><td>Daniel Brannigan</td><td>_____</td><td>_____</td></tr>
</table>

**4.      Fourth claim – intentional infliction
of emotional distress:**

(check one on each line)

| Name of defendant | For plaintiff | For defendant |
|---|---|---|
| David O'Callaghan | _____ | _____ |
| Joseph Murphy | _____ | _____ |
| Daniel Brannigan | _____ | _____ |
| Larry Wharrie | _____ | _____ |

**5.      Fifth claim – policy claim against City of Chicago:**

| Name of defendant | For plaintiff | For defendant |
|---|---|---|
| City of Chicago | _____ | _____ |

**Please sign and date the form below:**

_____

Presiding juror

_____

_____

_____

_____

_____

Date: _____, 2014