# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| NATHSON E. FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10 C 1168 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Judge Matthew F. Kennelly |
| | ) | |
| Defendants. | ) | Magistrate Judge Geraldine Soat Brown |

## DEFENDANT O'CALLAGHAN'S RULE 50(b) RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendant, David O'Callaghan, by his attorney, Terrence M. Burns of Dykema Gossett, PLLC, for his renewed motion for judgment as a matter of law pursuant to Rule 50(b), states:

## INTRODUCTION

Plaintiff failed to present legally sufficient evidence for the jury to find that David O'Callaghan violated plaintiff's due process rights. At the close of plaintiff's case-in-chief on April 22, 2014, Defendant O'Callaghan (in a joint motion with Defendants Murphy and Brannigan) moved for a directed verdict pursuant to Fed. R. Civ. P. 50(a) on all of plaintiff's claims against him. (Dkt. #659). On April 29, 2014, the jury returned a liability verdict in favor of O'Callaghan on plaintiff's conspiracy, malicious prosecution, and intentional infliction of emotional distress claims, and against O'Callaghan on plaintiff's due process claim. Judgment was entered on May 1, 2014 (Dkt. #692), while O'Callaghan's Rule 50(a) motion was still pending. O'Callaghan renews his motion for judgment as a matter of law with respect to the due process claim asserted against him.

**STANDARD**

A judgment can be entered as a matter of law if a party has been fully heard on an issue during a jury trial and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on an issue. Fed. R. Civ. P. 50(a). The evidence must be viewed in the light most favorable to the non-moving party and the Court must determine whether the evidence is sufficient to sustain a verdict in favor of the non-moving party. *Hammond Group, Ltd. v. Spalding & Evenflo Companies, Inc.*, 69 F.3d 845, 848 (7th Cir. 1995). If the court does not grant a Rule 50(a) motion for judgment as a matter of law, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised in the motion. Fed. R. Civ. P. 50(b). No later than 28 days after the entry of judgment, the movant may file a renewed motion for judgment as a matter of law. *Id*.

**DISCUSSION**

**I.  Plaintiff Failed to Prove His Due Process Claim Against Defendant O'Callaghan with Respect to the 1986 Trial.**

Defendant O'Callaghan is entitled to judgment as a matter of law on the due process claim with respect to the 1986 trial because plaintiff presented no evidence to support his claim that any allegedly withheld or fabricated evidence was material to the outcome of that trial.[1]

A plaintiff may bring a §1983 claim based on the denial of a fair trial where material exculpatory or impeachment evidence has been withheld in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Newsome v. McCabe*, 256 F.3d 747, 752 (7th Cir. 2001). "Favorable evidence

---

[1] O'Callaghan maintains and does not waive his position that a due process claim based on the fabrication of evidence is not a viable cause of action under Seventh Circuit case law. Where a state remedy for malicious prosecution exists, as it does in Illinois, a plaintiff cannot sustain a denial of a fair trial claim absent a *Brady* violation. *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001); *see also Ienco v. City of Chicago*, 286 F.3d 994, 998 (7th Cir. 2002). *But see Whitlock v. Brueggemann*, 682 F.3d 567 (7th Cir. 2012). Given the Court's prior rulings on this issue, the remainder of this motion assumes the viability of such a claim.

2

is material, and constitutional error results from its suppression by the government, if there is a 'reasonable probability' that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995). In this case, the jury was instructed as follows with respect to the due process claim:

> To succeed on his claim as to the particular defendant you are considering, the plaintiff must prove both of the following things by a preponderance of the evidence:
>
> 1. The defendant:
>
> a. knowingly concealed material exculpatory and/or impeachment evidence, and the evidence was not otherwise available through the exercise of reasonable diligence; and/or b. knowingly fabricated or participated in the fabrication of material false evidence.
>
> 2. The plaintiff was damaged as a result of the concealment or fabrication.
>
> …With regard to plaintiff's 1986 criminal trial, exculpatory or impeachment evidence, or fabricated evidence, is considered "material" if it would have had a reasonable likelihood of affecting the outcome of the case.

(Dkt. #668, p. 11).

Plaintiff's 1986 criminal trial was undisputedly corrupted due to the attempted bribe of Judge Maloney by the El Rukns and William Swano. The uncontested evidence established Judge Maloney was not an arbiter of the facts at all, but was instead acting only in his own self-interest when he found plaintiff guilty. Judge Maloney returned the bribe money and found plaintiff guilty in an effort to protect himself because he believed the FBI suspected him of fixing cases. Plaintiff presented no evidence that Maloney had any other motivation or would have ruled in a manner inconsistent with his significant self-interest in the 1986 trial had he been presented with the allegedly non-disclosed evidence. There was no evidence to suggest, let alone prove, there was a reasonable likelihood Judge Maloney would have found plaintiff not guilty if

3

the subject file had been produced, or if the allegedly fabricated evidence had not been presented. Plaintiff simply could not and did not prove the materiality element of his due process claim with respect to the 1986 trial.

In its Memorandum Opinion and Order on summary judgment, this Court left open the possibility Judge Maloney based his decision to return the bribe money and convict plaintiff on the strength of the prosecution's case. (Dkt. #483, p.10). At trial, however, plaintiff presented no evidence that Judge Maloney returned the bribe money because of the strength of the prosecution's case. To the contrary, the only evidence regarding Judge Maloney's motive to return the bribe money and convict plaintiff established he did so in an attempt to throw the authorities off his trail because he knew the FBI was watching him. (4/11/14 Trial Transcript, attached hereto as Exhibit A, at 537:1-4; 4/18/14 Trial Transcript, attached hereto as Exhibit B, at 1904:16 - 1905:13). And while this Court characterized an argument that Maloney might have kept the bribe and acquitted plaintiff if the prosecution's case was weaker as "a rather unpalatable backdrop for a due process claim" (Dkt. #483, p.10), plaintiff presented no evidence to support such a theory.

Indeed, plaintiff himself admitted it was his understanding Judge Maloney gave the money back to protect himself. (Ex. A at 537:1-4). Both plaintiff and his post-conviction attorney, John Stainthorp, testified about and acknowledged the following admissions in their amended post-conviction petition:

> The initial acceptance of the bribe, its subsequent return, and the judge's knowledge of the FBI investigation created a conflict of interest for Judge Maloney. After he learned of the FBI's suspicions concerning the fix, Judge Maloney had a significant self-interest in finding Fields guilty, since he could then claim the case had never been fixed and could point to the guilty verdict as evidence of this. This conflict of interest denied Fields a fair trial.

4

> Judge Maloney was not an impartial judge of the facts in this matter by reason of his agreement to take a bribe, his knowledge of the FBI investigation, and his subsequent return of the bribe.

(Ex. A at 592:5-25; Ex. B at 1904:24 - 1905:13). Mr. Stainthorp's testimony confirmed Judge Dooling awarded plaintiff a new trial based on the circumstances concerning the bribe. (Ex. B at 1905:14-16). Finally, plaintiff introduced no evidence that Judge Maloney's decision to return the bribe and convict plaintiff was based on anything other than Maloney's own self-interest in covering up his illegal conduct.

In its summary judgment opinion, the Court advanced the possibility plaintiff could present evidence suggesting that had the prosecution's evidence been weaker, the bribe would not have been perceived as necessary by Hawkins's lawyer. (Dkt. #483, at 10). Plaintiff presented no such evidence at trial. In fact, the evidence plaintiff did present contradicted that possibility. Plaintiff testified his attorney, Jack Smeeton, advised him to take a bench trial before Judge Maloney because the prosecution's "case was so weak." (4/10/14 Trial transcript, attached hereto as Exhibit C, at 410:12 - 25).

This Court also stated in ruling on summary judgment that plaintiff's proximate cause argument would be stronger if the jury found the bribe was meant to buy only the acquittal of Hawkins and not Fields. (Dkt. #483 at 11). Again, no such evidence was presented at trial. While plaintiff denied knowledge of the bribe, he conceded it was paid for his benefit, and he did not present any evidence to suggest the bribe was intended only for Hawkins. Plaintiff's own brief to the Illinois Supreme Court admitted the bribe was for the acquittal of both him and Hawkins. It unequivocally stated: "Former Judge Thomas Maloney accepted a bribe of $10,000 from William Swano, the attorney for Earl Hawkins, *to acquit Hawkins and his co-defendant Nathson Fields of murder*." (Ex. A at 593:16-23) (emphasis added). Plaintiff presented no evidence to dispute or rebut this point. And even if there was evidence to suggest the bribe was

not meant to benefit plaintiff, the other evidence as discussed above demonstrates Judge Maloney returned the money and found plaintiff guilty in an effort to cover up his own corruption. There is no evidence suggesting Maloney found Hawkins guilty to cover up the bribe, but separately found plaintiff guilty for some evidence-based reason.

In the summary judgment opinion, this Court also suggested the possibility that plaintiff could present evidence his conviction would have been vacated sooner but for the continued concealment of *Brady* material. (Dkt. #483, p.12). Plaintiff introduced no evidence at trial to establish or support such a theory of causation.

## II. Plaintiff Failed to Prove His Due Process Claim Against Defendant O'Callaghan with Respect to the 2009 Trial.

Plaintiff's due process claim pertaining to the 2009 trial cannot succeed because he was acquitted.[2] The absence of a conviction forecloses plaintiff's due process claim based on a *Brady* violation. As the Seventh Circuit stated in *Carvajal*, "we are doubtful . . . that an acquitted defendant can ever establish the requisite prejudice for a *Brady* violation." *Carvajal v. Dominguez*, 542 F.3d 561, 570 (7th Cir. 2008); s*ee also Bielanski v. County of Kane*, 550 F.3d 632, 645 (7th Cir. 2008); *Mosley v. City of Chicago*, 614 F.3d 391, 397 (7th Cir. 2010). The *Carvajal* court explained that "[t]he question is whether the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Carvajal*, 542 F.3d at 570, *citing Strickler v. Greene*, 527 U.S. 263, 289 (1999). Because the verdict at plaintiff's 2009 trial was a "not guilty," he cannot plausibly argue that any favorable evidence, if disclosed, would undermine confidence in the verdict.

---

[2] Defendant O'Callaghan acknowledges the Court ruled against him on this issue and permitted plaintiff to proceed at trial on a due process claim related to the 2009 conviction. O'Callaghan presents this argument so as not to waive his objection.

Even if the Seventh Circuit decided to recognize the viability of the "doubtful" cause of action discussed in *Carvajal*, plaintiff's claim would fail here with respect to the "materiality" element. Using language culled from *Carvajal*, *Bielanski*, and *Mosley*, this Court framed the issue as "whether the plaintiff could show that 'the decision to go to trial would have been altered by the desired disclosure.'" (Mem. Op. Order 13.) The jury in this case was instructed as follows: "With regard to plaintiff's 2009 criminal trial, exculpatory or impeachment evidence, or fabricated evidence, is considered 'material' if there is a reasonable likelihood that it would have altered the prosecutors' decision to proceed to trial." (Dkt. #668, p.11). Fatal to his claim, plaintiff did not introduce any evidence that the prosecutor's decision to retry him in 2009 would have been altered by the production of the subject file or any other alleged *Brady* material.

The only evidence relating to the materiality element of the due process claim with respect to plaintiff's 2009 trial was introduced by the defense. The 2009 prosecutor, Assistant State's Attorney Brian Sexton, testified he personally reviewed the subject file (plaintiff's Trial Exhibit #1), and had it been produced earlier, there was nothing in it that would have altered his decision to proceed to the 2009 trial. Mr. Sexton was asked the following questions and gave the following answers at trial:

> Q: Mr. Sexton, you've had an opportunity since the 2009 trial to review the stuff you didn't have in this Exhibit 1; is that true?
>
> A: Yeah.
>
> Q: And, Mr. Sexton, had you had this file at any time between '98 and 2009, would you have dropped the prosecution against Mr. Fields for killing Smith and Hickman?
>
> A: Absolutely not.

(4/23/14 Trial Testimony, attached hereto as Exhibit D, at 2753:14-21). Mr. Sexton explained the basis for that conclusion and described to the jury the other evidence of which he was aware

7

that implicated plaintiff in the Smith and Hickman murders. (Ex. D at 2735:15 - 2736:17; 2748:3-9). Plaintiff presented no evidence to refute Mr. Sexton on this issue and failed to meet his burden in proving materiality concerning the 2009 trial.

As the Court's due process jury instruction (*see* p. 7, *supra*) reflected, plaintiff also attempted a "fabricated evidence" component in his due process claim.[3] Immediately before trial, plaintiff's counsel, at the request of the Court, clarified the due process claim as related to the 2009 trial. According to plaintiff's counsel, the claim was based on the non-production of the so-called "street file" (plaintiff's Trial Exhibit #1), and the alleged manipulation/coercion of witnesses Randy Langston, Gerald Morris, and Earl Hawkins. (4/3/14 Trial Transcript, attached hereto as Exhibit E, at 39:3 - 42:20). As discussed above, plaintiff failed to present evidence at trial establishing the element of materiality with respect to the *Brady* aspect of his due process claim. Plaintiff likewise failed to meet his burden of presenting evidence to support a jury finding that any allegedly "fabricated evidence" was material to the prosecutors' decision to proceed to the 2009 trial.

To repeat, the due process claim concerning the 2009 trial, as clarified by plaintiff's counsel, involved the alleged manipulation/coercion of witnesses Randy Langston, Gerald Morris, and Earl Hawkins. There is no allegation or evidence O'Callaghan coerced or manipulated Earl Hawkins with respect to the 2009 prosecution.[4] With respect to witnesses Randy Langston and Gerald Morris, the evidence at trial established that their recantations, and issues regarding their identifications of plaintiff as a perpetrator, were known to prosecutors long before the 2009 trial, either through testimony from the 1986 sentencing hearing or from

---

[3] Defendant O'Callaghan reasserts his objection to the due process claim to the extent based upon fabrication of evidence. *See* footnote 1, *supra*.

[4] That allegation was asserted against Defendant Brannigan, who prevailed on the claim at trial.

affidavits. The evidence also established prosecutors met with both Randy Langston and Gerald Morris prior to presenting them as witnesses at the 2009 trial. (4/16/14 Trial Testimony, attached hereto as Exhibit F, at 1366:1-3; Ex. D at 2737:16-21). The prosecutors knew about O'Callaghan's alleged manipulation/coercion of these witnesses, and they still decided to proceed to trial in 2009. In other words, the alleged manipulation/coercion of these witnesses did not alter the prosecutors' decision to proceed to the 2009 trial. Plaintiff introduced no contrary evidence on this issue.

Whether assessing the 1986 trial or the prosecutor's decision to proceed to the 2009 trial, plaintiff failed to establish a legally sufficient evidentiary basis on the element of materiality to sustain a jury verdict in his favor on the due process claim.

## **CONCLUSION**

Plaintiff failed to meet his burden in proving the materiality element of his due process claim. Plaintiff's 1986 conviction directly resulted from the failed attempt by William Swano and the El Rukns to bribe Judge Maloney. There is no evidence to suggest that had different evidence been presented at the 1986 trial, there was a reasonable likelihood Judge Maloney would have acted contrary to his own self-interest and acquitted plaintiff. As to the 2009 trial, a due process claim is not viable in the Seventh Circuit because plaintiff was acquitted. But even if the Seventh Circuit were to recognize the cause of action attempted by plaintiff, O'Callaghan is still entitled to judgment as a matter of law. Plaintiff failed to establish the materiality element with respect to the 2009 trial. Plaintiff did not present any evidence the prosecutors' decision to proceed to the 2009 trial would have been altered if the subject file had been produced, and the evidence was unrebutted they knew of the recantation issues concerning witnesses Randy Langston and Gerald Morris and still proceeded to trial. Because plaintiff failed to present

9

evidence to support the materiality element of his due process claim, Defendant O'Callaghan is entitled to judgment as a matter of law.

WHEREFORE, Defendant, David O'Callaghan, respectfully requests this Court grant judgment in his favor as a matter of law on plaintiff's due process claim against him.

Date:  May 29, 2014                                  Respectfully submitted,

                                                     s/ Daniel M. Noland
Terrence M. Burns                                    One of the Attorneys for Defendant, DAVID
Paul A. Michalik                                     O'CALLAGHAN
Daniel M. Noland
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois  60606
312.876.1700 (phone)
312.627.2302 (facsimile)

# CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2014, I electronically filed the foregoing **David O'Callaghan's Renewed Motion for Judgment as a Matter of Law** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

| | |
|---|---|
| H. Candace Gorman | Donald J. Pechous |
| Adrian J. Bleifuss Prados | Lisa M. Meador |
| Law Office of H. Candace Gorman | Stephen L. Garcia |
| 220 S. Halsted | Office of the Cook County State's Attorney |
| Suite 200 | 500 Richard J. Daley Center |
| Chicago, IL 60661 | Chicago, IL 60602 |
| 312.427.2313 | 312.603.5475 |
| hcgorman1@gmail.com | sgarcia@cookcountygov.com |
| ableifuss@gmail.com | |

and

Leonard C. Goodman
Melissa A. Matuzak
Law Offices of Leonard C. Goodman
53 W. Jackson
Suite 1220
Chicago, IL 60604
312.986.1984
lcgoodman@rcn.com
melissamatuzak@gmail.com

s/ Daniel M. Noland