1

1        IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
2                   EASTERN DIVISION

3    NATHSON E. FIELDS,                )
                                       )
4                    Plaintiff,        )
                                       )
5         v.                           )  No. 10 CV 01168
                                       )
6    CITY OF CHICAGO, et al.,          )  Chicago, Illinois
                                       )  August 18, 2014
7                    Defendant.        )  9:40 a.m.

8                     TRANSCRIPT OF PROCEEDINGS

9           BEFORE THE HONORABLE MATTHEW F. KENNELLY

10   APPEARANCES:

11   For the Plaintiff:        LAW OFFICE OF H. CANDACE GORMAN
                               BY:  MS. H. CANDACE GORMAN
12                             Suite 200
                               220 South Halsted Street
13                             Chicago, Illinois 60661
                               (312) 441-0919
14                             hcgorman@igc.org

15   For the Defendants:       DYKEMA GOSSETT, PLLC
                               BY:  MR. DANIEL M. NOLAND
16                                  MR. PAUL A. MICHALIK
                               Suite 2300
17                             10 South Wacker Drive
                               Chicago, Illinois 60606
18                             (312) 627-2100
                               dnoland@dykema.com
19                             pmichalik@dykema.com

20   Court Reporter:           Judith A. Walsh, CSR, RDR, CRR
                               Official Court Reporter
21                             219 S. Dearborn Street, Room 1944
                               Chicago, Illinois 60604
22                             (312) 702-8865
                               judith_walsh@ilnd.uscourts.gov

23

24

25

1    (Proceedings heard in open court:)

2         THE CLERK:  Case No. 10 C 1168, Fields versus City of

3    Chicago.

4         MS. GORMAN:  Good morning, your Honor.  Candace

5    Gorman for Mr. Fields.

6         MR. NOLAND:  Good morning, your Honor.  Dan Noland

7    for the City defendants.

8         MR. MICHALIK:  Paul Michalik for the City defendants.

9         THE COURT:  Okay.  So I got the supplement that I had

10   asked Ms. Gorman to submit which at least suggests -- and I

11   mean, I am not going to say I'm familiar with the entire

12   history of the Lac Courte Oreilles litigation.  Don't even ask

13   me how to spell that.  Actually, I know how to spell it, but

14   I'll do that later.

15        It's really not like this case, but there's at least

16   some authority, it seems like, from that in the Supreme Court

17   case in San Antonio, I think, for interim attorney's fees.

18        So here -- the subsidiary question or the follow-on

19   question that I had asked, which you do attempt to answer, is

20   if I did that, if I concluded, if I concluded after hearing,

21   you know, what the defendants have to say about it that it was

22   appropriate, wouldn't they have the right to appeal.

23        And basically what you're telling me is that only if

24   it's not likely that they'd be able to get it back.  I mean,

25   I'm oversimplifying a little, but that's what it boils down

1   to.  And you're basically saying, I'm committing to give it

2   back and, therefore, that problem is resolved.

3           Pardon me for asking this question, but the

4   proposition that, you know, there's been a lot of time and

5   effort put into this and you need to get the money in order to

6   compensate for that sort of runs slightly arguably counter to

7   the proposition that you're just willing to and able to tender

8   a check back if and when I get to that point.

9           MS. GORMAN:  Well, I think the issue is, do I have to

10  take out a loan at this point --

11          THE COURT:  Okay.

12          MS. GORMAN:  -- or a second mortgage or whatever.

13          THE COURT:  Okay.  Well, so I think -- remind me

14  where we are in terms of briefing the posttrial motions.  Are

15  they all done?  Are they fully briefed?

16          MS. GORMAN:  No.

17          THE COURT:  They're not fully briefed.  Where are we

18  in the schedule?

19          MS. GORMAN:  My memorandum in favor of the motion is

20  due on Friday.

21          THE COURT:  And then what's the -- what's the last

22  date for the last brief?

23          MS. GORMAN:  October --

24          THE COURT:  October something.

25          MR. NOLAND:  October 17th.

1          THE COURT:  Okay.  All right.  And the -- not the

2   interim fee petition but the regular fee petition, have I set

3   a schedule yet for that?

4          MR. NOLAND:  Yes.

5          THE COURT:  I should know the answer to that, but I

6   don't.

7          MR. NOLAND:  It's -- the date that you had in your

8   minute order --

9          THE COURT:  Was it wrong?

10         MR. NOLAND:  -- the last -- I think it's incorrect.

11         THE COURT:  Okay.

12         MR. NOLAND:  It's your minute order of --

13         THE COURT:  Which date?

14         MR. NOLAND:  I think it's Document No. 738.  And you

15  have in there September 26th.

16         THE COURT:  Is that the wrong date?

17         MR. NOLAND:  I think the right date would be October

18  10th.

19         THE COURT:  It stands to reason actually, now that

20  I'm looking at it, 13 weeks from the 11th of July would not be

21  the 26th of September.

22         The order, Pam, we need to do something saying that

23  the order of the 11th of July which is Docket Entry No. 738 is

24  modified to say that the fee petition is due on October the --

25         MS. GORMAN:  10th.

5

1        THE COURT:  -- 10th.  So and I said I would set the
2   rest of the schedule then.
3        So I think that I would like to get -- you know, in
4   advance of all that, I guess I'm not prepared to simply just
5   rule on this thing right now, the interim fee petition.  So
6   I'd like to get something in response to that.
7        It's not a terribly long document.  I don't think it
8   needs to be a terribly long response.  But that's your
9   judgment to make in the first instance.  So what's a
10  reasonable date?
11       MR. NOLAND:  Seven days, Judge.
12       THE COURT:  Okay.  Response to the interim fee
13  petition is due by the -- seven days would be the 25th of
14  August.  Seven days after that would be Labor Day.  Can you do
15  the day after Labor Day?
16       MS. GORMAN:  Yes, your Honor.
17       THE COURT:  The reply is due on the 2nd of September.
18  I'm going to set it for ruling on the 9th of September at 9:30
19  in the morning.  Does that day work okay for you?
20       MR. NOLAND:  Yes.
21       THE COURT:  Okay.  Great.  Thanks a lot.
22       MS. GORMAN:  Thank you.
23       MR. MICHALIK:  Thank you.
24       THE COURT:  Okay.  Take care.
25     (Proceedings adjourned at 9:45 a.m.)

6

```
 1              C E R T I F I C A T E
 2        I, Judith A. Walsh, do hereby certify that the
 3   foregoing is a complete, true, and accurate transcript of the
 4   proceedings had in the above-entitled case before the
 5   Honorable MATTHEW F. KENNELLY, one of the judges of said
 6   Court, at Chicago, Illinois, on August 18, 2014.
 7
 8   /s/ Judith A. Walsh, CSR, RDR, CRR        September 17, 2014
 9   Official Court Reporter
10   United States District Court
11   Northern District of Illinois
12   Eastern Division
13
14
15
16
17
18
19
20
21
22
23
24
25
```