```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

NATHSON E. FIELDS,              ) Docket No. 10 C 1168
                                )
          Plaintiff,            ) Chicago, Illinois
                                ) January 30, 2015
     v.                         ) 9:50 a.m.
                                )
CITY OF CHICAGO, et al.,        )
                                )
          Defendants.           )


                TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE MATTHEW F. KENNELLY

APPEARANCES:

For the Plaintiff:    LAW OFFICES OF H. CANDACE GORMAN
                              BY:  MS. H. CANDACE GORMAN
                              220 South Halsted Street
                              Suite 200
                              Chicago, Illinois 60661


For the Defendant:    DYKEMA GOSSETT PLLC
                              BY:  MR. DANIEL MATTHEW NOLAND
                                   MR. PAUL A. MICHALIK
                              10 South Wacker Drive
                              Suite 2300
                              Chicago, Illinois 60606


                      CITY OF CHICAGO CORPORATION COUNSEL
                              BY:  MS. LIZA M. FRANKLIN
                              121 North LaSalle Street
                              Suite 600
                              Chicago, Illinois 60602



Court Reporter:       JENNIFER DUNN, CSR, RMR, CRR
                      Contract Court Reporter
                      79 West Monroe Street, Suite 1324
                      Chicago, Illinois 60603
                      (312)617-9858
                      jennifer@real-timereporters.com
```

```
 1   APPEARANCES (Cont'd.):

 2
     For the United States
 3   Parole Commission:     HON. ZACHARY T. FARDON
                            UNITED STATES ATTORNEY'S OFFICE
 4                          BY:  MR. JAMES M. KUHN
                            Assistant United States Attorney
 5                          219 S. Dearborn Street
                            5th Floor
 6                          Chicago, IL 60604

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1      (The following proceedings were had in open court.)
2           THE CLERK:  Case No. 10 C 1168, Fields versus City of
3    Chicago.
4           MS. GORMAN:  Morning, your Honor.  Candace Gorman for
5    Mr. Fields.
6           MS. FRANKLIN:  Good morning, your Honor.  Lisa
7    Franklin on behalf of the City of Chicago.
8           MR. NOLAND:  Dan Noland and Paul Michalik on behalf of
9    the City defendants.
10          MR. KUHN:  Good morning, your Honor.  James Kuhn for
11   the United States.
12          THE COURT:  Okay.  So, first of all, on the motion to
13   move the files or whatever it's called -- actually, it may be
14   the motion -- the name of the motion -- motion for leave to
15   move the files.
16          All right.  Ms. Gorman, you saw the reply, I'm
17   assuming, that got filed a couple of days ago.
18          MS. GORMAN:  I saw the reply.
19          THE COURT:  Anything more you want to tell me?
20          MS. GORMAN:  Your Honor, the list -- it wasn't clear
21   to me.  I just got the list yesterday.
22          THE COURT:  That's the attachment?  Okay.
23          MS. GORMAN:  I just wanted to make clear that that's
24   only in regards to cabinet 12, the one cabinet that I looked
25   at, and it raised the question with me is does the City think

1  I'm only talking about that one file because, obviously, now
2  with the information that we have, I will be wanting to review
3  more files than the one, if the Court --
4         THE COURT: Assuming we get to that point.
5         MS. GORMAN: Right.
6         THE COURT: Yeah. Are there similar lists on the
7  other file cabinets?
8         MS. FRANKLIN: Yes, your Honor, the lists are
9  identical.
10        THE COURT: That's what I assumed. Yeah. And so if
11 I'm understanding this right, so part of the issue is that
12 you're now, I guess, unsurprisingly getting requests and orders
13 and whatnot from all over the place and you want to have things
14 someplace where they're more accessible rather than where they
15 are right now.
16        MS. FRANKLIN: Yes, your Honor.
17        THE COURT: That makes sense to me. I think with
18 the -- with the terms and conditions that the City has
19 discussed in the reply, I think it's appropriate to grant the
20 motion. I mean, there's a -- there's a commitment that if we
21 have to recreate -- if, you know, a new trial is granted and
22 there's -- and it's on Monell or there needs to be more
23 discovery that things can be recreated and I think that's
24 appropriate because it just seems to me that it's imposing an
25 undue burden on the City now, really, with no correspondingly

1  sufficient justification.  So what I think you ought -- what I
2  think we need to do, though, just so it's clear and just so you
3  don't have somebody coming back to you and, you know, 47 cases
4  out of 26th Street saying:  Oh, you didn't do what Judge
5  Kennelly told you to do, let's have it real clear what I told
6  you to do.  So I want an order drafted that basically says:
7  This is what you can do.  And what I'm essentially going by is
8  the reply.
9           MS. FRANKLIN:  Yes, your Honor.
10          THE COURT:  So draft something, show it to people for
11 form, get it over to me and -- electronically and I'll sign it.
12 If there's a problem with the form -- and we're not rearguing
13 the merits of this.  If there's a problem with the form, then,
14 you know, somebody let somebody know and I'll get you back in
15 here, okay?
16          MS. FRANKLIN:  Okay.  Thank you, your Honor.
17          THE COURT:  So unless you really want to hang around,
18 Ms. Franklin, you can take off.
19          MS. FRANKLIN:  Thank you.
20          THE COURT:  So on the parole commission thing, I want
21 to make sure that I'm completely understanding a couple of
22 things.
23          So, Ms. Gorman has had access to the redacted version
24 of the audio of the hearing.
25          MR. KUHN:  Yes.

1    THE COURT: And the guy who was conducting the
2  hearing, what exactly is he? Is he a member of the parole
3  commission, or is he a hearing officer? What do they call him?
4    MR. KUHN: He's a parole examiner.
5    THE COURT: He's a parole examiner. Okay.
6    And he says somewhere in there that -- or somebody
7  says somewhere in there that, you know, he's making this
8  recommendation and it's going to -- you know, it's subject
9  because of the nature of the sentence or something like that
10 it's subject to being okayed by some certain number of members
11 of the parole commission itself, and I gather that that
12 happened some period of time later. I don't remember if it was
13 weeks or months or whatever. Am I still right so far?
14   MR. KUHN: Weeks later, yes.
15   THE COURT: Okay. What I wasn't able to kind of
16 figure out, so there's -- then there's this affidavit from
17 Mr. Hogan, again, which Ms. Gorman has got, which says that,
18 you know, due to a combination of circumstances he didn't get
19 letters in there until after the hearing actually happened
20 because the date got changed or something like that.
21   Do we know whether the letters got there before not
22 the parole examiner's hearing, but before the final approval?
23   MR. KUHN: The letters were received on the day of --
24 that the first parole commissioner signed off on the approval.
25 There's an approval sheet.

1    THE COURT: So they just got -- one passes it on to
2 the next, basically?
3    MR. KUHN: Right. Right.
4    THE COURT: So they got there on the day that the
5 first parole commissioner signed off on it, but then before the
6 second one did?
7    MR. KUHN: Yes.
8    THE COURT: And so how many -- was it just two that
9 had to sign off on it?
10    MR. KUHN: No. This was an original jurisdiction
11 case, so I think it's all six sign off.
12    THE COURT: So it's all of them. Okay. And is
13 there -- is there any -- and, again, I couldn't -- it's hard
14 for me to tell because it's all of these printouts and whatnot.
15 Is there any way to tell whether any of the commissioners were
16 aware of the existence of the letters?
17    MR. KUHN: There's no way to tell.
18    THE COURT: Okay. So Mr. Hogan's affidavit, among
19 other things, says -- and I don't have it in front of me here,
20 but I can -- I can pretty well remember this part. It's
21 towards the end. He says that he -- he did not contact the
22 parole commission at any time in relation to the -- I mean, he
23 may have in earlier years, but whatever -- in relation to the
24 current -- to the ultimate granting of parole. So I want to
25 know whether the parole commission contacted him. I'm going to

1 tell you why.

2 MS. GORMAN: I'm sorry. I couldn't hear the last
3 thing.

4 THE COURT: I want to know whether the parole
5 commission contacted him.

6 So there's a point in the hearing at which there's --
7 after the parole officer goes through a bunch of stuff he says:
8 We're going to take a break. The recording is stopped. He
9 comes back and he says: I've talked to Mr. -- and then he
10 names the rep of the BOP or whoever it was that was there, and
11 then he seems to say "and Mr.," and then it's garbled. And I
12 don't know if it's actually garbled or what. It seems to be
13 saying he talked to another person and I want to know whether
14 he reached out and called Mr. Hogan or somebody called
15 Mr. Hogan.

16 So, what I want to know, and nobody -- you know,
17 Mr. Hogan acted as a volunteer in this thing in providing this
18 very long affidavit, so it's not quite comprehensive enough for
19 me. I want to know whether there was any communication between
20 him and the parole commission other than him just sending --
21 mailing a letter in, in connection with the -- we'll just call
22 it the 2014 consideration of parole for Mr. Hawkins. And so
23 that -- once I know that, I'll know what, if anything else, I
24 need to do.

25 MS. GORMAN: Your Honor, can I raise one issue from

9

1 the document itself from the file?
2     THE COURT: Which document? There's a pile of
3 documents.
4     MS. GORMAN: The parole commission file.
5     THE COURT: Yeah.
6     MS. GORMAN: For me that's a very small file and I
7 don't know if the Court got the whole unredacted because I
8 didn't get --
9     THE COURT: I got -- it's, like, about 48 pages or
10 something like that, I think. I got a disc. I assume it's the
11 same disc that you got.
12     MS. GORMAN: Yes.
13     THE COURT: It's got stuff blacked out on it.
14     MS. GORMAN: They said they would give you the
15 unredacted --
16     THE COURT: I think he -- you're right. I don't have
17 that, right?
18     MR. KUHN: Right.
19     THE COURT: Okay. I should have that. You
20 volunteered to give it to me, fine, give it to me. Is it going
21 to be a disc, or is it going to be paper? I don't care.
22     MR. KUHN: Whatever you like.
23     THE COURT: How many pieces of paper would it be?
24     MR. KUHN: It's about that thick (indicating).
25     THE COURT: Give me the paper because stuff like

1    that -- because it's not text -- it's not text searchable on a
2    disc anyway because it's all scanned, so just give me the paper
3    on it.
4              MS. GORMAN:  In the file that they gave me on page --
5    it's Bates stamped --
6              THE COURT:  You're going to have to show me something
7    because I don't have it committed to memory.
8              MS. GORMAN:  Unfortunately, mine is marked up.
9              THE COURT:  I don't care.
10             MS. GORMAN:  It's page 3.
11             MR. KUHN:  Page 3?  Okay.
12             THE COURT:  Oh, okay.
13             MS. GORMAN:  This is from the hearing of July 11th.
14             THE COURT:  Yeah.  Kind of why I want to know the
15   answer to the question that I have in there.  Kind of want
16   to -- it says, "JO credit update 10" -- it says, "Confirmed by
17   AUSA."  See, on my -- it's -- I listen to that thing, I got to
18   tell you, I listened to it 20 times and I got my hands over my
19   ears so I can -- so I hear the earphones and that's why --
20   that's why I'm just going to hold the rest of my comments until
21   I get an answer from Mr. Hogan.
22             MR. NOLAND:  Could we just know what page?
23             THE COURT:  This is page 03.
24             MR. NOLAND:  03.  Thank you.
25             THE COURT:  03.  Yeah.

| | |
|---|---|
| 1 | Here.  I can give this back to you, Ms. Gorman. |
| 2 | I had notes of this, but that's all the more reason. |
| 3 | MS. GORMAN:  Thank you, your Honor. |
| 4 | THE COURT:  Okay.  So I'm assuming that is this |
| 5 | something you have accessible that you can just -- |
| 6 | MR. KUHN:  Yes. |
| 7 | THE COURT:  -- push the print button and print it all |
| 8 | out.  So get it up to me, you know, today or Monday or |
| 9 | whatever. |
| 10 | Two weeks.  Can you come back on the 6th? |
| 11 | MS. GORMAN:  I cannot, your Honor. |
| 12 | THE COURT:  Okay.  Next choice is -- yeah, the other |
| 13 | choices are not good because I'm trying a case Monday through |
| 14 | Thursday, which is pretty much soaking up all my time.  God, I |
| 15 | hate just putting this stuff back over and over again.  It's |
| 16 | going to have to be the 20th then, 20th of February at 9:30 |
| 17 | again. |
| 18 | Okay.  Anything else we should talk about? |
| 19 | MR. NOLAND:  No. |
| 20 | THE COURT:  Okay.  Take care. |
| 21 | MR. KUHN:  Thank you, your Honor. |
| 22 | (Which were all the proceedings had in the above-entitled |
| 23 | cause on the day and date aforesaid.) |
| 24 | |
| 25 | |

# CERTIFICATE

I hereby certify that the foregoing is a true and correct transcript of proceedings in the above-entitled matter.

/s/ JENNIFER L. DUNN                                               February 5, 2015

*[signature: Jennifer Dunn]*

JENNIFER L. DUNN, CSR, RMR, CRR                               Date
Contract Court Reporter
Northern District of Illinois