IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATHSON E. FIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10 C 1168 |
| ) | |
| CITY OF CHICAGO; former and current ) | Judge Matthew F. Kennelly |
| Chicago Police Officers DAVID ) | |
| O'CALLAGHAN, JOSEPH MURPHY, and ) | Magistrate Judge Geraldine Soat Brown |
| DANIEL BRANNIGAN, ) | |
| ) | |
| Defendants. ) | |

## CITY DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY AND APPOINTMENT OF SPECIAL MASTER

Defendants, City of Chicago, David O'Callaghan, Joseph Murphy, and Daniel Brannigan ("City Defendants"), by their attorney, Terrence M. Burns of Dykema Gossett, PLLC, for their response to "plaintiff's motion for additional discovery and appointment of special master to investigate the fraud upon the Court and plaintiff," state:

**I.  Subject to the City Defendants' Motion for Reconsideration, a Rule 53 Special Master May be Appropriate to Consider Whether Hawkins was Released as a Result of His April 2014 Testimony in this Case.**

Plaintiff suggests an independent Special Master be appointed under Rule 53 to investigate whether Earl Hawkins was granted parole as a result of his testimony in this trial.[1] Among other things, Rule 53 allows the Court to appoint a Special Master to perform duties consented to by the parties, to hold trial proceedings and make or recommend findings of fact on

---

[1] The City has filed a motion to reconsider which, if granted, would render this motion moot. As a result, this response is submitted in the alternative to the City's motion. In addition, the City notes that plaintiff's suggestion there was a "fraud upon the Court" is not supported. It is the City Defendants' understanding this Court ordered a new trial under Rule 60(b)(2).

issues to be decided without a jury if the circumstances warrant, to regulate all proceedings subject to the appointment, and to exercise the appointing court's power to compel, take, and record evidence. See Rule 53(a) and (c). The City Defendants are not opposed to the concept of an independent Special Master under Rule 53 and an evidentiary hearing to decide whether Hawkins' parole was the result of his April 2014 trial testimony in this case. If it is ultimately decided based on the evidence that Hawkins was not released because of his April 2014 trial testimony, then there would be no reason for a new trial based on "newly discovered evidence." A Special Master would also be in the position to evaluate what additional information and/or discovery would be necessary for an evidentiary hearing and from whom. Issues of the identity and payment of a Special Master would need to be addressed with the Court.

## II. Derrick Kees, Randy Langston and Jackie Clay.

Plaintiff also suggests discovery and/or the appointment of a Rule 53 Special Master to investigate matters relating to Derrick Kees, Randy Langston, and Jackie Clay. This Court's order did not contemplate any further discovery relating to any other individuals, and plaintiff's motion does not justify any such inquiry.

With that said, the City Defendants have no objection to plaintiff's request for the parole file and all letters submitted on behalf of Derrick Kees.

As for Randy Langston, plaintiff acknowledges Randy denied he told his mother he will be released in three years on his 21 year armed robbery sentence, but plaintiff asserts as "fact that Mr. Langston told his mother he would only serve three years for his armed robbery conviction." (Dkt 814 at 5). Plaintiff does not support this alleged "fact" with any evidence, such as an affidavit from his mother, or any proof that Mr. Langston is not going to serve however many years of his 21 year sentence as Illinois law requires. Mr. Langston's attorney represented in the

2

filing attached to plaintiff's motion that IDOC indicated that Mr. Langston's "Projected parole date" is December 28, 2022, which his attorney refers to as "day for day credit." In addition, Judge Gettleman's order revoked Randy's Supervised Release and committed him to the custody of the Bureau of Prisons for 24 months to run concurrently with his already lengthy state sentence. It is unclear how or why this implies some type of benefit to Mr. Langston in connection with this case, and Mr. Sexton's letter doesn't support an inference of any such benefit. Nonetheless, if this Court or a Special Master believes there is a basis to obtain the "complete prison file for [Mr. Langston's] conviction including any letters in support of an early release and a copy of the judgment for revocation by Judge Gettleman" (Dkt 814 at 5), the City Defendants will not oppose the request. As for a Rule 30(b)(6) deposition of the State's Attorney's Office, that would appear premature without any supporting evidence and any motion filed by Mr. Langston in court will be publicly available.

As for Jackie Clay, plaintiff's attorney states that "counsel was also informed that Mr. Clay was again receiving benefits or was being reconsidered for continued benefits under the witness protection plan." (Dkt 814 at 6). Plaintiff does not identify the source of this information. Plaintiff also appeared to have abandoned any argument with respect to Jackie Clay at the September 24, 2014 hearing before this Court. Again, however, if this Court or a Special Master believes there is a basis to inquire of the Department of Justice or U.S. Marshal whether or not Jackie Clay has received continued benefits under the witness protection plan, the City Defendants will not oppose that request either.

                                              Respectfully submitted,

                                              s/ Daniel M. Noland
                                              One of the Attorneys for City Defendants

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois 60606
(312) 876-1700

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2015, I electronically filed the foregoing **City Defendant's Response to Plaintiff's Motion for Additional Discovery and Appointment of Special Master** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

H. Candace Gorman
Adrian J. Bleifuss Prados
Andrew D. Finke
Law Office of H. Candace Gorman
220 S. Halsted
Suite 200
Chicago, IL 60661
312.427.2313
hcgorman1@gmail.com
ableifuss@gmail.com
andrew.finke@gmail.com

                                                      s/ Daniel M. Noland