1        IN THE UNITED STATES DISTRICT COURT
         NORTHERN DISTRICT OF ILLINOIS
2               EASTERN DIVISION

3


4   NATHSON E. FIELDS,              )
                                    )
5                    Plaintiff,     )   Docket No. 10 C 1168
                                    )
6              vs.                  )
                                    )
7   CITY OF CHICAGO, et al.,        )   Chicago, Illinois
                                    )   January 14, 2015
8                    Defendants.    )   10:30 a.m.

9
                    TRANSCRIPT OF PROCEEDINGS
10        BEFORE THE HONORABLE MATTHEW F. KENNELLY

11
    APPEARANCES:
12

13  For the Plaintiff:     LAW OFFICES OF H. CANDACE GORMAN
                               BY:  MS. H. CANDACE GORMAN
14                             220 South Halsted Street
                               Suite 200
15                             Chicago, Illinois  60661

16


17  For the Defendant:     DYKEMA GOSSETT PLLC
                               BY:  MR. PAUL A. MICHALIK
18                             10 South Wacker Drive
                               Suite 2300
19                             Chicago, Illinois  60606

20
                           CITY OF CHICAGO CORPORATION COUNSEL
21                             BY:  MS. LIZA M. FRANKLIN
                               121 North LaSalle Street
22                             Suite 600
                               Chicago, Illinois   60602
23

24  ALSO PRESENT:              MR. JON LOVEY

25

1

LAURA M. BRENNAN - Official Court Reporter
219 South Dearborn Street - Room 2102
Chicago, Illinois   60604
(312) 435-5785

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1      (The following proceedings were had in open court:)

2          THE CLERK:  10 C 1168, Fields v. City of Chicago.

3          MS. GORMAN:  Good morning, your Honor; Candace

4   Gorman.

5          MS. FRANKLIN:  Good morning, your Honor; Lisa

6   Franklin on behalf of the City of Chicago.

7          MR. MICHALIK:  And Paul Michalik on behalf of the

8   City defendants.

9          THE COURT:  I know you're not here on my sentencing.

10  Are you going to want to come up and say something about this?

11         MR. LOEVY:  I hope not, your Honor.

12         THE COURT:  That's Mr. Loevy.  You know who he is,

13  right?

14         THE REPORTER:  Yes.

15         THE COURT:  All right, fine.

16         Okay.  So I've got the motion for leave to move and

17  the opposition to the motion for leave to move.  And since I

18  read the opposition last, why don't you talk first, Ms.

19  Franklin.

20         MS. FRANKLIN:  Okay.  Well, first of all, your Honor,

21  I didn't actually -- I'm not convinced that the language of

22  your order says that we can't do this, but, again --

23         THE COURT:  I don't remember what the order even

24  says.

25         MS. FRANKLIN:  It's on page 2.  It's the block quote

1    on page 2 of our motion.

2            THE COURT:  The thing about hermetically sealed.  Did

3    I enter a written order at some point that said something?

4            MS. GORMAN:  No.

5            MS. FRANKLIN:  No, your Honor.

6            THE COURT:  I didn't.  Okay, it's all verbal.  So let

7    me read through this again.

8        (Brief interruption.)

9            THE COURT:  Okay, I understand what you're saying.

10           Yes, I didn't -- I think I said it would be a really,

11   really bad idea, but I didn't say you couldn't absolutely do

12   it.

13           MS. FRANKLIN:  And so the reason that we are here,

14   your Honor, is because we are getting orders from criminal

15   courts seeking leave to go -- for people to go into the

16   basement because there's this idea that we don't know what's

17   in there.

18           But we have a list of every RD file in that basement.

19   We have a list of every RD file that was prosecuted, and we're

20   seeking to put the files back where they belong.

21           If your Honor reverses the jury verdict in this case

22   and allows Ms. Gorman to do additional Monell discovery, we

23   can recreate the basement if that's necessary.  But we're

24   seeking to put things back where they belong, so that if we do

25   get a subpoena for a file, the police department will actually

1   look in the right places.

2        THE COURT:  You have already gotten so far requests

3   for files that are in these filing cabinets in criminal cases.

4        MS. FRANKLIN:  No.  We have gotten requests to look

5   in the basement to see if there are file cabinets.

6        THE COURT:  Okay, got it.

7        MS. FRANKLIN:  The basement has become a mystical

8   place where all files are kept, and so I'm seeking to put an

9   end to that.

10       THE COURT:  But you would still be getting the

11   requests because people would still think the basement was

12   there, and then you would be saying, well, there's no files in

13   the basement anymore, they're now at wherever.

14       MS. FRANKLIN:  Right.

15       What would happen is people would send a subpoena for

16   the right to have their file, and then we would actually go to

17   the records division, which is where the file would be, and

18   get them a copy.

19       There's this idea that there are these separate files

20   in the basement that we're trying to put an end to and make

21   sure that all files are where they belong.

22       THE COURT:  Before you talk, Ms. Gorman, let me just

23   reread something in your response to this motion.

24   (Brief interruption.)

25       THE COURT:  Okay, go ahead.

1          MS. GORMAN:  Your Honor, I think it's impossible for

2  the City to recreate this.

3          THE COURT:  I'm going to assume that it wouldn't be

4  able to be recreated in anything that would be identical.  But

5  the odds of a jury ever having to look at the details of

6  what's in the filing cabinets is pretty slim.  I mean, that

7  didn't happen in the first trial.

8          MS. GORMAN:  It didn't happen in the first trial

9  because we didn't know what was in the other 20 cabinets.  We

10  only were able to view that one cabinet.

11          THE COURT:  Twenty?  I had a smaller number in mind.

12          MS. GORMAN:  It's approximately 20.  I think it's

13  slightly more than 20.

14          So, you know, if the Court does want to let the City

15  move it, I do have my request in there for all the things that

16  I think should happen first.

17          THE COURT:  So the request is you want an inventory.

18          I thought there was something in there that said --

19  you've got to figure there's an inventory.

20          MS. FRANKLIN:  There's a log.

21          THE COURT:  There's a log.  Your log is an inventory?

22          MS. FRANKLIN:  It is a list by cabinet and RD number

23  of every file that's in the basement.

24          THE COURT:  Okay.

25          MS. FRANKLIN:  So if we needed to recreate it, we

1  could actually put them back in the order they're in.

2      THE COURT:  So what Ms. Gorman is saying, if I'm

3  going to allow you to do this, you want a complete inventory

4  of all files, what cabinet they were in, a list of which ones

5  are considered open, a list of which ones are considered

6  closed, a list of which ones the City is determined relate to

7  cases, okay, and then put some sort of a scarlet letter on

8  each one of them, in other words, identify them so you know

9  where they came from.

10      So there's 20 file cabinets.

11      MS. GORMAN:  Correct.

12      THE COURT:  The one that I recall somebody opening

13  the drawer on over here was -- it was chock-full.  I mean, it

14  was like you couldn't have gotten another piece of paper in

15  anything.  Are they all full like that?

16      MS. FRANKLIN:  No, they are not all full like that.

17  There are approximately 2,550 files in the basement.

18      THE COURT:  Files.

19      MS. FRANKLIN:  We have a list of all the files.  Ms.

20  Gorman has a list of all the files by RD number and by

21  cabinet.  Ms. Gorman has a list of all the files that have

22  been prosecuted.

23      THE COURT:  Okay.  So one of the things you say in

24  here, in your response on page 5, is that -- and all of this

25  assumes that you end up getting a new trial and you end up

1    prevailing on the Monell claim -- that you would be asking for

2    some sort of an injunction that relates to what happens that

3    would tell the City you have got to go out and find the people

4    involved or charged in those cases and get them to them.

5                I mean, I have a hard time seeing how you get

6    anywhere, even close to getting past Lyons v. City of Los

7    Angeles as far as, you know, your ability to get that kind of

8    an injunction in your case.

9                MS. GORMAN:  Your Honor, it seems to me that if we

10   got a Monell verdict that said that this was a policy of the

11   City and the files are all down there that indicate the names

12   of individuals who have been charged in those cases, that we

13   could come in and ask this Court to make sure that notice goes

14   out to these individuals, that their file is in the basement.

15   I mean, I just think that that's --

16               THE COURT:  Yes, okay.  I mean, let me just put aside

17   my views about the likelihood of that for the moment.

18               But even assuming that were to happen, if the files

19   have been moved but were inventoried prior to their being

20   moved, and there is a log created -- and I can still do that.

21   I could say, okay, you gave me this list with 2,500 names on

22   it.  You have got to find a way of contacting all of those

23   people or their lawyers or whatever and tell them we have got

24   some files, you might want to come look at them.

25               I mean, assuming that you have got through all --

1   over all those hurdles, I could still do that.  In other

2   words, the ability to do that wouldn't be gone because there's

3   an inventory of what's in there.

4           MS. GORMAN:  If the inventory is done the way that I

5   asked for it to be done.

6           THE COURT:  What is it you're asking for that's

7   different from what you think they have done?

8           MS. GORMAN:  What I'm asking for that I think is

9   different is that files that are open are in a separate list.

10  Files that are closed are in a separate list.

11          THE COURT:  When you say open and closed, do you mean

12  as the police department uses those terms?

13          MS. GORMAN:  Correct.

14          THE COURT:  Is that in your log right now?

15          MS. FRANKLIN:  It is, your Honor.  Ms. Gorman has a

16  list of 470 RD numbers where anyone was prosecuted.  So those

17  cases, whether they are completely closed because all

18  offenders have been identified or if they are cleared/open,

19  which means that there are still some identified --

20  unidentified offenders, a list of every case that has gone to

21  the Circuit Court of Cook County has already been provided to

22  her.

23          MS. GORMAN:  Your Honor, I'm asking for them to be

24  put in the context of the whole file cabinet system.  That's

25  the difference.

1      And, your Honor, I also want to raise the point that

2   --

3      THE COURT:  We're not talking about -- I mean, it's

4   almost as if --

5      And you have not won on this case.  In fact, you lost

6   on the Monell claim.

7      MS. GORMAN:  I understand.

8      THE COURT:  And so I guess what I'm interested in is

9   what I need to do, if anything, to preserve your ability to

10  try to prove the Monell claim if you end up getting a new

11  trial on that claim.  I just have a hard time with the notion

12  that I'm going to be in effect -- that I would be in effect

13  entering an injunction that tells the City this is how you

14  have to deal with all of these files.

15     I mean, yes, that's what you're asking me to do.

16  You're asking me to say, okay, you're going to have to put

17  some in category A, you're going to have to put some in

18  category B; you're going to have to, you know, tag them in a

19  particular way; you're going to have to Bates stamp them;

20  you're going to have to do this and that.  I mean, that's --

21     I don't think --

22     You have got to clear some thresholds before you get

23  to that, and you haven't cleared the thresholds.

24     MS. GORMAN:  Your Honor, what I'm asking for is to

25  maintain the status quo until the Court decides on this.  But

1 if the Court doesn't want to maintain the status quo, then I'm

2 asking for certain things.  And I just want to raise that the

3 issue --

4     THE COURT:  Have I set a ruling date on the parole

5 commission stuff that relates to the --

6     MS. GORMAN:  You set a status for the 30th.

7     MR. MICHALIK:  Your Honor, it was a status and

8 potential ruling date.

9     THE COURT:  That's kind of what I remember.

10     MS. GORMAN:  I was actually going to ask if that date

11 could be moved to the 6th.

12     THE COURT:  It can't.

13     MS. GORMAN:  Okay.

14     THE COURT:  Because -- no.

15     MS. GORMAN:  Okay.

16     THE COURT:  It can't.  I've got everything I'm going

17 to get on that, right?

18     MS. GORMAN:  Actually, I gave you a wrong list last

19 time, and I'm bringing you the right one.

20     THE COURT:  Give me the other one.  Just give it to

21 Pam.

22     This is the thing, the hearing?

23     MS. GORMAN:  The hearing.

24     THE COURT:  The hearing, okay.

25     All right.  Well, you have waited this long.  You're

1  going to have to wait two more weeks.  I'm going to enter and

2  continue this to the 30th of January.  If you want to file

3  something else, you can.  It would be helpful to me --

4          Well, let me put it this way.  Hang on a second.

5     (Brief interruption.)

6          THE COURT:  It would buttress your position, if you

7  will, if you could maybe verify a little bit the notion that

8  you guys are getting requests to go see this stuff.

9          MS. FRANKLIN:  Your Honor, I can attach that.

10          THE COURT:  Okay.  So it's continued to the

11  whatever --

12          I assume I have it set for 9:30 on the 30th of

13  January?

14          MR. MICHALIK:  Yes, your Honor.

15          THE COURT:  It's continued to that date.

16          MS. FRANKLIN:  Your Honor, would you also like a copy

17  of the log, for example?

18          THE COURT:  That would be nice, yes.  Give me a copy

19  of that, too.

20          MS. FRANKLIN:  Okay.

21          MS. GORMAN:  Your Honor, can I just raise one other

22  issue?

23          THE COURT:  Sure.

24          MS. GORMAN:  The information that I have received

25  from the City has been pursuant to a committee that I'm on

1    that was formed after.

2              THE COURT:  A committee that you're on.

3              MS. GORMAN:  Committee for --

4              MS. FRANKLIN:  Transparent police file, your Honor.

5              MS. GORMAN:  Thank you.

6              THE COURT:  Okay.  That doesn't mean they're all

7    going to be on the transparencies.  There's at least two

8    people in the room who know what a transparency is.

9              MS. FRANKLIN:  It does for me, your Honor.

10             MS. GORMAN:  Under the agreement for that committee

11   to have gone down and looked at these documents and the files

12   and to get these lists, we had to agree that it's

13   confidential, which means I'm not supposed to be using it in

14   Fields, which is another issue that it seems to me that

15   they're waiving that.

16             THE COURT:  Stop, stop.  I want to make sure I'm

17   getting what you're saying.

18             Okay.  So there's this committee, and you are on the

19   committee.  The committee has been allowed to go down and look

20   at the files, but the committee is doing this under some sort

21   of a confidential thing.

22             MS. GORMAN:  Correct.

23             THE COURT:  And you're saying, since you're a lawyer

24   in this case, you don't want to be subject to that.

25             MS. GORMAN:  Well, they're saying I've got all this

1    stuff as though I have it in the Fields case and I have it as

2    part of this committee, not as part of the Fields case.

3              THE COURT:  So what?  So if you have got it in the

4    Fields case, so what's your problem?  I'm missing your point.

5    What are you asking me to do?

6              MS. GORMAN:  I want to make sure that I can use this

7    information that they have given me in the actual Fields case,

8    which is not how --

9              THE COURT:  So you have gotten the log?

10             MS. GORMAN:  I've gotten some of the logs.

11             THE COURT:  Okay.  What is it that you have gotten

12   while wearing your committee hat that you want to be able to

13   use while wearing your Fields hat?

14             MS. GORMAN:  The documents that they were just

15   referring to.

16             THE COURT:  The log?

17             MS. GORMAN:  The logs and the list of cases that are

18   in court.

19             THE COURT:  Do you have a problem with the use of the

20   log in this case?

21             MS. FRANKLIN:  Well, your Honor --

22             THE COURT:  You're going to give it to me.  If you're

23   going to give to me, which I just told you to do, she's going

24   to get to use it.

25             MS. FRANKLIN:  Yes, your Honor.

```
 1              THE COURT:  Okay, so there you go.

 2              MS. GORMAN:  Thank you.

 3              THE COURT:  Fine.

 4              MS. FRANKLIN:  Your Honor, could I file it under

 5   seal?

 6              MR. MICHALIK:  It needs to be.

 7              THE COURT:  Yes, sure, file it under seal.  That's

 8   fine.

 9              MS. FRANKLIN:  Thank you, your Honor.

10              THE COURT:  Yes.  Give her a copy of the file.

11              MS. FRANKLIN:  Oh, absolutely.

12              THE COURT:  I'm going to take a five-minute break.

13         (Which were all the proceedings had in the above-entitled

14   cause on the day and date aforesaid.)

15

16                       C E R T I F I C A T E

17

18         I hereby certify that the foregoing is a true and

19   correct transcript of the above-entitled matter.

20

21

22   /s/ Laura M. Brennan                      January 20, 2015

23

24   _____        _____
     Laura M. Brennan
25   Official Court Reporter                       Date
     Northern District of Illinois
```