1

```
 1                 IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION
    NATHSON E. FIELDS,                )  Docket No. 10 C 1168
 3                                    )
                        Plaintiff,    )
 4                                    )
               vs.                    )
 5                                    )
    CITY OF CHICAGO, et al.,          )  Chicago, Illinois
 6                                    )  March 8, 2016
                        Defendants.   )  9:30 o'clock a.m.
 7
                    TRANSCRIPT OF PROCEEDINGS - MOTION
 8            BEFORE THE HONORABLE MATTHEW F. KENNELLY

 9  APPEARANCES:

10
    For the Plaintiff:    LAW OFFICE OF H. CANDACE GORMAN
11                        BY:  MS. H. CANDACE GORMAN
                          220 South Halsted Street, Suite 200
12                        Chicago, IL  60661
                          (312) 441-0919
13

14                        LOEVY & LOEVY
                          BY:  MR. ANAND SWAMINATHAN
15                             MS. SARAH LYNNE GRUSIN
                               MR. STEVE EDWARDS ART
16                             MR. SLADJANA A. VUCKOVIC
                          312 North May Street, Suite 100
17                        Chicago, IL  60607
                          (312) 243-5900
18

19  For Defendant
    City of Chicago:      DYKEMA GOSSETT PLLC
20                        BY:  MR. PAUL A. MICHALIK
                               MR. DANIEL MATTHEW NOLAND
21                        10 South Wacker Drive, Suite 2300
                          Chicago, IL  60606
22                        (312) 627-2100

23
    Court Reporter:       MS. CAROLYN R. COX, CSR, RPR, CRR, FCRR
24                        Official Court Reporter
                          219 S. Dearborn Street, Suite 2102
25                        Chicago, Illinois  60604
                          (312) 435-5639
```

2

1    APPEARANCES CONTINUED:

2

3    For Defendants          KULWIN, MASCIOPINTO & KULWIN, LLP
     City of Chicago,        BY:  MR. SHELLY BYRON KULWIN
4    David O'Callaghan            MS. RACHEL ANNE KATZ
     and Joseph Murphy:      161 North Clark Street, Suite 2500
5                            Chicago, IL  60601
                             (312) 641-0300
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

1    (The following proceedings were had in open court:)

2            THE CLERK:  Case No. 10 C 1168, Fields v. City of

3    Chicago.

4            THE COURT:  Good morning.

5            MS. GORMAN:  Good morning.

6            MR. KULWIN:  Good morning, your Honor.  Shelly Kulwin

7    and Rachel Katz on behalf of David O'Callahan.

8            MR. MICHALIK:  Paul Michalik and Dan Noland on behalf

9    of defendants City, Brannigan, and Murphy.

10           MS. GORMAN:  Candace Gorman on behalf of Mr. Fields.

11           MR. SWAMINATHAN:  Anand Swaminathan on behalf of Mr.

12   Fields.

13           MS. GRUSIN:  Sarah Grusin on behalf of Mr. Fields.

14           MR. ART:  Steve Art on behalf of Mr. Fields.

15           MR. VUCKOVIC:  Sladjana Vuckovic on behalf of

16   Mr. Fields.

17           THE COURT:  So what all do we have to talk about

18   today?

19           MR. NOLAND:  One of the things, your Honor had

20   instructed the parties to meet and confer about the exhibit

21   and witness list.

22           THE COURT:  Right.

23           MR. NOLAND:  We have done that, and I think we have

24   reached an agreement, if it's okay with the Court.  The

25   plaintiffs -- some of the plaintiffs were on trial, and so --

1  plaintiffs' lawyers -- and so April 18th for the plaintiffs'

2  submission of their exhibit list and witness list, the trial

3  is May 9th, so it would be April 18th, and then the

4  defendants' exhibit and witness list would be April 25th.

5        I know we are going to be talking about motions in a

6  minute here, and so we just want to make sure -- our guess is

7  that motions would be filed before that date, but we want to

8  just -- with respect to any surprises or anything in the

9  witness or exhibit list, we would just ask -- reserve our

10  right to file something additional.

11        THE COURT:  Okay.  So the trial date is the 16th of

12  May.

13        MR. MICHALIK:  I think the 9th.

14        THE COURT:  9th of May.  Do we have a pretrial

15  conference date?  I am not sure we do.

16        MS. GORMAN:  No.

17        THE COURT:  So it's the 4th of May at 3:00 o'clock.

18  What that means is that motions in limine -- and I'll come

19  back to your point, Mr. Noland, in a second -- motions in

20  limine are due by the 20th of April and responses are due by

21  the 27th of April.  There are page limitations on these .  If

22  you want an extension of them, you are going to need to come

23  in on a motion.

24        I think I made some comments at one of the recent

25  statuses about redoing old things.

5

1          MR. KULWIN:  You did.

2          THE COURT:  I think I did maybe a couple of months

3    ago.

4          MR. KULWIN:  I raised it.  I said --

5          THE COURT:  That's when you said you might be filing

6    a motion for severance or something like that.

7          MR. KULWIN:  Motion for severance, motion to

8    reconsider a couple of your prior rulings, and a motion on the

9    privilege issue on Monell stuff, privilege and work product.

10          THE COURT:  Okay.

11          MR. KULWIN:  And so we're looking for dates.

12          THE COURT:  So I guess what I am going to say just

13    sort of picking up on that queue there, if you file the motion

14    on something that I have ruled on before, you must, must, in

15    big bold typed capital letters and double underlined say that

16    it is a motion to reconsider.  Don't try to just pretend that

17    it isn't.  It's a motion to reconsider.  You got to put in

18    there this is what the ruling was before, this is when the

19    ruling was made, and so on just so that everybody, including

20    myself, has a fair head's up on it.

21          So now back to Mr. Noland's point.  So the tricky --

22    what's the rationale for having the witness and exhibit list

23    due when you're talking about?  It's kind of a little late in

24    the ball game.

25          MR. NOLAND:  We thought it was a little late.

1        THE COURT:  What's the rationale?

2        MR. SWAMINATHAN:  The reason is that a good chunk of

3    the plaintiffs' trial team is on trial in the beginning of

4    April, from April 5th through April 15th.

5        THE COURT:  I am just counting.  I needed an abacus

6    to do that.

7        MR. SWAMINATHAN:  That was the reason.  We were on

8    trial.

9        THE COURT:  So here's the problem.  The problem is

10   that I don't expect this to be a case -- even despite the fact

11   that I have made a whole bunch of rulings before, I expect

12   that there's going to be motions in limine on things that

13   haven't been addressed because we are going to have things at

14   this trial that haven't been addressed before, largely the

15   Monell stuff.  You know, there's a couple of things that are

16   new, you know, Mr. Kulwin's motion for severance, I think I

17   put the issue of bifurcation back on the table, so we are

18   going to have to address that.  And so it's not going to be a

19   situation when I download all the motions in limine, it's

20   going to be a five-page document.  You can probably add some

21   zeros on that.  It's not fair to me.  Just to be blunt about

22   it, it is not fair to me for me to get dumped -- a second dump

23   of motions in limine less than two weeks before the trial.  So

24   what that means is you got to adjust these dates because I am

25   confident that the witness disclosures are going -- and the

1   exhibit disclosures are going to trigger motions in limine

2   that people hadn't thought about before so you have to back

3   them up so people have what they need to have in time to be

4   able to get motions in limine on file by the 20th of April.  I

5   am not saying that I won't accept motions in limine after that

6   date, but don't assume I will because the odds are that I

7   won't unless somebody gives me a really good reason why they

8   couldn't file it by the due date which doesn't include stuff

9   that we planned for which we are planning for right now.

10          Is that all clear enough?  I don't care what the

11  dates are.  You just got to readjust them in a way that

12  accomplishes what I just said.

13          MR. SWAMINATHAN:  We will make it work, your Honor.

14          THE COURT:  Okay.  What else should we be talking

15  about?

16          MR. KULWIN:  The question then, Judge, is two things.

17  When do you want these other motions like on privilege and on

18  severance and on reconsideration?  Do you want them at a

19  different date, same date?

20          THE COURT:  What are you going to ask me to

21  reconsider?

22          MR. KULWIN:  Well, one of the things I am going to

23  ask you to reconsider is the Elton Houston issue.

24          THE COURT:  Is the?

25          MR. KULWIN:  Elton Houston.

1           THE COURT:  Remind me.  I know that's a shorthand.

2           MR. KULWIN:  No, that's my fault.  Elton Houston was

3 a case --

4           THE COURT:  I know the case.

5           MR. KULWIN:  Right.  You excluded it on the grounds

6 that it was propensity, 404(b).

7           THE COURT:  Okay.  Now you've just jogged my memory.

8           MR. KULWIN:  We have a different theory on that that

9 we think makes it admissible.

10           I'm sorry.  I am getting told something.  Yes, and

11 that was just for the damages phase.  Apparently that was for

12 the damages phase.  I am not sure what she is saying, but I

13 get that.

14           Anyway, we are going to be moving to reconsider that

15 and to put that in play.

16           There's this privilege issue which we have talked

17 about.

18           THE COURT:  This is the thing involving public

19 defenders and whatnot?

20           MR. KULWIN:  Correct, Judge.

21           THE COURT:  Or defense attorneys, generally.

22           MR. KULWIN:  They withheld all the privilege,

23 attorney-client work product information.

24           THE COURT:  Right.

25           MR. KULWIN:  We spent a lot of time looking at this,

1 and we are going to have a pretty substantive motion about why

2 that should be disclosed and the evidence has to be argued.

3       THE COURT: Okay. Well, on that, you shouldn't be

4 waiting on that.

5       MR. KULWIN: No, we're not.

6       THE COURT: That needs to get on file pretty soon

7 here.

8       MR. KULWIN: I think we can do that in ten days.

9       THE COURT: The reason being, just to be clear about

10 it, is if one alternative is to, you know, overrule or at

11 least partially overrule or think about the viability of the

12 claim of privilege, then that needs to be dealt with in enough

13 time that if I do that, that people will have enough time to

14 look at the documents.

15       MR. KULWIN: We can have it on file in ten days,

16 Judge, if that's okay with you.

17       THE COURT: Ten days is like --

18       MR. KULWIN: March 18th.

19       THE COURT: Okay. Yeah, and then notice it up for

20 the week after that.

21       MR. KULWIN: Sure.

22       THE COURT: Yeah, notice it up for the week after

23 that.

24       MR. KULWIN: Then we have the severance issue. When

25 would you like that?

1    THE COURT:  And I think you have alluded to that

2  before.  Just in broad terms, it's the Monell claim?

3    MR. KULWIN:  Sure, Judge, with all this evidence

4  coming in...

5    THE COURT:  You can file it whenever you want to file

6  it, but not later than the motion in limine date.

7    MR. KULWIN:  We will probably file it before then.

8    THE COURT:  All right.

9    MR. KULWIN:  And then the last thing that may come

10  up, and I am pretty confident will come up, is a motion to

11  reconsider on the trial issue.

12    THE COURT:  Remind me about that.

13    MR. KULWIN:  So as you recall, there were a

14  significant amount of tapes, wiretaps in bribery --

15    THE COURT:  Okay.

16    MR. KULWIN:  And it was -- I can't recall if it was

17  excluded and then moved for consideration, or for procedural

18  reasons, you didn't consider it or you struck it.  I can't

19  recall exactly.

20    THE COURT:  You have told me enough about it.  As

21  you're standing here, is there anybody else that can think of

22  anything that you're going to be asking me to reconsider?

23    MS. GORMAN:  Well, the bifurcation.

24    THE COURT:  The bifurcation thing.  I already put

25  that back on the table.  I am expecting that.

1       MS. GORMAN:  We are actually just going through some

2   of that right now.  I can't really say right now.

3       MR. KULWIN:  I guess the one last point, Judge, is --

4   and I don't want to burden the Court; we can do it at the

5   pretrial conference -- we've read all the motions in limine,

6   we read all the sidebars, we tried to catalog them as best as

7   possible.  I may be asking for a little bit of clarification

8   before the trial starts.

9       THE COURT:  Sure.  That's normal.  That's fine.

10  That's normal.

11      MR. KULWIN:  I am not going to do that in writing.  I

12  will do it at the pretrial.

13      THE COURT:  On that, though, because you kept

14  prefacing everything you are saying by saying as you recall,

15  and I know that's what people do when they talk to judges, I

16  don't recall.  It was a long time ago, it was a long trial,

17  and so I really wouldn't -- I would not advise just figuring

18  on coming in and winging something at the pretrial.

19      MR. KULWIN:  Sure.

20      THE COURT:  What I am likely to say is I don't

21  remember what you are talking about, I am going to have to go

22  back and look at stuff.  You might want to just include

23  something that's a motion to clarify that has a laundry list

24  of the things you want.

25      MR. KULWIN:  We will do that with the motions in

1  limine, Judge.

2        THE COURT:  I think that's probably the better way to

3  do it.

4        Mr. Noland.

5        MR. NOLAND:  One thing came to my mind on your

6  Honor's question about motions for reconsideration.  We are

7  considering filing a motion to reconsider relative to the

8  Court's rulings on defendant Dan Brannigan.  The Court may

9  recall in the summary judgment the Court ruled, and obviously

10  denied his motion, but I forget the word that the Court used,

11  but it was something about "thin," that the evidence against

12  Mr. Brannigan was thin.  I can't remember the exact language.

13        THE COURT:  So if you did not get the message from

14  the ruling that I made the day after you filed that motion

15  last week that I am not going to be revisiting summary

16  judgment motions before the trial, then I am now telling you

17  in no uncertain terms, I am not going to be revisiting summary

18  judgment motions before the trial.  That's why the drafters of

19  the rules of civil procedure invented Rule 50.  I have not

20  extended the deadline for summary judgment motions, I have not

21  given anybody leave to file any summary judgment motions.  You

22  file a motion to reconsider -- if you think you must do that

23  to protect the record, which in all due respect, you don't,

24  because a denial of a motion for summary judgment isn't an

25  appealable order -- probably the same thing is going to happen

1  that happened last week.  I am going to see it, I am going to

2  say denied, file a Rule 50 motion.  There you go.

3          Anybody else have anything you want to bring up with

4  me?

5          MR. KULWIN:  I guess one last thing, Judge.  I know

6  that right now you're anticipating I think a two- or

7  three-week trial.

8          THE COURT:  This was going to be the last issue on my

9  agenda today once everybody was done.

10         Has everybody covered everything you want to cover?

11 That's the other thing I did want to talk about.  Remind me

12 how long the last trial was.

13         MS. GORMAN:  Three weeks.

14         THE COURT:  Does that mean 15 days?

15         MS. GORMAN:  15 days.

16         THE COURT:  15 days, okay.

17         So you were about to say.

18         MR. KULWIN:  My only --

19         THE COURT:  You think it's going to be longer.  I

20 would have assumed if nothing more than because of the Monell

21 stuff that it's going to be longer, but I do not have a feel

22 for how much of that there is likely to be, and I assume you

23 are all in the discovery process.

24         MR. KULWIN:  And so toward that end, Judge, I have

25 one request, and I don't mean to burden the Court again,

1  but --

2          THE COURT:  But you are going to go ahead and do it

3  anyway.

4          MR. KULWIN:  I am.  I wasn't anticipating it going

5  longer than three weeks, and there is one day --

6          THE COURT:  There is a day?

7          MR. KULWIN:  One day.  My daughter's graduation.

8          THE COURT:  What's the day?  Just tell me what the

9  day is.

10         MR. KULWIN:  I believe -- I have to check.  I believe

11  it's June 3rd.

12         THE COURT:  It's a Friday.

13         MR. KULWIN:  I wanted to bring it up well in advance.

14         THE COURT:  Graduating from what, high school?

15         MR. KULWIN:  She is graduating from grammar school,

16  which to my daughter is a huge deal.  It's June 3rd, Judge.

17         THE COURT:  It's kind of like everybody getting

18  trophies in little league baseball.

19         MR. KULWIN:  It kind of is, but these days --

20         THE COURT:  Kindergarten graduations, preschool

21  graduations, eighth grade graduations.

22         MR. KULWIN:  In the city, Judge, it's harder to get

23  into high school than it is to get into college these days.

24         THE COURT:  I hear what you are telling me.  Just

25  remind me of that at the pretrial.  You will tell me if you

1   are asking for a whole day or a half a day.  Remember to ask

2   me then.

3           MR. KULWIN:  I just wanted to get it on the record.

4           THE COURT:  Do you have a feel collectively or

5   individually?  Four weeks as opposed to three?

6           MS. GORMAN:  We are trying to keep it no more than

7   three weeks.

8           THE COURT:  You know, I had time limits at the last

9   trial, and you are going to get those again.  And so maybe

10   what I ought to be doing -- maybe what I ought to be doing is

11   having you -- pause in the middle of that sentence because I

12   want to think it through before I finish it -- is having you

13   give me some information from which I can sort of figure out

14   how, if at all, to readjust those time limits.

15           Okay.  So this is what we are going to do.  I don't

16   want to make you come in, you know, every few days for many,

17   many reasons, but I think what I want to do is I want to talk

18   to you next week once you have had a chance to readjust these

19   dates on disclosure of witnesses because probably what I am

20   going to ask you to do is -- what I am going to ask you to do

21   is to file or submit something that I can use or separately

22   some things that I can use to kind of refill with the trial

23   time estimates.

24           Aside from exhibit and witness lists, I mean -- and

25   motions in limine -- the only other thing I care about is jury

1   instructions.  Somebody make a mental note that I am going to

2   give you a date for submitting proposed jury instructions, but

3   it's going to be what do you think ought to be different from

4   what was done at the end before rather than reinventing the

5   whole wheel.  I would like you to come in next -- it needs to

6   be either Tuesday or Wednesday because I am going to be out

7   the rest of the week after that.  I don't care if it's Tuesday

8   or Wednesday.  Does anybody have a preference?  That would be

9   the 15th or 16th.

10          MS. GORMAN:  Tuesday is better for me, your Honor.

11          THE COURT:  Is there anybody for whom Tuesday is

12  worse?  Hearing nothing.

13          MR. KULWIN:  At 9:30, Judge?

14          THE COURT:  Yes.  Okay.  9:30 on Tuesday.

15          MS. GORMAN:  Thank you.

16          THE COURT:  For a status.  See you then.  Take care.

17          MR. KULWIN:  Thank you, Judge.  Have a nice day.

18    (Which were all the proceedings had in the above-entitled

19  cause on the day and date aforesaid.)

20    I certify that the foregoing is a correct transcript from
      the record of proceedings in the above-entitled matter.

21

22  Carolyn R. Cox                          Date
    Official Court Reporter
23  Northern District of Illinois

24  /s/Carolyn R. Cox, CSR, RPR, CRR, FCRR

25