1

|  |  |  |
|---|---|---|
| | IN THE UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF ILLINOIS<br>EASTERN DIVISION | |
| NATHSON E. FIELDS, | ) | Docket No. 10 C 1168 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Chicago, Illinois<br>June 15, 2016 |
| Defendants. | ) | 9:30 o'clock a.m. |

TRANSCRIPT OF PROCEEDINGS - MOTION
BEFORE THE HONORABLE MATTHEW F. KENNELLY

APPEARANCES:

For the Plaintiff:    LAW OFFICE OF H. CANDACE GORMAN
                      BY: MS. H. CANDACE GORMAN
                      220 South Halsted Street, Suite 200
                      Chicago, IL  60661
                      (312) 441-0919

                      LOEVY & LOEVY
                      BY: MR. JONATHAN I. LOEVY
                          MS. SARAH LYNNE GRUSIN
                      311 North Aberdeen, 3rd Floor
                      Chicago, IL  60607
                      (312) 243-5900

Court Reporter:       MS. CAROLYN R. COX, CSR, RPR, CRR, FCRR
                      Official Court Reporter
                      219 S. Dearborn Street, Suite 2102
                      Chicago, Illinois  60604
                      (312) 435-5639

```
 1   APPEARANCES CONTINUED:
 2
 3   For Defendant
     City of Chicago:      DYKEMA GOSSETT PLLC
 4                         BY:  MR. TERRENCE MICHAEL BURNS
                                MR. DANIEL MATTHEW NOLAND
 5                         10 South Wacker Drive, Suite 2300
                           Chicago, IL  60606
 6                         (312) 627-2100
 7
 8   For Defendant         KULWIN, MASCIOPINTO & KULWIN, LLP
     David O'Callaghan:    BY:  MR. SHELLY BYRON KULWIN
 9                              MS. RACHEL ANNE KATZ
                           161 North Clark Street, Suite 2500
10                         Chicago, IL  60601
                           (312) 641-0300
11
12
     Also Present:         HON. ZACHARY T. FARDON
13                         United States Attorney
                           BY:  MR. JAMES KUHN
14                         219 S. Dearborn St., Suite 500
                           Chicago, Illinois  60604
15
16
17
18
19
20
21
22
23
24
25
```

3

1  (The following proceedings were had in open court:)
2      THE CLERK:  Case No. 10 C 1168, Fields v. City of
3  Chicago.
4      THE COURT:  Good morning.
5      Don't all talk at once.
6      MR. LOEVY:  Jon Loevy for the plaintiff.
7      THE COURT:  We always start on this end.
8      MR. KUHN:  Good morning, your Honor.  James Kuhn for
9  the United States.
10     MR. KULWIN:  Shelly Kulwin and Rachel Katz on behalf
11 of defendant David O'Callaghan.
12     MR. BURNS:  Good morning, your Honor.  Terrence Burns
13 and Daniel Noland appearing on behalf of the City of Chicago
14 and the individual defendants, Murphy and Brannigan.
15     MR. LOEVY:  Good morning, your Honor.  Jon Loevy for
16 the plaintiff.
17     MS. GORMAN:  Candace Gorman for the plaintiff.
18     MS. GRUSIN:  Sarah Grusin for the plaintiff.
19     THE COURT:  So aside from the trial date, I'm
20 assuming the other reason I had set this has to do with
21 Mr. Kuhn.
22     Can somebody give me a prompt?  I'm forgetting.
23 We've had like six statuses since then.
24     MR. KULWIN:  This is about the Vela hearing.
25     THE COURT:  You're right.  You were going to reach

1 out. You did?

2 MR. KULWIN: He's available should we want to call
3 him. He's also available for deposition should the parties
4 want to depose him.

5 THE COURT: Okay. So the -- if I am recalling
6 correctly, there was -- it was one of the motions in limine,
7 or maybe it was something that was discussed at the hearing we
8 had, there was an objection to adding him, and I kind of
9 jumped ahead to the question of whether he is even available.

10 MR. KULWIN: That's absolutely correct.

11 THE COURT: Now we know that he is.

12 MR. KULWIN: That's correct.

13 THE COURT: What Mr. Kulwin said, Mr. Kuhn, is that
14 right?

15 MR. KUHN: Yes, your Honor.

16 THE COURT: You don't have to hang around. Now I am
17 going to have to decide the threshold issue of whether I
18 should, you know, permit him to be added, or whatever the
19 right characterization of it is. I will do that.

20 MR. KULWIN: You don't want to hear anything on that?

21 THE COURT: I don't want to hear it now.

22 Let's talk about the other thing. So I mapped
23 everything out here, and in paragraph -- on the status report
24 you filed yesterday, aside from the November 7 date, which is
25 the one I gave you, it says in paragraph 6, plaintiff's

1  counsel will make themselves available on any other date the
2  court selects in August, September, November, or December.
3  Paragraph 7, the first sentence says, As for the November and
4  December dates referenced by plaintiff's attorney, counsel for
5  the city Murphy and Brannigan can make themselves available on
6  any date the Court selects during those months.
7      So I want to ask you and then you: Do you mean that?
8      MR. LOEVY: Yes, your Honor.
9      MR. BURNS: Do I mean that? Yes. We are talking
10 about November/December.
11     THE COURT: November/December, right.
12     So now we are to Mr. Kulwin. Counsel for defendant
13 O'Callaghan is similarly available in November and December,
14 subject only to Magistrate Judge Cox agreeing to move a
15 December 7 trial to a different date.
16     So here's -- the 7th is midweek.
17     MR. KULWIN: Yes.
18     THE COURT: Here's the deal. I am willing to move
19 this to the 14th. So here's what the 14th would mean. You
20 would have a whole week, then you'd have a partial week,
21 because the following week is Thanksgiving, then you'd have a
22 whole week, and it depends on whether we get done by then.
23     MR. LOEVY: November?
24     THE COURT: So choice one is I move it to the 14th,
25 choice two is we are back to the date that I originally

1  suggested, which is August the 15th. The ball is in your
2  court. Choose.
3      MR. KULWIN: I will take the 14th.
4      THE COURT: Here is the deal. Everybody needs to
5  listen to me here. I am taking you at your word. I am not
6  going to listen at all to anybody coming in at any time
7  between now and the 14th of November or on the 14th of
8  November saying, I am not available because of A, B, and C.
9  In other words, I have another trial that had got moved, I
10 have another trial that isn't finished yet, Judge Lefkow
11 couldn't move this case, this judge moved this case and it
12 conflicts. I am not going to care about that. You made a
13 commitment to me. I'm setting this. It's a firm date unless
14 I die. That's the only way it's not a firm date, and I am
15 planning not to die.
16     MR. KULWIN: I only had one question, Judge. I am
17 highly confident that if I go to Magistrate Judge Cox and tell
18 her about this, she will move it. In the event --
19     THE COURT: You got to decide today. You got to
20 decide. That's it. And unless you're willing to tell me
21 irrevocably that you will be available to start this trial on
22 the 14th of November and be here until it's done, then we are
23 trying the case on the 15th of August. If you want a few
24 minutes to think about it, I will give you a few minutes to
25 think about it, but you are going to decide today because you

1  are going to walk out of here with a trial date that's going
2  to be solid.
3       MR. KULWIN:  I would like a few minutes to make a
4  quick phone call.
5       THE COURT:  That's fine.
6       When Mr. Kulwin gets back in the room, just kind of
7  waive your hand or something, I'll interrupt what I am doing
8  and recall you.
9       MS. KATZ:  Thank you.
10    (Short break.)
11       THE CLERK:  Case No. 10 C 1168, Fields v. City of
12 Chicago.
13       THE COURT:  All right.  So we've got roughly the same
14 people in roughly the same places.  Mr. Kuhn is not here and
15 Mr. Michalik is not here.
16       Mr. Kulwin.
17       MR. LOEVY:  Your Honor, we need to speak to that too.
18       THE COURT:  Are you going to take back what you told
19 me?
20       MR. LOEVY:  No, your Honor.
21       THE COURT:  And confirmed verbally?
22       MR. LOEVY:  What I said in there was any other time
23 in November.
24       THE COURT:  No, no, any other date.  I am going to
25 read you the whole paragraph:

1          Plaintiff's counsel can also ask other judges to move
2  other trials if the older Fields case conflicts, but the net
3  result is that November 7th is one of the few periods of time
4  in 2016 that plaintiff's counsel cannot do.  Plaintiff's
5  counsel will make themselves available on any other date the
6  Court selects in August, September, November, or December.
7          MR. LOEVY:  Well, if I could -- that's what I am
8  saying, your Honor.  My Lovelace trial -- I will be on trial
9  the week of November 7th.  What you have done is set this
10 trial the week I am off trial, and what I was trying to
11 communicate was that's the only conflict I got.  I will be on
12 trial the week before you have set this trial.  If you want me
13 to go back to back, I have a three-week criminal trial, and
14 then this trial --
15         THE COURT:  Mr. Loevy, what part of what I asked you
16 before was less than clear?  I mean, you said it in writing,
17 any other date.  "Other" refers to the last antecedent, which
18 is November the 7th.  I asked you verbally before I said
19 anything.  You said you really meant it.  What part of that
20 were we not communicating?
21         MR. LOEVY:  To answer your question, where we were
22 not communicating is I said time period, the context of what I
23 wrote --
24         THE COURT:  It says any other date.  It doesn't say
25 any other time period.

1     MR. LOEVY:  It says the November 7th time period is
2  the only time period I can't do.
3     THE COURT:  No, it just says --
4     MR. LOEVY:  All right.
5     THE COURT:  I will read what you wrote.
6     MR. LOEVY:  I accept it then.
7     THE COURT:  Read what you wrote.  I am going to hand
8  it to you.  You look in that paragraph for the phrase "time
9  period," and maybe it's in disappearing ink that I just
10 couldn't see.
11    By the way -- by the way, I also said that I am not
12 going to pay any attention to anybody who says I am still on
13 trial somewhere.
14    MR. LOEVY:  The sentence reads, Immediately --
15    THE COURT:  Where are the words "time period"?
16    MR. LOEVY:  But the net result is that the November
17 7th -- is that November 7th is one of the few periods of time
18 in 2016 that plaintiff's counsel cannot do.  The net result
19 being I have a trial on October 24th.
20    THE COURT:  Give it back to me.  Well, it's going to
21 be rough for you then because the trial date is moved to
22 November the 14th.
23    MR. LOEVY:  Very good.  We will be here and we will
24 be ready, your Honor.
25    THE COURT:  Take care.

1  MR. NOLAND: Judge, can I bring up one administrative
2  matter? The Court had a schedule where motions in limine on
3  Monell would be July the 5th.
4  THE COURT: Still are.
5  MS. GORMAN: Thank you.
6  MR. KULWIN: Thank you, Judge.
7  (Which were all the proceedings had in the above-entitled
8  cause on the day and date aforesaid.)
9  I certify that the foregoing is a correct transcript from
   the record of proceedings in the above-entitled matter.
10
11 Carolyn R. Cox                              Date
   Official Court Reporter
12 Northern District of Illinois

13 /s/Carolyn R. Cox, CSR, RPR, CRR, FCRR