IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATHSON E. FIELDS,           )
                             )
         Plaintiff,          )  Docket No. 10 C 1168
                             )
    vs.                      )
                             )
CITY OF CHICAGO, et al.,     )  Chicago, Illinois
                             )  March 3, 2014
         Defendants.         )  9:30 a.m.

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MATTHEW F. KENNELLY

APPEARANCES:

For the Plaintiff:     LAW OFFICES OF H. CANDACE GORMAN
                       BY: MS. H. CANDACE GORMAN
                       220 South Halsted Street
                       Suite 200
                       Chicago, Illinois  60661

                       LEONARD GOODMAN LAW OFFICE, LLC
                       BY: MR. LEONARD C. GOODMAN
                           MS. MELISSA A. MATUZAK
                       53 West Jackson Boulevard
                       Chicago, Illinois  60604

For the Defendant:     DYKEMA GOSSETT PLLC
                       BY: MR. DANIEL M. NOLAND
                       10 South Wacker Drive
                       Suite 2300
                       Chicago, Illinois  60606


LAURA M. BRENNAN - Official Court Reporter
219 South Dearborn Street - Room 2102
Chicago, Illinois  60604
(847) 373-5598

```
1      (The following proceedings were had in open court:)
2           THE CLERK:  Case number 10 C 1168, Fields v. City of
3    Chicago.
4           MS. GORMAN:  Good morning, your Honor; Candace Gorman
5    for the plaintiff.
6           MR. GOODMAN:  Leonard Goodman for plaintiff.
7           MS. MATUZAK:  Melissa Matuzak for the plaintiff.
8           MR. NOLAND:  Dan Noland for the City defendants.
9           THE COURT:  So do we need to make any adjustments to
10   any of the dates that you can think of on the writs?  I think
11   that was the reason --
12          MS. MATUZAK:  Randy Langston.
13          THE COURT:  We do or do not?
14          MS. MATUZAK:  We do.
15          THE COURT:  Okay.
16          MS. MATUZAK:  I believe we had put the --
17          THE COURT:  You have him down for Thursday, the 13th.
18          MS. MATUZAK:  It would likely be the 14th.
19          THE COURT:  Okay.
20          MS. MATUZAK:  And actually I just spoke with Mel --
21   I'm sorry.
22          THE COURT:  Go ahead.
23          MS. MATUZAK:  -- from lockup, and he said they do
24   need -- you know, they prefer two weeks, but they do need at
25   least a week's notice.  So I figured he'll make it happen.
```

1  THE COURT: That's the story. We have done it in a
2  day before.
3  MS. MATUZAK: But it does have to be directed to
4  Darryl McPherson.
5  THE COURT: Okay. So here's what I need you to do.
6  What about on the ones from the defense side, any adjustments
7  you can think of? I mean, we can always adjust it as we go as
8  long as we have enough time in advance.
9  MR. NOLAND: Thank you.
10  THE COURT: And once we see how things are going.
11  MR. NOLAND: Thank you, yes. I think it's still our
12  best guess.
13  THE COURT: Okay. So here's what I need both sides
14  to do. If you can get me, because it's easier from our end --
15  it takes less time if we can do this electronically, which
16  means if you can send me -- on my web page, there is a thing
17  about a proposed order email address. If you can send me both
18  the order and the writ for each one of these there, we'll get
19  them entered. Okay.
20  So all of the motions for petitions for writs are
21  granted. I think the numbers, Pam, are 510, 513 and 514.
22  Let me ask you one other question while I've got you
23  here, and I know that the pretrial order is going to get filed
24  today. What is the section where it's going to say, you know,
25  what do you estimate the length of trial to be, what's it

1 going to say?  I assume you know by now.
2     MS. GORMAN:  Two to three weeks.
3     THE COURT:  All right, that's what I assumed.
4     MR. NOLAND:  Just one point.  Going back to one of
5 our witnesses, just to remind the Court, Mr. Nieto, we filed
6 that in camera to your Honor because -- at his request and
7 security concerns.  So as far as giving you the -- we don't
8 want to put and he doesn't want to put the institution where
9 he's at on the record --
10     MS. GORMAN:  Your Honor.
11     MR. NOLAND:  -- because of threats that have been
12 made in the past against him.
13     THE COURT:  So what do I --
14     Let me just make sure I'm thinking this through.  So
15 that particular motion was filed under seal?
16     MR. NOLAND:  We redacted the location where he is in
17 IDOC.
18     THE COURT:  So when we enter the order on that one,
19 the order should be under seal then.
20     MR. NOLAND:  Yes, your Honor.
21     THE COURT:  And the writ should be, too, I guess.  I
22 mean, obviously, we have to still hand it to the marshal, but
23 we won't --
24     So, Pam, when we get the one that goes -- and I will
25 flag this when I send them to you.  When we get the one that

1 goes with motion number 514 that involves Mr. Nieto,
2 N-i-e-t-o, we will need to file the order and the writ under
3 seal.
4     MS. GORMAN: Your Honor, I've never received an
5 unredacted version of that, and I am very concerned. I've
6 asked counsel for it twice.
7     The reason I'm concerned, your Honor, is because Mr.
8 Nieto testified in front of Judge Biebel at the innocence
9 hearing.
10     THE COURT: Yes.
11     MS. GORMAN: And we suggested that there was a deal
12 made with him like there was with the others, and that was for
13 a better accommodation in a better prison. And they said, no,
14 no, no, nothing like that was made. And the fact that they're
15 not telling me where he is --
16     THE COURT: Where was he before?
17     MS. GORMAN: Do you remember?
18     MS. MATUZAK: Big Muddy, I thought.
19     THE COURT: So when you get to the -- when you get to
20 the -- when we get into the trial, we can deal with this at a
21 sidebar. I don't think you have too much to worry about.
22 Okay.
23     MS. GORMAN: But I'd like to see it, your Honor.
24     THE COURT: I understand.
25     MS. GORMAN: And I'm in front of Judge Biebel

1   tomorrow, and I would like to tell him if there was something
2   else going on here.
3           THE COURT: I would hesitate to tell him that if I
4   were in your shoes.
5           MS. GORMAN: I won't if I don't have the place where
6   he's at.
7           THE COURT: I do. I'm telling you I would hesitate
8   to tell him that if I were in your shoes.
9           MS. GORMAN: Okay.
10          Your Honor, do you want the exhibit binders when we
11  deliver the final pretrial order?
12          THE COURT: Yes, I think so. That would probably
13  make sense.
14          MS. GORMAN: There are three very full exhibit
15  binders that are just CRs that would be for -- if you're
16  bifurcating punitives.
17          THE COURT: Okay.
18          MS. GORMAN: I don't know if you want those at this
19  time, too.
20          THE COURT: I don't remember seeing any motion from
21  anybody asking me to bifurcate anything.
22          MS. GORMAN: No, I just understood that that's what
23  you had done in some other cases. I'm not asking.
24          THE COURT: When asked.
25          MS. GORMAN: Okay. So I will deliver the three

1 binders of CRs as well.
2 THE COURT: Oh, lovely. Okay, I will be looking
3 forward to that.
4 MS. GORMAN: Thank you.
5 MR. NOLAND: So you would like everybody's exhibits?
6 THE COURT: Well, you know, maybe I should ask what I
7 -- maybe I should find out what I'm getting into. So are you
8 going to be having to hire, like, a U-Haul truck to bring the
9 stuff over here?
10 MS. GORMAN: It's six binders, your Honor.
11 MR. NOLAND: Ours are --
12 THE COURT: Nah, bring them on over. Might as well
13 have them here at some point because I may need to look at
14 hard copies on the motions in limine and so on. As long as I
15 get them by Wednesday, it's fine.
16 MR. NOLAND: And is that the format? Would you like
17 them in binders?
18 THE COURT: Binders --
19 MR. NOLAND: Right now they're sitting in a box.
20 THE COURT: Binders are better, yes.
21 MR. NOLAND: We'll put them in binders.
22 THE COURT: Yes.
23 MS. GORMAN: Okay, thank you.
24 THE COURT: Thanks.
25 MR. NOLAND: Thank you, Judge.

1  MS. MATUZAK: Thank you.

2  (Which were all the proceedings had in the above-entitled

3  cause on the day and date aforesaid.)

7  C E R T I F I C A T E

9  I hereby certify that the foregoing is a true and

10  correct transcript of the above-entitled matter.

13  */s/ Laura M. Brennan*                    November 8, 2017

Laura M. Brennan
Official Court Reporter                      Date
Northern District of Illinois