```
            IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION


NATHSON E. FIELDS,             )
                               )
              Plaintiff,       )   Docket No. 10 C 1168
                               )
         vs.                   )
                               )
CITY OF CHICAGO, et al.,       )   Chicago, Illinois
                               )   June 11, 2012
              Defendants.      )   9:30 a.m.


                TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE MATTHEW F. KENNELLY


APPEARANCES:

For the Plaintiff:    LAW OFFICES OF H. CANDACE GORMAN
                         BY:  MS. H. CANDACE GORMAN
                      220 South Halsted Street
                      Suite 200
                      Chicago, Illinois  60661


For the Defendant:    DYKEMA GOSSETT PLLC
                         BY:  MR. DANIEL M. NOLAND
                      10 South Wacker Drive
                      Suite 2300
                      Chicago, Illinois  60606


                      COOK COUNTY STATE'S ATTORNEY
                         BY:  MR. STEPHEN L. GARCIA
                      500 Richard J. Daley Center
                      Chicago, Illinois


         LAURA M. BRENNAN - Official Court Reporter
            219 South Dearborn Street - Room 2102
                  Chicago, Illinois  60604
                       (847) 373-5598
```

| | |
|---|---|
| 1 | (The following proceedings were had in open court:) |
| 2 | THE CLERK: 10 C 1168, Fields v. City. |
| 3 | THE COURT: Good morning. |
| 4 | MS. GORMAN: Good morning, your Honor; Candace Gorman |
| 5 | for Nathson Fields. |
| 6 | MR. NOLAND: Good morning, your Honor; Dan Noland for |
| 7 | the City defendants. |
| 8 | MR. GARCIA: Good morning, your Honor; Stephen Garcia |
| 9 | for defendants Wharrie and Kelley. |
| 10 | THE COURT: Okay. So did you make any progress on |
| 11 | the -- |
| 12 | There was a motion that I think I continued over |
| 13 | hoping that you were going to be able to try to work it out. |
| 14 | MS. GORMAN: Yes, I filed a status report. I guess |
| 15 | you haven't seen it. |
| 16 | THE COURT: I was on trial last week. It got lost in |
| 17 | the shuffle, but give me the executive summary. |
| 18 | MS. GORMAN: Okay. We talked about a stipulation |
| 19 | before we entered into the actual stipulation regarding the |
| 20 | motion. I wanted to go back to 51st and Wentworth where the |
| 21 | file has -- they think it has been held for all these years. |
| 22 | THE COURT: Okay. |
| 23 | MS. GORMAN: And that's set for tomorrow. So I was |
| 24 | asking for it to be entered and continued. |
| 25 | THE COURT: Oh, just to enter and continue. It's a |

1  motion for rule to show cause and to enter and continue it.
2  But you're working towards a solution basically is what it
3  sounds like.
4              MS. GORMAN:  Yes.
5              THE COURT:  Okay, fine.  So the motion for rule to
6  show cause is entered and continued until whatever the next
7  status date is.
8              So here was my other question.  As I was looking
9  through this this morning, you know, there were the comments
10 that the Court of Appeals made about whether I should keep the
11 state law claims against the people who are immune on the
12 federal law claims.  And I know we talked about that at one
13 point, but I think when we talked about it, you were still in
14 the process of seeking rehearing, and that's -- I think I saw
15 something that that was denied.
16             MS. GORMAN:  Right.
17             MR. GARCIA:  Judge, it just came down.
18             THE COURT:  Should I be dealing with that?
19             MS. GORMAN:  Yes.  It's fully briefed.
20             THE COURT:  It is fully briefed.
21             MS. GORMAN:  The jurisdiction issue.
22             THE COURT:  Because I know I got some stuff, and I
23 just didn't know if anybody wanted to file anything else on
24 it.
25             Okay.  So I've got it right here.  I will pull it out

1  and I will get to it in pretty short order, I think.
2          Does it --
3          If I'm remembering right, it's either one or two
4  people who either are or aren't defendants in this case
5  depending upon what I do with that issue, right, and it's both
6  your people?
7          MR. GARCIA: That's right.
8          THE COURT: It's Mr. Wharrie and the other one.
9          MR. GARCIA: Kelley.
10         THE COURT: Kelley, okay, all right.
11         MS. GORMAN: The other issue, your Honor, there is a
12  Seventh Circuit opinion that came out last week, Whitlock v.
13  Brueggemann, which actually narrows the holding in Buckley IV,
14  which was a decision --
15         THE COURT: Which Buckley is Buckley IV?
16         MS. GORMAN: Buckley IV is the one that --
17         I have to say Leonard Goodman has been the one to
18  deal with the immunity issues.
19         THE COURT: Yes.
20         MS. GORMAN: But you threw out the claims for the
21  defendant.
22         THE COURT: Whitlock is the guy in the Steidl case
23  from down in central Illinois.
24         MS. GORMAN: Right.
25         THE COURT: Yes.

1  MS. GORMAN: They kept the state's attorneys in and
2  narrowed Buckley IV in that case, and we're just reviewing it
3  right now to see if we want to have you revisit your decision.
4  And if we're going to file something, we're going to file it
5  in the next two weeks.
6  THE COURT: All right.
7  MR. GARCIA: I'm not sure you can revisit your
8  decision, Judge, because we have had a Seventh Circuit
9  decision in our case now. If anyone would revisit it, it
10 would be the Seventh Circuit.
11 THE COURT: Yes, but --
12 MR. GARCIA: They just issued their opinion.
13 MS. GORMAN: It wasn't appealed. We didn't appeal
14 it.
15 THE COURT: Yes. So the question would be how you
16 would tee that up. Well, you know I will worry about it when
17 I have to worry about it.
18 So what else besides that do we need to talk about
19 this morning?
20 MS. GORMAN: Um --
21 THE COURT: Anything anybody can think of?
22 MS. GORMAN: Well, the other issue that I raised in
23 my status report is this issue that we talked about last time,
24 which is some of the defendants contacting potential
25 witnesses.

Case: 1:10-cv-01168 Document #: 1265 Filed: 01/16/18 Page 6 of 10 PageID #:37750

6

1            THE COURT:  I'm looking at the status report.  Is
2   this the, quote, unquote, other issue of importance?
3            MS. GORMAN:  Correct.
4            THE COURT:  Okay.  Give me just a second to look that
5   that.
6            MR. GARCIA:  May I ask when that was filed?
7            THE COURT:  This is the one that was dated the 8th.
8   It was filed on Friday.
9            MR. GARCIA:  Okay.  I haven't seen it, but I'm having
10  trouble with office emails.
11           MS. GORMAN:  Okay.  Yes, it was filed Friday
12  afternoon.
13           THE COURT:  Do you have trouble with office email,
14  too?
15           MR. GARCIA:  Half.
16           THE COURT:  It's --
17           MR. GARCIA:  -- access and a bunch of people --
18           THE COURT:  It's a hazard of working for government.
19           MR. GARCIA:  I'm almost accustomed to that.
20           THE COURT:  Give me just a second to read this
21  paragraph here.
22           (Brief interruption.)
23           THE COURT:  Okay.  I guess the issue that you're
24  putting on the table is the extent to which the two of the
25  Chicago police officer defendants are, we'll just say,

1 assisting in the investigation of the case, which I've made
2 some comments about before.
3     MS. GORMAN: Correct.
4     THE COURT: So what are you asking me to do at this
5 point? I don't see a real request: Judge, do this or, Judge,
6 do that.
7     MR. NOLAND: Nor do I see any specific of who she is
8 talking about. She hasn't said who is making these
9 complaints. They are simply allegations thrown out there,
10 kind of like just anonymous essentially and throwing it before
11 the Court. I think it's improper to include that.
12     THE COURT: Well, let me find out what Ms. Gorman is
13 asking me to do first, and I then I will talk about --
14     MS. GORMAN: Your Honor, I would like an admonition
15 to the defendants that these defendants should stop
16 contacting potential --
17     THE COURT: So you think that when I told Mr. Noland
18 that I thought it was an incredibly stupid idea or whatever
19 word it was I used the last time, that that wasn't quite good
20 enough?
21     MS. GORMAN: Well, I've asked him if they have
22 stopped, and he won't tell me.
23     THE COURT: Okay. So I think in order for me to do
24 anything on this, if you want me to take another step beyond
25 what I have already said, I think you are going to have to

1  file something.  And, I mean, I will leave it to you about
2  whether you want to ask for leave to file it under seal or
3  whatever, but give me some more specifics.
4        I know the original thing had some specifics as to
5  one person, if I recall correctly, but I may not be recalling
6  it correctly.  It was two?
7        MS. GORMAN:  It was two people.
8        THE COURT:  Okay.  I don't know if you're saying
9  there's others beyond those two.  You are or not?
10        MS. GORMAN:  No.
11        THE COURT:  Okay.
12        MS. GORMAN:  I don't know of any others.
13        THE COURT:  Okay.
14        MS. GORMAN:  That's the problem.
15        THE COURT:  So it's the same two people.
16        MR. NOLAND:  There have been no specifics as to who
17  allegedly is supplying the plaintiffs with information making
18  these accusations from anonymous sources that the plaintiffs
19  have put before the Court.
20        So if perhaps Ms. Gorman --
21        THE COURT:  When it says in here, "plaintiff's
22  counsel has spoken with potential witnesses who were contacted
23  by the name defendants," I mean, that's a pretty decent idea
24  of who told plaintiff's counsel.
25        MR. NOLAND:  Who are the potential witnesses, if she

1 would like to state right now who those are.
2     THE COURT: I'm blanking. It's been long enough ago
3 that I don't remember whether you named the people in the
4 other --
5     MS. GORMAN: I did not, your Honor.
6     THE COURT: You did not, okay.
7     So I think what you're going to need to do, if you
8 want me to do anything more than what I've already done, is
9 file some sort of a motion. Again, I will leave it up to you
10 whether to ask permission to file it under seal or not, giving
11 me some specifics and saying, okay, this is what we think
12 happened, this is what we want you to do.
13     MS. GORMAN: Thank you.
14     THE COURT: And then I will give Mr. Noland a chance
15 to respond to it and kind of take it from there.
16     So I'm going to give you a status date in about, oh,
17 six weeks. So let's say the latter part --
18     Can you come in on the 25th -- the 24th of July at
19 9:30? Does that work okay?
20     MR. NOLAND: Which day is that?
21     THE COURT: It's a Tuesday.
22     MR. NOLAND: Yes.
23     THE COURT: The 24th of July at 9:30. I will see you
24 then.
25     MR. NOLAND: Thanks, Judge.

1          MS. GORMAN:  Thank you.

2     (Which were all the proceedings had in the above-entitled

3  cause on the day and date aforesaid.)

4

5

6                    C E R T I F I C A T E

7

8      I hereby certify that the foregoing is a true and

9  correct transcript of the above-entitled matter.

10

11

12  */s/ Laura M. Brennan*                          November 7, 2017

13

14  _____     _____
    Laura M. Brennan
15  Official Court Reporter                     Date
    Northern District of Illinois
16

17

18

19

20

21

22

23

24

25