```
                IN THE UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION


NATHSON E. FIELDS,              )
                                )
                   Plaintiff,   )   Docket No. 10 C 1168
                                )
            vs.                 )
                                )
CITY OF CHICAGO, et al.,        )   Chicago, Illinois
                                )   December 17, 2013
                   Defendants.  )   9:45 a.m.


                     TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE MATTHEW F. KENNELLY


APPEARANCES:


For the Plaintiff:    LAW OFFICES OF H. CANDACE GORMAN
                           BY:  MS. H. CANDACE GORMAN
                           220 South Halsted Street
                           Suite 200
                           Chicago, Illinois   60661



For the Defendant:    DYKEMA GOSSETT PLLC
                           BY:  MR. PAUL A. MICHALIK
                           10 South Wacker Drive
                           Suite 2300
                           Chicago, Illinois   60606


                      COOK COUNTY STATE'S ATTORNEY
                           BY:  MR. STEPHEN L. GARCIA
                           500 Richard J. Daley Center
                           Chicago, Illinois


            LAURA M. BRENNAN - Official Court Reporter
               219 South Dearborn Street - Room 2102
                      Chicago, Illinois   60604
                          (847) 373-5598
```

1
2     (The following proceedings were had in open court:)
3         THE CLERK: Case 10 C 1168, Fields v. City of
4  Chicago.
5         MS. GORMAN: Good morning, your Honor; Candace Gorman
6  for the plaintiff.
7         MR. MICHALIK: Paul Michalik for the City of Chicago
8  defendants.
9         MR. GARCIA: Stephen Garcia for defendants Wharrie
10 and Kelley as well as Cook County.
11        THE COURT: Okay. So hang on a second. So the
12 plaintiff filed a motion for a default against the county.
13 What was the capacity in which the county was named as a
14 defendant? Was it a Monell claim?
15        MS. GORMAN: Monell claim.
16        THE COURT: Okay.
17        MR. GARCIA: Actually it was respondeat superior and
18 identification, and we went through this.
19        THE COURT: Not a Monell claim?
20        MR. GARCIA: No.
21        THE COURT: Okay.
22        MR. GARCIA: And we went through this on the motion
23 to dismiss where we set forth Seventh Circuit law where the
24 county --
25        THE COURT: That Carver case?

1  MR. GARCIA: Carver and Robinson v. -- state
2  officials.
3  THE COURT: Okay.
4  MR. GARCIA: But, yes, same point.
5  THE COURT: Yes.
6  MR. GARCIA: So the county and your Honor just --
7  they abandoned the respondeat superior claim on the motion to
8  dismiss, and we conceded that they would be an indemnitor.
9  THE COURT: Indemnitor.
10  MR. MICHALIK: So you left them in as that. So I am
11  kind of surprised to see them folded in a certain --
12  THE COURT: Do you think the Monell claim is against
13  the county?
14  MS. GORMAN: It's on the pattern and practice under
15  the street files, your Honor.
16  THE COURT: So this case has been around long enough
17  that I don't remember everything that happened.
18  So the thing that you were talking about, Mr. Garcia,
19  when this issue came up before, ball park when did that come
20  up? Do you remember?
21  MR. GARCIA: This was back in April of 2011. It was
22  our motion to dismiss.
23  THE COURT: It was in a decision in April of 2011,
24  which it looks like you have got there.
25  MR. GARCIA: I've got the page that you dealt with

1  the county, one paragraph.
2      THE COURT: Hang on a second. April of?
3      MR. GARCIA: Docket number 132.
4      THE COURT: Thank you. Let me just pull it up.
5  There it is. What page?
6      MR. GARCIA: I'm at page 22.
7      THE COURT: Give me just a second to get there.
8     (Brief interruption.)
9      MR. GARCIA: And actually the motion to dismiss dealt
10 with Carver and Robinson.
11     THE COURT: Right.
12     Defendants contend that the Court should dismiss Cook
13 County from the suit because of Fields' respondeat superior
14 claims failed to state a claim. In response, Fields abandoned
15 his respondeat superior claim. Defendants concede Cook County
16 is a necessary party. I declined to dismiss him.
17     So you don't think there's a Monell claim against the
18 county and you do. What do you think the Monell claim against
19 the county is?
20     MS. GORMAN: Under the pattern and practice of the
21 street files, your Honor, and I believe --
22     I'm sorry. I looked up the paragraph numbers. I
23 want to say they're 56 and 57.
24     THE COURT: Of the --
25     MS. GORMAN: Third amended complaint.

| | |
|---|---|
| 1 | THE COURT: -- most recent version of the complaint, |
| 2 | which was? Ball park, when was that filed? There's only |
| 3 | about like 500 docket entries in this case. |
| 4 | MS. GORMAN: I want to say in 2010 in -- |
| 5 | THE COURT: Oh, a while ago. |
| 6 | MS. GORMAN: Yes, August maybe. |
| 7 | THE COURT: Yes. This thing doesn't let me search. |
| 8 | Here we go: Answer to third amended complaint. I'm closing |
| 9 | in on it. |
| 10 | MR. GARCIA: Judge, I have the third amended |
| 11 | complaint in front of me. |
| 12 | THE COURT: Do you know about when it was filed? |
| 13 | MR. GARCIA: Third amended complaint? |
| 14 | THE COURT: The docket. |
| 15 | MR. GARCIA: Docket 106. |
| 16 | THE COURT: Thanks. |
| 17 | MR. GARCIA: Paragraphs 56 and 57 are directed to the |
| 18 | Cook County State's Attorney's Office. |
| 19 | THE COURT: Hang on a second. Bear with me. I've |
| 20 | got it now. At least I thought I had it. |
| 21 | Oh, it is an attachment to 106. There we go. |
| 22 | Paragraphs 56 and 57. |
| 23 | (Brief interruption.) |
| 24 | THE COURT: I'm closing it on it. |
| 25 | MS. GORMAN: I'm sorry. I'm doing that by memory. |

1  THE COURT: There we go.

2  Are you sure it's paragraphs 56 and 57? It doesn't
3  sound right, or it doesn't look right. That's still the --

4  MR. GARCIA: That's what counsel just referred to.

5  THE COURT: That's factual allegations. Let me just
6  get to the --

7  Okay, so we have got due process. That's Count 1.
8  Oh, okay. So paragraph --

9  I mean, I'm guessing it's other places, but
10 paragraph 91 says there is sort of a general allegation of
11 policies and practices applying to the State's Attorney's
12 Office. I just want to see if there's a -- yes, there isn't
13 something that's called a Monell claim, not that there has to
14 be.

15  MR. GARCIA: There is not, Judge.

16  THE COURT: Yes.

17  MR. GARCIA: And as I point out, that's the State's
18 Attorney's Office, not Cook County, which --

19  THE COURT: The State's Attorney's Office isn't a
20 suable entity, though.

21  MR. GARCIA: Correct, under the Eleventh Amendment,
22 so there could not be a Monell claim against the State's
23 Attorney's Office, and that was pointed out in our motion to
24 dismiss. So I'm not understanding how the county --

25  THE COURT: I will tell you what. Let's do this.

```
 1   It's going to be easier --
 2           Because of the volume of stuff I have here, file
 3   something.
 4           MR. GARCIA:  All right.
 5           THE COURT:  How long would you like to do that?
 6           MR. GARCIA:  I need a couple of weeks.
 7           THE COURT:  That's fine.
 8           MR. GARCIA:  Can I wait until after the Christmas
 9   holidays?
10           THE COURT:  Yes, yes, sure.
11           This is the response to the motion for default, Pam,
12   which is 433.
13           So if I give you to the 10th of January, is that
14   enough?
15           MR. GARCIA:  I think so.
16           THE COURT:  1/10.  We'll talk about the reply in a
17   second.
18           So I looked at the other two summary judgment
19   motions, and so I guess I need to --
20           I don't think I had set a schedule on those before.
21           MR. MICHALIK:  You have not, your Honor.
22           THE COURT:  And so the schedule that you're getting,
23   as I've told you before, is, you know, consistent with the
24   trial date being what it is now, which is sometime in March,
25   if I'm remembering right.  So what are you each looking for in
```

1 terms of response dates on these things?
2     MS. GORMAN: You know, we talked before Court and we
3 both want to just make sure you have enough time. We need to
4 do a final pretrial order.
5     THE COURT: That's very nice of you. I don't have to
6 do the pretrial order. I just have to look at it.
7     MS. GORMAN: Yes. We won't be able to do the
8 pretrial order until we --
9     THE COURT: Well, you know.
10     MS. GORMAN: Well, some of it we can do.
11     THE COURT: So give me some dates.
12     MS. GORMAN: The 10th of January.
13     MR. MICHALIK: That's certainly long enough, Judge.
14     THE COURT: Fine. The 10th of January.
15     MR. MICHALIK: If you want to accelerate that --
16     THE COURT: The 10th of January for the response, the
17 24th of January for the reply. And just file your reply on
18 the default thing on the same date. So it's the same schedule
19 on everything basically.
20     And I'm going to set it for ruling then on -- give me
21 just a second here -- Monday, the 10th of February, at 9:30.
22 And so that will be a status date, too.
23     Is there else we needed to -- today was a status,
24 also. Is there anything else we need to talk about?
25     MR. MICHALIK: Your Honor, I just wanted to bring up

1 two points.

2     First off, in reviewing the materials that we filed
3 in support of summary judgment, we noticed that we had a typo.
4 We have the wrong date on one of the statements of fact, and
5 so I can either correct that orally on its face now or I could
6 file a page that corrects it.

7     THE COURT: So I'm going to suggest you do both. So
8 I've got the stuff here. So which paragraph and which
9 statement of facts?

10     MR. MICHALIK: Paragraph 58 of the statement of
11 facts.

12     THE COURT: 58, okay. Which?

13     MR. MICHALIK: It says June 17, 1985.

14     THE COURT: Right.

15     MR. MICHALIK: That date should be June 14, 1985.

16     THE COURT: June 14th. Okay. File a correction
17 page, too.

18     MR. MICHALIK: I will do that.

19     Then also on page 3 of the memorandum of law in
20 support of the motion.

21     THE COURT: Page 3, you said?

22     MR. MICHALIK: Yes, your Honor.

23     THE COURT: Oh, memorandum.

24 June 17th.

25     MR. MICHALIK: It should be June 14th.

1    THE COURT: This is the date of the lineup?
2    MR. MICHALIK: Correct.
3    THE COURT: All right. So let me just make a note
4 there. Okay.
5    Anything else anybody wants to talk about?
6    MR. MICHALIK: In the order that your Honor entered
7 regarding the briefs, there was no indication as to the page
8 length of the City defendants' response brief to the
9 plaintiff's motion for partial summary judgment.
10   And it's our hope that we can do that within 15
11 pages, but just to err on the side of caution, if I could have
12 20.
13   THE COURT: Sure. The response to the plaintiff's
14 motion can be up to 20 pages.
15   MR. MICHALIK: Thank you, your Honor.
16   THE COURT: I ruled on the motion to make public,
17 right, the last time you guys were here, or maybe the time
18 before?
19   MS. GORMAN: Yes, you did.
20   THE COURT: Pam, we need to terminate motion number
21 414.
22   Okay, great. Thanks a lot.
23   MS. GORMAN: Thank you.
24   MR. MICHALIK: Thank you.
25   THE COURT: Take care.

1  MR. GARCIA: Thank you.
2  (Which were all the proceedings had in the above-entitled
3  cause on the day and date aforesaid.)

7  C E R T I F I C A T E

9  I hereby certify that the foregoing is a true and
10  correct transcript of the above-entitled matter.

13  */s/ Laura M. Brennan*                            November 7, 2017

15  _____        _____
16  Laura M. Brennan
    Official Court Reporter                         Date
    Northern District of Illinois