```
            IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION


NATHSON E. FIELDS,              )
                                )
                 Plaintiff,     )   Docket No. 10 C 1168
                                )
           vs.                  )
                                )
CITY OF CHICAGO, et al.,        )   Chicago, Illinois
                                )   December 19, 2011
                 Defendants.    )   9:35 a.m.


                    TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE MATTHEW F. KENNELLY


APPEARANCES:


For the Plaintiff:     LAW OFFICES OF H. CANDACE GORMAN
                         BY:  MS. H. CANDACE GORMAN
                       220 South Halsted Street
                       Suite 200
                       Chicago, Illinois  60661



For the Defendant:     DYKEMA GOSSETT PLLC
                         BY:  MR. DANIEL M. NOLAND
                       10 South Wacker Drive
                       Suite 2300
                       Chicago, Illinois  60606
```

LAURA M. BRENNAN - Official Court Reporter
219 South Dearborn Street - Room 2102
Chicago, Illinois  60604
(847) 373-5598

```
 1          (The following proceedings were had in open court:)
 2          THE CLERK:  10 C 1168, Fields v. City.
 3          MS. GORMAN:  Good morning, your Honor; Candace Gorman
 4   for the plaintiff.
 5          MR. NOLAND:  Good morning, your Honor; Dan Noland for
 6   the City and the police officer defendants.
 7          THE COURT:  Okay.  So I looked at the status report
 8   that Ms. Gorman filed.  And so you had the argument on the
 9   qualified immunity appeal a couple of weeks ago, and they will
10   decide it when they decide it.
11          You know, I thought -- I had it in my head that I had
12   set a discovery schedule in this case, but I don't think I
13   ever did.
14          MS. GORMAN:  No, you did, a discovery cutoff of March
15   31st.
16          THE COURT:  When did I do it?  I couldn't find it on
17   the docket this morning.
18          Do you remember when I did it, about?
19          MS. GORMAN:  I don't.
20          MR. NOLAND:  Possibly about May.
21          MS. GORMAN:  May or June.
22          MR. NOLAND:  June.
23          THE COURT:  Well, whatever I did, it's not on the
24   docket.  May or June, you think.
25          MS. GORMAN:  At the time we had a discussion,
```

```
 1  defendants wanted a longer date; I wanted a shorter date; and
 2  you set it for the --
 3          THE COURT:  Oh, no, I did.  June the 2nd, okay.  So
 4  why --
 5          Let me just check the docket again.  It doesn't seem
 6  to be showing up.  Ah, sorry.  I just hit a glitch.  Anybody
 7  got a hammer?
 8          Okay, I'm sorry.  I'm having a computer problem here.
 9  Just bear with me a second.
10      (Brief interruption.
11          THE COURT:  So the date that I had set, you said it
12  was March the how many?
13          MS. GORMAN:  March 31st.
14          THE COURT:  March 31st, okay.
15          And so given where things are, it looks like you're
16  hoping to start taking depositions sometime after the first of
17  the year or what?
18          MS. GORMAN:  Towards the end of January.
19          THE COURT:  Towards the end of January.
20          MR. NOLAND:  We might -- if the plaintiff's counsel
21  has availability, we might seek to start earlier than the
22  first.
23          THE COURT:  And do you have a feel right now for how
24  many total you're likely going to have to take, 800, 700?
25          MS. GORMAN:  We definitely want to take all the
```

1 defendants, and that's 16.

2 THE COURT: That's a pretty good number right there.

3 MS. GORMAN: Yes, and I think there are about another
4 eight to ten that we're going to want to take that will
5 probably be short.

6 THE COURT: Are there other people than the plaintiff
7 you think on your side?

8 MR. NOLAND: Yes. Yes, your Honor. I think there's
9 a number of people in the plaintiff's disclosures whom we
10 would be seeking to take. From looking at it just the other
11 day, probably in excess of 20.

12 THE COURT: Okay. Well, it's time to get a move on.

13 So in terms of the document discovery here, is there
14 anything that is crystallized or close to crystallized enough
15 in terms of disputes that there is something that I could rule
16 on so that we can get past all of that?

17 MS. GORMAN: I think we're pretty -- we're working
18 through a lot of the stuff. We have another conference
19 scheduled for right after court.

20 THE COURT: Okay, all right.

21 MS. GORMAN: One of the issues is the subpoenas that
22 I have sent out to the defense counsel in the Houston v.
23 Partee case.

24 THE COURT: Oh, to try to find the file that seems to
25 have gotten lost.

1  MS. GORMAN: And it seems that one of the City
2  corporation counsel took part of the file with him when he
3  left --
4  THE COURT: Oh, my.
5  MS. GORMAN: -- and now wants a sum of money to give
6  it to me.
7  THE COURT: Oh, my, my.
8  MS. GORMAN: We do have that issue.
9  MR. NOLAND: That was Mr. Zinder who was assistant
10 corporation counsel, who was counsel for some of the
11 individual defendants in another related Houston -- not a
12 related, but a Houston v. Partee case. The City cannot find
13 its file, in that case, the law department.
14 I did speak with Mr. Zinder, and he sent a letter to
15 Ms. Gorman on Friday, and he is producing his file. He's
16 seeking reimbursement from the plaintiff's counsel for his
17 efforts in accordance with the Court's prior rulings requiring
18 the City to pay for Mr. Fields' prior lawyers, Ms. Snyder and
19 Ms. Conyers.
20 THE COURT: Well, if you need any help there, let me
21 know. I'm happy to help out on that one.
22 MS. GORMAN: Okay.
23 MR. NOLAND: And he did --
24 Like I said, I did speak with him. You know, he is
25 going to be producing his documents so as not to slow anything

Case: 1:10-cv-01168 Document #: 1275 Filed: 01/16/18 Page 6 of 7 PageID #:37829

6

1 up.
2 THE COURT: And worrying about the rest of it later,
3 okay.
4 All right. So I think I'm going to have you come
5 back in the beginning of February then just to report on where
6 we are.
7 Augie, we need to say, nunc pro tunc June 2nd of
8 2011, fact discovery is to be completed by -- I think I said
9 March 1, but I'm just going to make it March 31, 2012.
10 And then a status date in early February.
11 THE CLERK: February 6th.
12 THE COURT: Does that date work okay, at 9:30?
13 MR. NOLAND: Yes, your Honor.
14 THE COURT: See you then.
15 MS. GORMAN: Yes, thank you.
16 MR. NOLAND: Thank you.
17 (Which were all the proceedings had in the
18 above-entitled cause on the day and date aforesaid.)
19
20
21
22
23
24
25

C E R T I F I C A T E

I hereby certify that the foregoing is a true and correct transcript of the above-entitled matter.

*/s/ Laura M. Brennan*                November 7, 2017


Laura M. Brennan
Official Court Reporter                Date
Northern District of Illinois