```
                 IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION


NATHSON E. FIELDS,                    )  Docket No. 10 C 1168
                                      )
              Plaintiff,              )
                                      )
     vs.                              )
                                      )
CITY OF CHICAGO, et al.,              )  Chicago, Illinois
                                      )  April 11, 2018
              Defendants.             )  9:30 o'clock a.m.


              TRANSCRIPT OF PROCEEDINGS - MOTION
         BEFORE THE HONORABLE MATTHEW F. KENNELLY


APPEARANCES:


For the Plaintiff:    LAW OFFICE OF H. CANDACE GORMAN
                      BY:  MS. H. CANDACE GORMAN
                      220 South Halsted Street, Suite 200
                      Chicago, IL  60661
                      (312) 441-0919


                      LOEVY & LOEVY
                      BY:  MR. JONATHAN I. LOEVY
                           MR. STEVEN EDWARDS ART
                      311 North Aberdeen Street, 3rd Floor
                      Chicago, IL  60607
                      (312) 243-5900




Court Reporter:       MS. CAROLYN R. COX, CSR, RPR, CRR, FCRR
                      Official Court Reporter
                      219 S. Dearborn Street, Suite 2102
                      Chicago, Illinois  60604
                      (312) 435-5639
```

```
 1   APPEARANCES CONTINUED:

 2   For Defendant
     City of Chicago:      DYKEMA GOSSETT PLLC
 3                         BY:  MR. DANIEL MATTHEW NOLAND
                           10 South Wacker Drive, Suite 2300
 4                         Chicago, IL  60606
                           (312) 627-2100
 5
                           CITY OF CHICAGO, DEPARTMENT OF LAW
 6                         BY:  JONATHAN BRYER
                           30 North LaSalle Street, Suite 1400
 7                         Chicago, IL  60602
                           (312) 742-0170
 8
 9
                           KULWIN, MASCIOPINTO & KULWIN, LLP
10                         BY:  MS. RACHEL ANNE KATZ
                           161 North Clark Street, Suite 2500
11                         Chicago, IL  60601
                           (312) 641-0300
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1    (The following proceedings were had in open court:)
2         THE CLERK: Case No. 10 C 1168, Fields v. City of
3 Chicago.
4         MR. LOEVY: Good morning, your Honor. Jon Loevy for
5 the plaintiff.
6         MR. ART: Steve Art for the plaintiff.
7         MS. GORMAN: Candace Gorman for the plaintiff.
8         MR. NOLAND: Good morning, your Honor. Daniel Noland
9 on behalf of the City and Joel Murphy, and Jonathan Breyer,
10 Assistant Corporation Counsel, working on the appeal.
11         MS. KATZ: Good morning, your Honor. Rachel Katz on
12 behalf of David O'Callahan.
13         THE COURT: So a couple of questions. The material
14 that was submitted to me for in camera inspection by Assistant
15 U.S. Attorney Kuhn, which is K-u-h-n, did you guys get it?
16         MR. NOLAND: Not contemporaneously, your Honor. We
17 got what we submitted and filed under seal what is the Bates
18 stamp file for his complete parole file, 1 through 371, was
19 received by at least our office or us in May of 2015.
20         THE COURT: So after I had ruled on whatever I was
21 going to rule on.
22         MR. NOLAND: Yes.
23         THE COURT: And you guys weren't in the case at that
24 point. Did you get the same thing?
25         MS. GORMAN: I did, your Honor. It's not the same

1  thing that was submitted to you, though.  Because it's got all
2  the redacted pages -- I mean, it's got about 200 redacted
3  pages.
4           THE COURT:  What's not the same as -- you lost me.
5           MS. GORMAN:  You received the whole file.
6           THE COURT:  No, I'm asking what you got.  Is what you
7  got the same as what Mr. Noland has submitted here?
8           MS. GORMAN:  Yes.
9           THE COURT:  Okay.  That's not what I got.  I have
10 what I got.  And honestly, my best explanation for what
11 happened is that so much time passed between when I looked at
12 it and when the case concluded that it just slipped between
13 the cracks as to what I should do with it.  I've got it.  It's
14 not the same as what you have, but I don't think you're
15 entitled to it because it was submitted in camera, and so
16 there was stuff that I saw -- so here's the pile.  You can see
17 it's bigger than your pile.
18          I don't -- it would be difficult for me to go back
19 and reconstruct exactly what -- you know, how I reached the
20 decision that I did, but I've got what I have and it's not the
21 same as this, and the way I know -- I don't think I ever got
22 the document that you've submitted here.  The thing that I
23 have -- the Bates numbering is different, so the Bates
24 numbering on yours, and I'm talking about not Tab 1, which is
25 the blacked out stuff, and I do have a set of those numbered

1  the same way.  That's USPC 1 through 48.  Tab 2 of the motion
2  to correct the record, your numbering says -- Bates stamp
3  numbering is Hawkins complete parole file, page 1 through 371,
4  and mine is numbered in a different way because it's a
5  different thing.  So it's -- so here's my copy of the 1
6  through 40 whatever, the blacked out stuff, and here's my copy
7  of the other stuff.
8           And it had a bunch of tabs on it, and the reason for
9  that is that they were -- so the Bates numbering is -- there's
10 several different series.  There's USPC file letters 1 through
11 whatever, there's USPC letters files side 1, pages 1 through
12 whatever, side 2, pages 1 through whatever, and side 3 and 4,
13 pages 1 through whatever, and I also got some disks.  I got
14 some audio, and I believe that it was audio at the parole
15 hearing.
16          Now, the disks reflect that there is a redacted and
17 an unredacted, and I don't know if you guys got those things
18 or not.  But it's probable that the reason I didn't file it at
19 the time was I couldn't figure out a good way to do it and
20 Mr. Kuhn had submitted this to me in hard copy.  He wasn't a
21 party to the case.
22          I may be confusing this with another case.  I have
23 some vague recollection of maybe having an internal discussion
24 about is there a way for a non-party to file something in
25 CM/ECF in camera, we couldn't figure out that there was, and I

1  just decided to keep this and we'd figure it out later.  Then,
2  as I said, I forgot about it.
3       But I think before I start putting on -- in any kind
4  of a record -- so what I saw is different from what you have
5  here.  Now, maybe this is what you got.  It would be difficult
6  for me to verify that because I never got the copy of what you
7  got.  If you all agree that that's what you got, then you
8  could say you agree that that's what you got, and that would
9  solve part of it, but I don't know if anybody wants to raise
10 an issue, although nobody did at the time, about what I let
11 you get from the stuff that I reviewed.  And before I go
12 putting that stuff anywhere, because I was told at the time, I
13 think, when Mr. Kuhn wanted to submit it, that these things
14 are private, confidential, nobody can see them, we'll let you
15 see them, we don't want to let anybody else see them, I need
16 to get Mr. Kuhn in here to kind of help me through this.
17       MS. GORMAN:  Your Honor, we also filed a response
18 last night.
19       THE COURT:  I read it.
20       MS. GORMAN:  Okay.
21       THE COURT:  So what are your thoughts?
22       MR. NOLAND:  Mr. Kuhn is retired.  I'm sure he's
23 around someplace.  I think our thought initially would be that
24 what the Court has should be submitted as part of the record.
25       THE COURT:  But you guys don't get to see that.

1  That's the whole point.  It was submitted in camera, you guys
2  got to see a redacted version, there were reasons for the
3  redactions, and I assume it was stuff like identifying
4  information or whatever.  That's why it's in camera and not
5  under seal.  In camera means I see it, you didn't, and I
6  decided what you got.
7         So I am not going to give this to you until somebody
8  from the government of the United States of America, and it's
9  probably going to have to be somebody currently from the
10 government of the United States of America, comes in and says
11 sure, Judge, you can give this to these people.
12        MR. NOLAND:  We will reach out.  Just so you know,
13 the things that you were describing do seem awfully similar to
14 what we received, side 1, side 2, side 3, and side 4.
15        THE COURT:  You know, I certainly acknowledge that
16 when things get xeroxed, they can come out differently.  I
17 have a bigger pile than you do.  You can see it there.  My
18 pile is at least, you know, a half an inch or an inch bigger
19 than yours.  And I think there's more than 371 pages.  I can
20 do some quick addition.
21        Yeah, I've got at least 530 pages, so I have more
22 than you do.
23        MR. LOEVY:  Your Honor, from the plaintiff's
24 perspective, that is the threshold question, is trying to get
25 our arms around what has been submitted to you.  We obviously

1  have other reasons why either in whole or in part what they're
2  trying to do is get new documents into the record that weren't
3  part of the Court's consideration and try to make a collateral
4  attack on the verdict.
5        THE COURT:  So first things first.  Figure out a way
6  to get Mr. Kuhn in here but also somebody who can speak -- if
7  he is retired, I need somebody along with him that can speak
8  authoritatively for the government.
9        MR. NOLAND:  We will reach out, and would you want to
10 set a date?
11       THE COURT:  I would say, you know, maybe a few days.
12 I have time next week.  Why don't I set it over for a week, to
13 the 18th.
14       MR. NOLAND:  Okay.
15       THE COURT:  And obviously I'm keeping everything in
16 the meantime, your stuff and my stuff in two separate folders
17 here.
18       All right.  See you next week.
19       MR. LOEVY:  Thank you, Judge.
20       MS. GORMAN:  Thank you, Judge.
21       MR. NOLAND:  Thank you, Judge.
22   (Which were all the proceedings had in the above-entitled
23 cause on the day and date aforesaid.)

1  I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.
2

3  Carolyn R. Cox                              Date
   Official Court Reporter
4  Northern District of Illinois

5  /s/Carolyn R. Cox, CSR, RPR, CRR, FCRR